Michael J. Archibald, ISB #8476
M2 Law Group PC
1855 N. Lakes Place
P.O. Box 330
Meridian, Idaho 83680
Telephone: (208) 336-3331
marchibald@m2law.net

Attorney for M2 Law Group PC, Howell and Vail, LLP, Michael J. Archibald

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN<br>　Plaintiff<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP PC; HOWELL & VAIL LLP; MICHAEL J. ARCHIBALD; AND LISSETTE M. CARRERAS,<br><br>　Defendants | Case No. CV25-0404-NBLW<br><br>MOTION TO DISMISS M2 LAW GROUP PC, HOWELL AND VAIL LLC, AND MICHAEL J. ARCHIBALD UNDER FRCP 12(b)(5) and (6) WITH PREJUDICE |

COMES NOW, Defendants M2 Law Group PC, Howell & Vail, LLP, and Michael J. Archibald (herein after "M2 Parties"), by and through their attorney, Michael J. Archibald, and request this complaint be dismissed under Federal Rule of Civil Procedure 12(b)(5) and (6) as the court lack personal jurisdiction for the failure of service of process.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b) states that a motion asserting any defense under the rule must be made before pleading if a responsive pleading is allowed. 12(b)(5)

allows for a defendant to contest service; and the burden is on the Plaintiff to establish the validity of service. *Woodworth v. Subprime Lenders, Inc.* 2008 WL 50546787 (D. Idaho June 11, 2008).

> Rule 4(e)(2) states that: "Unless federal law provides otherwise, and individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served in a judicial district of the United States by:
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> ( C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a `lack of a cognizable legal theory' or `the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Bell Atl. Corp v. Twombly,* 550 U.S. 544 at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## DISCUSSION

The M2 parties make these motions for several reasons. First is the insufficiency of service. Docket 3 shows the returns for the service made on the M2 Parties, but those returns

are insufficient on their face. First, Howell & Vail LLP was dissolved on September 29, 2017. (Please see Exhibit 1), with M2 Law Group PC, its successor in interest. Second, the remaining M2 Parties were not served properly. Michael J. Archibald was not personally served, nor is 1855 N. Lakes Pl, Meridian ID 83646 his usually dwelling place or abode, nor is anyone appointed or authorised to receive service in his stead, making subservice on Pat Stewart invalid. Michael J. Archibald is the registered agent and sole corporate officer of M2 Law Group PC (Please see Exhibit 2), again, making subservice on Pat Steward invalid. As such, service is invalid as to each of the M2 Parties.

Second, the M2 Parties move the court to dismiss the case with prejudice under FRCP 12(b)(6), for failure to state a claim for which relief can be granted. Plaintiff's complaint contains insufficient factual matters to state a claim of relief, and sets for mere labels and conclusions, and formulaic recitation of the elements, rather than any specific actions made by M2 Parties to cause the specific injuries Plaintiff claims. As such, the M2 Parties request the dismissal with prejudice; or alternatively, an order from the Court requesting Plaintiff amend the complaint, unless the Court finds amendment impossible.

DATED: August 15, 2025

            M2 LAW GROUP PC
            By/s/Michael J. Archibald
            Michael J. Archibald

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 15, 2025 filed the foregoing **NOTICE OF APPEARANCE AND REQUEST FOR NOTICE** electronically through the CM/ECF system, which caused the following parties or counsel to be served via USPS;

JASON HENRY ALLEN
2600 East Seltice Way #235
Post Falls, ID 83854

            /s/Michael Archibald
            Michael Archibald