Charles H. Carpenter
(Idaho Bar No. 8322)
CARPENTER LAW FIRM PLC
210 North Higgins Avenue, Suite 336
Missoula, Montana 59802
(406) 543-0511
Telephone: (406) 543-0511
Email: carpentc@carpenterlawfirmplc.com

*Counsel for Defendant*
*Equifax Information Services LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC, M2 LAW GROUP P.C.; HOWELL & VAIL LLP; MICHAEL J. ARCHIBALD; AND LISSETTE M. CARRERAS,<br><br>　　　　　Defendants. | Case No. 2:25-cv-00404-BLW<br><br>**DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S BRIEF IN SUPPORT OF JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") (collectively, the "CRA Defendants") file this Motion to Dismiss Plaintiff's Complaint and, in support thereof, respectfully shows the Court as follows:

### I. INTRODUCTION

Plaintiff Jason Henry Allen ("Plaintiff") asserts that the CRA Defendants reported inaccurate information in his credit file regarding a Ford Motor Credit Company ("Ford") account

319781478v.1

and an Idaho Central Credit Union ("ICCU") account in violation of 15 U.S.C. § 1681e(b) and failed to conduct a reasonable reinvestigation in violation of 15 U.S.C. § 1681i of the Fair Credit Reporting Act ("FCRA"). *See* ECF No. 1, at pp. 7-8. Plaintiff also alleges several credit inquiries appear on his consumer reports even though they appear without Plaintiff's authorization in violation of 15 U.S.C. § 1681b. *Id.* at pp. 8-9.

First, the basis of Plaintiff's allegations regarding the Ford account is that, although Ford confirmed that his account was "paid in full, discharged the obligation, and issu[ed] a free and clear title," the CRA Defendants continued "reporting the debt as delinquent." *Id.* at p. 5. Plaintiff does not allege any factual inaccuracy, which is a threshold element of his FCRA claims. Rather, Plaintiff has merely pled a *legal* issue – one that requires determining Plaintiff's rights and obligations pursuant to his agreement with Ford, and whether Plaintiff was responsible for the debt – a legal determination that the CRA Defendants are not obligated to resolve under the FCRA. Second, with regard to the Ford and ICCU accounts, Plaintiff fails to plead more than conclusory allegations of an inaccuracy which is insufficient to state a claim upon which relief can be granted under 15 U.S.C. § 1681e(b) or 15 U.S.C. § 1681i. Finally, Plaintiff fails to plead certain credit inquiries were not made for a permissible purpose, thus failing to state a claim upon which relief can be granted under 15 U.S.C. § 1681b. Accordingly, Plaintiff's Complaint should be dismissed, with prejudice.

## II.     APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss, the Supreme Court has instructed lower courts to consider "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, the court need not accept as true legal conclusions couched as factual allegations. *Id.* Second, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570.) "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint—has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

In considering a 12(b)(6) motion, the Court should accept all well-pleaded facts in the Complaint as true and draw all inferences in the plaintiff's favor. While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. "Allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences are . . . insufficient to defeat a motion to dismiss for failure to state a claim." *Scroggins v. Equifax Info. Sols. LLC, et al.*, 2019 WL 3037588, at *3 (D. Ariz. July 11, 2019) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

### III. ARGUMENTS AND AUTHORITIES

**A. Plaintiff Pled a Legal Issue Not a Factual Inaccuracy Regarding His Ford Account and CRA Defendants are Not Required to Make Legal Determinations**

Plaintiff claims that the CRA Defendants willfully and negligently violated §§ 1681e(b) and 1681i of the FCRA. ECF No. 1 at pp. 7-8. As a threshold matter, a plaintiff is required to plead that a factual inaccuracy existed on his credit file. *See Carvalho v. Equifax Info. Servs., LLC,* 629 F. 3d 876, 890 (9th Cir. 2010) (holding that even if a consumer reporting agency fails to conduct a reasonable reinvestigation or otherwise fails to fulfill its obligations under the FCRA, if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's claims fails as a matter of law). However, even if an inaccuracy does exist, "Ninth Circuit law forecloses liability for a CRA where the underlying debt is subject to *latent* inaccuracy or when the inaccuracy of the debt turns on resolution of disputed legal questions." *Prianto v. Experian Info. Sols., Inc.*, No. 13-cv-03461-THE, 2014 WL 3381578, at *19 (N.D. Cal. Jul 10, 2014) (emphasis in original).

