# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN<br><br>Plaintiff, In Propria Persona<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>EQUIFAX INFORMATION SERVICES LLC;<br><br>TRANS UNION LLC;<br><br>FORD MOTOR CREDIT COMPANY LLC;<br><br>M2 LAW GROUP P.C.;<br><br>HOWELL & VAIL LLP;<br><br>MICHAEL J. ARCHIBALD;<br><br>Defendants | Case No.: 2:25-CV-00404-BLW<br><br>FIRST AMENDED COMPLAINT FOR VERIFIED VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND TRIAL BY JURY DEMAND PER FED. R. CIV. P. 15(A)<br><br>**U.S. COURTS**<br><br>AUG 27 2025<br><br>Rcvd___ Filed___ Time 3:45pm<br>STEPHEN W. KENYON<br>CLERK, DISTRICT OF IDAHO |

FIRST AMENDED COMPLAINT FOR VERIFIED VIOLATIONS OF THE FAIR CREDIT

REPORTING ACT AND TRIAL BY JURY DEMAND

## INTRODUCTION

1. This action arises under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., which Congress enacted to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA requires consumer reporting agencies ("CRAs") to exercise their responsibilities with fairness, impartiality, and respect for consumers' right to privacy, and imposes duties on furnishers of information to provide accurate data and correct inaccuracies. Specifically, under 15

1

U.S.C. § 1681e(b), CRAs must follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports. Under 15 U.S.C. § 1681i, CRAs must conduct reasonable reinvestigations of disputed information. Under 15 U.S.C. § 1681s-2(b), furnishers must reasonably investigate disputes received from CRAs. Under 15 U.S.C. § 1681b, access to consumer reports is limited to permissible purposes.

2.  Defendants have violated the FCRA by reporting and maintaining inaccurate negative information and unauthorized hard inquiries on Plaintiff's credit reports, failing to properly investigate and correct Plaintiff's disputes, and continuing to report misleading, incorrect, and damaging information that harms Plaintiff's creditworthiness, as quantified by Fair Isaac Corporation (FICO) scoring models, which weigh payment history at approximately 35% of the score, amounts owed at 30%, and new credit (including hard inquiries) at 10%. For instance, reporting a positive balance where confirmed as zero artificially inflates utilization ratios and derogates payment history, potentially dropping scores by 100+ points, while each unauthorized hard inquiry can reduce scores by 5-10 points and persist for two years. These allegations are based on **patent factual inaccuracies**, such as direct contradictions between furnisher confirmations and reported data, which are verifiable without legal adjudication.

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under federal law, specifically the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

2. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 1681p, as Plaintiff is located in this district, and a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

1. Plaintiff JASON HENRY ALLEN is an individual located at 2600 East Seltice Way, Post Falls, Idaho 83854, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

2. Defendant Experian Information Solutions, Inc. is an Ohio corporation with its principal place of business at 475 Anton Blvd, Costa Mesa, California 92626, and operates as a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

3. Defendant Equifax Information Services LLC is a Georgia limited liability company with its principal place of business at 1550 Peachtree St NW, Atlanta, Georgia 30309, and operates as a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

4. Defendant Trans Union LLC is a Delaware limited liability company with its principal place of business at 555 W Adams St, Chicago, Illinois 60661, and operates as a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

5. Defendant Ford Motor Credit Company LLC is a Delaware limited liability company with its principal place of business at One American Road, Dearborn, Michigan 48126, and acts as a "furnisher" of information to consumer reporting agencies as defined by 15 U.S.C. § 1681s-2.

3

6. Defendant M2 Law Group P.C. is an Idaho professional corporation with its principal place of business at 1855 North Lakes Place, Suite 104, Meridian, Idaho 83646, and acts as a furnisher of information to consumer reporting agencies in connection with the events described herein.

