# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN<br><br>Plaintiff, In Propria Persona<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>EQUIFAX INFORMATION SERVICES LLC;<br><br>TRANS UNION LLC;<br><br>FORD MOTOR CREDIT COMPANY LLC;<br><br>M2 LAW GROUP P.C.;<br><br>HOWELL & VAIL LLP;<br><br>MICHAEL J. ARCHIBALD;<br><br>Defendants | Case No.: 2:25-CV-00404-BLW<br><br>MOTION FOR LEAVE TO FILE SUR-REPLY |

**MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiff Jason Henry Allen ("Plaintiff"), appearing in propria persona, respectfully moves this Court for leave to file a Sur-Reply in opposition to Defendants Experian Information Solutions, Inc., Equifax Information Services LLC, and Trans Union LLC's (collectively, the "CRA Defendants") Joint Motion to Dismiss.

I. LEGAL STANDARD

1

Under District of Idaho Local Civil Rule 7.1, briefing on motions generally ends with the moving party's reply. Sur-replies are disfavored and permitted only with leave of Court. Courts within the Ninth Circuit have allowed sur-replies where a reply brief raises new arguments, new evidence, or mischaracterizes controlling authority. See, e.g., *Proctor & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 n.1 (10th Cir. 2003) (district court has discretion to permit sur-replies to prevent unfairness).

II. GOOD CAUSE EXISTS TO PERMIT A SUR-REPLY

Good cause exists here because the CRA Defendants' reply brief:

1. **Mischaracterizes controlling Ninth Circuit precedent** – Defendants rely on *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir. 2010), to argue Plaintiff's claims involve only legal disputes. This misstates *Carvalho*, which barred claims requiring legal determinations of debt validity. Plaintiff, by contrast, alleges **objectively and verifiably false information** (balances, late payments, inquiries) directly contradicted by Ford's confirmation letter.

2. **Raises new framing not in their motion** – Defendants' reply reframes Plaintiff's allegations as "legal disputes" for the first time, requiring Plaintiff to clarify why *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749 (9th Cir. 2018), controls and why his allegations meet the Ninth Circuit's standard for inaccuracy.

3. **Requires clarification of damages law** – Defendants argue Plaintiff has not pled damages. Plaintiff's proposed Sur-Reply addresses controlling authority (*Cortez v. Trans

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN<br><br>Plaintiff, In Propria Persona<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>EQUIFAX INFORMATION SERVICES LLC;<br><br>TRANS UNION LLC;<br><br>FORD MOTOR CREDIT COMPANY LLC;<br><br>M2 LAW GROUP P.C.;<br><br>HOWELL & VAIL LLP;<br><br>MICHAEL J. ARCHIBALD;<br><br>Defendants | Case No.: 2:25-CV-00404-BLW<br><br>PLAINTIFF'S SUR-REPLY TO DEFENDANTS' JOINT MOTION TO DISMISS |

## PLAINTIFF'S SUR-REPLY TO DEFENDANTS' JOINT MOTION TO DISMISS

I. INTRODUCTION

Plaintiff Jason Henry Allen respectfully submits this Sur-Reply to clarify a central issue misrepresented by Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC (collectively, the "CRA Defendants"). The CRA Defendants continue to argue that Plaintiff's allegations regarding the Ford account present only a "legal dispute" about debt validity. That is incorrect. The First Amended Complaint ("FAC")

1

identifies **objectively and verifiably false facts**, supported by furnisher-confirmed documentation. Under controlling Ninth Circuit precedent, these allegations are sufficient to state claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## II. NINTH CIRCUIT PRECEDENT SUPPORTS PLAINTIFF'S CLAIMS

### A. Carvalho v. Equifax

In *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891–92 (9th Cir. 2010), the Ninth Circuit held that FCRA claims fail where alleged inaccuracies turn on unresolved legal questions, such as whether an insurer was contractually obligated to pay a medical bill. That case involved no objectively false fact—only a legal dispute collateral to the credit report.

Here, by contrast, Ford confirmed in writing that Plaintiff's account balance was $0, the obligation was discharged, no late payments existed, and a lien-free title was issued (FAC ¶¶ 17, 21–22, Ex. A). Despite this, CRA Defendants reported the account as "Closed" with an $18,606 balance, "Late Over 120 Days" status, mismatched balances, and false late payment histories. These are objectively false facts verifiable against the furnisher's own records. No legal adjudication is required.

### B. Shaw v. Experian

In *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018), the Ninth Circuit reaffirmed that to state an FCRA claim, a plaintiff need only allege a prima facie showing of inaccuracy. The inaccuracy need not be legally complex; factual contradictions suffice. Plaintiff

2

has met this standard by pleading specific, verifiable inconsistencies between Ford's confirmation and the CRA Defendants' reporting.

### C. Pintos v. Pacific Creditors Ass'n

Further, regarding hard inquiries, the Ninth Circuit has held that the burden rests on the furnisher or CRA to prove a permissible purpose. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010). Plaintiff alleged that multiple inquiries occurred without consent or any statutory purpose, which suffices to state a claim under § 1681b.

## III. DAMAGES ARE LEGALLY SUFFICIENT

The CRA Defendants also argue Plaintiff fails to allege damages. This ignores established law. In *Cortez v. Trans Union, LLC*, 617 F.3d 688, 719–20 (9th Cir. 2010), the court confirmed that emotional distress alone supports actual damages under the FCRA, without medical evidence. Likewise, *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009), upheld a substantial award for emotional and economic harm tied to inaccurate reporting. Plaintiff alleges both credit denials and emotional distress directly traceable to the CRAs' false reporting.

## IV. CONCLUSION

Defendants' reliance on *Carvalho* is misplaced. Plaintiff alleges patent factual inaccuracies, not unresolved legal disputes. Under *Shaw*, *Carvalho*, *Pintos*, and *Cortez*, the FAC more than

3

satisfies Rule 12(b)(6). Accordingly, the Court should deny the CRA Defendants' Joint Motion to Dismiss.

Dated: August 28, 2025

Respectfully submitted in honor and in equity,

/s/ By:___Jason-Henry:Allen__

Jason-Henry:Allen – Beneficiary, Without Prejudice, All Rights Reserved

2600 East Seltice Way, Post Falls, Idaho 323-377-5620 Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2025, a true and correct copy of the foregoing was served via first-class mail, postage prepaid, to:

**Trans Union** - Nermy J. Winner QSLWM 10333 N. Meridian Street Suite 200 Indianapolis, IN 46290
**Trans Union** - Brad P. Miller, Esq. Hawley Troxell 877 Main Street, 2nd Floor Boise, ID 83702

**Experian** - Elizabeth Corey TROUTMAN PEPPER LOCKE LLP 600 Travis Street; Suite 2800 Houston, TX 77002

**Equifax** - Charles H. Carpenter CARPENTER LAW FIRM PLC 210 North Higgins Avenue, Suite 336 Missoula, Montana 59802

**Michael J. Archibald** - 1855 North Lakes Place, Suite 104, Meridian, ID 83646

**M2 Law Group P.C** - 1855 North Lakes Place, Suite 104, Meridian, ID 83646

**HOWELL & VAIL LLP** - 1855 North Lakes Place, Suite 104, Meridian, ID 83646

**Ford Motor Credit Company LLC** - Erica J. White Elam & Burke, P.A. 251 E. Front St., Ste 300 Boise, ID 83702

/s/ Jason-Henry:Allen