# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

JASON HENRY ALLEN

Plaintiff, In Propria Persona
v.
EXPERIAN INFORMATION
SOLUTIONS, INC.;

EQUIFAX INFORMATION SERVICES
LLC;

TRANS UNION LLC;

FORD MOTOR CREDIT COMPANY
LLC;

M2 LAW GROUP P.C.;

HOWELL & VAIL LLP;

MICHAEL J. ARCHIBALD;

Defendants

Case No.: 2:25-CV-00404-BLW

PLAINTIFF'S OPPOSITION TO
DEFENDANTS EQUIFAX INFORMATION
SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., AND TRANS UNION LLC'S JOINT
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

U.S. COURTS

AUG 28 2025

Copy
Filed          Time 2:58 PM
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## PLAINTIFF'S OPPOSITION TO DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## I. INTRODUCTION

Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc.

("Experian"), and Trans Union LLC ("Trans Union") (collectively, the "CRA Defendants") move

1

under Rule 12(b)(6) to dismiss Plaintiff's First Amended Complaint ("FAC"). The Motion mischaracterizes Plaintiff's claims as legal disputes rather than factual inaccuracies. The FAC alleges concrete, objectively false errors in credit reporting, including direct contradictions with furnisher-confirmed data and unauthorized credit inquiries lacking permissible purposes. Such inaccuracies are actionable under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Accepting the FAC's well-pleaded facts as true, dismissal is improper.

Moreover, the CRA Defendants' conduct reflects systemic failures in consumer dispute handling, confirmed by recent enforcement actions—such as the Consumer Financial Protection Bureau's January 2025 $15 million penalty against Equifax for failing to investigate consumer disputes. These facts underscore the plausibility of Plaintiff's claims and potential entitlement to punitive damages for willful violations.

## II. STANDARD OF REVIEW

Under Rule 12(b)(6), dismissal is warranted only when a complaint fails to state a claim upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible when the allegations, accepted as true, permit a reasonable inference of liability. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must accept all well-pleaded facts as true and draw reasonable inferences in Plaintiff's favor. FCRA cases are ill-suited for dismissal where a plaintiff alleges factual inaccuracies traceable to CRA failures. Shaw v. Experian Info. Sols., Inc., 891 F.3d 749, 756 (9th Cir. 2018).

## III. ARGUMENT

### A. The FAC Pleads Factual Inaccuracies, Not Legal Disputes

The CRA Defendants argue that allegations regarding Plaintiff's Ford account raise legal questions about debt validity. This is wrong. The FAC alleges patent factual inaccuracies. Confirmations in writing that the account balance was $0, the obligation discharged, and no late payments existed. Yet the CRAs reported a $18,606 balance, "Late Over 120 Days," mismatched activity dates, and two years of false delinquencies. These contradictions are verifiable factual errors requiring no legal adjudication. See Gross v. CitiMortgage, Inc., 33 F.4th 1246, 1252–53 (9th Cir. 2022).

This case is distinguishable from Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876 (9th Cir. 2010), where the alleged inaccuracy required determining an insurer's contractual liability. Here, the inaccuracy is factual: Ford itself confirmed the $0 balance. The CRAs were required to correct or suppress plainly false data. Their failure states a claim under §§ 1681e(b) and 1681i.

B. Plaintiff Pleads Specific Inaccuracies in the Ford and ICCU Accounts

The FAC identifies multiple detailed discrepancies:

- Ford account: Reported as "Closed" with $18,606 balance despite $0 furnisher confirmation; "Late Over 120 Days"; inconsistent balances ($18,606 vs. $0); mismatched activity dates across CRAs; two years of false late-payment history.
- ICCU account: Potential duplicates across Equifax and Trans Union; lingering negatives contradicting "Clean" designations; inconsistent delinquent balances ($135,019 vs. $154,132).

These are not conclusory allegations but verifiable errors, pleaded with specificity. See Shaw, 891 F.3d at 756 (plaintiff states a claim when reporting is patently incorrect or misleading).

3

C. Plaintiff Adequately Pleads Unauthorized Inquiries Under § 1681b

The FAC alleges unauthorized hard inquiries—including CBNA (Equifax, 11/11/2024) and LIFTED TRU/LIFTED TRUCK (Equifax & Trans Union, 10/18/2024)—that occurred without Plaintiff's consent or initiation. Section 1681b strictly limits permissible purposes, and the burden rests on CRAs to show compliance. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 674 (9th Cir. 2010). Plaintiff alleges these inquiries were unauthorized, persisted for 1–2 years, and harmed FICO scores by 5–10 points each. This plausibly states a claim. See Nayab v. Capital One Bank (USA), N.A., 942 F.3d 480, 492 (9th Cir. 2019).

D. Plaintiff Adequately Pleads Damages and Willfulness

Plaintiff alleges actual damages including credit denials, economic loss from reduced creditworthiness, and emotional distress. Emotional distress damages are recoverable under the FCRA without medical evidence. Cortez v. Trans Union, LLC, 617 F.3d 688, 719–20 (9th Cir. 2010). Plaintiff also alleges out-of-pocket expenses and reputational harm.

The CRAs' conduct rises to willful noncompliance. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57–58 (2007) (recklessness is willfulness under FCRA). The FAC alleges that CRAs knowingly continued reporting falsities after notice of disputes. Systemic willfulness is supported by recent CFPB enforcement actions (e.g., 2025 Equifax penalty). Courts have upheld substantial punitive awards where CRAs engaged in systemic noncompliance. Ramirez v. TransUnion LLC, 951 F.3d 1008, 1020–21 (9th Cir. 2020), rev'd on other grounds, 594 U.S. 413 (2021).

IV. CONCLUSION

The FAC alleges verifiable inaccuracies in credit reporting, CRAs' failures to reasonably reinvestigate, and unauthorized inquiries—all actionable under the FCRA. Plaintiff also alleges actual and statutory damages, as well as willful noncompliance justifying punitive damages. Under controlling precedent, dismissal is improper.

Accordingly, Plaintiff respectfully requests that the Court deny the CRA Defendants' Joint Motion to Dismiss in its entirety.

Dated: August 28, 2025

Respectfully submitted in honor and in equity,

/s/ By:___ Jason-Henry:Allen__

Jason-Henry:Allen – Beneficiary, Without Prejudice, All Rights Reserved

2600 East Seltice Way, Post Falls, Idaho 323-377-5620 Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2025, a true and correct copy of the foregoing was served via first-class mail, postage prepaid, to:

**Trans Union** - Nermy J. Winner QSLWM 10333 N. Meridian Street Suite 200 Indianapolis, IN 46290
**Trans Union** - Brad P. Miller, Esq. Hawley Troxell 877 Main Street, 2nd Floor Boise, ID 83702

**Experian** - Elizabeth Corey TROUTMAN PEPPER LOCKE LLP 600 Travis Street; Suite 2800 Houston, TX 77002

**Equifax** - Charles H. Carpenter CARPENTER LAW FIRM PLC 210 North Higgins Avenue, Suite 336 Missoula, Montana 59802

**Michael J. Archibald** - 1855 North Lakes Place, Suite 104, Meridian, ID 83646

**M2 Law Group P.C** - 1855 North Lakes Place, Suite 104, Meridian, ID 83646

**HOWELL & VAIL LLP** - 1855 North Lakes Place, Suite 104, Meridian, ID 83646

**Ford Motor Credit Company LLC** - Erica J. White Elam & Burke, P.A. 251 E. Front St., Ste 300 Boise, ID 83702

/s/ Jason-Henry:Allen