Charles H. Carpenter
(Idaho Bar No. 8322)
CARPENTER LAW FIRM PLC
210 North Higgins Avenue, Suite 336
Missoula, Montana 59802
(406) 543-0511
Telephone: (406) 543-0511
Email: carpentc@carpenterlawfirmplc.com

*Counsel for Defendant*
*Equifax Information Services LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC, M2 LAW GROUP P.C.; HOWELL & VAIL LLP; MICHAEL J. ARCHIBALD; AND LISSETTE M. CARRERAS,<br><br>    Defendants. | Case No. 2:25-cv-00404-BLW<br><br>**DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S BRIEF IN SUPPORT OF JOINT MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") (collectively, the "CRA Defendants") file this Motion to Dismiss Plaintiff's Amended Complaint and, in support thereof, respectfully shows the Court as follows:

## I. INTRODUCTION

In his original Complaint, filed on July 23, 2025, Plaintiff Jason Henry Allen ("Plaintiff") asserted that the CRA Defendants reported inaccurate information in his credit file regarding a

Ford Motor Credit Company ("Ford") account and an Idaho Central Credit Union ("ICCU") account in violation of 15 U.S.C. § 1681e(b) and failed to conduct a reasonable reinvestigation in violation of 15 U.S.C. § 1681i of the Fair Credit Reporting Act ("FCRA"). *See* ECF No. 1, at pp. 7-8. Plaintiff also alleged several credit inquiries appeared on his consumer reports even though they appeared without Plaintiff's authorization, in violation of 15 U.S.C. § 1681b. *Id.* at pp. 8-9.

The CRA Defendants filed a Motion to Dismiss Plaintiff's Complaint on August 15. In the Motion to Dismiss, the CRA Defendants argued that the Complaint should be dismissed because (1) Plaintiff alleged a legal dispute with the furnishers that the CRAs are not required to adjudicate; (2) Plaintiff failed to plead more than a conclusory allegation of an inaccuracy, which is a threshold requirement for bringing an FCRA claim; (3) Plaintiff claimed he didn't authorize certain credit inquiries reported by the CRAs but such authorization is not required; and (4) Plaintiff failed to plead any facts by which a willful FCRA violation by any CRA Defendant could be maintained.

On August 28, Plaintiff filed an Amended Complaint that is similar to the original Complaint, including the same causes of action, but with some new allegations raised for the first time. *See* ECF No. 21. Plaintiff's Amended Complaint also does not include any reference to the Ford account. Although he filed an Amended Complaint, later that same day Plaintiff filed a Motion for Leave to File Sur-Reply, alleging that the CRA Defendants, among other allegations, raised new issues for the first time on reply. *See* ECF No. 23. The CRA Defendants had not filed any replies. The next day, Plaintiff responded in opposition to the Motion to Dismiss the original Complaint. *See* ECF No. 25.

For similar reasons as the original Complaint, the CRA Defendants now move to dismiss Plaintiff's Amended Complaint. Plaintiff's Amended Complaint fails to cure any of the defects of his original Complaint and raises new, conclusory allegations which do not state a claim under the

FCRA upon which relief can be granted. Plaintiff fails to plead more than conclusory allegations of an inaccuracy which is insufficient to state a claim upon which relief can be granted under 15 U.S.C. § 1681e(b) or 15 U.S.C. § 1681i. Finally, Plaintiff fails to plead certain credit inquiries were not made for a permissible purpose, thus failing to state a claim upon which relief can be granted under 15 U.S.C. § 1681b. Accordingly, Plaintiff's Amended Complaint should be dismissed. Plaintiff filed an Amended Complaint as a matter of course. Further amendment would be futile, thus, Plaintiff's Amended Complaint should be dismissed with prejudice.

