Nermy J. Winner, Esq.
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 606
Fax: (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

Brad P. Miller, Esq.
Hawley Troxell
877 Main Street, 2nd Floor
Boise, ID 83702
Telephone: 208-344-6000
Fax: 208-954-5206
E-Mail: bmiller@hawleytroxell.com

*Local Counsel for Defendant Trans Union LLC*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO (NORTHERN)

| | |
|---|---|
| JASON HENRY ALLEN,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br>EQUIFAX INFORMATION SERVICES LLC;<br>TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.;<br>HOWELL & VAIL LLP; and MICHAEL J. ARCHIBALD;<br>　　　　Defendants. | CASE NO. 2:25-cv-00404-BLW<br><br>Judge B. Lynn Winmill<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ACCESS CM/ECF SYSTEM [Dkt. 29]** |

Defendants Trans Union LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services LLC ("Equifax"), by counsel, hereby submit this Opposition to Plaintiff's Motion to Access CM/ECF System. Dkt. No. 29.

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ACCESS CM/ECF SYSTEM– 2:25-cv-00404-BLW

Plaintiff's Motion to Access CM/ECF (the "Motion") should be denied in this case where Plaintiff's access to CM/ECF would cause unnecessary burden upon the court and the parties to this case because Plaintiff has previously demonstrated a disregard for the procedural requirements in this court by making numerous unnecessary filings.

**PROCEDURAL BACKGROUND**

On July 23, 2025, Plaintiff Jason Henry Allen ("Plaintiff") filed an original Complaint, asserting that the CRA Defendants reported inaccurate information in his credit file regarding accounts with Ford Motor Credit Company ("Ford") and Idaho Central Credit Union ("ICCU") in violation of Section 1681e(b) of the Fair Credit Reporting Act ("FCRA") and failed to conduct a reasonable reinvestigation in violation Section 1681i of the FCRA. *See* Dkt. No. 1, at pp. 7-8. Plaintiff also alleged several credit inquiries appeared on his consumer reports even though they appeared without Plaintiff's authorization, in violation of Section 1681b of the FCRA. *Id.* at pp. 8-9.

The CRA Defendants filed a Motion to Dismiss on August 15, 2025. In the Motion to Dismiss, the CRA Defendants argued that the Complaint should be dismissed because (1) Plaintiff alleged a legal dispute with the furnishers that the CRAs are not required to adjudicate; (2) Plaintiff failed to plead more than a conclusory allegation of an inaccuracy, which is a threshold requirement for bringing an FCRA claim; (3) Plaintiff claimed he didn't authorize certain credit inquiries reported by the CRAs but such authorization is not required; and (4) Plaintiff failed to plead any facts by which a willful FCRA violation by any CRA Defendant could be maintained.

On August 28, Plaintiff filed an Amended Complaint that is similar to the original Complaint, including the same causes of action, but with some new allegations raised for the first time. *See* Dkt. No. 21. Plaintiff's Amended Complaint also does not include any reference to the

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ACCESS CM/ECF SYSTEM– 2:25-cv-00404-BLW

Ford account. Although he filed an Amended Complaint, later that same day Plaintiff filed a Motion for Leave to File Sur-Reply, alleging that the CRA Defendants, among other allegations, raised new issues for the first time on reply. *See* Dkt. No. 23. The CRA Defendants had <u>not</u> filed any replies. The next day, Plaintiff responded in opposition to the Motion to Dismiss the original Complaint. *See* Dkt. No. 25. The CRA Defendants filed a renewed Motion to Dismiss on September 5, 2025, because Plaintiff's Amended Complaint fails to cure any of the defects of his original Complaint and raises new, conclusory allegations which do not state a claim under the FCRA upon which relief can be granted.

Also pending is a Motion to Dismiss filed by Defendants M2 Law Group, P.C., Howell & Vail LLP and Michael Archibald, to which Plaintiff responded on August 28, 2025. *See* Dkt. Nos. 15, 24. Additionally, Plaintiff filed a Statement Regarding Pending Motions to Dismiss, in which Plaintiff highlighted his filing of the Amended Complaint, argued that the prior filed motions to dismiss were moot and asked the Court to consider his previously-filed oppositions as applicable to the motions to dismiss. *See* Dkt. No. 28.

In the instant Motion, Plaintiff seeks leave to be granted access to the Court's CM/ECF system to allow him to electronically file documents because he has "gained substantial experience in preparing and submitting filings." *See* Dkt. No. 29 at 2. For the reasons discussed below, Plaintiff has not demonstrated that he is a responsible steward of the docket and granting him CM/ECF access will likely result in the submission of numerous, additional and improper filings.

