Nermy J. Winner, Esq.
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 606
Fax:  (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

Brad P. Miller, Esq.
Hawley Troxell
877 Main Street, 2nd Floor
Boise, ID 83702
Telephone:  208-344-6000
Fax:  208-954-5206
E-Mail: bmiller@hawleytroxell.com

*Local Counsel for Defendant Trans Union LLC*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO (NORTHERN)

| | |
|---|---|
| JASON HENRY ALLEN,<br>            Plaintiff,<br><br>    vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br>EQUIFAX INFORMATION SERVICES LLC;<br>TRANS UNION LLC; FORD MOTOR CREDIT<br>COMPANY LLC; M2 LAW GROUP P.C.;<br>HOWELL & VAIL LLP; and MICHAEL J.<br>ARCHIBALD;<br>            Defendants. | CASE NO. 2:25-cv-00404-BLW<br><br>Judge B. Lynn Winmill<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

Defendants, consumer reporting agencies, Equifax Information Services LLC ("Equifax"),

Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union")

DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT– 2:25-cv-00404-BLW

Page 1 of 12

(collectively, the "CRA Defendants"), by their attorneys, hereby file their Reply in Support of their Joint Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 32] pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) (the "Motion"). In support thereof, the CRA Defendants respectfully shows the Court as follows:

The Motion be granted in this alleged Fair Credit Reporting Act ("FCRA") case where pro se Plaintiff incorrectly alleges that the CRA Defendants violated the FCRA because there were inconsistencies between the bureaus on the information reported for Plaintiff's delinquent accounts, and that he did not authorize certain credit inquiries, for the reasons set forth in the Motion and Memorandum and because:

A.    Plaintiff's Opposition fails to identify any non-conclusory allegations of inaccurate reporting beyond his claim that there were inconsistencies between the bureaus, which is not enough to state a claim under Section 1681e(b) or 1681i of the FCRA;

B.    Plaintiff's Opposition fails to address the CRA Defendants' argument that his authorization is not required prior to Defendants' preparation of a consumer report to a third party under Section 1681b of the FCRA;

C.    Plaintiff's Opposition fails to identify any non-conclusory allegations that the CRA Defendants acted with reckless disregard for his rights in order to maintain a claim for willfulness under the FCRA; and

D.    Plaintiff's damages allegations are not relevant if he has not established a prima facie claim for violation of the FCRA, but even if he did, Plaintiff's damage allegations are conclusory and unsupported.

## I.    **INTRODUCTION**

In his original Complaint, filed on July 23, 2025, Plaintiff Jason Henry Allen ("Plaintiff") asserted that the CRA Defendants reported inaccurate information in his credit file regarding a Ford Motor Credit Company ("Ford") account and an Idaho Central Credit Union ("ICCU") account in violation of Section 1681e(b) of the Fair Credit Reporting Act ("FCRA") and failed to

DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT– 2:25-cv-00404-BLW

1   conduct a reasonable reinvestigation in violation of Section 1681i of the FCRA.  *See* ECF No. 1,

2   at pp. 7-8. Plaintiff also alleged that several credit inquiries appeared on his consumer reports even

3   though they appeared without Plaintiff's authorization, in violation of Section 1681b of the FCRA.

4   *Id*. at pp. 8-9.

5          The CRA Defendants filed a Motion to Dismiss on August 15, 2025, arguing that the

6   Complaint should be dismissed because: (1) Plaintiff alleged a legal dispute with the furnishers

7   that the CRAs are not required to adjudicate; (2) Plaintiff failed to plead more than a conclusory

8   allegation of an inaccuracy, which is a threshold requirement for bringing an FCRA claim;  (3)

9   Plaintiff claimed he didn't authorize certain credit inquiries reported by the CRAs but such

10  authorization is not required; and (4) Plaintiff failed to plead any facts by which a willful FCRA

11  violation by any CRA Defendant could be maintained.  *See* ECF No. 32.

12         On August 28, 2025, Plaintiff filed an Amended Complaint that is substantially similar to

13  the original Complaint but removed reference to the Ford account and asserted some new

14  allegations. *See* ECF No. 21.   In Response, the CRA Defendants renewed their motion to dismiss

15  because Plaintiff's Amended Complaint fails to cure any of the defects of his original Complaint.

