Jed W. Manwaring, ISB # 3040
Erica J. White, ISB # 7475
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701-1539
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jwm@elamburke.com
ejw@elamburke.com

*Attorneys for Defendant/Counterclaimant Ford Motor Credit Company LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN, <br><br> Plaintiff, In Propria Persona, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; and MICHAEL J. ARCHIBALD, <br><br> Defendants. | Case No. 2:25-cv-00404-BLW <br><br> DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND COMBINED MOTION TO DISMISS FORD MOTOR CREDIT COMPANY LLC'S FRAUD COUNTERCLAIM [DKT. 44] |
| FORD MOTOR CREDIT COMPANY LLC, <br><br> Counterclaimant, <br><br> v. <br><br> JASON HENRY ALLEN, <br><br> Counterdefendant. | |

Defendant-Counterclaimant Ford Motor Credit Company LLC ("Ford"), by and through its counsel of record, Elam & Burke P.A., hereby submits this Opposition to Plaintiff's Notice of Motion and Combined Motion to Dismiss Ford's Fraud Counterclaim [Dkt. 44].

## I.    INTRODUCTION

Plaintiff Jason Henry Allen ("Allen") has brought a Motion to Dismiss, a Motion to Strike Affirmative Defenses, and a Motion to Stay Ford's Counterclaim.  Allen's Motion should be denied in its entirety.  First, Ford has met the pleading requirements under Rules 8, 12(b)(6), and 9(b) for its causes of action and its affirmative defenses.  Second, fraud is an intentional tort and is not barred by the economic loss rule.  Third, Allen's request to dismiss or deny Ford's request for attorney fees is premature.  Fourth, Allen's motion to stay the counterclaim has no basis.

## II.    STANDARD OF REVIEW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. *Panuski v. Idaho*, 1:15-CV-00600-EJL, 2016 WL 358197, *1 (D. Idaho 2016).  Rule 12(b)(6) provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. *Panuski*, at * 1.  Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

A motion to dismiss will only be granted if the complaint fails to allege enough facts to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The

plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citations omitted). A judgment on the pleadings may be granted only when it appears beyond a doubt that the claiming party can prove no set of facts in support of his claim which would entitle him to relief. *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997) (internal quotations and citations omitted).

When deciding a motion for judgment on the pleadings, the Court assumes the allegations in the complaint are true and construes them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). A judgment on the pleadings is appropriate when, taking all the allegations in the complaint as true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005); *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). Although we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811-12 (9th Cir.) (citation omitted).

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The Court may strike a defense that does not satisfy the pleading requirements of Rule 8.

*See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (discussing pleading standards in the context of a motion to amend).  However, motions to strike are disfavored.  *Roadhouse v. Las Vegas Metropolitan Police Dept.*, 290 F.R.D. 535, 543 (D. Nev. 2013).  "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief."  *Id.*  "Whether to grant a motion to strike lies within the sound discretion of the district court."  *Id.*

### III.    ANALYSIS

**A.    Plaintiff's Motion to Dismiss Should be Denied Because the Counterclaim Satisfies the Pleading Standard.**

**1.    Fraud in the Inducement.**

*a.    Ford has sufficiently pled its fraud in the inducement claim.*

Under Federal Rule of Civil Procedure 9(b), a party "alleging fraud … must state with particularity the circumstances constituting fraud..." Fed. R. Civ. P. 9(b).  To satisfy Rule 9(b)'s particularity requirement, the complaint must include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019).  On a motion to dismiss, this Court must accept the allegations as true and construe them in the light most favorable to Ford.  In applying that standard, this Court will find that Ford has satisfied the pleading standard by alleging fraud in the inducement with particularity.

In Idaho, a claim for fraud consists of nine elements,: (1) a statement or representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge about its falsity or ignorance of its truth; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) justifiable reliance; and (9) resultant injury. *Vanrenselaar v. Batres*, P.3d, 2025 WL 2535185 (S. Ct. Idaho 2025).

Ford has alleged in its Counterclaim that (1) Allen made a statement or representation of fact when he represented that the instruments presented for payment and the electronic payments were valid, negotiable, and sufficient to satisfy the debt. *See Counterclaim*, ¶ 23-24, 28-29; (2) the representations were false as the instrument and electronic payments were not linked to or drawn from a valid existing account. *Id*. at ¶ 7, 8, 10, 25, 30; (3) the representations were material to Ford's acceptance of the payment(s) as satisfaction of the debt. *Id*. at ¶ 24, 29; (4) Allen knew or should have known that the payments were non-negotiable and would not satisfy the debt. *Id*. at ¶ 26, 31; (5) Allen intended Ford to rely on the representations to induce Ford to accept the instruments as payment in full of the debt. *Id*. at ¶ 27, 32; (6) Ford was ignorant of Allen's false representations. *Id*. at ¶ 33; (7) Ford relied upon Allen's representations; (8) Ford had a right to rely on his representations. *Id*. at ¶ 8; and finally, (9) Ford was injured by Allen's fraudulent conduct as Ford sent Allen a letter that the debt was paid-in-full, released its lien, issued title to Allen and suffered monetary damages. *Id*. at ¶ 35, 36.

