# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

JASON HENRY ALLEN

Plaintiff, In Propria Persona
v.
EXPERIAN INFORMATION
SOLUTIONS, INC.;

EQUIFAX INFORMATION SERVICES
LLC;

TRANS UNION LLC;

FORD MOTOR CREDIT COMPANY
LLC;

M2 LAW GROUP P.C.;

HOWELL & VAIL LLP;

MICHAEL J. ARCHIBALD;

Defendants

Case No.: 2:25-CV-00404-BLW

PLAINTIFF'S REPLY IN SUPPORT OF
NOTICE OF MOTION AND COMBINED
MOTION TO DISMISS FORD MOTOR
CREDIT COMPANY LLC'S FRAUD
COUNTERCLAIM [DKT. 44, 47]

**U.S. COURTS**

OCT 28 2025

Rcvd_____Filed_____Time 3:30pm
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## PLAINTIFF'S REPLY IN SUPPORT OF NOTICE OF MOTION AND COMBINED MOTION TO DISMISS FORD MOTOR CREDIT COMPANY LLC'S FRAUD COUNTERCLAIM [DKT. 44, 47]

Plaintiff Jason Henry Allen ("Allen"), in propria persona, hereby submits this Reply in Support of his Notice of Motion and Combined Motion to Dismiss Ford Motor Credit Company LLC's ("Ford") Fraud Counterclaim [Dkt. 44] (the "Motion"). Ford's Opposition [Dkt. 47] fails to cure the deficiencies in its Counterclaim and affirmative defenses, and the Plaintiff's Motion to

1

Dismiss should be granted in its entirety. This Reply is timely filed pursuant to District of Idaho Local Civil Rule 7.1(b)(3), within fourteen (14) days of service of the Opposition.

## I. INTRODUCTION

Ford's Opposition does not rebut the core deficiencies identified in the Motion. The underlying action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., alleging inaccuracies in credit reports furnished by Ford and reported by consumer reporting agencies ("CRAs"), which adversely impacted Allen's FICO credit scores under the Fair Isaac Corporation's scoring model by improperly treating discharged or satisfied accounts as delinquent. These inaccuracies, by improperly categorizing discharged accounts as delinquent, directly harmed Allen's creditworthiness as calculated by the Fair Isaac Corporation's FICO scoring algorithm, which relies on accurate furnishing by entities like Ford. Ford's Counterclaim—for fraud in the inducement, breach of contract, and foreclosure of security interest—attempts to inject unrelated allegations of fraudulent payments into this FCRA dispute, but it fails to meet pleading standards under Federal Rules of Civil Procedure ("FRCP") 8, 9(b), and 12(b)(6). The fraud claim lacks particularity and is barred by Idaho's economic loss rule, as it pertains to performance of an existing contract rather than inducement to enter one. The breach and foreclosure claims are implausible, as Ford itself acknowledged satisfaction of the debt. The affirmative defenses should be stricken as insufficient or negative defenses causing prejudice. Ford's FCRA attorney fee request is premature and unsupported at this stage. Finally, a stay or separate trial of the Counterclaim under FRCP 42(b) is warranted to avoid prejudice and promote efficiency, given the Counterclaim's tangential relation to the FCRA claims.

2

## II. SUMMARY OF ARGUMENT

Ford's fraud counterclaim fails as a matter of law. The pleading does not meet the heightened particularity required by Rule 9(b) and omits essential elements of fraud under Idaho law, including justifiable reliance and causation. The allegations concern performance of a loan contract—not inducement to enter it—and are therefore barred by the economic-loss rule. Even if accepted as true, Ford's own records show it voluntarily processed the payoff and released its lien, foreclosing any plausible theory of deceit or damages. The counterclaim merely recasts a contractual dispute as tort, contrary to controlling precedent and Rule 12(b)(6)'s plausibility standard. Ford's Counterclaim is not only factually deficient—it functions as a retaliatory and improper attempt to convert a Fair Credit Reporting Act dispute into a state-law fraud action, contrary to the purposes of 15 U.S.C. § 1681t(b)(1)(F) and settled Ninth Circuit precedent limiting peripheral counterclaims in FCRA litigation.

