UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>        Plaintiff,<br><br>v.<br><br>EXPERIANINFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAILLLP; MICHAEL J. ARCHIBALD; and LISSETTE M. CARRERAS,<br><br>        Defendants. | Case No. 2:25-cv-00404-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are: (1) Defendants M2 Law Group PC, Howell & Vail LLP, and Michael J. Archibald's (collectively, the "M2 Defendants") Motion to Dismiss (Dkt. 15); (2) Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC's (collectively, the "CRA Defendants") Joint Motion to Dismiss Plaintiff's Complaint (Dkt. 16); and (3) Plaintiff's Motion for Leave to File Sur-Reply (Dkt. 23). For the reasons set forth below, the Court will grant the M2 Defendants' motion to dismiss for insufficient

MEMORANDUM DECISION AND ORDER - 1

service under Federal Rule of Civil Procedure 12(b)(5) and deny as moot its motion to dismiss for failure to state a claim. The remaining motions are also denied as moot.

## BACKGROUND

On July 23, 2025, Plaintiff Jason Henry Allen, proceeding pro se, filed a complaint alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., against multiple defendants. Dkt. 1. On August 15, both the M2 Defendants and the CRA Defendants filed motions to dismiss the original complaint.

While those motions were pending, Allen filed an amended complaint on August 27, Dkt. 21, as well as a motion to file a sur-reply alleging that the CRA Defendants raised new issues for the first time on reply, Dkt. 23. The CRA Defendants had not filed any replies. The following day, Allen filed a "consolidated opposition" to the M2 Defendants' motion to dismiss, Dkt. 24, and an opposition to the CRA Defendants' motion to dismiss "Plaintiff's First Amended Complaint," Dkt. 25. Approximately a week later, he filed a statement clarifying that the amended complaint "supersedes the original complaint and is now the operative pleading in this case." Dkt. 28.

The CRA Defendants have since filed a joint motion to dismiss the amended complaint. Dkt. 32. The M2 Defendants, who argue they were not properly served,

have filed neither a reply in support of their motion to dismiss the original complaint nor a motion to dismiss the amended complaint.

## ANALYSIS

A.   **Motion to Dismiss for Insufficient Service of Process**

The M2 Defendants move to dismiss Allen's original complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Federal Rule of Civil Procedure 4 requires a plaintiff to serve a copy of the summons and complaint on each defendant. Fed. R. Civ. P. 4(c). If a plaintiff fails to properly serve a defendant, that defendant may challenge insufficient service of process by motion or in the answer. Fed. R. Civ. P. 12(b)(5). When a defendant challenges the sufficiency of service, the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). When service is defective, the Court "must dismiss the action without prejudice or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

   1.   **Service on Michael Archibald**

Service on an individual may be accomplished by anyone over the age of eighteen who is not a party to the action. Fed. R. Civ. P. 4(c). The Federal Rules designate four ways to serve an individual: (1) deliver a copy of the summons and complaint to the individual personally; (2) leave copies of the summons and complaint at the individual's dwelling with a person of suitable age who resides

MEMORANDUM DECISION AND ORDER - 3

there; (3) deliver a copy of the summons and complaint to "an agent authorized by appointment or law to receive service of process"; or (4) follow state law for serving a summons in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e).

The Idaho Rules of Civil Procedure impose the same requirements for service of process on an individual as the Federal Rules. I.R.C.P. 4(d)(2). When a plaintiff does not serve an individual personally and service is not left at the individual's dwelling, Idaho law requires service on an agent authorized by appointment or law to receive service of process. Such an agent is either (1) expressly named by the party, or (2) impliedly authorized to accept service of process on the defendant's behalf. *In re Focus Media Inc.*, 387 F.3d 1077, 1080 (9th Cir. 2004).

Here, the record[1] reflects that service on Michael Archibald was defective because Allen failed to serve him in the manner required by Rule 4(e). Allen served the complaint and summons on Pat Stewart at 1855 N. Lakes Pl., Meridian, ID 83646. Archibald was not personally served, and Allen submits no evidence

---

[1] The M2 Defendants attached two documents from the Idaho Secretary of State to their motion to dismiss: an "Amendment or Cancellation to Statement of Qualification of Limited Liability Partnership" reflecting the dissolution of Howell & Vail in September 2017, Dkt. 15-1, and the Annual Report for M2 Law Group listing Michael Archibald as its registered agent, Dkt. 15-2. Courts "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Judicial notice of the Secretary of State filings is appropriate here because they are public records from a source whose accuracy cannot reasonably be questioned and concern matters at issue here.

