UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; MICHAEL J. ARCHIBALD; and LISSETTE M. CARRERAS,<br><br>    Defendants. | Case No. 2:25-cv-00404-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are: (1) Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC's Joint Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 32); (2) Plaintiff's Motion to Grant Plaintiff Access to the CM/ECF System (Dkt. 29); and (3) Plaintiff's Motion for Leave to File Sur-Reply (Dkt. 45). For the reasons set forth below, the Court will grant the CRA Defendants' motion to dismiss but will allow Allen one final opportunity to amend his complaint.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

On July 23, 2025, Plaintiff Jason Henry Allen, proceeding pro se, filed a complaint alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, against the three major credit reporting agencies—Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC (collectively, the "CRA Defendants")—as well as M2 Law Group PC, its predecessor Howell & Vail LLP, Michael J. Archibald (collectively, the "M2 Defendants"), and Ford Motor Credit Company, LLC.

The M2 Defendants and CRA Defendants both moved to dismiss the complaint. *See* Dkts. 15, 16. While those motions were pending, Allen filed an amended complaint. Dkt. 21. In a separate order, the Court granted the M2 Defendants' motion to the extent it sought dismissal for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5), dismissing M2 Law Group and Michael Archibald without prejudice and Howell & Vail with prejudice. Because Allen's amended complaint superseded the original, the Court denied as moot the portions of both motions seeking dismissal under Rule 12(b)(6) for failure to state a claim.

The CRA Defendants have now filed a joint motion to dismiss the amended complaint for failure to state a claim. *See* Dkt. 32. In the amended complaint, Allen alleges that his credit reports from the three CRA Defendants contain "numerous

discrepancies and inaccuracies," including conflicting balances for the same accounts, contradictory payment statuses, duplicate tradelines, mismatched account totals, discrepant credit limits, and inconsistent personal identifiers including addresses Allen claims never to have used. Dkt. 21 at 5. He also alleges that certain "hard inquiries" from entities including CBNA, Lifted Tru, Lifted Truck, and GeeAutomot appear on his reports without his authorization. *Id.* Allen maintains he submitted certified disputes on May 31 and June 16, 2025, but the CRA Defendants merely "parroted" furnisher responses via automated consumer dispute verification processes without conducting independent investigations. *Id.* at 6. As a result, Allen alleges, his FICO scores fell to 538 (Trans Union), 524 (Experian), and 520 (Equifax). *Id.*

## LEGAL STANDARD

A dismissal under Rule 12(b)(6) is appropriate where a complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a short and plain statement of the claim, showing the plaintiff is entitled to relief and giving the defendant fair notice of plaintiff's claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it requires

"more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

To survive a Rule 12(b)(6) motion, a claim requires a complaint to have enough factual basis which, if true, states a plausible claim for relief. *Twombly*, 550 U.S. at 556. A claim has facial plausibility when the plaintiff pleads factual content allowing the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 557. Further, a Rule 12(b)(6) dismissal is appropriate where a plaintiff attempts to allege a claim for relief under a statute which does not provide a private right of action.

## ANALYSIS

### A. The Fair Credit Report Act

Congress enacted the FCRA in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007)). To achieve these ends, the FCRA sought to ensure that "consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and

MEMORANDUM DECISION AND ORDER - 4

disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy." *See* 15 U.S.C. § 1681(a)(4). The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. *Id.* (citing 15 U.S.C. §§ 1681n, 1681o).

Allen alleges the CRA Defendants violated §§ 1681e(b), 1681i, and 1681b of the FCRA by reporting inaccurate information, failing to conduct reasonable reinvestigations, and furnishing his consumer report without a permissible purpose. The CRA Defendants move to dismiss the Amended Complaint for failure to state a claim. They argue that Allen's claims under §§ 1681e(b) and 1681i fail because he does not identify any factual inaccuracy in his credit reports, and that his claim under § 1681b fails because he alleges no facts giving rise to an inference that the furnishing of his consumer report fell outside the permitted circumstances listed in § 1681b(a).

### 1. 15 U.S.C. §§ 1681e(b) and 1681i

Allen alleges the CRA Defendants willfully and negligently violated §§ 1681e(b) and 1681i of the FCRA. Section 1681e(b) requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy" in consumers' credit reports. 15 U.S.C. § 1681e(b). When a consumer disputes the accuracy or completeness of any item in a credit report, § 1681i(a) requires consumer reporting agencies to "conduct a reasonable reinvestigation to determine

whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a).

