# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

JASON HENRY ALLEN

Plaintiff, In Propria Persona
v.
EXPERIAN INFORMATION
SOLUTIONS, INC.;

EQUIFAX INFORMATION SERVICES
LLC;

TRANS UNION LLC;

FORD MOTOR CREDIT COMPANY
LLC;

M2 LAW GROUP P.C.;

MICHAEL J. ARCHIBALD;

Defendants

Case No.: 2:25-CV-00404-BLW

**SECOND AMENDED COMPLAINT FOR DAMAGES**

**U.S. COURTS**

DEC 1 7 2025

Rcvd_____Filed_____Time 3:51 pm
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## SECOND AMENDED COMPLAINT FOR DAMAGES

Plaintiff Jason Allen ("Plaintiff"), appearing pro se, alleges as follows:

# I. INTRODUCTION

1. This is an action for damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., arising from Defendants' inaccurate reporting, failure to maintain reasonable procedures, failure to conduct lawful reinvestigations after Plaintiff's disputes, and their continued publication of false, derogatory, and misleading information about Plaintiff.

2. On December 3rd, 2025, the Court dismissed Plaintiff's prior complaint for lack of specificity, noting Plaintiff had not identified any specific inaccurate tradeline or data point. This Second Amended Complaint cures those deficiencies by identifying each inaccurate account, each error, each CRA responsible, and the results of each reinvestigation failure.

3. Plaintiff brings this action in good faith and in compliance with Fed. R. Civ. P. 11(b), with factual allegations supported by documentary evidence.

# II. JURISDICTION & VENUE

3. Jurisdiction is proper under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 because this action arises under federal law.

4. Venue is proper in this District because Plaintiff resides in Kootenai County, Idaho, and Defendants regularly transact business in Idaho.

# III. PARTIES

5. Plaintiff is a natural person and "consumer" as defined by 15 U.S.C. § 1681a(c), residing in Post Falls, Idaho.

6. Defendants Trans Union LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax") are "consumer reporting agencies" ("CRAs") under 15 U.S.C. § 1681a(f).

7. Ford Motor Credit Company LLC ("Ford Motor Credit") and Idaho Central Credit Union ("ICCU") are furnishers of information under 15 U.S.C. § 1681s-2.

# IV. FACTUAL ALLEGATIONS

## A. Plaintiff's Disputes

8. On May 31, 2025 and June 16, 2025, Plaintiff sent written FCRA disputes via certified mail to all three CRAs identifying errors related to Ford Motor Credit, ICCU, personal information, and unauthorized inquiries.

9. Each CRA received the disputes and transmitted Automated Consumer Dispute Verifications ("ACDVs") to Ford Motor Credit and ICCU via the e-OSCAR system.

10. Despite notice, Defendants failed to conduct reasonable reinvestigations, failed to correct inaccurate information, and continued to publish false data.

11. An item of information is "inaccurate" under the FCRA not only when it is patently false, but also when it is materially misleading, internally inconsistent, or incomplete in a manner that can adversely affect credit decisions. *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009). Plaintiff's allegations regarding inaccurate reporting are based on

3

documented credit reports and dispute correspondence and are pleaded as statements of fact, not argument.

12. Each inaccuracy alleged in this Complaint is material, objectively verifiable, and capable of confirmation through Defendants' own records and reporting data.

13. Where multiple CRAs report conflicting data for the same account, such inconsistencies render the tradeline materially misleading and therefore inaccurate under the Fair Credit Reporting Act.

14. A single credit obligation cannot contain multiple origination dates without misleading users of consumer reports. Plaintiff alleges these inconsistencies as factual inaccuracies that a reasonable investigation would have identified and corrected.

15. All allegations herein are made in good faith and in compliance with Federal Rule of Civil Procedure 11(b), with evidentiary support existing or likely to exist after reasonable discovery.

# B. SPECIFIC INACCURATE ACCOUNTS — ICCU

## 1. ICCU Auto Loan – Account No. ending in 74538

(Extracted from TU, EX, and EQ July & September 2025 reports)

12. All three CRAs report this ICCU auto loan as "Derogatory" with a balance of **$84,801,** but the tradeline contains multiple internal inconsistencies and factual impossibilities:

**a. Conflicting Open Dates:**

- Trans Union reports **10/18/2024**

- Experian & Equifax report **10/01/2024**

A single credit obligation cannot have multiple origination dates without misleading users of consumer reports.

**b. Conflicting High Credit:**

- TU reports **$84,701**

- EX reports **$84,701**

- EQ reports **$84,801**

A single credit obligation cannot have multiple varying balances without misleading users of consumer reports.

