Nermy J. Winner, Esq.
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 606
Fax: (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

Brad P. Miller, Esq.
Hawley Troxell
877 Main Street, 2nd Floor
Boise, ID 83702
Telephone: 208-344-6000
Fax: 208-954-5206
E-Mail: bmiller@hawleytroxell.com

*Local Counsel for Defendant Trans Union, LLC*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO (NORTHERN)

| | |
|---|---|
| JASON HENRY ALLEN, <br>     Plaintiff, <br><br> vs. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; and MICHAEL J. ARCHIBALD; <br>     Defendants. | CASE NO. 2:25-cv-00404-BLW <br><br> Judge B. Lynn Winmill <br><br> DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union

DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT – 2:25-cv-00404-BLW

Page 1 of 12

LLC ("Trans Union") (collectively, the "CRA Defendants") file this Motion to Dismiss Plaintiff's Second Amended Complaint and, in support thereof, respectfully shows the Court as follows:

## I. INTRODUCTION

In his original Complaint, filed on July 23, 2025, Plaintiff Jason Henry Allen ("Plaintiff") asserted that the CRA Defendants reported inaccurate information in his credit file regarding his auto loan with Ford Motor Credit Company ("Ford") and an account with Idaho Central Credit Union ("ICCU") in violation of Section 1681e(b) of the Fair Credit Reporting Act ("FCRA"), and that they failed to conduct a reasonable reinvestigation of his disputes in violation of Section 1681i of the ("FCRA"). *See* ECF No. 1, at pp. 7-8. Plaintiff also alleged several credit inquiries were made without Plaintiff's authorization, in violation of Section 1681b of the FCRA. *See id.* at pp. 8-9.

On August 15, 2025, the CRA Defendants filed a Joint Motion to Dismiss Plaintiff's Complaint. *See* ECF No. 16. In the Motion to Dismiss, the CRA Defendants argued that the Complaint should be dismissed because (1) Plaintiff alleged a legal dispute with the furnishers that the CRAs are not required to adjudicate; (2) Plaintiff failed to plead more than a conclusory allegation of an inaccuracy, which is a threshold requirement for bringing an FCRA claim; (3) a consumer's authorization is not required for preparing consumer reports to third parties; and (4) Plaintiff failed to plead any facts by which a willful FCRA violation by any CRA Defendant could be maintained. *See* ECF No. 16-1.

On August 28, 2025, Plaintiff filed an Amended Complaint that was similar to the original Complaint. *See* ECF No. 21. However, Plaintiff's Amended Complaint did not include any reference to the Ford account. *See id.* Although he filed an Amended Complaint, later that same

DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT – 2:25-cv-00404-BLW

day Plaintiff filed a Motion for Leave to File Sur-Reply, alleging that the CRA Defendants raised new issues for the first time in a reply. *See* ECF No. 23. However, the CRA Defendants had not filed any replies. The next day, Plaintiff responded to the Motion to Dismiss the original Complaint. *See* ECF No. 25.

Nevertheless, the CRA Defendants moved to dismiss Plaintiff's Amended Complaint for similar reasons, as it failed to remedy the defects of the original complaint. *See* ECF No. 32. On December 4, 2025, the Court granted the CRA Defendants' Motion to Dismiss the Amended Complaint, holding in relevant part that "[a]llegations of inconsistencies or discrepancies among credit reports, standing alone, do not permit an inference that any of the reports contains false or materially misleading information," that "the reporting of personal identifying information generally does not give rise to FCRA liability because such information does not bear on a consumer's creditworthiness" and that "consumer consent is not required under § 1681b [because] a CRA may furnish a report if it has reason to believe the requester has a permissible purpose." *See* ECF No. 50 (the "Memorandum Decision and Order"). However, the Court permitted Plaintiff "one additional amendment" to cure the deficiencies, if he could. *See id.*

Plaintiff has now filed his Second Amended Complaint. *See* ECF No. 51. However, the Second Amended Complaint, like Plaintiff's previous filings, fails to plausibly allege any inaccurate reporting or other violations of the FCRA. Plaintiff has largely repeated the allegations of his prior complaints, ignoring the Court's findings that inconsistencies between the credit reports is insufficient to state a claim, and that the reporting of personal identify information does not give rise to liability under the FCRA. Plaintiff attempts to add a couple of "buzzwords" to

DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT – 2:25-cv-00404-BLW

Page 3 of 12

save his permissible purpose claim, but his allegations are conclusory and unsupported. Accordingly, Plaintiff's Second Amended Complaint should be dismissed, with prejudice.

