Jed W. Manwaring, ISB # 3040
Erica J. White, ISB # 7475
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701-1539
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jwm@elamburke.com
ejw@elamburke.com

*Attorneys for Defendant/Counterclaimant Ford Motor Credit Company LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>        Plaintiff, In Propria Persona,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; and MICHAEL J. ARCHIBALD,<br><br>        Defendants.<br><br>FORD MOTOR CREDIT COMPANY LLC,<br><br>        Counterclaimant,<br><br>v.<br><br>JASON HENRY ALLEN,<br><br>        Counterdefendant. | Case No. 2:25-cv-00404-BLW<br><br>DEFENDANT FORD MOTOR CREDIT COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES [DKT. 51] AND COUNTERCLAIM |

DEFENDANT FORD MOTOR CREDIT COMPANY'S ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES [DKT. 51] AND COUNTERCLAIM- 1

Defendant Ford Motor Credit Company LLC ("Ford"), by and through its counsel of record, Elam & Burke P.A., and in answer to Plaintiff's Second Amended Complaint for Damages [Dkt. 51] ("Second Amended Complaint"), admits, denies, and alleges as follows:

## I.   INTRODUCTION

1. In answer to the allegations set forth in Paragraph 1 of the section titled "Introduction" of the Second Amended Complaint, Ford admits that Plaintiff has brought a claim under the Fair Credit Reporting Act. Ford denies the remaining allegations contained therein.

2. In answer to the allegations set forth in Paragraph 2 of the section titled "Introduction" of the Second Amended Complaint, Ford states that the Court's Memorandum Decision and Order entered on December 4, 2025, speaks for itself. Ford denies that the Second Amended Complaint cures any deficiencies identified by the Court.

3. In answer to the allegations set forth in Paragraph 3 of the section titled "Introduction" of the Second Amended Complaint, Ford denies the allegations contained therein.

## II.   JURISDICTION AND VENUE

4. In answer to the allegations set forth in Paragraph 3 of the section titled "Jurisdiction and Venue" of the Second Amended Complaint, Plaintiff attempts to set forth legal conclusions which do not require an answer from Ford.

5. In answer to the allegations set forth in Paragraph 4 of the section titled "Jurisdiction and Venue" of the Second Amended Complaint, Plaintiff attempts to set forth legal conclusions which do not require an answer from Ford.

### III.    PARTIES

6. In answer to the allegations set forth in Paragraph 5 of the section titled "Parties" of the Second Amended Complaint, Ford lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and therefore denies the same.

7. In answer to the allegations set forth in Paragraph 6 of the section titled "Parties" of the Second Amended Complaint, Ford lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and therefore denies the same.

8. In answer to the allegations set forth in Paragraph 7 of the section titled "Parties" of the Second Amended Complaint, Plaintiff attempts to set forth legal conclusions which do not require an answer from Ford. In the event any of these allegations are factual, Ford denies the same.

### IV.    FACTUAL ALLEGATIONS

**A.    Plaintiff's Disputes**

9. In answer to the allegations set forth in Paragraph 8 of the section titled "Factual Allegations" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford is without sufficient information to admit or deny the allegations contained therein and therefore denies the allegations contained therein.

10. In answer to the allegations set forth in Paragraph 9 of the section titled "Factual Allegations" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford admits only that it received some Automated Consumer Dispute Verifications regarding Allen's

account with Ford. Ford is without sufficient information to admit or deny the remaining allegations contained therein and therefore denies the allegations contained therein.

11. In answer to the allegations set forth in Paragraph 10 of the section titled "Factual Allegations" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

12. In answer to the allegations set forth in Paragraph 11 of the section titled "Factual Allegations" of the Second Amended Complaint, Plaintiff attempts to set forth legal conclusions which do not require an answer from Ford. To the extent an answer is required, Ford denies the allegations contained therein.

13. In answer to the allegations set forth in Paragraph 12 of the section titled "Factual Allegations" of the Second Amended Complaint, Ford denies the allegations contained therein.

