# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN<br><br>Plaintiff, In Propria Persona<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>EQUIFAX INFORMATION SERVICES LLC;<br><br>TRANS UNION LLC;<br><br>FORD MOTOR CREDIT COMPANY LLC;<br><br>M2 LAW GROUP P.C.;<br><br>MICHAEL J. ARCHIBALD;<br><br>Defendants | Case No.: 2:25-CV-00404-BLW<br><br>PLAINTIFF'S OBJECTION AND MOTION FOR RECONSIDERATION OF THE COURT'S MEMORANDUM DECISION AND ORDER (DKT. 57) |

**U.S. COURTS**

JAN 0 6 2026

Rcvd_____Filed_____Time 3:59 pm
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## PLAINTIFF'S OBJECTION AND MOTION FOR RECONSIDERATION

## OF THE COURT'S MEMORANDUM DECISION AND ORDER (DKT. 57)

Plaintiff Jason Henry Allen ("Plaintiff"), appearing in propria persona, respectfully moves for reconsideration of the Court's Memorandum Decision and Order entered January 4, 2026 (Dkt. 57), pursuant to Federal Rule of Civil Procedure 54(b) and the Court's inherent authority to revise interlocutory orders prior to final judgment.

This motion is narrowly and respectfully brought to correct clear legal error, prevent manifest injustice, and ensure the record accurately reflects the governing Rule 12 pleading standards. Plaintiff does not seek reargument, factual findings, or merits determinations. Rather, Plaintiff seeks clarification that allegations contradicted by documents properly considered at the pleading stage should not be credited as plausible under controlling Ninth Circuit authority.

## I. STANDARD OF REVIEW

Because the Court's Memorandum Decision and Order is interlocutory, reconsideration is governed by **Federal Rule of Civil Procedure 54(b)**. Under Rule 54(b), a district court may revise any order adjudicating fewer than all claims at any time prior to the entry of final judgment.

Reconsideration is appropriate where the court has committed clear legal error, misapplied controlling law, or where reconsideration is necessary to prevent manifest injustice.

A court commits clear error where it applies an incorrect legal standard or credits allegations that are contradicted by documents properly considered at the pleading stage. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002–03 (9th Cir. 2018).

This motion does **not** ask the Court to resolve disputed facts or weigh evidence. It asks only that the Court apply the correct Rule 12 framework and refrain from crediting allegations rendered implausible by documents incorporated by reference or subject to judicial notice.

# II. THE COURT RELIED ON ALLEGATIONS CONTRADICTED BY DOCUMENTS PROPERLY CONSIDERED AT THE PLEADING STAGE

## A. Pleading-Stage Contradiction by Documents Properly Before the Court

At the Rule 12 stage, the Court was required to assess plausibility without resolving factual disputes. However, the Court credited allegations asserting that Ford "rejected" Plaintiff's payments, notwithstanding the existence of documents referenced in the pleadings and properly considered at this stage that contradict that narrative.

Plaintiff does **not** ask the Court to determine whether payment was in fact accepted. Plaintiff submits only that allegations of payment rejection should not be credited as plausible where they are contradicted by documents reflecting payoff correspondence and lien release.

## B. Documents Rendering Contrary Allegations Implausible

The pleadings and judicially noticeable materials reflect that Ford:

- Issued written payoff correspondence dated October 3, 2024;
- Released its lien on the subject vehicle; and
- Caused a certificate of title to issue in Plaintiff's name reflecting no lien or encumbrance.

At the pleading stage, these documents bear directly on plausibility. Under **Khoja**, allegations that conflict with such documents may not be credited as true for purposes of Rule 12 analysis.

Plaintiff respectfully submits that the Court inadvertently credited allegations that should instead have been assessed in light of these documents' existence and contents.

## C. Objective Manifestations Undermine Plausibility of Payment Rejection Allegations

Under settled commercial and contract law principles, a creditor's objective manifestations bear directly on the plausibility of allegations asserting payment rejection.

Acceptance occurred when Ford:

- Credited the account;
- Represented the obligation as satisfied;
- Relinquished its security interest; and
- Delivered title free of lien.

A creditor cannot retroactively "unaccept" payment after altering legal title and the parties' rights. The Court's conclusion to the contrary is unsupported by law and logic.

## III. THE COURT MISAPPLIED RULE 12 PLAUSIBILITY STANDARDS

While Rule 12(b)(6) requires courts to accept well-pleaded factual allegations as true, it does not require acceptance of allegations that are contradicted by documents incorporated by reference or subject to judicial notice.

