# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

JASON HENRY ALLEN

Plaintiff, In Propria Persona
v.
EXPERIAN INFORMATION
SOLUTIONS, INC.;

EQUIFAX INFORMATION SERVICES
LLC;

TRANS UNION LLC;

FORD MOTOR CREDIT COMPANY
LLC;

M2 LAW GROUP P.C.;

HOWELL & VAIL LLP;

MICHAEL J. ARCHIBALD;

Defendants

Case No.: 2:25-CV-00404-BLW

PLAINTIFF'S RESPONSE TO FORD
MOTOR CREDIT COMPANY LLC'S
ANSWER AND COUNTERCLAIM

**U.S. COURTS**

JAN 0 6 2026

Rcvd____Filed____Time 3:59 pm
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## PLAINTIFF'S RESPONSE TO FORD MOTOR CREDIT COMPANY LLC'S ANSWER

## AND COUNTERCLAIM

## I. PRELIMINARY STATEMENT

Defendant Ford Motor Credit Company LLC ("Ford") has filed an Answer and Counterclaim to

Plaintiff's Second Amended Complaint. Plaintiff submits this Response pursuant to Federal Rule

of Civil Procedure 8(b) to (a) respond to Ford's Counterclaim, (b) deny allegations not admitted,

and (c) preserve Plaintiff's defenses and statutory claims.

Ford's Counterclaim alleges state-law theories of breach of contract and fraud. Plaintiff disputes those allegations. Regardless, the existence of a contractual dispute does not negate or excuse Ford's independent duties under the Fair Credit Reporting Act ("FCRA"), which arise upon notice of a consumer dispute pursuant to 15 U.S.C. § 1681s-2(b).

This Response is not intended to adjudicate disputed facts or legal merits, but to formally join issue on Ford's Counterclaim and preserve Plaintiff's rights under federal law.

Plaintiff does not contend that the FCRA categorically preempts all state-law claims asserted by Ford. Plaintiff asserts only that Ford may not rely on state-law counterclaims to negate, excuse, or retroactively justify violations of independent federal duties imposed by 15 U.S.C. § 1681s-2(b).

## II. WHAT FORD'S ANSWER ACTUALLY DOES (AND DOES NOT) DO

A. Ford Does Not Deny It Is a Furnisher Subject to the FCRA

Plaintiff denies Ford's denial and re-alleges the allegations of the Second Amended Complaint. Notably absent is any denial that Ford is a furnisher of information subject to § 1681s-2(b). Ford implicitly concedes furnisher status by asserting affirmative defenses based on good faith, accuracy, and reasonable procedures—defenses that only apply to furnishers. Ford's Answer does not deny that it furnished information regarding Plaintiff's account to consumer reporting agencies. Ford's affirmative defenses premised on accuracy, good faith, and reasonable procedures are consistent with furnisher status under the FCRA.

B. Ford Admits Receiving Automated Consumer Dispute Verifications (ACDVs)

Ford admits it received Automated Consumer Dispute Verifications regarding Plaintiff's account. This admission alone satisfies the statutory trigger for duties under § 1681s-2(b), including the duty to conduct a reasonable investigation, review all relevant information, and correct or delete inaccurate or incomplete information.

C. Ford Does Not Plead Facts Establishing a Reasonable Investigation

Ford's Answer contains no factual allegations describing what investigation it performed, what records it reviewed, or how it resolved the contradictions identified in Plaintiff's credit reports. Bare denials and boilerplate defenses do not defeat plausibly pled FCRA claims.

D. Ford's Affirmative Defenses Are Boilerplate and Conditional

Most of Ford's twelve affirmative defenses are pled conditionally ("may," "may have," "to the extent") and without supporting facts. Such defenses are legally insufficient and subject to being stricken under Rule 12(f), but at minimum they do not shift any burden to Plaintiff at this stage. These defenses lack the specificity required by FRCP 8(c) and cases like Wyshak v. City Nat'l Bank, 607 F.2d 824 (9th Cir. 1979), which demand fair notice; Plaintiff reserves the right to move to strike them.

# III. FORD'S COUNTERCLAIM DOES NOT NEGATE PLAINTIFF'S FCRA CLAIMS

Ford's Counterclaim alleges breach of contract, fraud in the inducement, and foreclosure of a security interest. Even if assumed true for pleading purposes, these allegations do not negate Ford's independent statutory duties under the FCRA.