It is well established that the validity of a debt is a legal question that can ***only*** be resolved by a court of law. *See Carvalho,* 629 F.3d at 891 (explaining credit bureaus are "not tribunals" and that "courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims"); *Phillips v. Archstone Simi Valley LLC,* 740 F. App'x 603, 604 (9th Cir. 2018) (credit reporting agencies are not tribunals required to adjudicate disputes regarding the 'legal validity' of a debt); *Banks v. ACS Educ. Corp.,* No. 10-CV-1886 AJB CAB, 2012 WL 1033316, at *25 (S.D. Cal. Mar. 26, 2012) (holding that a CRA is not required as part of its reinvestigation duties to provide a legal opinion on the merits . . . whether a consumer has a valid defense [to a reported debt] "is a question for a court to resolve in a suit

against the creditor, not a job imposed upon consumer reporting agencies by the FCRA.") (internal citation omitted).

In *Carvalho,* the Ninth Circuit noted that "reinvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts." *Carvalho,* 629 F.3d at 892. In that case, the allegedly inaccurate reporting involved a charge for medical services that the plaintiff claimed should have been paid by her insurance company. *Id.* at 882. After plaintiff disputed the charge, several consumer reporting agencies, including Equifax, requested and received verification of the debt from the furnisher. *Id.* The CRAs thereafter continued reporting the debt. In rejecting plaintiff's argument that the CRAs were obligated to do more, the Ninth Circuit found that "[t]he fundamental flaw in Carvalho's conception of the reinvestigation duty is that credit reporting agencies are not tribunals." *Id.* at 891. The Ninth Circuit reasoned that CRAs "simply collect and report information furnished by others" and thus are "ill equipped to adjudicate contract disputes." *Id.*

Similarly, courts throughout the country have held that determining the validity of a debt is a legal question that can only be resolved by a court of law, and consumer reporting agencies are "neither qualified nor obligated to resolve [such legal issues] under the FCRA." *DeAndrade v. Trans Union LLC,* 523 F.3d 61, 68 (1st Cir. 2008); *see also Humphrey v. Trans Union LLC,* 759 F. App'x 484, 488 (7th Cir. 2019) ("Because Humphrey's complaint did not allege a factual inaccuracy on his credit report, the district court correctly granted the CRAs' joint motion for judgment on the pleadings. Humphrey's allegation that he was not required to make payments on his student loans required a legal determination about whether his disability-discharge applications required Navient to cease collections."); *Thomas v. Equifax Info. Servs., LLC,* No. 1:18-cv-01438-RM-KLM, 2019 WL 948996, at *2-3 (D. Colo. Feb. 27, 2019) (granting motion to dismiss FCRA

claims because CRAs were not required to resolve the underlying dispute concerning whether plaintiff was obligated to pay additional amount to automobile finance company); *Perry v. Toyota Motor Credit Corp.,* Case No. 1:18CV00034, 2019 WL 332813, at *14-*15 (W.D. Va. Jan. 25, 2019) (dismissing FCRA claims under 15 U.S.C. §§ 1681e(b) and 1681i for failure to state a claim and stating that "[t]he proper resolution of a legal defense to payment of the debt is not generally the kind of error that a CRA could discover or resolve through a review of information from consumers, furnishers, or its own files."); *Denan v. Trans Union LLC,* No. 18 C 5027, 2019 WL 911270, at *2 (N.D. Ill. Feb. 22, 2019) (granting motion for judgment on the pleadings because plaintiffs' FCRA claims indicated that plaintiffs were trying to hold CRA responsible for resolving legal question of whether their loans were void and uncollectible under state usury law).