7. Defendant Howell & Vail LLP is an Idaho limited liability partnership with its principal place of business at 1855 North Lakes Place, Suite 104, Meridian, Idaho 83646 (formerly at 380 S 4th St, Ste 104, Boise, Idaho 83702), and acts as a furnisher of information to consumer reporting agencies in connection with the events described herein.

8. Defendant Michael J. Archibald is an individual licensed to practice law in Idaho, with a business address at 1855 North Lakes Place, Suite 104, Meridian, Idaho 83646, and is personally involved in the acts alleged herein as an officer or agent of M2 Law Group P.C. and/or Howell & Vail LLP. Defendant Michael J. Archibald is sued in his personal capacity for his direct involvement in furnishing inaccurate information to CRAs, authorizing unauthorized hard inquiries, and failing to investigate disputes, in violation of FCRA provisions including 15 U.S.C. § 1681s-2(b) and § 1681b, as he personally directed or participated in these acts beyond his roles as officer/agent of M2 Law Group P.C. and/or Howell & Vail LLP. As such, Archibald is individually liable for negligent or willful violations, entitling Plaintiff to actual, statutory ($1,000 per violation), and punitive damages under 15 U.S.C. §§ 1681n and 1681o. This complies with Fed. R. Civ. P. 8(a). As such, Archibald is individually liable for negligent or willful violations. See *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

## FACTUAL ALLEGATIONS

1. Defendants reported numerous discrepancies and inaccuracies on Plaintiff's credit reports, including:

- Conflicting balances ($18,606 vs. $0 vs. $18,906 vs. $135,019 vs. $154,132);

- Inconsistent activity dates (e.g., May 1, 2023 on Experian vs. February 2023 on Equifax vs. 6/1/2025 on Trans Union vs. 1/1/2025 on Experian);

- False late payment history, including "CO" (charge-off) notations on Experian in mid-2025, "30" (30-day late) on Equifax in February 2025, and "OK" on Trans Union;

- Mismatched high credit limits ($64,656 on Trans Union vs. $18,906 on Experian/Equifax);

- Differing account totals (22 on Trans Union vs. 24 on Experian vs. 23 on Equifax);

- Different counts of closed accounts (11 vs. 13 vs. 12);

- Discrepancies in derogatory items (1 on Trans Union vs. 2 on Experian/Equifax);

- Inconsistent payment amounts ($847 on Trans Union vs. $1,421 on Experian vs. $872 on Equifax);

- Variations in recorded inquiries over two years (3 on Trans Union/Experian vs. 5 on Equifax).

2. Defendants also reported conflicting personal identifiers, including:

- Name variations (e.g., "Jason Henry Allen" vs. "Jason Allen");

- Inconsistent birthdate formatting (partial vs. full date of birth);

5

- Address discrepancies (e.g., "2600 E Seltice Wy 235" vs. "2600 E Seltice Way #235" vs. "2600 E Seltice Way, Post Falls, ID 83854-7991");

- Different prior addresses reported on only some CRAs (e.g., PO Box 48681 Los Angeles, CA; 9886 Milliken Ave; 2900A E Seltice Way #235; 7610 Beverly Blvd);

- Employer listings appearing only on Trans Union (e.g., GTAutoGroup, Self-Employed 1099, Sprint, Tix Corp).

3. With respect to Plaintiff's ICCU accounts, Defendants reported duplicate tradelines, inconsistent balances, and derogatory notations despite "clean" status indicators, inflating Plaintiff's risk profile.

4. These inaccuracies materially harmed Plaintiff's FICO scores, which rely heavily on payment history (35%) and amounts owed (30%). As a result, Plaintiff's scores dropped to as low as 538 (Trans Union), 524 (Experian), and 520 (Equifax).

5. Plaintiff disputed these inaccuracies via certified mail dated May 31, 2025 and June 16, 2025.

6. Defendants failed to conduct reasonable reinvestigations or to correct the reports within 30 days, in violation of 15 U.S.C. § 1681i.