## II. APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss, the Supreme Court has instructed lower courts to consider "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, the court need not accept as true legal conclusions couched as factual allegations. *Id.* Second, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570.) "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint—has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

In considering a 12(b)(6) motion, the Court should accept all well-pleaded facts in the Complaint as true and draw all inferences in the plaintiff's favor. While all material allegations

must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. "Allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences are . . . insufficient to defeat a motion to dismiss for failure to state a claim." *Scroggins v. Equifax Info. Sols. LLC, et al.*, 2019 WL 3037588, at *3 (D. Ariz. July 11, 2019) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

### III. ARGUMENTS AND AUTHORITIES

As an initial matter, in the Ninth Circuit, "an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopy Cnty.*, 693 F.3d 896, 926-27 (9th Cir. 2012) (internal citation omitted)).[1] Thus, in this case, although Plaintiff responded to the CRA Defendants' original Motion to Dismiss, the original Motion to Dismiss is moot. *See Ramirez,* 806 F.3d at 1008. A reply from the CRA Defendants to Plaintiff's Response would be unnecessary at this point, as would a sur-reply from Plaintiff. Consequently, the CRA Defendants respectfully request the Court to deny Plaintiff's Motion for Sur-reply, dismiss Plaintiff's original Complaint as superseded by Plaintiff's Amended Complaint and, instead, consider this Motion to Dismiss Plaintiff's Amended Complaint.

### A.  Plaintiff's § 1681e(b) and § 1681i claims fail because Plaintiff fails to plead more than a conclusory allegation of an inaccuracy.

---

[1] Plaintiff apparently agrees with this statement as he filed Plaintiff's Statement Regarding Pending Motions to Dismiss on September 2, 2025. *See* ECF No. 28. In his Statement, Plaintiff admits that his Amended Complaint "supersedes the original complaint and is now the operative pleading in this case." *Id.* at p. 1.

4
320086374v.1

Plaintiff claims that the CRA Defendants willfully and negligently violated §§ 1681e(b) and 1681i of the FCRA. ECF No. 21 at pp. 7-8. As a threshold matter, a plaintiff is required to plead that a factual inaccuracy existed on his credit file. *See Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 890 (9th Cir. 2010) (holding that even if a consumer reporting agency fails to conduct a reasonable reinvestigation or otherwise fails to fulfill its obligations under the FCRA, if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's claims fails as a matter of law). Plaintiff's Amended Complaint takes issue with the CRA Defendants' reporting of several unidentified accounts. Plaintiff brings claims against the CRA Defendants under both 15 U.S.C. §§ 1681e(b) and 1681i related to these accounts. However, Plaintiff fails to state a claim under which relief can be granted under either section.

Here, Plaintiff alleges that his credit reports from all three CRA Defendants contain "numerous discrepancies and inaccuracies." ECF No. 21, at p. 5. The Amended Complaint then lists several alleged inconsistencies between Plaintiff's credit reports from the CRA Defendants. For example, Plaintiff claims that Trans Union is reporting twenty-two accounts, Equifax is reporting twenty-three accounts, and Experian is reporting twenty-four accounts. Plaintiff also claims there are "[i]nconsistent payment amounts" but does not identify which accounts he is referring to what is inaccurate about the payment amounts. *Id.* As with his remaining allegations, Plaintiff fails to allege any inaccuracy. He claims there are inconsistencies but does not allege whether these inconsistencies are even related to the same account or multiple accounts, whether multiple dates are involved, etc. Plaintiff alleges there are implications of unresolved issues but does not otherwise plead that the allegedly unresolved issues are inaccurate. Without more than a conclusory pleading of an inaccuracy, Plaintiff fails to state a claim upon which relief can be granted related to his FCRA claims.

5

Even if Plaintiff did allege an inaccuracy, he fails to meet the independent elements of both §§ 1681e(b) and 1681i. Section 1681e(b) requires Plaintiff to plead and prove: (1) inaccurate information was included in his consumer report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure the maximum possible accuracy of his consumer report; (3) plaintiff suffered damages; and (4) plaintiff's damages were caused by defendant's failure to follow reasonable procedures to assure maximum possible accuracy. *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156-60 (11th Cir. 1991). Not only has Plaintiff failed to plead a discernible inaccuracy but he has also failed to plead (1) to whom any consumer report was reported that contained any purportedly inaccurate information; (2) what procedures the CRA Defendants failed to follow; or (3) how the failure to follow reasonable procedures to assure maximum possible accuracy led to any damages to Plaintiff. *See Kennedy v. Chase Manhattan Bank USA, N.A.,* 369 F.3d 833, 843 (5th Cir. 2004) (Plaintiff's claim that credit reporting agencies failed to adopt or follow reasonable procedures was properly dismissed because Plaintiff did not provide any specific factual allegations to specify how 1681e(b) was violated); *see also Twombly,* 550 U.S. at 555. In fact, the Amended Complaint contains no pleadings of any violations of § 1681e(b) other than a conclusory allegation that Defendants failed to follow reasonable procedures to assure maximum possible accuracy. *See Broaddus v. Trans Union LLC*, No. 23-cv-1867-DMS-DEB, 2024 WL 3892934, at *7-*8 (S.D. Cal. Aug. 21, 2024) (granting CRA Defendants' motion to dismiss where the plaintiff merely alleged that the CRA Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information in the plaintiff's complaint because the plaintiff did not allege sufficient facts that show Defendants prepared an inaccurate credit report). Plaintiff fails to state a claim upon which relief can be granted related to his § 1681e(b) claims.