**I.    STANDARD OF REVIEW**

Pursuant to Local Rule 83.7, persons appearing without attorneys are required to become familiar with and comply with all Local Rules of this District, as well as the Federal Rules of Civil and/or Criminal Procedure. While pro se litigants typically do not have ECF filing privileges, the

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ACCESS CM/ECF SYSTEM– 2:25-cv-00404-BLW

Local Rules provide that in certain circumstances, the Court may modify these provisions to serve the ends of justice. "While an unrepresented individual may obtain the Court's permission to file his or her submissions electronically using the CM/ECF system, such authorization is typically denied unless the pro se party makes a showing of good cause or at least provide some explanation for why he requires access to electronic filing or why paper filing is inadequate." *Simerlink v. Coll. of Idaho*, No. 1:25-CV-00157-BLW, 2025 WL 1426056, at *1 (D. Idaho May 15, 2025). "Without some showing of need for electronic filing, the Court sees no reason to depart from the general rule that a party not represented by an attorney must file documents with the Court by mail or in person" *Id*. "While an unrepresented individual may obtain the Court's permission to file her submissions electronically using the CM/ECF system, such authorization is typically denied unless the pro se party makes a showing of good cause or extenuating circumstances justifying such relief." *Cole v. Pac. Corp.,* No. 4:25-CV-00226-AKB, 2025 WL 1992190, at *3 (D. Idaho July 17, 2025)

## II.   ARGUMENT

Plaintiff's Motion to Access CM/ECF should be denied because in this early stage of the case, Plaintiff has already demonstrated a disregard for the procedural requirements in this court. Plaintiff made four filings in one day and another two shortly after. These numbers of filings are numerous and unnecessary. Plaintiff filed a Motion for Leave to file a Sur-Reply, which was unnecessary and premature. If Plaintiff is granted access to the CM/ECF portal, Defendants are concerned that he will abuse this privilege and continue making unnecessary filings.  As set forth in the Local Rules, "[p]ersons appearing without attorneys are required to become familiar with and comply with all Local Rules of this District, as well as the Federal Rules of Civil and/or Criminal Procedure."  District Local Rule Civ. 83.7; *see also Labossiere v. GMAC Mortg.,* No.

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ACCESS CM/ECF SYSTEM– 2:25-cv-00404-BLW

1:10-CV-00330-EJL, 2010 WL 4225544 *1 (D. Idaho Oct. 21, 2010) (noting that pro se litigants are held to the same procedural rules as counseled litigants); *Snyder v. Robinson*, No. 2:21-CV-00328-BLW, 2022 WL 2982779 (D. Idaho July 28, 2022) (noting that pro se litigants are required to comply with both the Local Rules of this District and the Federal Rules of Civil Procedure).

Plaintiff argues in this Motion that he has "gained substantial experience in preparing and submitting filings" and he has demonstrated a "readiness" to electronically file in this case. *See* Motion at 2-3. Defendants do not dispute that Plaintiff has demonstrated an eagerness to submit more filings in this case, but that misses the point. While knowledge of the Court's docketing system is necessary, granting Plaintiff immediate, electronic access to file documents with the Court runs a legitimate risk of Plaintiff abusing the process and unduly burdening the Court and the parties, as he already has done. Because Plaintiff has not demonstrated that he is a responsible steward of the docket, Plaintiff's Motion should be denied.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Access CM/ECF.

Respectfully submitted,

/s/ Nermy J. Winner
Nermy J. Winner, Esq.
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 605
Fax: (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ACCESS CM/ECF SYSTEM– 2:25-cv-00404-BLW

Brad P. Miller, Esq.
Hawley Troxell
877 Main Street, 2nd Floor
Boise, ID 83702
Telephone: 208-344-6000
Fax: 208-954-5206
E-Mail: bmiller@hawleytroxell.com

*Local Counsel for Defendant Trans Union LLC*

/s/ Charles H. Carpenter
Charles H. Carpenter
(he/him)
Carpenter Law Firm plc
210 North Higgins Ave Suite 336
Missoula Montana 59802
(406) 543-0511 (voice)
(406) 214-9540 (mobile)

Admitted in Montana, Idaho, Maryland, DC, and the US Court of Federal Claims

*Counsel for Defendant Equifax Information Services LLC*

/s/ Meredith L. Thielbahr
Meredith L. Thielbahr, ISB 9733
Gordon Rees Scully Man sukhani, LLP
999 W. Main Street, Suite 100
Boise, ID 83702
T: (208) 489-9095
mthielbahr@grsm.com

*Counsel for Defendant Experian Information Solutions, Inc.*

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ACCESS CM/ECF SYSTEM– 2:25-cv-00404-BLW

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **18th day of September, 2025**, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Charles H. Carpenter, Esq. <br> carpentc@carpenterlawfirmplc.com | Erica J. White, Esq. <br> ejw@elamburke.com |
| Jed W. Manwaring, Esq. <br> jwm@elamburke.com | Michael J. Archibald, Esq. <br> marchibald@m2law.net |

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid, addressed as follows:

| | |
|---|---|
| **Pro Se Plaintiff** <br> Jason Henry Allen <br> 2600 East Seltice Way #235 <br> Post Falls, ID 83854 | |

Via certified mail, return receipt requested, addressed as follows:

| | |
|---|---|
| None. | |

/s/ Nermy J. Winner
Nermy J. Winner, Esq.
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 605
Fax:  (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ACCESS CM/ECF SYSTEM– 2:25-cv-00404-BLW