16  *See* Motion.

17         On September 12, 2025, Plaintiff filed a Response in Opposition to the Motion.  ECF No.

18  36 (the "Opposition").  In his Response, Plaintiff substantively fails to address *any* of the issues

19  presented in Defendant's Motion.  Instead, Plaintiff just reiterates his conclusory allegations that

20  he believes he has pled actionable claims against Defendants under the FCRA.  *See generally id.*

21  Plaintiff, however, fails to identify any non-conclusory allegations in the Amended Complaint to

22  support his claims. Notably, Plaintiff fails to identify any actionable inaccuracies in Defendants'

23  reporting of the subject accounts or refute any of the authority presented in the Motion.

24

25

26

27  DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION
    SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR
28  MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT– 2:25-cv-00404-BLW

## II.    <u>ARGUMENT</u>

### A.  Plaintiff's Opposition Fails to Identify any Non-Conclusory Allegations of Inaccurate Reporting Beyond His Claim That There Were Inconsistencies Between the Bureaus, Which is Not Enough to State a Claim Under Section 1681e(B) Or 1681i Of The FCRA.

As discussed in the Motion, to establish a reporting or reinvestigation claim under the FCRA, a plaintiff is required to plead that a factual inaccuracy existed on his credit file. *See Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 890 (9th Cir. 2010) (holding that even if a consumer reporting agency fails to conduct a reasonable reinvestigation or otherwise fails to fulfill its obligations under the FCRA, if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's claims fails as a matter of law). Section 1681e(b) requires Plaintiff to plead and prove: (1) inaccurate information was included in his consumer report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure the maximum possible accuracy of his consumer report; (3) plaintiff suffered damages; and (4) plaintiff's damages were caused by defendant's failure to follow reasonable procedures to assure maximum possible accuracy. *Dennis v. BEH-1, LLC,* 520 F.3d 1066, 1069 (9th Cir. 2008); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156-60 (11th Cir. 1991). *See Kennedy v. Chase Manhattan Bank USA, N.A.,* 369 F.3d 833, 843 (5th Cir. 2004) (Plaintiff's claim that credit reporting agencies failed to adopt or follow reasonable procedures was properly dismissed because Plaintiff did not provide any specific factual allegations to specify how 1681e(b) was violated); *see also Twombly,* 550 U.S. at 555. *Memo in Support of Motion, p. 6.*

In his Opposition, Plaintiff alleges that the CRA Defendants reported "conflicting balance," "false payment histories," "duplicate tradelines," "mismatched account totals," "discrepant credit limits" and "inconsistent personal identifiers."  *See* Opposition at 2.  However, Plaintiff does not identify what the correct reporting should be.  *See id.*  He simply appears to be comparing the reports among the CRAs and identifying the differences.  But there could be many reasons why the reporting is not exactly the same between agencies or why certain creditors would report to

DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT– 2:25-cv-00404-BLW

1    some of the bureaus but not all of them. Therefore, such inconsistencies between the CRAs cannot,

2    standing alone, provide the basis for an inaccuracy claim. *See e.g.*, *Verlus v. Experian Info. Sols.,*

3    *Inc.*, Civil Action No. 23-cv-11426-DJC, 2025 U.S. Dist. LEXIS 47890, at *9 (D. Mass. Mar. 17,

4    2025) ("allegations of discrepancies of the dates of alleged late payments between the Experian

5    and TransUnion reports, without more, do not permit an inference that either report contains 'false

6    or materially misleading' information…and thus do not support a plausible conclusion that the

7    credit reports contain actual inaccuracies"); *see Cruel v. Experian*, No. 22-cv-5236-KBH, 2023

8    U.S. Dist. LEXIS 107797, 2023 WL 4140828, at *3 (E.D. Pa. June 22, 2023) (concluding that the

9    plaintiff's allegations of "inconsistent information" between in the credit reports of the three

10   defendant credit reporting companies are insufficient to support the plaintiff's FCRA claims

11   without additional allegations of actual inaccuracy); *see also Williams v. Equifax Info. Servs.*

12   *LLC,* No. 1:24-CV-5698-SEG-WEJ, 2025 U.S. Dist. LEXIS 20743, at *17 (N.D. Ga. Feb. 5, 2025);

13   *accord Weeks v. Credit One Bank*, No. 20-cv-0836-bhl, 2021 U.S. Dist. LEXIS 59277, at *13 (E.D.