Taking the allegations as true and construed in the light most favorable to Ford, Ford clearly met the pleading standard to plead with particularity. Ford has pled the claim for fraud in the inducement with particularity as it has identified the who, what, when, where and how of the misconduct, and why the representations were false. Allen's motion to dismiss Ford's claim for fraud in the inducement must be dismissed. Alternatively, if the Court finds that Ford has failed to meet the pleading requirement, it requests that this Court grant leave to amend.

             b.     *The economic loss rule does not bar Ford's fraud in the inducement claim.*

The economic loss rule is a judicially created doctrine that applies to negligence cases, not the intentional tort of fraud. *Taylor. v. Taylor*, 163 Idaho 910, 422 P.3d 1116 (2018). In *Taylor*, the Idaho Supreme court reversed the District Court's dismissal of plaintiff's fraud claim based on

the economic loss rule holding that the economic loss rule does not bar a cause of action for fraud. *Id*. Further, "a claim for fraud will nearly always involve claims for economic loss, and if the economic loss rule operated to bar fraud claims, it would vitiate fraud causes of action." *Id*. Allen's motion to dismiss Ford's fraud in the inducement claim should be denied because fraud is an intentional tort and thus not barred by the economic loss rule.

### 2.    Breach of Contract.

The elements for a claim for breach of contract are: (a) the existence of the contract, (b) the breach of the contract, (c) the breach caused damages, and (d) the amount of those damages. *Mosell Equities, LLC v. Berryhill & Co., Inc.,* 154 Idaho 269, 278, 297 P.3d 232, 241 (2013).

In this case, Ford has met the pleading standard as it has alleged a contract existed between Ford and Allen and attached a copy of the Contract as an Exhibit to the Counterclaim.  *See Counterclaim*, ¶ 5, Ex. A.  Ford has alleged that Allen breached the contract by failing to remit the required monthly payments and has defaulted under the contract, constituting a material breach of the contract.  *Id*. at ¶ 18.  Finally, the breach has caused damages in the amount of $18,906.80 as of September 22, 2025.  *Id*. at ¶ 20.  These allegations taken as true plausibly state a claim for relief.  If the Court finds that this is insufficient, Ford requests that it be granted leave to amend the Counterclaim.

### 3.    Foreclosure of Security Interest.

Idaho Code 28-9-609 provides that after default, a secured party may take possession of the collateral.  *See Idaho Code 28-9-609(a)(1)*.  Ford has alleged that, pursuant to the contract, it has a valid security interest in the 2020 Ford Explorer as collateral for the payment obligations. *See Counterclaim*, ¶ 38.  Specifically, paragraph 2(c) of the contract provided for a security interest in the vehicle stating that "you [Allen] give us [Ford] a security interest in the vehicle and all parts

and goods put on it." *Id*. at ¶ 6.  In addition, paragraph 3(d) of the contract provided that "If you default we [Ford] may take (repossess) the vehicle from you [Allen]."  *Id*.  Further, since Allen defaulted on his payment obligations under the contract, Ford is entitled to a judgment foreclosing its security interest in the vehicle and requiring turnover of possession of Ford.  *Id*. at ¶ 39, 41.

       Allen argues that Ford is required to present proof of current perfection but that is not the standard on a motion to dismiss.  Ford is merely required to allege a plausible claim.  Taking Ford's allegations as true and viewing them in the light most favorable to Ford, Ford has stated a claim upon which relief can be granted and Allen's motion to dismiss must be denied.

**B.**    **Plaintiff's Motion to Strike Affirmative Defenses Three Through Twelve Should be Denied because Defendant's Asserted Defenses Meet the Fair Notice Standard in Rule 8(c).**

       The purpose of Rule 8 is to provide litigants with fair notice of the claims and defenses. *Johnson v. Engbaum*, 1:24-cv-00218-REP, 2024 WL 369158, *2 (D. Idaho August 7, 2024) citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  A defendant need not always plead facts to support an affirmative defense.  *Id*. at *3.  In determining how much detail is necessary to plead a particular defense, "an inquiring court must examine the totality of the circumstances and make a practical, commonsense assessment about whether Rule 8(c)'s core purpose--to act as a safeguard against surprise and unfair prejudice--has been vindicated."  *Id*.  Quoting *Williams v. Ashland Eng'g Co.*, 45 F.3d 588, 593 (1st Cir. 1995).  "Courts retain jurisdiction to deny motions to strike where the moving party has not shown prejudice."  *Id*. citing *Diamond Resorts U.S. Collection Dev., LLC v. Reed Hein & Assocs., LLC*, No. 2:17-CV-03007, 2020 WL 8475976, *1 (D. Nev. May 13, 2020).