## III. STANDARD OF REVIEW

Allen agrees with the standards articulated in Ford's Opposition but emphasizes their rigorous application. A FRCP 12(b)(6) motion tests whether the pleading states a plausible claim, accepting well-pled facts as true but disregarding legal conclusions or unwarranted inferences. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). For fraud, FRCP 9(b) demands particularity: "the who, what, when, where, and how" of the misconduct. Depot, Inc. v. Caring for Montanans, Inc., 915 F.3d 643, 668 (9th Cir. 2019). Dismissal is proper if no facts entitle the pleader to relief. Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd., 132 F.3d 526, 529 (9th Cir. 1997). Under FRCP 12(f), insufficient defenses may be stricken to avoid prejudice and spurious litigation. Sidney-Vinstein v. A.H.

3

Robins Co., 697 F.2d 880, 885 (9th Cir. 1983); Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). Motions to strike are granted where defenses fail Rule 8's fair notice or cause undue burden. Roadhouse v. Las Vegas Metro. Police Dep't, 290 F.R.D. 535, 543 (D. Nev. 2013).

## IV. ANALYSIS

A. Ford's Counterclaim Fails to State Plausible Claims and Should Be Dismissed.

The Counterclaim contradicts itself: Ford cannot plausibly allege both that it was defrauded into accepting payment and that it voluntarily issued a "paid-in-full" notice after confirming satisfaction. Internal inconsistency is fatal under Iqbal, 556 U.S. at 678.

a. Fraud in the Inducement.

Ford's fraud allegations remain conclusory and do not satisfy FRCP 9(b). While Ford recites the nine elements of Idaho fraud from VanRenselaar v. Batres, Docket No. 51451, 2025 WL 2535185, at *4 (Idaho Sup. Ct. Sept. 4, 2025)—(1) representation of fact; (2) falsity; (3) materiality; (4) speaker's knowledge of falsity; (5) intent to induce reliance; (6) hearer's ignorance; (7) reliance; (8) justifiable reliance; and (9) injury—it offers only vague assertions without specifics. For instance, Ford alleges Allen represented payments as "valid" (Counterclaim ¶ 23-24, 28-29) but does not detail the exact words, dates, or manner of representations beyond general references to instruments and electronic payments. This falls short of identifying the "time, place, and specific content" required. Depot, 915 F.3d at 668. Allegations that Allen "knew or should have known" (¶ 26, 31) are mere recitals, not facts showing scienter. Iqbal, 556 U.S. at 678. Viewed in Ford's favor, Fleming v. Pickard, 581 F.3d

922, 925 (9th Cir. 2009), the Counterclaim pleads only a possibility of misconduct, not plausibility. Twombly, 550 U.S. at 557. Amendment would be futile, as core facts (e.g., Ford's own paid-in-full letter) contradict fraud. Even assuming arguendo that Plaintiff made misrepresentations, Ford fails to plead justifiable reliance as required by Glaze v. Deffenbaugh, 144 Idaho 829, 833 (2007). Ford, a sophisticated financial entity with automated payment verification and compliance systems, cannot plausibly allege ignorance of payment authenticity or reasonable reliance thereon. Its voluntary issuance of a "paid-in-full" letter, without independent verification, constitutes negligence, not reliance in fact.

b. The Economic Loss Rule Bars Ford's Fraud Claim, as It Pertains to Contract Performance, Not Inducement.

Ford misapplies Taylor v. Taylor, 163 Idaho 910, 422 P.3d 1116 (2018), which held the economic loss rule does not bar intentional torts like fraud generally. However, Idaho courts distinguish fraud in the inducement (extraneous to the contract, potentially allowed) from fraud in the performance (interwoven with contract duties, barred). See, e.g., Path to Health, LLP v. Long, 161 Idaho 50, 383 P.3d 1220, 1227 (2016) (economic loss bars tort claims arising from contract performance); Blahd v. Richard B. Smith, Inc., 141 Idaho 296, 108 P.3d 996, 1001 (2005) (rule precludes tort recovery for economic losses from breached contract duties). See Just's, Inc. v. Arrington Construction, Inc., 99 Idaho 462, 468, 583 P.2d 997 (1978) (economic loss rule bars tort recovery where alleged misrepresentation concerns performance of a contract). "Fraud in the inducement must be 'extraneous to and not interwoven with the contract,' otherwise it is barred." Truckstop.net, LLC v. Sprint Commc'ns Co., 537 F. Supp. 2d 1126, 1137 (D. Idaho 2008). Here, the alleged misrepresentations concern payment performance under an

existing auto loan contract, not inducement to enter it. Ford's damages—release of lien and title issuance—are purely economic and stem from the contract. Taylor involved extraneous fiduciary fraud; this does not. The rule applies to prevent vitiating contract remedies. No leave to amend is warranted. The economic loss rule preserves the boundary between contract and tort. Allowing Ford to repackage a breach-of-contract theory as fraud would "vitiate the predictability of commercial obligations" under Idaho law. Blahd v. Richard B. Smith, Inc., 141 Idaho 296, 108 P.3d 996, 1001 (2005).

c. Breach of Contract.