**MEMORANDUM DECISION AND ORDER - 4**

that 1855 N. Lakes Pl. is Archibald's usual dwelling place or abode, or that Pat Stewart was expressly or impliedly authorized to accept service on Archibald's behalf. Allen therefore failed to properly serve Archibald, and the Court lacks personal jurisdiction over him. *Cf. Staples v. Outsource Receivables Mgmt.*, No. 4:12-CV-00014-BLW, 2013 WL 12137841, at *3 (D. Idaho July 24, 2013) (declining to permit service upon a defendant's employer to serve as an adequate substitute for the methods of service required by Rule 4 because "adopting such a rule may undermine a defendant's due process rights, lead to unnecessary disputes, and encourage abuse by process servers").

    2.    **Service on M2 Law Group and Howell & Vail**

Federal Rule of Civil Procedure 4 authorizes service upon a domestic or foreign corporation by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B); 4(e)(1). Rule 4 also permits service in the manner prescribed by Idaho law, the state in which this Court sits. Fed. R. Civ. P. 4(e)(1). The Idaho Rules of Civil Procedure impose similar requirements, directing that a domestic corporation be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. I.R.C.P. 4(d)(3)(B).

MEMORANDUM DECISION AND ORDER - 5

Service of process was not properly effected on either M2 Law Group or Howell & Vail. Howell & Vail was dissolved in 2017. Dkt. 15-1. Even assuming Allen is correct that a dissolved corporation remains liable for pre-dissolution claims under Idaho Code section 30-29-1405, any such claims would be time-barred. The FCRA's statute of limitations runs from the earlier of two years after the plaintiff discovers the violation or five years after the violation occurred. 15 U.S.C. § 1681p.

As to M2 Law Group, Allen has submitted no proof that Pat Stewart was an officer, a managing or general agent, or an agent authorized to receive service. Allen contends that delivery to an employee at M2 Law Group's registered business address qualifies as valid service. Dkt. 24 at 7. The Court disagrees. Although the Ninth Circuit has described Rule 4's service requirements as a flexible rule that should be liberally construed, this Court has concluded that such an approach "should rarely, if ever, be used by a trial court." *Staples*, 2013 WL 12137841, at *3 (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)).

The Court therefore finds that service on M2 Law Group was deficient. Although Allen is proceeding pro se, he appears to have a sufficient grasp of the law to understand how to properly effect service. The Court will grant the M2 Defendants' motion to dismiss for insufficient service of process. All claims

MEMORANDUM DECISION AND ORDER - 6

against Archibald and M2 Law Group are dismissed without prejudice, and Allen may reattempt proper service of the amended complaint on these defendants. The claims against Howell & Vail, however, are dismissed with prejudice.

B.     **Motions to Dismiss for Failure to State a Claim**

In addition to challenging service, the M2 Defendants argue that the complaint should be dismissed under Rule 12(b)(6) because "Plaintiff's complaint contains insufficient factual matters to state a claim of relief, and sets forth mere labels and conclusions, and formulaic recitation of the elements, rather than any specific actions made by M2 Parties to cause the specific injuries Plaintiff claims." Dkt. 15 at 3. Accordingly, they ask the Court to dismiss the original complaint with prejudice, "or alternatively, an order from the Court requesting Plaintiff amend the complaint, unless the Court finds amendment impossible." *Id.* The CRA Defendants also moved to dismiss Allen's original complaint for failure to state a claim.

Since the M2 Defendants and CRA Defendants filed their motions to dismiss, however, Allen filed an amended complaint. In the Ninth Circuit, "an amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)). "In other words, the original pleading no longer performs any function," and any

MEMORANDUM DECISION AND ORDER - 7

motion to dismiss targeting a complaint no longer in effect must be deemed moot. *Id.* Because the M2 Defendants moved to dismiss the original complaint, which "ceased to exist" when Allen filed his amended complaint, that motion is now moot. Likewise, the CRA Defendants' joint motion to dismiss is also moot.

## ORDER

IT IS ORDERED that:

1.    Defendants M2 Law Group PC, Howell & Vail LLP, and Michael J. Archibald's Motion to Dismiss (Dkt. 15) is **GRANTED** to the extent it seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and **DENIED** as **MOOT** to the extent it seeks dismissal for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6). All claims against Defendants M2 Law Group PC and Michael J. Archibald are **DISMISSED** without prejudice. All claims against Defendant Howell & Vail LLP are **DISMISSED** with prejudice.

2.    Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC's Joint Motion to Dismiss Plaintiff's Complaint (Dkt. 16) is **DENIED** as **MOOT**.

3.    Plaintiff's Motion for Leave to File Sur-Reply (Dkt. 23) is **DENIED** as **MOOT.**

4.    Plaintiff's Motion to Preclude Dual Witness-Advocate Role and to

Disqualify Defendant Michael J. Archibald as Trial Advocate under I.R.C.P. 3.7 (Dkt. 46) is **DENIED** as **MOOT.**

DATED: December 3, 2025

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9