To state a claim under § 1681e(b), a plaintiff must allege facts tending to show that a credit report "sports an actual inaccuracy." *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66 (1st Cir. 2008); *see also Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."). A claim under § 1681i similarly requires a plaintiff to make a "prima facie showing of inaccurate reporting." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (quoting *Dennis v. BEH–1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008)).

Under the FCRA, a report is "inaccurate" if it is "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (internal quotation omitted). To state a claim, a plaintiff must identify which specific information is false—merely pointing to the fact that different reports contain different information is insufficient.

Allen's allegations fall short of this standard. He identifies various discrepancies among his three credit reports: conflicting balances ($18,606, $0, $135,019, $154,132), different account totals (22, 23, 24), inconsistent payment

**MEMORANDUM DECISION AND ORDER - 6**

statuses, and differing personal identifiers. Dkt. 21 at 5; Dkt. 36 at 2. But Allen does not allege which of these conflicting figures is false or misleading. He does not, for example, allege that the correct balance on a particular account is $0 and that one or more CRAs falsely reported $18,606. Instead, his theory appears to be that the mere existence of discrepancies among the reports proves inaccuracy.

Allegations of inconsistencies or discrepancies among credit reports, standing alone, do not permit an inference that any of the reports contains "false or materially misleading" information. *See Verlus v. Experian Info. Sols., Inc.*, No. 23-CV-11426-DJC, 2025 WL 836588, at *4 (D. Mass. Mar. 17, 2025) (allegations of discrepancies between CRA reports insufficient without allegation of actual inaccuracy); *Cruel v. Experian*, No. 22-cv-5236-KBH, 2023 WL 4140828, at *3 (E.D. Pa. June 22, 2023) (same). The reason is straightforward: when one CRA reports a balance of $18,606 and another reports $135,019, both figures could be accurate as of different reporting dates, or one could be accurate and the other not. Without an allegation establishing which figure is false, the Court cannot infer inaccuracy from inconsistency alone.

Allen attempts to avoid this problem by relying on *Shaw* for the proposition that a report can be "inaccurate," even if technically true, if it is misleading. Dkt. 36 at 3. But *Shaw* does not relieve a plaintiff of the burden to plead that at least one piece of allegedly conflicting information is "misleading in such a way and to such

MEMORANDUM DECISION AND ORDER - 7

an extent that it can be expected to adversely affect credit decisions." *Shaw*, 891 F.3d at 757. Allen alleges no specific details about what information contained in any of his credit reports was misleading, much less that any information was misleading in such a way as to adversely affect credit decisions.

Allen's only other specific allegation concerns personal identifiers. He alleges that the CRAs report "inconsistent personal identifiers" including addresses he claims never to have used. Dkt. 21 at 5. Even assuming this is true, the reporting of personal identifying information generally does not give rise to FCRA liability because such information does not bear on a consumer's creditworthiness. *See Individual Reference Servs. Grp., Inc. v. F.T.C.*, 145 F. Supp. 2d 6, 17 (D.D.C. 2001), *aff'd sub nom. Trans Union LLC v. F.T.C.*, 295 F.3d 42 (D.C. Cir. 2002) (name, address, Social Security number, and phone number do not bear on creditworthiness factors); *Parker v. Equifax Info. Servs., LLC*, No. 2:15-CV-14365, 2017 WL 4003437 (E.D. Mich. Sept. 12, 2017) (biographical information including addresses does not constitute consumer report information).

Allen insists, however, that personal identifier errors can "enable mixed-file harms"—situations where one consumer's information is erroneously attributed to another. This argument is equally unavailing. While the Court acknowledges that mixed-file problems can give rise to FCRA claims, *see Guimond*, 45 F.3d at 1332-33, Allen has not alleged a mixed-file situation. He alleges only that his reports

contain addresses he never used, not that another person's credit accounts have been merged with his file. This is precisely the type of conclusory allegation that cannot survive a motion to dismiss.

In sum, Allen has failed to plead a factual inaccuracy sufficient to state a claim under either § 1681e(b) or § 1681i. Identifying differences among credit reports, without alleging which information is false, does not state a plausible claim for relief.

### 2. 15 U.S.C. § 1681b

Allen also alleges that the CRA Defendants violated § 1681b by furnishing his credit report to certain entities without his authorization and without any permissible purpose.