**c. Conflicting Past-Due Amounts:**

- TU: **$65,000**

- EX: **$84,801**

- EQ: **$84,801**

A single credit obligation cannot have multiple past due balances without misleading users of consumer reports.

**d. Charge-Off Status is Unsupported:**

- CRAs report "Collection/Chargeoff," but no 30-60-90-120 delinquency chain exists in TU's file.

- EX and EQ show conflicting delinquency histories.

e. **Payment History is Contradictory:**

- Experian shows **CO 150 120 90 60 30,**

- Equifax shows **OK 120 120 90 60 30,**

- TransUnion shows **no lates at all.**

These contradictory histories render the tradeline **facially inaccurate**, satisfying *Shaw v. Experian*, 891 F.3d 749 (9th Cir. 2018).

13. Plaintiff disputed these inaccuracies; CRAs refused to correct them.

14. A reasonable reinvestigation would have revealed these discrepancies on the face of Defendants' own records without reliance on furnisher verification.

15. These inaccuracies caused substantial harm to Plaintiff's creditworthiness and scores.

16. Each disputed inaccuracy identified herein was objectively verifiable through Defendants' own reporting data and did not require legal interpretation or subjective judgment.

---

# C. SPECIFIC INACCURATE ACCOUNTS — FORD MOTOR CREDIT

Ford Motor Credit – Account No. ending in 5920

(Extracted from TU and EX July & September 2025 reports)

15. Trans Union and Experian report this account as "Derogatory," but the tradeline contains multiple factual errors:

a. Conflicting High Credit:

- TU reports **$64,656**

- EX reports **$18,906**

A 46,000-dollar discrepancy in "high credit" is an obvious factual inaccuracy.

b. **Missing Equifax Tradeline:**

- Equifax does **not** report the account at all.

At least one CRA must be wrong.

c. **Unsupported Charge-Off:**

- Both CRAs show "Collection/Chargeoff," yet payment histories do **not** support a charge-off event.

- No consistent "Date of First Delinquency" is reported.

d. **Conflicting Dates:**

- Date of last payment conflicts (02/20/25 vs 01/01/25).

- Date last active also conflicts.

16. Plaintiff disputed these inaccuracies; CRAs refused to correct them.

17. A reasonable reinvestigation would have revealed these discrepancies on the face of Defendants' own records without reliance on furnisher verification.

18. Each disputed inaccuracy identified herein was objectively verifiable through Defendants' own reporting data and did not require legal interpretation or subjective judgment.

# D. PERSONAL INFORMATION INACCURACIES

17. All CRAs reported incorrect personal identifiers, including:

- Multiple contradictory versions of Plaintiff's name

- Incorrect address variations (e.g., "2600 Seltice Wy 111" vs. "2600 E Seltice Way #235")

- Prior addresses where Plaintiff never lived

- Employment entries appearing only on TransUnion

(IdentityIQ September 2025, Personal Information Section).

18. Plaintiff disputed the false personal identifiers; CRAs refused to delete them.

19. Each disputed inaccuracy identified herein was objectively verifiable through Defendants' own reporting data and did not require legal interpretation or subjective judgment.

# E. UNAUTHORIZED INQUIRIES

19. The following inquiries appeared on Plaintiff's files without permissible purpose under 15 U.S.C. § 1681b:

- **CBNA** — Equifax, 11/11/2024
- **Lifted Tru** — Equifax, 10/18/2024
- **Lifted Truck** — TransUnion, 10/18/2024

20. Plaintiff did not apply for credit with these entities and did not authorize these inquiries.

21. Plaintiff disputed the inquiries; CRAs failed to remove them.

22. Each disputed inaccuracy identified herein was objectively verifiable through Defendants' own reporting data and did not require legal interpretation or subjective judgment.

# V. CAUSES OF ACTION

## Count I — 15 U.S.C. § 1681e(b)

(Failure to Follow Reasonable Procedures)

22. CRAs published inaccurate ICCU, Ford, personal identity, and inquiry data.

23. The inaccurate reporting described above violates § 1681e(b).

## Count II — 15 U.S.C. § 1681i

(Failure to Reinvestigate)

24. Plaintiff's disputes triggered CRAs' duty to reinvestigate.

25. CRAs failed to delete or correct the ICCU, Ford, identity, and inquiry inaccuracies within 30 days.

## Count III — 15 U.S.C. § 1681s-2(b)

(Furnisher Liability: ICCU and Ford)

26. Upon receiving ACDVs, ICCU and Ford were required to conduct reasonable investigations and correct errors.

27. ICCU and Ford failed to do so and continued to furnish inaccurate data.

28. Upon receipt of Plaintiff's disputes via e-OSCAR ACDVs, Defendants Ford Motor Credit and ICCU were statutorily obligated to conduct a reasonable investigation, review all relevant information provided by the CRAs, and correct or delete inaccurate data. 15 U.S.C. §1681s-2(b)(1)(A)–(E). Their failure to do so gives rise to a private right of action.