## II. APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss, the Supreme Court has instructed lower courts to consider "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, the court need not accept as true legal conclusions couched as factual allegations. *Id.* Second, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint—has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

In considering a 12(b)(6) motion, the Court should accept all well-pleaded facts in the Complaint as true and draw all inferences in the plaintiff's favor. While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. "Allegations that

DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT – 2:25-cv-00404-BLW

Page 4 of 12

are merely conclusory, unwarranted deductions of fact, or unreasonable inferences are . . . insufficient to defeat a motion to dismiss for failure to state a claim." *Scroggins v. Equifax Info. Sols. LLC, et al.*, 2019 WL 3037588, at *3 (D. Ariz. July 11, 2019) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

### III. ARGUMENTS AND AUTHORITIES

**A. Plaintiff's Section 1681e(b) And 1681i Claims Fail Because Plaintiff Still Fails To Plead More Than Inconsistencies Between the Bureaus Or Conclusory Allegations Of Inaccuracy.**

As discussed in the prior motions and in the Court's Memorandum Decision and Order, a plaintiff is required to plead that a factual inaccuracy was reported by the CRAs in order to establish a prima facie claim under Sections 1681e(b) and 1681i of the FCRA. *See* Memorandum Decision and Order at 6 (citing *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 890 (9th Cir. 2010) and *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). The Court dismissed Plaintiff's Amended Complaint because although Plaintiff "identifies various discrepancies among his three credit reports," Plaintiff did not "allege which of these conflicting figures is false or misleading." *See id*. at 6-7. Without more, Plaintiff's allegations "do not permit an inference that any of the reports contains 'false or materially misleading' information." *Id*. at 7.

Despite this, Plaintiff filed a Second Amended Complaint that similarly alleges that Defendants reported "conflicting [information]" for his ICCU and Ford auto loan accounts. *See* Second Amended Compl. ¶¶ 12, 15. For example, Plaintiff claims that the bureaus reported "conflicting open dates," "conflicting high credit" and "conflicting past-due amounts" for each of the accounts. *See id.* Plaintiff claims that "[a]t least one CRA must be wrong," but he still does

DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT – 2:25-cv-00404-BLW

not allege what the accurate information should be or which CRA specifically got it wrong. *See id.* ¶ 15. The only additional alleged inaccuracies for the accounts is a new allegation that the CRAs are reporting the accounts as "Collection/Charge-off," but the "payment histories do not support a charge-off event" or "no 30-60-90-120 delinquency chain exists." *See id.* ¶¶ 12(d), 15(c). Plaintiff appears to suggest that the accounts cannot report as charged off[1] – a fact that Plaintiff does not dispute – because there was not a progressive delinquent payment history reporting that lead up to the charge off. Even if this is true, Plaintiff has not alleged that the accounts were not or should not have been charged off, only that he believes the accounts should have reported more adverse than they did. However, this type of inaccuracy is insufficient to state a claim.[2]

Even if Plaintiff did allege an inaccuracy, his claims still fail because he has not alleged that Defendants issued an inaccurate consumer report to any third party, that the inaccurate reporting resulted from Defendants' failure to follow reasonable procedures or how such failures resulted in any specific harm. Section 1681e(b) requires Plaintiff to plead and prove: (1) inaccurate information was included in his consumer report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure the maximum possible accuracy of his consumer report; (3) plaintiff suffered damages; and (4) plaintiff's damages were caused by defendant's failure to follow reasonable procedures to assure maximum possible accuracy. *See, e.g., Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008). In fact, the Second Amended Complaint contains no

---

[1] As noted in Ford's counterclaim, Plaintiff attempted to pay his auto loan with multiple counterfeit checks and with falsified electronic payments. *See* ECF No. 40 at 13-14 ¶¶ 7-8, 11-13. While not necessary for purposes of this Motion, it appears that Ford may have reported the payments as on time because they were misled by Plaintiff. It was later that Ford rejected the attempted payments upon discovering that they were not valid.

[2] *See, e.g., Artemov v. TransUnion, LLC*, No. 20-CV-1892 (BMC), 2020 WL 5211068, at *7 (E.D.N.Y. Sept. 1, 2020) (discussing "[t]he implausible scenario" of how a CRA's reporting of <u>more</u> delinquent information could have impacted the outcome of a prospective credit application because "in either case, the denial of credit was going to happen").

DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT – 2:25-cv-00404-BLW

pleadings of any violations of Section 1681e(b) other than a conclusory allegation that Defendants failed to follow reasonable procedures to assure maximum possible accuracy, but this is not enough. *See, e.g., Broaddus v. Trans Union LLC*, No. 23-cv-1867-DMS-DEB, 2024 WL 3892934, at *7-*8 (S.D. Cal. Aug. 21, 2024) (granting CRA Defendants' motion to dismiss where the plaintiff merely alleged that the CRA Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information in the plaintiff's complaint because the plaintiff did not allege sufficient facts that show Defendants prepared an inaccurate credit report).

Finally, Plaintiff's claims for the alleged reporting of "personal information inaccuracies" is not actionable. As the Court has already held, "the reporting of personal identifying information generally does not give rise to FCRA liability because such information does not bear on a consumer's creditworthiness." Memorandum Decision and Order at 8. Nevertheless, Plaintiff attempts to allege in his Second Amended Complaint that the CRAs reported "multiple contradictory versions of Plaintiff's name," "incorrect address variations," "prior addresses where Plaintiff never lived" and "employment entries appearing only on Trans Union." *See* Second Amended Compl. ¶ 17. However, these claims fail because, as the Court has already held, "name, address, Social Security number, and phone number do not bear on creditworthiness factors" and "biographical information including addresses does not constitute consumer report information." Memorandum Decision and Order at 8 (citing *Individual Reference Servs. Grp., Inc. v. F.T.C.*, 145 F. Supp. 2d 6, 17 (D.D.C. 2001) and *Parker v. Equifax Info. Servs., LLC*, No. 2:15-CV-14365, 2017 WL 4003437 (E.D. Mich. Sept. 12, 2017)).

DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT – 2:25-cv-00404-BLW

### B. Plaintiff's Second Amended Complaint Still Fails To Sufficiently Allege A Permissible Purpose Claim Under Section 1681b Of The FCRA.

Plaintiff has reasserted his Section 1681b permissible purpose claims, but the Second Amended Complaint still fails to allege sufficient facts to support them. Specifically, Plaintiff alleges that he "did not apply for credit with [CBNA and Lifted Truck] and did not authorize these inquiries." Second Amended Compl. ¶¶ 19-20. However, the Court previously dismissed Plaintiff's Section 1681b claims, holding that "consumer consent is not required under § 1681b [because] a CRA may furnish a report if it has reason to believe the requester has a permissible purpose." Memorandum Decision and Order at 10. The Court correctly noted that the standard is whether a CRA "'has reason to believe' the requester had a permissible purpose." *Id*. (citing 15 U.S.C. § 1681b(a)(3)).

Plaintiff's Second Amended Complaint still does not allege that Defendants knew or should have known that the disputed inquiries were being requested by CBNA or Lifted Truck without a permissible purpose. Even if it is true that Plaintiff "did not authorize these inquiries" and "did not apply for credit with these entities," that is not the standard.[3] As the Court has already noted, the standard is whether a CRA "has reason to believe the requester had a permissible purpose." Therefore, Plaintiff's permissible purpose claims are insufficiently alleged and the Section 1681b claims should also be dismissed.

---

[3] Plaintiff claims in his Response in Opposition to the CRA Defendants' original Motion to Dismiss that the burden is on the CRAs to show compliance with § 1681b. Plaintiff cites a case in support that does not address the issue. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2019).

DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT – 2:25-cv-00404-BLW

### C. Plaintiff's Willfulness Claims Fail

Even if Plaintiff's Second Amended Complaint alleged an actionable inaccuracy or that the CRAs prepared consumer reports without having a reasonable belief that they would be used for a permissible purpose, Plaintiff's willfulness claims are insufficiently alleged. For willful violations of the FCRA, "the court may award either actual damages or statutory damages which range from $100 to $1,000 per consumer, as well as punitive damages, costs, and attorney fees for willful violations of the statute." *Pyle v. First Nat'l Collection Bureau*, No. 1:12-cv-00288-AWI-SKO, 2012 WL 1413970, at *11 (E.D. Cal. Apr. 20, 2012). "However, 'a plaintiff must affirmatively prove that he is entitled to these damages.'" *Id.* (quoting *Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 610 (7th Cir. 2005)). In this case, Plaintiff has not. Plaintiff fails to plead *any* facts to substantiate a willful violation of the FCRA. *See, e.g., Franklin v. Trans Union, LLC,* No. CV 19-0888-CBM-SHKX, 2019 WL 6871254, at *9-*10 (C.D. Cal. Oct. 8, 2019) (holding that a plaintiff's conclusory allegations of a willful violation of the FCRA, with no additional facts, fails to state a claim).