14. In answer to the allegations set forth in Paragraph 13 of the section titled "Factual Allegations" of the Second Amended Complaint, Plaintiff attempts to set forth legal conclusions which do not require an answer from Ford. To the extent an answer is required, Ford denies the allegations contained therein.

15. In answer to the allegations set forth in Paragraph 14 of the section titled "Factual Allegations" of the Second Amended Complaint, Ford denies the allegations contained therein.

16. In answer to the allegations set forth in Paragraph 15 of the section titled "Factual Allegations" of the Second Amended Complaint, Ford denies the allegations contained therein.

**B.    Specific Inaccurate Accounts – ICCU**

1. ICCU Auto Loan – Account No. ending in 74538

(Extracted from TU, EX, and EQ July & September 2025 reports)

17.     In answer to the allegations set forth in Paragraph 12 of the section titled "Specific Inaccurate Accounts – ICCU" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

18.     In answer to the allegations set forth in Paragraph 13 of the section titled "Specific Inaccurate Accounts – ICCU" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

19.     In answer to the allegations set forth in Paragraph 14 of the section titled "Specific Inaccurate Accounts – ICCU" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

20.     In answer to the allegations set forth in Paragraph 15 of the section titled "Specific Inaccurate Accounts – ICCU" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

21.     In answer to the allegations set forth in Paragraph 16 of the section titled "Specific Inaccurate Accounts – ICCU" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

**C.     Specific Inaccurate Accounts – Ford Motor Credit**

(Extracted from TU and EX July & September 2025 reports)

22. In answer to the allegations set forth in Paragraph 15 of the section titled "Specific Inaccurate Accounts – Ford Motor Credit" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

23. In answer to the allegations set forth in Paragraph 16 of the section titled "Specific Inaccurate Accounts – Ford Motor Credit" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

24. In answer to the allegations set forth in Paragraph 17 of the section titled "Specific Inaccurate Accounts – Ford Motor Credit" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

25. In answer to the allegations set forth in Paragraph 18 of the section titled "Specific Inaccurate Accounts – Ford Motor Credit" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

**D.     Personal Information Inaccuracies**

26. In answer to the allegations set forth in Paragraph 17 of the section titled "Personal Information Inaccuracies" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

27. In answer to the allegations set forth in Paragraph 18 of the section titled "Personal Information Inaccuracies" of the Second Amended Complaint, Ford states that the allegations

contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

28. In answer to the allegations set forth in Paragraph 19 of the section titled "Personal Information Inaccuracies" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

**E.**     **Unauthorized Inquiries**

29. In answer to the allegations set forth in Paragraph 19 of the section titled "Unauthorized Inquiries" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

30. In answer to the allegations set forth in Paragraph 20 of the section titled "Unauthorized Inquiries" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

31. In answer to the allegations set forth in Paragraph 21 of the section titled "Unauthorized Inquiries" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

32. In answer to the allegations set forth in Paragraph 22 of the section titled "Unauthorized Inquiries" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

## V.   CAUSES OF ACTION

**Count I – 15 U.S.C. § 1681e(b)**

(Failure to Follow Reasonable Procedures)

33. In answer to the allegations set forth in Paragraph 22 of the section titled "Count I -15 U.S.C. § 1681e(b) (Failure to Follow Reasonable Procedures)" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

34. In answer to the allegations set forth in Paragraph 23 of the section titled "Count I -15 U.S.C. § 1681e(b) (Failure to Follow Reasonable Procedures)" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

**Count II – 15 U.S.C. § 1681i**

(Failure to Reinvestigate)

35. In answer to the allegations set forth in Paragraph 24 of the section titled "Count II -15 U.S.C. § 1681i (Failure to Reinvestigate)" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

36. In answer to the allegations set forth in Paragraph 25 of the section titled "Count II -15 U.S.C. § 1681i (Failure to Reinvestigate)" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford denies the allegations contained therein.