The Ninth Circuit has made clear that where such contradictions exist, courts must consider them in assessing plausibility. **Khoja, 899 F.3d at 1002**.

Here, the existence and contents of Ford's payoff correspondence and lien release documentation render allegations of payment rejection implausible at the pleading stage. Plaintiff respectfully submits that the Court's analysis did not fully account for this limitation on Rule 12 deference.

# IV. SECURITY INTEREST TERMINATION AND PLEADING-STAGE IMPLICATIONS

Plaintiff does not request a legal determination regarding the ultimate validity or enforceability of any security interest. Plaintiff submits only that allegations asserting continued security interests or retroactive rescission should not be credited as plausible at the pleading stage where contradicted by documents reflecting lien release and title issuance.

Whether and how a security interest may be reinstated presents fact-intensive and legal questions inappropriate for resolution on the pleadings. At this stage, the documents' existence undermines the plausibility of contrary allegations.

# V. DUPLICATIVE TORT ALLEGATIONS AND ECONOMIC LOSS CONCERNS

Plaintiff respectfully submits that Ford's fraud allegations, as pled, appear duplicative of its contractual theories and seek purely economic damages arising from the contractual relationship.

Plaintiff does not request dismissal of those claims through this motion. Rather, Plaintiff notes that the Court's analysis did not address whether such allegations should be credited as plausible at the pleading stage in light of economic loss principles and the documents referenced above. See, e.g., *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos.*, 110 So.3d 399, 407 (Fla. 2013) (economic loss rule bars tort claims seeking purely contractual damages absent independent duty)

# VI. DOCUMENTS PROPERLY CONSIDERED AT THE PLEADING STAGE

Plaintiff relies only on documents properly considered at the Rule 12 stage, including documents incorporated by reference in the Second Amended Complaint and documents subject to judicial notice under Federal Rule of Evidence 201.

These include:

**Exhibit A – Ford Motor Credit Company Payoff Letter (October 3, 2024)**

Written correspondence referenced in the pleadings reflecting Ford's representation that the account was paid in full.

**Exhibit B – Certificate of Title Issued Free and Clear**

A public record reflecting issuance of title in Plaintiff's name without lien or encumbrance.

Plaintiff does not ask the Court to weigh these documents against competing evidence. Plaintiff submits only that their existence and contents bear on plausibility under Rule 12.

# VII. PREJUDICIAL IMPACT AND MANIFEST INJUSTICE

By crediting allegations contradicted by documents properly considered at the pleading stage, the Court's ruling risks:

- Expanding the scope of pleading-stage determinations beyond Rule 12 limits;
- Skewing the litigation posture of Plaintiff's federal statutory claims; and
- Creating appellate issues that must be preserved.

This motion is submitted to prevent manifest injustice and to ensure the record reflects the correct procedural framework.

# VIII. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Clarify or revise its Memorandum Decision and Order to apply the correct Rule 12 plausibility framework consistent with **Khoja v. Orexigen Therapeutics, Inc.**;

2. Refrain from crediting allegations contradicted by documents properly considered at the pleading stage;

3. Clarify that Plaintiff's objections are preserved for purposes of further proceedings and appellate review; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: January 6, 2026

Respectfully submitted,

/s/ By:___Jason Henry Allen__

Jason-Henry:Allen

2600 E. Seltice Way

Post Falls, ID 83854

(323) 377-5620

Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

**CERTIFICATE OF SERVICE**

I certify that on _January 10 , 2026, a true and correct copy of the foregoing will be served effected

via email, CM/ECF, and or first-class mail, postage prepaid, to the appropriate parties including but not

limited to the following:

**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (206) 695-5100
Email: **mthielbahr@grsm.com**

**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Tel: (406) 549-3171
Email: **carpentc@carpenterlawfirmpllc.com**

**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **bmiller@hawleytroxell.com**

Jean E. Schroeder
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **jschroeder@hawleytroxell.com**

Nermy J. Winner
Quilling Selander Lownds Winslett Moser, P.C.