A furnisher may be in a contract dispute with a consumer and still violate § 1681s-2(b) by reporting misleading, incomplete, or internally inconsistent information after receiving notice of a dispute. The existence of a contractual dispute does not suspend or excuse a furnisher's statutory duties under the FCRA once notice of a dispute has been received.

Even if Ford's allegations of non-negotiable instruments are disputed, FCRA liability attaches upon dispute notice, as held in Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009), certifying that furnishers must verify accuracy irrespective of contract defenses.

The Ninth Circuit has made clear that once a furnisher receives notice of a dispute from a consumer reporting agency, it must conduct a reasonable investigation regardless of any underlying contractual dispute between the parties.

## IV. PLAINTIFF'S RESPONSE IN OPPOSITION TO FORD MOTOR CREDIT COMPANY LLC'S ANSWER (RULE 8(b))

Pursuant to Fed. R. Civ. P. 8(b), Plaintiff responds to Defendant Ford Motor Credit Company LLC's ("Ford") Answer to the Second Amended Complaint as follows. Any allegation not expressly admitted is denied.

A. RESPONSE TO SECTION IV – FACTUAL ALLEGATIONS

1. Paragraph 9 (Plaintiff's Disputes – ¶ 8 of SAC): Plaintiff denies Ford's denial and re-alleges the allegations of the Second Amended Complaint.

2. Paragraph 10 (Plaintiff's Disputes – ¶ 9 of SAC): Plaintiff admits Ford's admission that it received Automated Consumer Dispute Verifications ("ACDVs") and denies Ford's remaining denials. Receipt of ACDVs triggered Ford's statutory duties under 15 U.S.C. § 1681s-2(b). Receipt of Automated Consumer Dispute Verifications establishes the statutory notice element under 15 U.S.C. § 1681s-2(b)(1), rendering the adequacy of Ford's investigation a factual question not suitable for resolution on the pleadings.

3. Paragraph 11 (¶ 10 of SAC): Plaintiff denies Ford's denial and re-alleges that Ford failed to conduct a reasonable investigation after notice of dispute.

4. Paragraph 12 (¶ 11 of SAC): Plaintiff denies that the allegations are mere legal conclusions and reasserts that Ford's reporting was misleading and materially incomplete.

5. Paragraphs 13–16 (¶¶ 12–15 of SAC): Plaintiff denies Ford's denials and incorporates the factual allegations of inaccurate, inconsistent, and incomplete reporting as pled.

B. RESPONSE TO SECTION IV.B – SPECIFIC INACCURATE ACCOUNTS (ICCU)

6. Paragraphs 17–21: Plaintiff agrees that Ford is not the furnisher of the ICCU account, but denies any implication that the existence of other inaccurate tradelines absolves Ford of liability for its own reporting.

C. RESPONSE TO SECTION IV.C – SPECIFIC INACCURATE ACCOUNTS (FORD MOTOR CREDIT)

7. Paragraphs 22–25: Plaintiff denies Ford's denials and re-alleges that Ford reported materially inaccurate and misleading information regarding account status, balance, and payment history after receiving dispute notice. These inaccuracies plausibly impaired Plaintiff's creditworthiness, credit standing, and credit capacity, and exposed Plaintiff to a heightened risk of credit denial, adverse terms, and reputational harm.

## D. RESPONSE TO SECTION IV.D – PERSONAL INFORMATION INACCURACIES

8. Paragraphs 26–28: Plaintiff denies Ford's denials and alleges that Ford continued furnishing data linked to inaccurate identifiers after notice of dispute.

## E. RESPONSE TO SECTION IV.E – UNAUTHORIZED INQUIRIES

9. Paragraphs 29–32: Plaintiff denies Ford's denials and alleges that Ford lacked a permissible purpose under 15 U.S.C. § 1681b at the time of the inquiries. Ford's inquiries post-dispute lacked permissible purpose under § 1681b(a), as no ongoing account justification existed after alleged lien release. Plaintiff alleges that the challenged inquiries occurred after Ford had declared the account paid-in-full, released its lien, and issued title, thereby terminating any ongoing credit transaction or account review permissible purpose under 15 U.S.C. § 1681b(a)(3). Whether a permissible purpose existed at the time of each inquiry is a fact-intensive determination inappropriate for resolution on the pleadings.