  Here, Plaintiff's alleged inaccuracy regarding his Ford account unquestionably requires the resolution of a *legal* dispute: whether Plaintiff remained liable for any remaining balance on the Ford account after Ford allegedly issued a "free and clear title to the vehicle." ECF No. 1 at p. 5. Plaintiff claims that Ford "confirmed in writing" that his debt was paid off but "despite this perfected payment history and or [sic] discharge . . . .[Ford] continued to furnish inaccurate negative information to [the CRA Defendants][.]" *Id.* Plaintiff bases his argument that he does not owe the debt on this written confirmation but does not otherwise plead details about this writing, such as how the debt was paid, whether it was paid in full or through an agreement with Ford, etc. By arguing that this written confirmation relieved Plaintiff of his obligation to pay his debt, he is essentially presenting a challenge to the legal validity of the debt reported by Ford to the CRA Defendants; a dispute the CRA Defendants are in no position to adjudicate. Plaintiff argues that the CRA Defendants "are not passive" and could have "suppressed the misinformation." *Id.* at p. 7. But, as explained *supra.*, *Carvalho* found that a CRA's job is to "correctly report information

furnished by the creditor," not "adjudicate a consumer-creditor dispute[.]" *Gauci v. Citi Mortgage*, No. 2:11-cv-01387-ODW(JEMx), 2012 WL 1535654, at *15-*16 (C.D. Cal. Apr. 30, 2012) ("Plaintiff's proper recourse here is to resolve her dispute directly with Citi Mortgage; only had a court ruled Plaintiff's debt to CitiMortgage invalid and the CRAs had continued to report it as a valid debt would Plaintiff have had grounds for a FCRA claim against the CRAs."). The only alleged inaccuracy contained in Plaintiff's Complaint is based on legal contentions that may only be dissected by making legal interpretations and conclusions regarding Plaintiff's debt in conjunction with his agreement with Ford. Plaintiff has therefore failed to allege an essential element of his FCRA claims against the CRA Defendants. Since Plaintiff predicates his theory of inaccuracy on the validity of a debt, which would require the CRA Defendants to make a legal determination as to whether he (a) complied with the terms of any agreement with Ford and (b) that he was "discharge[ed] [of] the obligation" on the Ford account, Plaintiff's FCRA claims regarding the Ford account against the CRA Defendants fail for failure to plead a factual inaccuracy, and the Court should dismiss this allegation against the CRA Defendants with prejudice. *Id.*

    **B.    Plaintiff's § 1681e(b) and § 1681i claims fail for an independent reason: Plaintiff fails to plead more than a conclusory allegation of an inaccuracy.**

Plaintiff's Complaint takes issue with the CRA Defendants' reporting of two accounts: the Ford account and the ICCU account. Plaintiff brings claims against the CRA Defendants under both 15 U.S.C. §§ 1681e(b) and 1681i related to these accounts. However, Plaintiff fails to state a claim under which relief can be granted under either section.

To bring a claim under § 1681e(b), Plaintiff must make a prima facie showing that a CRA reported inaccurate information. *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018). To make a prima facie showing under § 1681e(b), "a consumer must present evidence

7

tending to show that a CRA prepared a report containing inaccurate information." *Id.* (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)). But "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy*, 845 F.2d at 810.

Here, Plaintiff alleges that his credit reports contain "several discrepancies and errors." ECF No. 1, at p. 6. For the Ford account, these include:

> Reported as "Closed" but with a balance of $18,606 and "Late Over 120 Days" status across all bureaus, despite discharge; inconsistent current balances ($18,606 vs. $0); mismatched last activity dates (e.g., May 1, 2023 on Experian vs. February on Equifax); two-year payment history showing late payments as proven indicators of risk.

*Id.* For the ICCU account, these include:

> Potential duplicates in Equifax/Trans Union; lingering negatives from inaccurate reporting; "Clean" records but warnings on collections imply unresolved issues; high delinquent/derogatory balances contributing to score harm.

*Id.* These are merely conclusory allegations of an inaccuracy. For example, regarding the Ford account, Plaintiff does not allege that any of the facts provided are false. Plaintiff's account may be closed but that does not mean he does not owe a balance, nor does it mean he was not late on his payments. Plaintiff also alleges inconsistent current balances but does not allege which Defendant the balances apply to. Regarding the ICCU account, Plaintiff alleges lingering negatives from inaccurate reporting but does not explain what information was inaccurate. Plaintiff alleges there are implications of unresolved issues but does not otherwise plead that the allegedly unresolved issues are inaccurate. Nor does Plaintiff plead that the high delinquent or derogatory balances are inaccurate. Without more than a conclusory pleading of an inaccuracy, Plaintiff fails to state a claim upon which relief can be granted related to his 15 U.S.C. § 1681e(b) claims.