7. In addition, Defendants reported unauthorized hard inquiries, including:

- CBNA (Equifax, 11/11/2024);

- Lifted Tru (Equifax, 10/18/2024);

- Lifted Truck (Trans Union, 10/18/2024);

- GeeAutomot (Experian, 7/15/2023).

8. Plaintiff never authorized these inquiries, nor did they serve any permissible purpose under 15 U.S.C. § 1681b. The inquiries falsely signaled increased credit risk and further reduced Plaintiff's scores by 50–100 points.

9. The CRA Defendants transmitted Plaintiff's disputes to the furnisher Defendants through Automated Consumer Dispute Verifications (ACDVs) via the e-OSCAR system.

10. As of July 22, 2025, Defendants had not conducted reasonable investigations, nor corrected or deleted the inaccurate information and inquiries, despite multiple disputes and furnisher confirmation of errors.

11. Defendants knew or should have known of these inaccuracies through Plaintiff's disputes, internal records, and furnisher responses, yet willfully or negligently continued reporting false information in violation of the FCRA.

# FIRST CAUSE OF ACTION: VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)
## (Against CRA Defendants)

1. The CRA Defendants violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in Plaintiff's credit reports, allowing inaccurate negative information and unauthorized hard inquiries to remain and be included in consumer reports prepared about Plaintiff.

2. Had the CRA Defendants maintained reasonable procedures, they would not have reported the positive balances, late payments, or permitted the inquiries, as these are patent factual inaccuracies verifiable from furnisher records without legal analysis. These allegations are based on patent factual inaccuracies, such as direct contradictions between

furnisher confirmations and reported data, which are verifiable without legal adjudication, and therefore actionable under the FCRA. See *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (distinguishing actionable factual inaccuracies from non-actionable legal disputes).

3. These violations were negligent or willful, causing actual damages including harm to creditworthiness, loss of credit opportunities, and emotional distress.

## SECOND CAUSE OF ACTION: VIOLATION OF FCRA, 15 U.S.C. § 1681i(a)(1) (Against CRA Defendants)

1. After receiving notice of Plaintiff's disputes regarding patent factual inaccuracies, the CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations and delete or correct the inaccurate information within 30 days.

2. The CRA Defendants are not passive recipients of information; they must actively ensure accuracy and could have suppressed the misinformation based on the furnisher confirmations provided in the disputes.

3. These violations were negligent or willful, causing actual damages.

## THIRD CAUSE OF ACTION: VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b) (Against Furnisher Defendants)

1. After receiving notice of disputes from Plaintiff and the CRA Defendants via e-OSCAR ACDVs regarding patent factual inaccuracies, the Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations, correct inaccuracies (e.g., update balance to $0 and remove late payments), or delete the disputed information.

8

2. The Furnisher Defendants knew the information was inaccurate from their own records but continued furnishing misleading data.

3. These violations were negligent or willful, causing actual damages.

## FOURTH CAUSE OF ACTION: VIOLATION OF FCRA, 15 U.S.C. § 1681i(a)(4) (Against CRA Defendants)

1. The CRA Defendants violated 15 U.S.C. § 1681i by failing to review and consider all relevant information submitted by Plaintiff in his disputes, including furnisher confirmations of $0 balance and no late payments.

2. These violations were negligent or willful, causing actual damages.

## FIFTH CAUSE OF ACTION: VIOLATION OF FCRA, 15 U.S.C. § 1681i(a)(5)(A) (Against CRA Defendants)

1. The CRA Defendants violated 15 U.S.C. § 1681i by failing to promptly delete or modify the disputed inaccurate information after reinvestigation.

2. These violations were negligent or willful, causing actual damages.

## SIXTH CAUSE OF ACTION: VIOLATION OF FCRA, 15 U.S.C. § 1681b (Against All Defendants)

1. Defendants violated 15 U.S.C. § 1681b by permitting or conducting unauthorized hard inquiries on Plaintiff's credit reports without his consent or any permissible purpose, such as no credit transaction initiated by Plaintiff, no account under review by Plaintiff, no

employment-related purpose, no court order, and no other basis under 15 U.S.C. § 1681b(a).