320086374v.1

Plaintiff's 15 U.S.C. § 1681i claims fail for the same reason. "'[A] plaintiff states a claim under § 1681i when she alleges: (1) that her credit report contained an inaccuracy; (2) that she notified the [credit reporting agency] of her dispute and requested a reinvestigation; and (3) that the [credit reporting agency] did not remove the inaccuracy.'" *Jones v. Equifax Info. Servs., LLC*, No. 25-cv-00946-WQH-SBC, 2025 WL 1863191, at *7-*8 (S.D. Cal. Jul. 7, 2025) (quoting *Hamm v. Equifax Info. Servs. LLC*, No. CV-17-03821-PHX-JJT, 2018 WL 3548759, at *4 (D. Ariz. Jul. 24, 2018)). Here, as explained *supra.*, Plaintiff failed to plead more than a conclusory allegation of an inaccuracy related to his Ford or ICCU accounts. As such, Plaintiff fails to state a claim under § 1681i.

    **B**. **Plaintiff fails to plead that certain credit inquiries were not made for a purpose allowed by 15 U.S.C. § 1681b.**

Plaintiff alleges his consumer reports contain multiple hard inquiries made without his authorization. These allegations form the basis for an attempted claim under 15 U.S.C. § 1681b against the CRA Defendants. This FCRA section sets forth the permissible purposes for obtaining credit information, including the circumstances under which a CRA may furnish a consumer report. *See* 15 U.S.C. § 1681b. Among these circumstances include allowing a CRA to furnish information "[i]n accordance with the written instructions of the consumer to whom it relates," or "to a person which it has reason to believe intends to use the information for one of several listed purposes." *Spencer v. Relx Inc.*, No. CV 23-65-H-BMM-KLD, 2024 WL 3315439, at *4 (D. Mont. May 24, 2024); *see also* 15 U.S.C. § 1681b(a)(3). These listed purposes include, for example, a person who:

    (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

    (B) intends to use the information for employment purposes; or

(C) intends to use the information in connection with the underwriting of insurance involving the consumer[.]

*Id.* Here, Plaintiff does not allege that the furnishing of his consumer reports, appearing as inquiries thereon, was done in a manner that did not comply with one of the listed purposes in 15 U.S.C. § 1681b(a)(3). Failure to include such an allegation is fatal to a 15 U.S.C. § 1681b claim.[2] *See Spencer*, 2024 WL 3315439, at *4 ("[b]ecause [plaintiff] fails to allege any facts to give rise to a reasonable inference that the furnishing of his consumer report did not comply with any of the other permitted circumstances listed in § 1681b(a), he still fails state a claim for relief under § 1681b(a)."). Plaintiff claims multiple hard inquiries are listed in his consumer reports without his consent or permission. But consent or permission of the consumer is not required. Thus, like the remainder of his Amended Complaint, Plaintiff's 15 U.S.C. § 1681b claims fail to state a claim upon which relief can be granted.

### C. Plaintiff's Willfulness Claims Fail

Plaintiff alleges that the CRA Defendants willfully violated both §§ 1681i and 1681e(b). ECF No. 21 at p. 10. As detailed above, there is no basis for the Court to find any violation of these code sections, much less willful violations. For willful violations of the FCRA, "the court may award either actual damages or statutory damages which range from $100 to $1,000 per consumer, as well as punitive damages, costs, and attorney fees for willful violations of the statute." *Pyle v. First Nat'l Collection Bureau*, No. 1:12-cv-00288-AWI-SKO, 2012 WL 1413970, at *11 (E.D. Cal. Apr. 20, 2012). "However, 'a plaintiff must affirmatively prove that he is entitled to these damages.'" *Id.* (quoting *Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 610

---

[2] Plaintiff claims in his Response in Opposition to the CRA Defendants' original Motion to Dismiss that the burden is on the CRAs to show compliance with § 1681b. Plaintiff cites a case in support that does not address the issue. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2019).