14   Wis. Mar. 29, 2021).

15           Additionally, the reporting of personal identifying information, even if inaccurate, cannot

16   provide the basis for a claim under the FCRA because such information does not bear on a

17   consumer's creditworthiness. *See, e.g., Individual Ref. Services Group, Inc. v. F.T.C.*, 145 F. Supp.

18   2d 6, 17 (D.D.C. 2001), *aff'd sub nom. Trans Union LLC v. F.T.C.*, 295 F.3d 42 (D.C. Cir. 2002)

19   (name, address, Social Security number and phone number do not bear on the factors); *see also Ali*

20   *v. Vikar Mgt. Ltd.,* 994 F. Supp. 492 (S.D.N.Y. 1998) (holding that address data does not bear on

21   factors); *see also Parker v. Equifax Info. Services, LLC*, No. 2:15-CV-14365, 2017 WL 4003437

22   (E.D. Mich. Sept. 12, 2017) (holding that biographical information including addresses and phone

23   numbers do not constitute consumer reports).

24           Additionally, not only has Plaintiff failed to plead a discernible inaccuracy, but he has also

25   failed to plead (1) to whom any consumer report was reported that contained any purportedly

26   inaccurate information; (2) what procedures the CRA Defendants failed to follow; or (3) how the

27   DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION
     SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR
28   MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT– 2:25-cv-00404-BLW

failure to follow reasonable procedures to assure maximum possible accuracy led to any damages to Plaintiff. For these reasons, Plaintiff's Amended Complaint still fails to state a claim upon which relief can be granted under Section 1681e(b) of the FCRA.

Plaintiff's Section 1681i reinvestigation claims fail for the same reason. "'[A] plaintiff states a claim under § 1681i when she alleges: (1) that her credit report contained an inaccuracy; (2) that she notified the [credit reporting agency] of her dispute and requested a reinvestigation; and (3) that the [credit reporting agency] did not remove the inaccuracy.'" *Jones v. Equifax Info. Servs., LLC*, No. 25-cv-00946-WQH-SBC, 2025 WL 1863191, at *7-*8 (S.D. Cal. Jul. 7, 2025) (quoting *Hamm v. Equifax Info. Servs. LLC*, No. CV-17-03821-PHX-JJT, 2018 WL 3548759, at *4 (D. Ariz. Jul. 24, 2018)). Here, as explained *supra*, Plaintiff failed to plead more than a conclusory allegation of an inaccuracy. Plaintiff has also failed to explain in what way the CRA Defendants failed to reinvestigate his disputes.  As such, Plaintiff still fails to state a claim under Section 1681i of the FCRA.

**B. Plaintiff's Opposition Fails to Address the CRA Defendants' Argument That His Authorization is Not Required Prior to Defendants' Preparation of a Consumer Report to a Third Party Under Section 1681b of the FCRA.**

As discussed in the Motion, Section 1681b of the FCRA sets forth the permissible purposes for obtaining credit information, including the circumstances under which a CRA may furnish a consumer report. *See* 15 U.S.C. § 1681b. Among these circumstances include allowing a CRA to furnish information "[i]n accordance with the written instructions of the consumer to whom it relates," or "to a person which it has reason to believe intends to use the information for one of several listed purposes." *Spencer v. Relx Inc.*, No. CV 23-65-H-BMM-KLD, 2024 WL 3315439, at *4 (D. Mont. May 24, 2024); *see also* 15 U.S.C. § 1681b(a)(3). *Memo in Support of Motion*, p. 7-8. These listed purposes include, for example, a person who:

> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT– 2:25-cv-00404-BLW

1    (B) intends to use the information for employment purposes; or

2    (C) intends to use the information in connection with the underwriting of insurance involving the consumer[.]