       In *Johnson*, plaintiff moved to strike several of defendant's affirmative defenses as they were negative defenses rather than affirmative defenses.  *Id*.  An affirmative defense "is a defense

that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Id*. quoting *Precise Innovations, LLC v. Aerospace Eng'g & Support, Inc.*, No. 4:21-CV-00420-BLW, 2022 WL 834632, *3 (D. Idaho 2022). A negative defense, on the other hand, purports to dispute elements of plaintiff's claims and are not, consequently, true affirmative defenses. *Id*.

In *Johnson*, the court found that plaintiff's motion to strike the affirmative defenses served no practical purpose. *Id*. It stated that granting a hyper-technical and inconsequential motion to strike runs counter to the purpose of Rule 8. *Id*. Such motion practice diverts resources from substantive litigation and discourages, rather than encourages, defendants from flagging negative defenses in their answers. *Id*.

In this case, the Court should deny Plaintiff's motion to strike defenses three through ten as they are negative defenses and striking them serves no purpose as striking them will not eliminate any of the issues from the case or preclude Defendant from arguing any of them as part of Defendant's denial of liability.

Further, as to Defendant's eleventh and twelfth affirmative defense, they meet the Rule 8 pleading requirement to put Plaintiff on notice and Plaintiff has not argued that he is in any way prejudiced. The allegations in the Counterclaim fully set forth the facts supporting the affirmative defense of fraud. Further, the affirmative defense of waiver and or estoppel are based on Plaintiff's actions as alleged in the Counterclaim.

As in *Johnson*, Plaintiff's motion to strike serves no practical purpose, diverts resources from substantive litigation, and is an inconsequential motion that runs counter to the purpose of Rule 8. This Court should exercise its discretion and deny Plaintiff's motion. If the Court grants any portion of the motion, Defendant asks that the Court grant Defendant leave to amend.

**C.      Ford's FCRA Fee Request is Proper.**

Ford has requested attorney fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b), among other rules and statutes.  A party must make their request for attorney fees in their pleading or risk being able to seek fees pursuant to a specific provision at the conclusion of the matter.  Contrary to Allen's assertion, Ford is not required to make a showing of bad faith or harassment at the pleading stage.  Rather, they are entitled to develop the facts to support that showing through discovery and, if appropriate, at the conclusion of the litigation, seek fees and costs.  Allen's request to strike should be denied.  Additionally, his request that the attorney fee request be denied at this juncture in the litigation is premature and thus should be denied.

**D.      Allen's Request to Stay the Counterclaim Should be Denied.**

Allen seeks a stay of Ford's counterclaims pursuant to F.R.C.P. 42(b).  It provides:

> Separate Trials.  For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial.

Rule 42(b) does not provide any authority for the Court to grant a stay of the counterclaim. Instead, Rule 42(b) allows the court to grant separate trials when appropriate.  Allen's claim should be summarily denied for failing to cite to proper legal authority supporting his position.

## IV.      CONCLUSION

Based on the foregoing and the pleadings on file herein, Ford respectfully requests that this Court deny Plaintiff's Motion in its entirety.  Alternatively, Ford requests leave to amend to cure any deficiencies found by the Court.

//

//

DATED this 20th day of October, 2025.

ELAM & BURKE, P.A.

By: */s/ Erica J. White*
    Jed W. Manwaring, Of the Firm
    Erica J. White, Of the Firm
    *Attorneys for Defendant/Counterclaimant*
    *Ford Motor Credit Company LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of October, 2025, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following individuals:

| | |
|---|---|
| Charles Henry Carpenter | carpentc@carpenterlawfirmplc.com |
| Elizabeth Corey | Elizabeth.corey@troutman.com |
| Brad P. Miller | bmiller@hawleytroxell.com |
| Jean Schroeder | jschroeder@hawleytroxell.com |
| Nermy J. Winner | nermy.winner@qslwm.com |
| Michael John Archibald | marchibald@m2law.net |
| Meredith L. Thielbahr | mthielbahr@grsm.com |

In addition, I caused to be served a true copy of this document via U.S. Mail to the following:

Jason Henry Allen, *plaintiff pro se*
2600 E. Seltice Way #235
Post Falls, ID 83854

*/s/ Erica J. White*
Jed W. Manwaring
Erica J. White

DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND COMBINED MOTION TO DISMISS FORD MOTOR CREDIT COMPANY LLC'S FRAUD COUNTERCLAIM [DKT. 44]- 10