Ford's breach claim fails plausibility. The elements are: (a) contract existence; (b) breach; (c) causation of damages; and (d) damage amount. Mosell Equities, LLC v. Berryhill & Co., Inc., 154 Idaho 269, 278, 297 P.3d 232, 241 (2013). While a contract existed (Ex. A), Ford's own actions—issuing a paid-in-full letter and releasing the lien—contradict any ongoing breach or default. Counterclaim ¶ 18and ¶ 20 allege non-payment, but ignore Ford's acknowledgment of satisfaction, rendering the claim implausible. Iqbal, 556 U.S. at 678. Damages of $18,906.80 are speculative without accounting for the release. Dismissal is proper; amendment futile. Ford's breach and foreclosure counterclaims are compulsory counterclaims under FRCP 13(a), but they are factually inconsistent with its own written communications confirming satisfaction and lien release. Having voluntarily released the lien, Ford cannot unilaterally rescind that performance absent a claim for rescission or reformation under Idaho Code § 29-110, neither of which is pled.

d. Foreclosure of Security Interest.

Ford's foreclosure claim under Idaho Code § 28-9-609(a)(1) requires default for possession. But no default exists if the debt was satisfied per Ford's letter. The contract granted a security interest (¶¶ 2(c), 3(d)), but Ford's release extinguished it. Allegations of entitlement to judgment (¶¶ 38-41) are legal conclusions, not facts. Twombly, 550 U.S. at 555. Perfection proof is not required at pleading, but plausibility is; here, none exists. Dismiss without leave to amend.

B. The Motion to Strike Affirmative Defenses Three Through Twelve Should Be Granted.

Motions to strike are disfavored, but they are appropriate when, as here, the challenged defenses are immaterial, conclusory, and cause prejudice by expanding discovery into baseless issues. Sidney-Vinstein, 697 F.2d at 885. This would unduly burden Allen, a pro se litigant, and delay resolution of the FCRA claims centered on Fair Isaac FICO score impacts.

Ford's defenses fail Rule 8(c)'s fair notice and cause prejudice. Johnson v. City of Buhl, No. 1:24-cv-00218-REP, 2024 WL 369158, at *2-3 (D. Idaho Aug. 7, 2024), held negative defenses (disputing claim elements) need not be stricken if no prejudice, but here, defenses 3-10 are vague negatives (e.g., failure to state claim, no damages) forcing unnecessary discovery on spurious issues. Sidney-Vinstein, 697 F.2d at 885. Prejudice exists: they divert from core FCRA inaccuracies affecting FICO scores. Defenses 11 (fraud) and 12 (waiver/estoppel) lack factual support beyond the deficient Counterclaim, violating Wyshak, 607 F.2d at 827. Strike them; no amendment needed, as they are incurable. Williams v. Ashland Eng'g Co., 45 F.3d 588, 593 (1st Cir. 1995) (assess totality for prejudice); Diamond Resorts U.S. Collection Dev., LLC v. Reed Hein & Assocs., LLC, No. 2:17-CV-03007, 2020 WL 8475976, at *1 (D. Nev. May 13, 2020) (deny without prejudice). Precise Innovations, LLC v. Aerospace Eng'g & Support, Inc., No.

7

4:21-CV-00420-BLW, 2022 WL 834632, at *3 (D. Idaho Mar. 21, 2022) (negative defenses not affirmative).

C. Ford's FCRA Fee Request Should Be Stricken or Denied as Premature.

Ford's request under 15 U.S.C. §§ 1681n(c), 1681o(b) requires a court finding of bad faith in filing, not mere pleading. Such awards occur post-litigation, after evidence of harassment or bad faith. See, e.g., Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1320 (11th Cir. 2002) (fees for bad faith filings, proven through discovery). Ford pleads no facts showing Allen's FCRA claims—regarding reporting inaccuracies impacting FICO scores—were baseless. The request is premature and prejudicial; strike or deny without prejudice.