Section 1681b(a) identifies the circumstances under which a consumer reporting agency may furnish a consumer report, including: (1) in response to a court order; (2) "[i]n accordance with the written instructions of the consumer to whom it relates"; or (3) to a person which it has reason to believe intends to use the information for one of several listed purposes. 15 U.S.C. § 1681b(a)(1), (2), (3)(A)-(G). Allen alleges that certain "hard inquiries" from CBNA, Lifted Tru, Lifted Truck, and GeeAutomot were reported without his "consent or permission." Dkt. 21 at 5. But consumer consent is not required under § 1681b. A CRA may furnish a report if it has reason to believe the requester has a permissible purpose.

MEMORANDUM DECISION AND ORDER - 9

*See Spencer v. Relx Inc.*, No. CV 23-65-H-BMM-KLD, 2024 WL 3315439, at *4 (D. Mont. May 24, 2024).

Allen's reliance on *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010), does not help him. *Pintos* addressed the obligations of the requester of a consumer report, not the CRA that furnishes it. *Id.* at 674-75. For a CRA, the standard is whether it had "reason to believe" the requester had a permissible purpose. *See* 15 U.S.C. § 1681b(a)(3). Allen has not met this standard. He has not alleged any facts suggesting the CRA Defendants lacked reason to believe the inquiring entities had permissible purposes, nor has he alleged any facts suggesting that the requesters or subscribers themselves lacked a permissible purpose. Accordingly, Allen's § 1681b claim fails.

**B. Leave to Amend**

Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave" to amend "when justice so requires." Leave to amend may be denied where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Although Allen has already amended once as a matter of course under Rule 15(a)(1)(B), the Court will permit one additional amendment. It is not clear that

further amendment would be futile. Allen may be able to cure the deficiencies identified herein by alleging specific facts establishing that particular information in his credit reports is actually false—for example, by alleging that a specific account balance is $0 as confirmed by the creditor, and that one or more CRAs falsely reported a different balance. Similarly, Allen may be able to allege facts suggesting the CRA Defendants lacked reason to believe that the entities making the challenged inquiries had permissible purposes.

The dismissal is therefore without prejudice, and Allen shall have thirty (30) days from the date of this order to file a second amended complaint. Failure to timely file an amended complaint will result in dismissal of the claims against the CRA Defendants with prejudice.

## C. Motion for CM/ECF Access

Allen moves for access to the Court's Case Management/Electronic Case Files ("CM/ECF") system, arguing that electronic filing would promote judicial efficiency, remove undue burdens on him as a pro se litigant located 30 miles from the courthouse, and that he has demonstrated competence in preparing rule-compliant filings. Dkt. 29. The CRA Defendants oppose, arguing that Allen has "demonstrated a disregard for the procedural requirements" of this Court by making "numerous unnecessary filings," including a premature motion for leave to file a sur-reply before any reply had been filed. Dkt. 38 at 4.

MEMORANDUM DECISION AND ORDER - 11

Pro se litigants typically do not have CM/ECF filing privileges. *See* D. Idaho Loc. Civ. R. 5.1(c). "While an unrepresented individual may obtain the Court's permission to file his or her submissions electronically using the CM/ECF system, such authorization is typically denied unless the pro se party makes a showing of good cause or at least provide some explanation for why he requires access to electronic filing or why paper filing is inadequate." *Simerlink v. Coll. of Idaho*, No. 1:25-CV-00157-BLW, 2025 WL 1426056, at *1 (D. Idaho May 15, 2025).

The Court is not persuaded that Allen has shown good cause for CM/ECF access at this time. Allen's filing history in this case reveals some procedural missteps, including filing a motion for leave to file a sur-reply before any reply brief had been filed. Dkt. 23. And the CRA Defendants have legitimate concerns about the potential for additional unnecessary filings if Allen is granted immediate electronic access. Given the early stage of this litigation and the dismissal of Allen's claims with leave to amend, the Court will deny the motion without prejudice. Allen may renew this motion if he files a second amended complaint and demonstrates continued familiarity with procedural requirements.

## ORDER

IT IS ORDERED that:

1. Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC's Joint Motion to Dismiss

Plaintiff's Amended Complaint (Dkt. 32) is **GRANTED**. All claims against the CRA Defendants are **DISMISSED** without prejudice.

2. Plaintiff shall have **thirty (30) days** from the date of this order to file a second amended complaint curing the deficiencies identified herein. Failure to timely file an amended complaint will result in dismissal of the claims against the CRA Defendants with prejudice.

3. Plaintiff's Motion for Leave to File Sur-Reply (Dkt. 45) is **DENIED as MOOT**.

4. Plaintiff's Motion to Grant Plaintiff Access to the CM/ECF System (Dkt. 29) is **DENIED** without prejudice.

DATED: December 4, 2025

B. Lynn Winmill
U.S. District Court Judge