## Count IV — 15 U.S.C. § 1681b

(Unauthorized Pulls of Consumer Reports)

28. The three inquiries listed above were made without a permissible purpose and reduced Plaintiff's credit score.

29. Defendants bear the burden of establishing a permissible purpose for obtaining Plaintiff's consumer report. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010).

## Willful and Negligent Noncompliance

(§§ 1681n, 1681o)

29. Defendants acted willfully and negligently, entitling Plaintiff to actual, statutory, punitive damages, and costs.

30. Defendants' violations were willful in that they continued reporting the same inaccuracies after multiple disputes, after internal contradictions were apparent on the face of their own files, and after statutory deadlines had expired, demonstrating reckless disregard for Plaintiff's rights.

# VI. DAMAGES

As a direct and proximate result of Defendants' reporting of the inaccurate tradelines and inquiries described above, Plaintiff's credit scores declined, his credit risk profile was inflated, and he was subjected to adverse credit terms, emotional distress, and reputational harm.

30. Plaintiff suffered:

- Emotional distress
- Reputational harm
- Loss of creditworthiness
- Increased interest rates
- Denial of credit opportunities
- Out-of-pocket expenses for disputes and monitoring

31. Plaintiff seeks:

- **Actual damages**
- **Statutory damages** up to $1,000 per violation
- **Punitive damages** for willful misconduct
- **Attorney's fees and costs** (equitable award for pro se litigant)
- **Injunctive relief** requiring deletion/correction of inaccurate data

# VII. NECESSITY OF INJUNCTIVE AND DECLARATORY RELIEF

1. Plaintiff seeks injunctive and declaratory relief pursuant to 15 U.S.C. §§ 1681n(a)(2), 1681o(a)(2), and the Court's equitable powers.

2. Despite receiving multiple written disputes identifying specific, objectively verifiable inaccuracies, Defendants failed to correct or delete the inaccurate tradelines, personal identifiers, and unauthorized inquiries described herein.

3. Defendants' continued reporting of the same inaccuracies after notice demonstrates an inability or unwillingness to ensure the accuracy and integrity of Plaintiff's consumer reports.

4. Absent injunctive relief, Plaintiff faces a substantial and ongoing risk of continued dissemination of false and misleading credit information, resulting in further damage to his creditworthiness, reputation, and emotional well-being.

5. Monetary damages alone are insufficient to remedy this ongoing harm, as inaccurate information remains in Defendants' files and continues to be furnished to third parties.

6. Injunctive relief is therefore necessary to require Defendants to:

   a. Conduct lawful and reasonable reinvestigations consistent with the FCRA;

   b. Delete or correct all inaccurate information identified in this Complaint; and

   c. Implement reasonable procedures to prevent the recurrence of such inaccuracies.

# VIII. JURY DEMAND

32. Plaintiff demands a trial by jury on all issues so triable.

# IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment:

A. Awarding actual, statutory, and punitive damages;

B. Ordering removal or correction of all inaccurate reporting;

C. Awarding equitable attorney's fees and costs;

D. Awarding any further relief the Court deems just.

# VERIFICATION

I, Jason Allen, verify under penalty of perjury that the facts alleged herein are true and correct to the best of my knowledge.

Dated December 15, 2025

Respectfully submitted,

/s/ By:___Jason-Henry:Allen__

Jason-Henry:Allen 2600 E. Seltice Way

Post Falls, ID 83854

(323) 377-5620

Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

**CERTIFICATE OF SERVICE**

I certify that on December _____, 2025, a true and correct copy of the foregoing was served via CM/ECF, electronic mail, and/or first-class mail, postage prepaid, upon all counsel of record listed below.

**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (206) 695-5100
Email: **mthielbahr@grsm.com**

**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Tel: (406) 549-3171
Email: **carpentc@carpenterlawfirmpllc.com**

**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **bmiller@hawleytroxell.com**

Jean E. Schroeder
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **jschroeder@hawleytroxell.com**

Nermy J. Winner
Quilling Selander Lownds Winslett Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

Tel: (214) 871-2100
Email: **nwinner@qslwm.com**

---

**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **ejw@elamburke.com**

Jed W. Manwaring
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **jwm@elamburke.com**

---

**M2 Law Group, P.C. / Michael J. Archibald**
Michael J. Archibald
M2 Law Group, P.C.
P.O. Box 330
Meridian, ID 83680
Tel: (208) 887-9911
Email: **marchibald@m2law.net**

/s/ Jason-Henry:Allen