Willfulness is an exceedingly high standard, denoting either knowingly or acting with reckless disregard. *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 58-59 (2007). "Reckless FCRA violations" require "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 57, 68 (citing *Farmer v. Brennan,* 511 U.S. 825, 836 (1994)). A CRA "does not act in reckless disregard of [the FCRA] unless the action is not only a violation under a reasonable reading of the statute's terms, but [also] shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. Even an "erroneous" reading of the statute is not necessarily "objectively unreasonable." *Id.*

DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT – 2:25-cv-00404-BLW

Plaintiff vaguely states that "Defendants acted willfully and negligently, entitling Plaintiff to actual, statutory, punitive damages," because "Defendants violations were willful in that they continued report the same inaccuracies after multiple disputes, after internal contradictions were apparent on face of their own files. . ." Second Amended Compl. ¶ 29. Even if this was true, which it is not, neither the failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file nor the mere existence of inaccuracies in a consumer's report alone can amount to willful noncompliance with the FCRA. *See, e.g., Barrepski v. Capital One Bank (U.S.A.) N.A.,* No. 11-30160-NMG, 2014 WL 9355983, at *11 (D. Mass. Jan. 24, 2014); *Hill v. Equifax Info. Servs., LLC,* 974 F. Supp. 2d 865, 869 (M.D.N.C. 2013) *vacated in part,* No. 1:11CV107, 2014 WL 12955582 (M.D.N.C. Sept. 11, 2014); *Johnson v. Equifax, Inc.,* 510 F. Supp. 2d 638, 648 (S.D. Ala. 2007) (citation omitted); *Valvo v. Trans Union LLC,* No. 04-70S, 2005 WL 3618272, at *8 (D.R.I. Oct. 27, 2005). Nor is a CRA's failure to identify inaccurate information after receiving a dispute enough to establish a willful violation of the FCRA. *See Robertson v. Experian Info. Sols.,* No. 1:CV-09-0850, 2010 WL 1643579, at *14 (M.D. Pa. Apr. 22, 2010). As set forth above, this falls far short of the mark and requires dismissal without leave to amend. *See Jenkins v. AmeriCredit Fin. Servs.,* No. 14-cv-5687 (SJF)(AKT), 2017 WL 1325369, at *23-*24 (E.D.N.Y. Feb. 14, 2017) ("[M]ere failure to correct a plaintiff's inaccurate credit information, even after notification of the inaccuracy does not constitute a willful failure to comply with the FCRA.") (internal quotations and citations omitted). Therefore, because Plaintiff's conclusory allegations of willfulness fail to articulate any purposeful or reckless violation by CRA Defendants, Plaintiff's claims for willful violations also cannot stand and should be dismissed.

DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT – 2:25-cv-00404-BLW

Page 10 of 12

## IV. CONCLUSION

For the foregoing reasons, Equifax, Experian, and Trans Union respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint with prejudice, in its entirety and for such other relief as the Court deems necessary.

Respectfully submitted,

*/s/ Nermy J. Winner*
Nermy J. Winner, Esq.
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 606
Fax: (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

Brad P. Miller, Esq.
Hawley Troxell
877 Main Street, 2nd Floor
Boise, ID 83702
Telephone: 208-344-6000
Fax: 208-954-5206
E-Mail: bmiller@hawleytroxell.com

*Local Counsel for Defendant Trans Union LLC*

DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT – 2:25-cv-00404-BLW

Page 11 of 12

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **30th day of December, 2025**, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Charles H. Carpenter, Esq. <br> carpentc@carpenterlawfirmplc.com | Erica J. White, Esq. <br> ejw@elamburke.com |
| Jed W. Manwaring, Esq. <br> jwm@elamburke.com | Michael J. Archibald, Esq. <br> marchibald@m2law.net |

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid, addressed as follows:

| | |
|---|---|
| **Pro Se Plaintiff** <br> Jason Henry Allen <br> 2600 East Seltice Way #235 <br> Post Falls, ID 83854 | |

Via certified mail, return receipt requested, addressed as follows:

| | |
|---|---|
| None. | |

*/s/ Nermy J. Winner*
Nermy J. Winner, Esq.
 (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 606
Fax: (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT – 2:25-cv-00404-BLW