**Count III – 15 U.S.C. § 1681s-2(b)**

(Furnisher Liability: ICCU and Ford)

37. In answer to the allegations set forth in Paragraph 26 of the section titled "Count III -15 U.S.C. § 1681s-2(b) (Furnisher Liability: ICCU and Ford)" of the Second Amended Complaint, Plaintiff attempts to set forth legal conclusions which do not require an answer from Ford. To the extent an answer is required, Ford denies the allegations contained therein.

38. In answer to the allegations set forth in Paragraph 27 of the section titled "Count III -15 U.S.C. § 1681s-2(b) (Furnisher Liability: ICCU and Ford)" of the Second Amended Complaint, Ford denies the allegations contained therein.

39. In answer to the allegations set forth in Paragraph 28 of the section titled "Count III -15 U.S.C. § 1681s-2(b) (Furnisher Liability: ICCU and Ford)" of the Second Amended Complaint, Plaintiff attempts to set forth legal conclusions which do not require an answer from Ford. To the extent an answer is required, Ford denies the allegations contained therein.

**Count IV – 15 U.S.C. § 1681b**

(Unauthorized Pulls of Consumer Reports)

40. In answer to the allegations set forth in Paragraph 28 of the section titled "Count IV - 15 U.S.C. § 1681b (Unauthorized Pulls of Consumer Reports)" of the Second Amended Complaint, Ford denies the allegations contained therein.

41. In answer to the allegations set forth in Paragraph 29 of the section titled "Count IV - 15 U.S.C. § 1681b (Unauthorized Pulls of Consumer Reports)" of the Second Amended Complaint, Plaintiff attempts to set forth legal conclusions which do not require an answer from Ford. To the extent an answer is required, Ford denies the allegations contained therein.

**Willful and Negligent Noncompliance**

(§§ 1681n, 1681o)

42. In answer to the allegations set forth in Paragraph 29 of the section titled "Willful and Negligent Noncompliance §§ 1681n, 1681o" of the Second Amended Complaint, Ford denies the allegations contained therein.

43. In answer to the allegations set forth in Paragraph 30 of the section titled "Willful and Negligent Noncompliance §§ 1681n, 1681o" of the Second Amended Complaint, Ford denies the allegations contained therein.

## VI. DAMAGES

44. In answer to the allegations set forth in the section titled "VI. Damages" of the Second Amended Complaint including Paragraph 30, Ford denies the allegations contained therein.

45. In answer to the allegations set forth in Paragraph 31 of the section titled "VI. Damages" of the Second Amended Complaint, to the extent an answer is required, Ford denies the allegations contained therein.

## VII. NECESSITY OF INJUNCTIVE AND DECLARATORY RELIEF

46. In answer to the allegations set forth in Paragraph 1 of the section titled "VII. Necessity of Injunctive and Declaratory Relief" of the Second Amended Complaint, Ford denies that Plaintiff is entitled to injunctive and declaratory relief.

47. In answer to the allegations set forth in Paragraph 2 of the section titled "VII. Necessity of Injunctive and Declaratory Relief" of the Second Amended Complaint, Ford denies the allegations contained therein.

48. In answer to the allegations set forth in Paragraph 3 of the section titled "VII. Necessity of Injunctive and Declaratory Relief" of the Second Amended Complaint, Ford denies the allegations contained therein.

49. In answer to the allegations set forth in Paragraph 4 of the section titled "VII. Necessity of Injunctive and Declaratory Relief" of the Second Amended Complaint, Ford denies the allegations contained therein.

50. In answer to the allegations set forth in Paragraph 5 of the section titled "VII. Necessity of Injunctive and Declaratory Relief" of the Second Amended Complaint, Ford denies the allegations contained therein.

51. In answer to the allegations set forth in Paragraph 6 of the section titled "VII. Necessity of Injunctive and Declaratory Relief" of the Second Amended Complaint, Ford denies the allegations contained therein.