2001 Bryan Street, Suite 1800
Dallas, TX 75201
Tel: (214) 871-2100
Email: **nwinner@qslwm.com**

---

**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **ejw@elamburke.com**

Jed W. Manwaring
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **jwm@elamburke.com**

---

**M2 Law Group, P.C. / Howell & Vail LLP / Michael J. Archibald**
Michael J. Archibald
M2 Law Group, P.C.
P.O. Box 330
Meridian, ID 83680
Tel: (208) 887-9911
Email: **marchibald@m2law.net**

/s/ Jason-Henry:Allen

# EXHIBIT A

 | FORD **CREDIT**

P.O. Box 35905
CLEVELAND, OH 44135-0905
1-800-727-7000

**Account Number: 00000059203837**

Vehicle: 2020 FORD EXPLR 1FM5K8GC4LGA06339
Originating Dealer: HEMBORG FORD
1900 HAMNER AVE NORCO, CA 92860

PKQLV600300313 782137314
JASON ALLEN
2600 E SELTICE WAY
APARTMENT 235
POST FALLS ID 83854

10/03/2024
063-S002

Dear JASON ALLEN:

Congratulations! Your account has been paid-in-full. Please keep this letter for your records.

If your financial institution remits payments on your behalf, the service must be cancelled through that institution.

## Title/Lien Handling

We have released our lien. Your title or lien release will be mailed separately to you or the party who paid off the vehicle or to an alternate lien holder as you have directed.

Some states offer and/or require lenders to participate in electronic title programs, called ELT (Electronic Lien and Title) or e-title programs. If you reside in a state that participates in an electronic title program, it is possible that no paper title for your vehicle has been created. Instead, the title is held at the motor vehicle office as an electronic record and will be printed only upon request. If you have additional questions concerning the receipt of your paper title, please contact your local motor vehicle office.

## Credit Life and/or Disability Insurance and/or GAP

If you purchased Credit Life, Disability Insurance and/or GAP, you may be entitled to a refund of the unearned premiums if your contract was paid-in-full prior to its original maturity date. If a refund is due, Ford Credit will issue a separate check to you. If you feel you were entitled to a refund and have not received one 10 days after the date of this notice, please contact us at the number shown above.

### Credit Life and/or Disability Insurance Information for KS:
If you purchased Credit Life and/or Disability Insurance, you may be entitled to a refund of any unearned Credit Life and/or Disability Insurance premiums if your contract was paid-in-full prior to its original maturity date. The originating dealer is responsible for making the refund. However, Ford Credit will be issuing the check if a refund is due. For examination purposes, the originating dealer must keep written proof that the refund has been properly made. We will keep and provide proof to the dealer of any refund we make. If you have any questions or have not received a refund within 30 days of your request, please contact the office of the State Bank Commissioner, Division of Consumer and Mortgage Lending at 700 SW Jackson, Suite 300, Topeka, Kansas 66603.

Thank you for your business! We hope you will consider Ford for your future vehicle purchases.

Sincerely,

Ford Credit

1FM5K8GC4LGA06339    SD2                2 20241003 01

# EXHIBIT B

JASON HENRY ALLEN
C/O - ALLEN JASON
2000 E SELTICE WAY
POST FALLS ID 83854

## CERTIFICATE OF TITLE

| VIN 1 | VIN 2 | ODOMETER | ODOMETER DATE | TITLE# |
|-------|-------|----------|---------------|--------|
| 1FM5K8DC4LGA06338 | | 13134 ACTUAL | 07/25/2022 | 340639006 |

| YEAR | MAKE | BODY | MODEL | WEIGHT | L | V | ISSUE DATE | ISSUE DATE | |
|------|------|------|-------|--------|---|---|-----------|-----------|--|
| 2020 | FORD | LL | XPL | 4701 | | | 10/04/2024 | 10/07/2024 | |

OWNERS NAME AND ADDRESS

JASON HENRY ALLEN

3511 E SOLENA AVE
POST FALLS ID 83854-0512

### Assignment of Title

Warning: It is a felony to enter a false selling price, name, or address, or to falsify or forge this document. Federal and State laws require you to state the mileage when transferring motor vehicle ownership. Failure to complete or providing false information may result in fines and/or imprisonment.

**Odometer Reading** - Reading is actual unless indicated below

(No tenths) [          ]  Reading Date [          ]

☐ In Excess of Mechanical Limits  ☐ Exempt

☐ Not Actual - Warning Odometer Discrepancy  ☐ Not Checked

Date Sold

Seller's or Representative's Printed Name(s)

Seller's or Representative's Signature

A X

B X

### Lienholder Section

### Release of Liability Statement

**Please Print Clearly** - Complete as much information as you know - Notification by Seller is Mandatory for Motor Vehicles

1FM5K8DC4LGA06338