## V. PLAINTIFF'S RESPONSE TO COUNTERCLAIM

Plaintiff responds to Ford's Counterclaim as follows, pursuant to Fed. R. Civ. P. 8(b):

1. Plaintiff admits entering into a retail installment contract in July 2020 for the purchase of a vehicle.

2. Plaintiff denies that Ford has fully performed all obligations under the contract.

3. Plaintiff denies that he knowingly tendered non-negotiable instruments with any intent to defraud Ford.

4. Plaintiff denies that Ford reasonably relied on any alleged representations in releasing its lien, particularly where Ford admits its own internal processing and documentation.

5. Plaintiff denies that Ford suffered damages in the amount alleged and denies that any damages were proximately caused by fraud.

6. Plaintiff denies that Ford is entitled to foreclosure, attorney's fees, or punitive relief.

7. Plaintiff asserts that any alleged fraud fails for lack of scienter, as instruments were tendered in good faith belief of negotiability.

## VI. AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Without assuming the burden of proof, Plaintiff asserts the following defenses:

FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM Ford's Counterclaim fails to state claims for fraud or breach with the particularity required by Rule 9(b) and Rule 8.

SECOND AFFIRMATIVE DEFENSE – LACK OF REASONABLE RELIANCE Ford's own allegations establish that any lien release resulted from Ford's own internal processing, defeating reasonable reliance as a matter of law.

THIRD AFFIRMATIVE DEFENSE – OFFSET / RECOUPMENT Any damages alleged by Ford are subject to offset by statutory and actual damages recoverable by Plaintiff under the FCRA.

FOURTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS Ford seeks equitable relief while alleged to have engaged in inaccurate credit reporting and unreasonable reinvestigation.

FIFTH AFFIRMATIVE DEFENSE – FEDERAL PREEMPTION AND STATUTORY SEPARATION Ford may not use state-law counterclaims to chill or retaliate against the exercise of federal consumer protection rights.

## VII. PRESERVATION OF FCRA CLAIMS AND JURY ISSUES

Plaintiff expressly preserves all claims under 15 U.S.C. §§ 1681e(b), 1681i, 1681s-2(b), 1681n, and 1681o. The factual disputes raised by Ford's Counterclaim underscore why this matter is unsuitable for resolution on the pleadings and must be resolved by a jury. Plaintiff demands a jury trial under FRCP 38 on all triable issues, including willfulness under § 1681n for punitive damages.

## VIII. CONCLUSION

Ford's Answer does not defeat Plaintiff's claims. Its Counterclaim raises disputed factual issues that do not excuse statutory noncompliance and do not justify dismissal, judgment on the pleadings, or summary adjudication. Plaintiff requests the Court schedule a Rule 16 conference to facilitate discovery on Ford's investigation procedures and credit impacts. Plaintiff

8

respectfully requests that the Court allow discovery to proceed on Ford's investigation procedures, reporting practices, and the factual disputes raised by Ford's Counterclaim.

Dated: January 6, 2026

Respectfully submitted,

/s/ By:___Jason Henry Allen__

Jason-Henry:Allen

2600 E. Seltice Way

Post Falls, ID 83854

(323) 377-5620

Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

**CERTIFICATE OF SERVICE**

I certify that on January ___6___, 2026, a true and correct copy of the foregoing will be served

effected via email, CM/ECF, and or first-class mail, postage prepaid, to the appropriate parties

including but not limited to the following:


**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (206) 695-5100
Email: **mthielbahr@grsm.com**


**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Tel: (406) 549-3171
Email: **carpentc@carpenterlawfirmpllc.com**


**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **bmiller@hawleytroxell.com**

Jean E. Schroeder
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **jschroeder@hawleytroxell.com**

Nermy J. Winner
Quilling Selander Lownds Winslett Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

Tel: (214) 871-2100
Email: **nwinner@qslwm.com**

---

**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **ejw@elamburke.com**

Jed W. Manwaring
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **jwm@elamburke.com**

---

**M2 Law Group, P.C. / Howell & Vail LLP / Michael J. Archibald**
Michael J. Archibald
M2 Law Group, P.C.
P.O. Box 330
Meridian, ID 83680
Tel: (208) 887-9911
Email: **marchibald@m2law.net**

/s/ Jason-Henry:Allen