Plaintiff's 15 U.S.C. § 1681i claims fail for the same reason. "'[A] plaintiff states a claim under § 1681i when she alleges: (1) that her credit report contained an inaccuracy; (2) that she notified the [credit reporting agency] of her dispute and requested a reinvestigation; and (3) that the [credit reporting agency] did not remove the inaccuracy.'" *Jones v. Equifax Info. Servs., LLC*, No. 25-cv-00946-WQH-SBC, 2025 WL 1863191, at *7-*8 (S.D. Cal. Jul. 7, 2025) (quoting *Hamm v. Equifax Info. Servs. LLC*, No. CV-17-03821-PHX-JJT, 2018 WL 3548759, at *4 (D. Ariz. Jul. 24, 2018)). Here, as explained *supra.*, Plaintiff failed to plead more than a conclusory allegation of an inaccuracy related to his Ford or ICCU accounts. As such, Plaintiff fails to state a claim under § 1681i.

**C.    Plaintiff fails to plead that certain credit inquiries were not made for a purpose allowed by 15 U.S.C. § 1681b.**

Plaintiff alleges his consumer reports contain multiple hard inquiries made "without Plaintiff's consent or permission[.]" ECF No. 1, at p. 6. These allegations form the basis for an attempted claim under 15 U.S.C. § 1681b against the CRA Defendants. This FCRA section sets forth the permissible purposes for obtaining credit information, including the circumstances under which a CRA may furnish a consumer report. *See* 15 U.S.C. § 1681b. Among these circumstances include allowing a CRA to furnish information "[i]n accordance with the written instructions of the consumer to whom it relates," or "to a person which it has reason to believe intends to use the information for one of several listed purposes." *Spencer v. Relx Inc.*, No. CV 23-65-H-BMM-KLD, 2024 WL 3315439, at *4 (D. Mont. May 24, 2024); *see also* 15 U.S.C. § 1681b(a)(3). These listed purposes include, for example, a person who:

> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

9

>   (B) intends to use the information for employment purposes; or
>
>   (C) intends to use the information in connection with the underwriting of insurance involving the consumer[.]

*Id.* Here, Plaintiff does not allege that the furnishing of his consumer reports, appearing as inquiries thereon, was done in a manner that did not comply with one of the listed purposes in 15 U.S.C. § 1681b(a)(3). Failure to include such an allegation is fatal to a 15 U.S.C. § 1681b claim. *See Spencer*, 2024 WL 3315439, at *4 ("[b]ecause [plaintiff] fails to allege any facts to give rise to a reasonable inference that the furnishing of his consumer report did not comply with any of the other permitted circumstances listed in § 1681b(a), he still fails state a claim for relief under § 1681b(a)."). Plaintiff claims multiple hard inquiries are listed in his consumer reports without his consent or permission. ECF No. 1, at p. 6. But consent or permission of the consumer is not required. *Id.* Thus, like the remainder of his Complaint, Plaintiff's 15 U.S.C. § 1681b claims fail to state a claim upon which relief can be granted.

### E. Plaintiff's Willfulness Claims Fail

Plaintiff alleges that the CRA Defendants willfully violated both §§ 1681i and 1681e(b). ECF No. 1 at pp. 7-8. As detailed above, there is no basis for the Court to find any violation of these code sections, much less willful violations. For willful violations of the FCRA, "the court may award either actual damages or statutory damages which range from $100 to $1,000 per consumer, as well as punitive damages, costs, and attorney fees for willful violations of the statute." *Pyle v. First Nat'l Collection Bureau*, No. 1:12-cv-00288-AWI-SKO, 2012 WL 1413970, at *11 (E.D. Cal. Apr. 20, 2012). "However, 'a plaintiff must affirmatively prove that he is entitled to these damages.'" *Id.* (quoting *Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 610 (7th Cir. 2005)). Plaintiff did not. Simply put, Plaintiff fails to plead *any* facts to substantiate a

10

willful violation of the FCRA. *See, e.g., Franklin v. Trans Union, LLC,* No. CV 19-0888-CBM-SHKX, 2019 WL 6871254, at *9-*10 (C.D. Cal. Oct. 8, 2019) (holding that a plaintiff's conclusory allegations of a willful violation of the FCRA, with no additional facts, fails to state a claim).