2. These inquiries, listed across reports and obtained by unnamed entities without Plaintiff's knowledge or initiation, lowered Plaintiff's credit score by 5-10 points each and were not authorized. See *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 489–92 (9th Cir. 2019) (unauthorized inquiries create concrete injury)

3. These violations were negligent or willful, causing actual damages.

4. Defendants bear the burden of establishing a permissible purpose for obtaining Plaintiff's credit report. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010).

## WILLFUL VIOLATIONS

1. Defendants' violations were willful, as they intentionally maintained policies that ignore disputes, fail to train employees on FCRA standards, and prioritize speed over accuracy, rendering punitive damages appropriate under 15 U.S.C. § 1681n.

2. In the alternative, Defendants were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

## DAMAGES

1. Plaintiff suffered actual damages from Defendants' violations, including out-of-pocket costs for credit reports, diminished creditworthiness, credit denials, emotional harm, stress, humiliation, damage to reputation, loss of sleep, and general anxiety, *Cortez v. Trans Union, LLC*, 617 F.3d 688, 719–20 (9th Cir. 2010) (emotional distress recoverable without medical evidence). These harms are exacerbated by FICO scoring models, where

10

the inaccuracies derogate payment history (35% weight), inflate amounts owed (30% weight via utilization ratios), and impact new credit (10% weight from inquiries), resulting in score reductions of 50-100+ points and ongoing credit impairment. See *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (upholding jury award for FCRA damages)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court:

A. Actual damages for emotional distress, reputational harm, credit denials, and economic loss;

B. Award statutory damages up to $1,000 per violation under 15 U.S.C. § 1681n(a)(1)(A);

C. Award punitive damages for willful noncompliance under § 1681n(a)(2);

D. Award costs of suit and equitable fees;

E. Award injunctive relief ordering correction or deletion of inaccurate reporting; and

F. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: August 27, 2025

Respectfully submitted in honor and in equity,

/s/ By:___Jason-Henry:Allen__

Jason-Henry:Allen – All Rights Reserved

2600 East Seltice Way, Post Falls, Idaho 323-377-5620

Jason.Alistor@gmail.com

11

Plaintiff, In Propria Persona

## Exhibits/Attachments

Exhibit A: Ford Motor Credit Pay Off Confirmation (October 3, 2024 Letter)

Exhibit B: Dispute Letters (May 31, 2025)

Exhibit C: Dispute Requests (June 16, 2025)

Exhibit D: Experian Credit Report (July 2025)

Exhibit E: Equifax Credit Report (July 2025)

Exhibit F: Trans Union Credit Report (July 2025)

Exhibit G: Certified Mail Receipts/Tracking

Exhibit H: Proofs of Service (Affidavits and Form AO 398/399)

**CERTIFICATE OF SERVICE**

I certify that on August 27, 2025, a true and correct copy of the foregoing was served via first-class mail, postage prepaid, to:

**Trans Union** - Brad P. Miller, Esq. Hawley Troxell 877 Main Street, 2nd Floor Boise, ID 83702

**Experian** - Elizabeth Corey TROUTMAN PEPPER LOCKE LLP 600 Travis Street; Suite 2800 Houston, TX 77002

**Equifax** - Charles H. Carpenter CARPENTER LAW FIRM PLC 210 North Higgins Avenue, Suite 336 Missoula, Montana 59802

**Michael J. Archibald** - 1855 North Lakes Place, Suite 104, Meridian, ID 83646

**M2 Law Group P.C** - 1855 North Lakes Place, Suite 104, Meridian, ID 83646

**HOWELL & VAIL LLP** - 1855 North Lakes Place, Suite 104, Meridian, ID 83646

**Ford Motor Credit Company LLC** - Erica J. White Elam & Burke, P.A. 251 E. Front St., Ste 300 Boise, ID 83702

/s/ Jason-Henry:Allen

13