8

(7th Cir. 2005)). Plaintiff did not. Simply put, Plaintiff fails to plead *any* facts to substantiate a willful violation of the FCRA. *See, e.g., Franklin v. Trans Union, LLC,* No. CV 19-0888-CBM-SHKX, 2019 WL 6871254, at *9-*10 (C.D. Cal. Oct. 8, 2019) (holding that a plaintiff's conclusory allegations of a willful violation of the FCRA, with no additional facts, fails to state a claim).

Willfulness is an exceedingly high standard, denoting either knowingly or acting with reckless disregard. *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 58-59 (2007). "Reckless FCRA violations" require "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 57, 68 (citing *Farmer v. Brennan,* 511 U.S. 825, 836 (1994)). A CRA "does not act in reckless disregard of [the FCRA] unless the action is not only a violation under a reasonable reading of the statute's terms, but [also] shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. Even an "erroneous" reading of the statute is not necessarily "objectively unreasonable." *Id.*

Plaintiff claims in his Response to the CRA Defendants' original Motion to Dismiss that the CRA Defendants' "conduct rises to willful noncompliance" and the CRA Defendants "knowingly continued reporting falsities after notice of disputes." ECF No. 25 at p. 4. This is not true. Even if it were, neither the failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file nor the mere existence of inaccuracies in a consumer's report alone can amount to willful noncompliance with the FCRA. *See Barrepski v. Capital One Bank (U.S.A.) N.A.,* No. 11-30160-NMG, 2014 WL 9355983, at *11 (D. Mass. Jan. 24, 2014); *Hill v. Equifax Info. Servs., LLC,* 974 F. Supp. 2d 865, 869 (M.D.N.C. 2013) *vacated in part,* No. 1:11CV107, 2014 WL 12955582 (M.D.N.C. Sept. 11, 2014); *Johnson v. Equifax, Inc.,* 510 F. Supp. 2d 638, 648 (S.D. Ala. 2007) (citation omitted); *Valvo v. Trans Union LLC,* No. 04-70S, 2005 WL 3618272, at *8 (D.R.I. Oct. 27, 2005). Nor is a CRA's failure to identify inaccurate

information after receiving a dispute enough to establish a willful violation of the FCRA. *Robertson v. Experian Info. Sols.,* No. 1:CV-09-0850, 2010 WL 1643579, at *14 (M.D. Pa. Apr. 22, 2010). As set forth above, this falls far short of the mark and requires dismissal without leave to amend. *See Jenkins v. AmeriCredit Fin. Servs.,* No. 14-cv-5687 (SJF)(AKT), 2017 WL 1325369, at *23-*24 (E.D.N.Y. Feb. 14, 2017) ("[M]ere failure to correct a plaintiff's inaccurate credit information, even after notification of the inaccuracy does not constitute a willful failure to comply with the FCRA.") (internal quotations and citations omitted).

Plaintiff's conclusory allegations of willfulness fail to articulate any purposeful or reckless violation by CRA Defendants. Instead, Plaintiff makes bald, naked assertions, all of which lack any substantive support or factual bases. Without these underpinnings, Plaintiff's claims for willful violations cannot stand and, therefore, should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Equifax, Experian, and Trans Union respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice, in its entirety and for such other relief as the Court deems necessary.

DATED: September 5, 2025                         Respectfully submitted,

                                                 CARPENTER LAW FIRM PLC


                                                 By: */s/ Charles H. Carpenter*
                                                     Charles H. Carpenter
                                                     *Counsel for Defendant*
                                                     *Equifax Information Services LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, I presented the foregoing DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S BRIEF IN SUPPORT OF JOINT MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

A copy has also been sent via U.S. Mail to the following:

>Jason Henry Allen, *plaintiff pro se*
>2600 East Seltice Way #235
>Post Falls, Idaho  83854

>*/s/ Charles H. Carpenter*
>Charles H. Carpenter
>*Counsel for Defendant*
>*Equifax Information Services LLC*