3

4         Plaintiff alleges hard inquiries on his consumer report which were made without his

5 authorization or consent. Plaintiff, in his Opposition, fails to address the CRA Defendant's

6 argument in the Motion or provide sufficient information to support his claim. Plaintiff does not

7 allege that the furnishing of his consumer reports, appearing as inquiries thereon, was done in a

8 manner that did not comply with one of the listed purposes in Section 1681b(a)(3). Plaintiff simply

9 lists the inquiries that he believes were not authorized.  See Opposition at 4.  Because Plaintiff has

10 not (and apparently cannot) identify any facts that the CRA Defendants did not have reason to

11 believe the prospective creditors were requesting his file for a permissible purpose, Plaintiff's

12 Section 1681b claims fail.

13       **C.  Plaintiff's Opposition Fails to Identify Any Non-Conclusory Allegations That Defendants Acted with Reckless Disregard for His Rights in Order to Maintain a Claim for Willfulness Under the FCRA.**

14

15         As discussed in the Motion, willfulness is an exceedingly high standard, denoting either

16 knowingly or acting with reckless disregard. *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 58-59

17 (2007). "Reckless FCRA violations" require "an unjustifiably high risk of harm that is either

18 known or so obvious that it should be known." *Id.* at 57, 68 (citing *Farmer v. Brennan,* 511 U.S.

19 825, 836 (1994)). A CRA "does not act in reckless disregard of [the FCRA] unless the action is not

20 only a violation under a reasonable reading of the statute's terms but [also] shows that the company

21 ran a risk of violating the law substantially greater than the risk associated with a reading that was

22 merely careless." *Id.* at 69. Even an "erroneous" reading of the statute is not necessarily

23 "objectively unreasonable." *Id. Memo. in Support of Motion,* p. 9.

24         In his Opposition, Plaintiff argues that "Defendants ignored repeated certified disputes,

25 continued to report obviously fake information, and failed to correct despite notice." *See*

26 Opposition at 4.  Plaintiff, however, fails to identify any non-conclusory allegations in the

27 DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT– 2:25-cv-00404-BLW

28

1  Amended Complaint supporting this statement. As discussed in the Motion, neither the failure to

2  correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file nor

3  the mere existence of inaccuracies in a consumer's report alone can amount to willful

4  noncompliance with the FCRA. *See Barrepski v. Capital One Bank (U.S.A.) N.A.,* No. 11-30160-

5  NMG, 2014 WL 9355983, at *11 (D. Mass. Jan. 24, 2014); *Hill v. Equifax Info. Servs., LLC,* 974

6  F. Supp. 2d 865, 869 (M.D.N.C. 2013) *vacated in part,* No. 1:11CV107, 2014 WL 12955582

7  (M.D.N.C. Sept. 11, 2014); *Johnson v. Equifax, Inc.,* 510 F. Supp. 2d 638, 648 (S.D. Ala. 2007)

8  (citation omitted); *Valvo v. Trans Union LLC,* No. 04-70S, 2005 WL 3618272, at *8 (D.R.I. Oct.

9  27, 2005). Nor is a CRA's failure to identify inaccurate information after receiving a dispute

10  enough to establish a willful violation of the FCRA. *Robertson v. Experian Info. Sols.,* No. 1:CV-

11  09-0850, 2010 WL 1643579, at *14 (M.D. Pa. Apr. 22, 2010). As set forth above, this falls far

12  short of the mark and requires dismissal without leave to amend. *See Jenkins v. AmeriCredit Fin.*

13  *Servs.,* No. 14-cv-5687 (SJF)(AKT), 2017 WL 1325369, at *23-*24 (E.D.N.Y. Feb. 14, 2017)

14  ("[M]ere failure to correct a plaintiff's inaccurate credit information, even after notification of the

15  inaccuracy does not constitute a willful failure to comply with the FCRA.") (internal quotations

16  and citations omitted). *Memo in Support of Motion,* pp. 9-10.