D. The Request for Stay or Separate Trial Should Be Granted.

FRCP 42(b) authorizes separate trials for convenience, prejudice avoidance, or economy, which can include staying counterclaims pending resolution of primary claims. While not explicitly a "stay," courts use 42(b) to bifurcate and effectively stay tangential issues. See, e.g., Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (inherent stay power); M2 Software, Inc. v. Madacy Ent., 421 F.3d 1073, 1088 (9th Cir. 2005) (bifurcation to avoid confusion). Courts in this Circuit routinely bifurcate fraud counterclaims from FCRA claims to avoid jury confusion and undue prejudice. See Serrano v. Sterling Testing Sys., 711 F. Supp. 2d 402, 412 (E.D. Pa. 2010) (bifurcation appropriate where counterclaims are tangential to FCRA issues). Trying the FCRA claims first promotes efficiency because resolution of the credit accuracy issues may moot Ford's tort counterclaims entirely. The Counterclaim risks prejudicing the FCRA focus on credit accuracy and FICO impacts; separate trial promotes efficiency. This would unduly burden Allen,

8

a pro se litigant, and delay resolution of the FCRA claims centered on Fair Isaac FICO score impacts. Ford's summary denial ignores this discretion.

E. Ford attempt to add new factual assertions Rule 12(g)(2) and 12(h)(2).

Ford improperly supplements its pleading with new factual assertions in its Opposition brief. Under FRCP 12(g)(2) and 12(h)(2), a party may not cure a deficient pleading through argument; only amendment may do so. See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a party's moving papers."). The Opposition's attempt to introduce facts beyond the Counterclaim must be disregarded.

## V. CONCLUSION

Ford's opposition is unsupported—its counterclaim for fraud fails as a matter of law. The allegations are internally inconsistent and facially deficient under Fed. R. Civ. P. 9(b) and 12(b)(6), as Ford has not identified a single misrepresentation of material fact, the time or manner in which any alleged misrepresentation occurred, or any actual reliance resulting in damage.

Moreover, Ford's theory is barred by the economic loss rule because the alleged misconduct arises solely from the performance of a contractual obligation, not from any independent duty sounding in tort. The alleged facts concern a completed transaction that Ford voluntarily confirmed through its own "paid-in-full" documentation and lien release.

For the foregoing reasons, Plaintiff respectfully requests that the Court:

- Dismiss Ford Motor Credit Company LLC's Fraud Counterclaim with prejudice under Rules 9(b) and 12(b)(6);

- Strike Ford's affirmative defenses that are immaterial or conclusory under Rule 12(f);

- Deny Ford's request for attorney's fees as premature; and

- Bifurcate or stay any remaining counterclaims under Rule 42(b) pending resolution of the FCRA claims.

Because Ford's own documents and judicial admissions negate the elements of fraud—particularly reliance and injury—any amendment would be futile, and dismissal should be entered with prejudice to prevent waste of judicial resources and avoid relitigation of issues foreclosed by the record. Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002).

And for such other and further relief as the Court deems just and proper.

DATED this 28th day of October, 2025.

Respectfully submitted,

/s/ By:___Jason-Henry:Allen__

Jason Henry Allen 2600 E. Seltice Way

Post Falls, ID 83854

(323) 377-5620

Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

# CERTIFICATE OF SERVICE

I certify that on _____10/28_____, 2025 a true and correct copy of the foregoing will be served effected via CM/ECF and or first-class mail, postage prepaid, to the appropriate parties including but not limited to the following:

**Trans Union** - Brad P. Miller, Esq. Hawley Troxell 877 Main Street, 2nd Floor Boise, ID 83702

Jean Eleanor Schroeder Powers Farley 702 W. Idaho St Ste # 700 Boise, ID 83702

Nermy J. Winner QSLWM 10333 N. Meridian Street Suite 200 Indianapolis, IN 46290

**Experian** – Meredith L. Thielbar Gordon-Rees-Scully-Mansukhani 701 Fifth Ave Suite 2100 Seattle, WA 98104

Elizabeth Corey TROUTMAN PEPPER LOCKE LLP 600 Travis Street; Suite 2800 Houston, TX 77002

**Equifax** - Charles H. Carpenter CARPENTER LAW FIRM PLC 210 North Higgins Avenue, Suite 336 Missoula, Montana 59802 (service via email to carpentc@carpenterlawfirmplc.com )

**Michael J. Archibald** - 1855 North Lakes Place, Suite 104, Meridian, ID 83646

**M2 Law Group P.C** - 1855 North Lakes Place, Suite 104, Meridian, ID 83646

**HOWELL & VAIL LLP** - 1855 North Lakes Place, Suite 104, Meridian, ID 83646

**Ford Motor Credit Company LLC** - Erica J. White, Jed W. Manwaring: Elam & Burke, P.A. 251 E. Front St., Ste 300 Boise, ID 83702

/s/ Jason-Henry:Allen

11