## VIII.   JURY DEMAND

52. Ford need not respond to Plaintiff's demand for jury trial.

## IX.   PRAYER FOR RELIEF

53. Ford denies the allegations set forth in the section of the Second Amended Complaint titled "Prayer for Relief," including its subparagraphs A through D.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a cause of action against Ford upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Ford denies each and every allegation contained in the Second Amended Complaint that is not specifically admitted herein.

DEFENDANT FORD MOTOR CREDIT COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES [DKT. 51] AND COUNTERCLAIM- 11

### THIRD AFFIRMATIVE DEFENSE

Ford is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule, law or statute deemed to apply.

### FOURTH AFFIRMATIVE DEFENSE

Ford may not have received proper notice of the dispute from a consumer reporting agency, which is a prerequisite for liability under § 1681s-2(b).

### FIFTH AFFIRMATIVE DEFENSE

Ford acted in good faith and substantially complied with its duties under the statute.

### SIXTH AFFIRMATIVE DEFENSE

The information furnished was accurate.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff did not suffer actual damages as a result of any alleged violation.

### EIGHTH AFFIRMATIVE DEFENSE

Ford maintained reasonable procedures to assure maximum possible accuracy.

### NINTH AFFIRMATIVE DEFENSE

Ford is not responsible for some or all of the information that is being disputed.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to provide sufficient information to investigate the dispute.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by waiver and/or estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by fraud.

## COUNTERCLAIM

Counterclaimant Ford Motor Credit Company LLC ("Ford"), by and through its counsel of record, Elam & Burke P.A., hereby counterclaims against Counterdefendant Jason Henry Allen ("Allen") as follows:

## PARTIES AND JURISDICTION

1. Ford is a Delaware limited liability company with its principal place of business in Dearborn, Michigan.

2. Upon information and belief, Allen is an individual residing at 2600 E. Seltice Way #235, Post Falls, Idaho 83854.

3. The Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367 as it is a compulsory counterclaim.

4. Venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

5. Allen purchased a 2020 Ford Explorer VIN ending 6339 ("Vehicle") on July 2, 2020. On that same date, Allen financed the purchase of $64,656.00 through Ford by entering into a Retail Installment Sale Contract ("Contract"). A true and correct copy is attached hereto as Exhibit A. Allen thereby agreed to repay the amount financed by making 72 payments of $898.00 per month, to Ford beginning August 16, 2020.

6. Paragraph 2(c) of the Contract provided for a security interest in the Vehicle stating that "you [Allen] give us [Ford] a security interest in the vehicle and all parts and goods put on it." In addition, paragraph 3(d) of the Contract provided that, "If you default we [Ford] may take (repossess) the vehicle from you [Allen]."

7.      On or about July 15, 2024, Allen presented a non-negotiable instrument to Ford to pay off the loan in the amount of $22,450.00. This instrument labeled as "Certified Funds" was rejected by Ford as being non-negotiable. The instrument was non-negotiable as it was not linked to or drawn from a valid existing account. A true and correct copy is attached hereto as Exhibit B.

8.      On or around August 1, 2024, Allen presented a non-negotiable instrument to Ford to pay off the loan in the amount of $21,552.00. This instrument labeled as "Certified Funds" was rejected by Ford as being non-negotiable. The instrument was non-negotiable as it was not linked to or drawn from a valid existing account. A true and correct copy is attached hereto as Exhibit C.

9.      Allen scheduled several electronic payments via a Payment Authorization Agreement with Ford as follows:

    a. October 3, 2024      $20,897.00

    b. October 10, 2024    $20,898.00

    c. October 18, 2024    $21,796.00

    d. October 24, 2024    $21,796.00

    e. October 31, 2024    $23,840.90

    f. November 7, 2024   $22,500.00

    g. November 14, 2024  $23,840.90

    h. November 21, 2024  $24,738.90.