Willfulness is an exceedingly high standard, denoting either knowingly or acting with reckless disregard. *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 58-59 (2007). "Reckless FCRA violations" require "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 57, 68 (citing *Farmer v. Brennan,* 511 U.S. 825, 836 (1994)). A CRA "does not act in reckless disregard of [the FCRA] unless the action is not only a violation under a reasonable reading of the statute's terms but [also] shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. Even an "erroneous" reading of the statute is not necessarily "objectively unreasonable." *Id.*

Further, neither the failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file nor the mere existence of inaccuracies in a consumer's report alone can amount to willful noncompliance with the FCRA. *See Barrepski v. Capital One Bank (U.S.A.) N.A.,* No. 11-30160-NMG, 2014 WL 9355983, at *11 (D. Mass. Jan. 24, 2014); *Hill v. Equifax Info. Servs., LLC,* 974 F. Supp. 2d 865, 869 (M.D.N.C. 2013) *vacated in part,* No. 1:11CV107, 2014 WL 12955582 (M.D.N.C. Sept. 11, 2014); *Johnson v. Equifax, Inc.,* 510 F. Supp. 2d 638, 648 (S.D. Ala. 2007) (citation omitted); *Valvo v. Trans Union LLC,* No. 04-70S, 2005 WL 3618272, at *8 (D.R.I. Oct. 27, 2005). Nor is a CRA's failure to identify inaccurate information after receiving a dispute enough to establish a willful violation of the FCRA. *Robertson v. Experian Info. Sols.,* No. 1:CV-09-0850, 2010 WL 1643579, at *14 (M.D. Pa. Apr. 22, 2010). As set forth above, this falls far short of the mark and requires dismissal without leave to amend. *See Jenkins v. AmeriCredit Fin. Servs.,* No. 14-cv-5687 (SJF)(AKT), 2017 WL 1325369, at *23-*24 (E.D.N.Y.

Feb. 14, 2017) ("[M]ere failure to correct a plaintiff's inaccurate credit information, even after notification of the inaccuracy does not constitute a willful failure to comply with the FCRA.") (internal quotations and citations omitted).

Plaintiff's conclusory allegations of willfulness fail to articulate any purposeful or reckless violation by CRA Defendants. Instead, Plaintiff makes bald, naked assertions, all of which lack any substantive support or factual bases. Without these underpinnings, Plaintiff's claims for willful violations cannot stand and, therefore, should be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, Equifax, Experian, and Trans Union respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, in its entirety and for such other relief as the Court deems necessary.

319781478v.1

DATED:  August 15, 2025  Respectfully submitted,

CARPENTER LAW FIRM PLC


By: */s/ Charles H. Carpenter*
Charles H. Carpenter

*Counsel for Defendant*
*Equifax Information Services LLC*

*/s/ Elizabeth Corey*
Elizabeth Corey
Texas Bar No.: 24094600
elizabeth.corey@troutman.com
TROUTMAN PEPPER LOCKE LLP
600 Travis Street; Suite 2800
Houston, TX 77002
Telephone: (713)226-1213

*Counsel for Defendant*
*Experian Information Solutions, Inc.*


*/s/Brad P. Miller*
Brad P. Miller, Esq.
Hawley Troxell
877 Main Street, 2nd Floor
Boise, ID 83702
Telephone:  208-344-6000
Fax:  208-954-5206
E-Mail: bmiller@hawleytroxell.com

*Counsel for Defendant Trans Union LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2025, I presented the foregoing DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S BRIEF IN SUPPORT OF JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

A copy has also been sent via U.S. Mail to the following:

> Jason Henry Allen, *plaintiff pro se*
> 2600 East Seltice Way #235
> Post Falls, Idaho  83854

> */s/ Charles H. Carpenter*
> Charles H. Carpenter
> *Counsel for Defendant*
> *Equifax Information Services LLC*

319781478v.1