17      **D. Plaintiff's Damages Allegations are Not Relevant if He Has Not Established a
         Prima Facie Claim for Violation of the FCRA, But Even if He Did, Plaintiff's**
18      **Damage Allegations are Conclusory and Unsupported.**

19      It is axiomatic that if Plaintiff has not identified any actionable inaccuracy in the reporting

20  or failure by the CRA Defendants to maintain the required reasonable procedures, his damage

21  claims are immaterial. Plaintiff argues in his Opposition that he "alleged actual damages including

22  denials of credit, emotional distress, reputational harm, and out-of-pocket costs." *See* Opposition

23  at 5. Plaintiff, however, failed to sufficiently allege an inaccuracy or that even a violation occurred

24  under the FCRA. But even if Plaintiff sufficiently alleged a violation, which he did not, he fails

25  to provide any support for his damages allegations. As discussed in the Motion, "conclusory

26

27  DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION
    SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR
28  MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT– 2:25-cv-00404-BLW

1    allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."

2    *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

3    **III.**     **CONCLUSION**

4         For the foregoing reasons, as well as those set forth in the Motion and Memorandum,

5    Equifax, Experian and Trans Union respectfully request that the Court grant the CRA Defendants

6    Joint Motion, dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, and award

7    Equifax, Experian and Trans Union its fees and costs incurred in defending this action, including

8    reasonable attorneys' fees, along with such other relief as the Court deems equitable and just.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION
      SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR
28    MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT– 2:25-cv-00404-BLW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,


*/s/ Nermy J. Winner*
Nermy J. Winner, Esq.
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 606
Fax:  (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*


Brad P. Miller, Esq.
Hawley Troxell
877 Main Street, 2nd Floor
Boise, ID 83702
Telephone:  208-344-6000
Fax:  208-954-5206
E-Mail: bmiller@hawleytroxell.com

*Local Counsel for Defendant Trans Union*
*LLC*


Charles H. Carpenter
(Idaho Bar No. 8322)
CARPENTER LAW FIRM PLC
210 North Higgins Avenue, Suite 336
Missoula, Montana 59802
(406) 543-0511
Telephone: (406) 543-0511
Email: carpentc@carpenterlawfirmplc.com

*Counsel for Defendant*
*Equifax Information Services LLC*

DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT– 2:25-cv-00404-BLW

1

2

3

4

Meredith L. Thielbahr, Esq.
Gordon Rees Scully Mansukhani
701 Fifth Ave., Suite 2100
Seattle, WA 98104
(206) 695-5100
E-Mail: mthielbahr@grsm.com

5

6

*Counsel for Defendant Experian
Information Solutions, Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT– 2:25-cv-00404-BLW

1

## <u>CERTIFICATE OF SERVICE</u>

2    I HEREBY CERTIFY that on the **26th day of September, 2025**, I filed the foregoing

3    electronically through the CM/ECF system, which caused the following parties or counsel to be

4    served by electronic means, as more fully reflected on the Notice of Electronic Filing:

5

6

| Charles H. Carpenter, Esq.<br>carpentc@carpenterlawfirmplc.com | Erica J. White, Esq.<br>ejw@elamburke.com |
|---|---|
| Jed W. Manwaring, Esq.<br>jwm@elamburke.com | Michael J. Archibald, Esq.<br>marchibald@m2law.net |
| Meredith L. Thielbahr, Esq.<br>mthielbahr@grsm.com | |

7

8

9

10    AND I FURTHER CERTIFY that on such date I served the foregoing on the following

11    non-CM/ECF Registered Participants in the manner indicated:

12    Via first class mail, postage prepaid, addressed as follows:

13

14

| **<u>Pro Se Plaintiff</u>**<br>Jason Henry Allen<br>2600 East Seltice Way #235<br>Post Falls, ID 83854 | |
|---|---|

15

16

17    Via certified mail, return receipt requested, addressed as follows:

18

| None. | |
|---|---|

19

20                                        /s/ Nermy J. Winner

Nermy J. Winner, Esq.

21                                          (admitted *Pro Hac Vice*)

Quilling, Selander, Lownds, Winslett

22                                          & Moser, P.C.

10333 North Meridian Street, Suite 200

23                                        Indianapolis, IN 46290

Telephone:  (317) 497-5600, Ext. 606

24                                        Fax:  (317) 899-9348

E-Mail: nermy.winner@qslwm.com

25

26                                        *Counsel for Defendant Trans Union LLC*

27    DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR
28    MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT– 2:25-cv-00404-BLW