10.    Upon receipt of Allen's October 3, 2024, electronic payment, Ford sent a letter dated October 3, 2024, to Allen informing Allen that the loan had been paid-in-full. After sending the letter, Ford discovered that Allen used his social security number as the account number, thus Ford was unable to locate an account and/or no account existed.

DEFENDANT FORD MOTOR CREDIT COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES [DKT. 51] AND COUNTERCLAIM- 14

11. On or around October 18, 2024, in reliance upon Allen's tender of a falsified electronic payment, Ford's lien was released and the title was issued to Allen.

12. All of the electronic payments identified in paragraph 9 a-h above were returned as non-negotiable payments as Ford was unable to locate his account and/or no account existed.

13. On October 22, 2024, Ford informed Allen that his October 18, 2024 electronic payment in the amount of $21,796.00 was returned as unable to locate account. Ford informed Allen that his obligation to make monthly payments or pay the balance in full remained in effect.

14. On December 2, 2024, Ford informed Allen that his payment in the amount of $22,000 was not honored. Further, he was informed that the paid-in-full documents should not have been sent to him. All terms and conditions of his contract, including his payment obligations, remained in full force and effect. Further, Ford retained a security interest in the Vehicle until balance is paid in full. Attached as Exhibit D is a true and correct letter from Ford to Allen rescinding any release of the payment obligations and security interest.

15. Ford did not receive any funds from the electronic payments identified in paragraph 9 a-h above.

16. All the foregoing factual allegations in the Counterclaim are restated and incorporated by reference into all Counts below.

## COUNT ONE
## BREACH OF CONTRACT

17. Ford has fully performed all obligations under the Contract.

18. By failing to remit the required monthly payments to Ford, Allen has defaulted under the Contract, constituting a material breach of the Contract.

DEFENDANT FORD MOTOR CREDIT COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES [DKT. 51] AND COUNTERCLAIM- 15

19. Based on Allen's default and breach, Ford has elected, and does hereby elect, pursuant to the terms of the Contract, to declare the entire outstanding balance under the Contract, inclusive of interest and accrued late charges, to be immediately due and owing.

20. Allen's breach of its payment obligations under the Contract has caused Ford to suffer damages in the total amount of $18,906.80 as of September 22, 2025.

21. Ford has demanded that Allen pay the amounts due and owing under the Contract, but Allen has refused, neglected, or otherwise failed to pay said amount.

## COUNT TWO
## FRAUD IN THE INDUCEMENT

22. Allen owes a debt to Ford based on the Contract.

23. On or about July 15, 2024 and August 1, 2024, Allen represented to Ford that the debt would be satisfied by payment using "Certified Funds."

24. Allen represented that the instruments were valid, negotiable, and sufficient to satisfy the debt.

25. Ford later discovered that the instruments were non-negotiable, invalid, and/or not payable on demand or at a definite time and therefore did not constitute valid payment of the debt.

26. Allen knew or should have known that the instruments were non-negotiable and would not satisfy the debt.

27. Allen's representations were false and made with the intent to induce Ford to accept the instruments as payment.

28. On or about October 3, 2024, October 10, 2024, October 18, 2024, October 24, 2024, October 31, 2024, November 7, 2024, November 14, 2024, and November 21, 2024, Allen represented to Ford that the debt would be satisfied by payment using "electronic funds transfer."

DEFENDANT FORD MOTOR CREDIT COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES [DKT. 51] AND COUNTERCLAIM- 16

29. Plaintiff represented that the payments were valid, negotiable, and sufficient to satisfy the debt.

30. Ford later discovered that the payments were non-negotiable, invalid, and/or not payable on demand or at a definite time and therefore did not constitute valid payment of the debt.

31. Allen knew or should have known that the payments were non-negotiable and would not satisfy the debt.

32. Allen's representations were false and made with the intent to induce Ford to accept the instruments as payment.

33. Ford was ignorant of Allen's false representations.

34. Ford relied upon Allen's representations and had a right to rely on his representations.

35. As a direct and proximate result of Allen's fraudulent conduct, Ford sent Allen a letter informing him that the debt was paid-in-full, released its lien, and issued the title to Allen.

36. As a direct and proximate result of Allen's fraudulent conduct, Ford has suffered damages, including, but not limited to, the continued existence of the alleged debt in the amount of $18,906.80, costs, fees, and other consequential damages.

37. Allen's fraudulent conduct detailed above was oppressive, fraudulent, malicious, outrageous, and an extreme deviation of acceptable standards of conduct causing economic harm to Defendant Ford.

## COUNT THREE
## FORECLOSURE OF SECURITY INTEREST

38. Pursuant to the Contract, Ford has a valid security interest in the Vehicle 2020 Ford Explorer as collateral for the payment obligations.

39. Allen has defaulted on his payment obligations under the Contract.

40. Pursuant to Idaho Code § 28-9-609(a), as a result of default Ford "(1) May take possession of the collateral; and (2) … dispose of the collateral …." This action may be pursued by "judicial process." Idaho Code § 28-9-609(b)(1).

41. Ford is entitled to a judgment foreclosing its security interest in the Vehicle and requiring turnover of possession to Ford.

## REQUEST FOR ATTORNEY FEES

Ford has been required to retain the services of Elam & Burke, P.A., in order to defend against the Second Amended Complaint and in pursuit of its Counterclaim and is entitled to reasonable attorney fees and costs incurred in this matter pursuant to applicable Contract, Idaho Code §§ 12-101, 12-120(3), 12-121, and/or 12-123, 15 U.S.C. § 1681n(c), 15 U.S.C. § 1681o(b), Rule 54 of the Federal Rules of Civil Procedure, and any other applicable statutes and/or common law provisions. In the event Allen defaults on the Counterclaim, Ford claims reasonable attorney fees of $5,000.00.

## INTEREST

Ford is entitled to awards of prejudgment and post-judgment interest pursuant to Idaho Code § 28-22-104.

## PRAYER

WHEREFORE, Ford prays for judgment as follows:

1. That the Second Amended Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2. For a judgment against Allen based upon breach of contract and/or fraud against Allen in the amount of $18,906.80, plus other incidental and consequential damages, and plus applicable pre- and post-judgment interest;

3.  For a judgment of foreclosure of the Vehicle and order turnover of possession to Ford for disposition and application of proceeds to Allen's obligations;

4.  That Ford be awarded its attorney fees, costs, and expenses necessarily incurred in defending itself in this action;

5.  For attorney fees in the amount of $5,000.00 in the event of default on the Counterclaim or, in the event the Counterclaim is contested, in such amount set by the Court; and

6.  For such other and further relief as this Court may deem just and proper.

DATED this 31st day of December, 2025.

        ELAM & BURKE, P.A.

By: /s/ Erica J. White
    Jed W. Manwaring, Of the Firm
    Erica J. White, Of the Firm
    *Attorneys for Defendant/Counterclaimant*
    *Ford Motor Credit Company LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of December, 2025, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following individuals:

| | |
|---|---|
| Charles Henry Carpenter | carpentc@carpenterlawfirmplc.com |
| Elizabeth Corey | Elizabeth.corey@troutman.com |
| Brad P. Miller | bmiller@hawleytroxell.com |
| Jean Schroeder | jschroeder@hawleytroxell.com |
| Nermy J. Winner | nermy.winner@qslwm.com |
| Michael John Archibald | marchibald@m2law.net |
| Meredith L. Thielbahr | mthielbahr@grsm.com |

In addition, I caused to be served a true copy of this document via U.S. Mail to the following:

Jason Henry Allen, *plaintiff pro se*
2600 E. Seltice Way #235
Post Falls, ID 83854

/s/ *Erica J. White*
Jed W. Manwaring
Erica J. White

4907-9145-7411, v. 2

DEFENDANT FORD MOTOR CREDIT COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES [DKT. 51] AND COUNTERCLAIM- 20