# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN<br><br>Plaintiff, In Propria Persona<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>EQUIFAX INFORMATION SERVICES LLC;<br><br>TRANS UNION LLC;<br><br>FORD MOTOR CREDIT COMPANY LLC;<br><br>M2 LAW GROUP P.C.;<br><br>MICHAEL J. ARCHIBALD;<br><br><u>Defendants</u> | Case No.: 2:25-CV-00404-BLW<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT MOTION TO DISMISS SECOND AMENDED COMPLAINT |

**U.S. COURTS**

JAN 0 6 2026

Rcvd_____Filed_____Time 3:59 pm
(S)TEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## PLAINTIFF'S OPPOSITION TO DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT MOTION TO DISMISS SECOND AMENDED COMPLAINT

## I. INTRODUCTION

Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") (collectively, the "CRA Defendants") move jointly to dismiss Plaintiff's Second Amended Complaint under Rule 12(b)(6) by mischaracterizing Plaintiff's allegations as mere "data inconsistencies," "legal disputes," or speculative harm.

1

That framing is **factually inaccurate and legally unsound**.

Plaintiff does **not** challenge legal liability, contract enforceability, or the validity of any debt. Plaintiff alleges that **each CRA Defendant independently prepared, maintained, reinvestigated, and disseminated consumer reports containing objectively verifiable factual inaccuracies**, and that **each CRA Defendant failed to follow reasonable procedures and failed to conduct reasonable reinvestigations after notice**, in violation of the Fair Credit Reporting Act ("FCRA"), **15 U.S.C. §§ 1681e(b), 1681i, 1681b, and 1681n**.

**Plaintiff does not allege a legal dispute regarding liability, contract enforceability, or the validity of any debt.** Unlike the claims barred in *Carvalho v. Equifax Information Services LLC*, 629 F.3d 876 (9th Cir. 2010), Plaintiff alleges **objectively verifiable factual inaccuracies** within the reported data itself, including mutually exclusive origination dates, balances, and charge-off designations that cannot logically coexist for a single account. These allegations concern factual impossibilities, not legal interpretations, and therefore fall squarely within the scope of actionable inaccuracies under the Fair Credit Reporting Act.

Unless otherwise specified, **all factual allegations and legal arguments herein apply to Equifax, Experian, and Trans Union individually and independently**, each of which owed Plaintiff non-delegable statutory duties under the FCRA.

When the Second Amended Complaint is read as a whole and all well-pleaded facts are accepted as true, Plaintiff plausibly alleges actionable violations against **each CRA Defendant**. The Joint Motion must be **denied in its entirety**.

2

## II. GOVERNING RULE 12(b)(6) STANDARD

At the pleading stage, Plaintiff must allege facts sufficient to state a claim that is **plausible on its face**. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

The Court must:

1. Accept all well-pleaded factual allegations as true; and

2. Draw all reasonable inferences in Plaintiff's favor.

Rule 12(b)(6) **does not permit** the Court to weigh evidence, resolve factual disputes, determine which version of disputed data is correct, or credit Defendants' alternative explanations. Those issues are reserved for discovery and trial.

## III. COMPLIANCE WITH THE COURT'S PRIOR ORDER

The Court dismissed Plaintiff's prior complaint because Plaintiff had not identified **specific inaccurate tradelines or data points**. The Second Amended Complaint expressly cures those deficiencies by:

- Identifying **specific ICCU and Ford tradelines**;

- Identifying **specific data fields reported by each CRA**;

- Pleading **internally contradictory and mutually exclusive reporting**;

- Alleging **specific written disputes sent to each CRA**; and

- Alleging **continued inaccurate reporting after reinvestigation**.

3

These specifics address the Court's prior concern that 'allegations of inconsistencies or discrepancies among credit reports, standing alone, do not permit an inference that any of the reports contains false or materially misleading information, by pleading internal contradictions within and across reports that plausibly indicate factual error.

At this stage, the only question is plausibility. Plaintiff has satisfied that burden. Dismissal would require factual determinations that Rule 12 forbids.

## IV. PLAINTIFF PLEADS OBJECTIVELY VERIFIABLE FACTUAL INACCURACIES AGAINST EACH CRA DEFENDANT

**At the pleading stage, Plaintiff is not required to identify which consumer reporting agency is "correct" when the reported information is internally contradictory or mutually exclusive.** Where reported data cannot logically coexist within a single tradeline—such as conflicting origination dates, balances, or charge-off statuses—the inconsistency itself renders the information materially misleading under *Shaw v. Experian Information Solutions, Inc.*, 891 F.3d 749, 756 (9th Cir. 2018). Rule 12 does not require a plaintiff to resolve factual conflicts among defendants before discovery; it requires only plausible allegations of inaccuracy, which Plaintiff has amply provided.

The CRA Defendants' Motion rests on the incorrect assertion that inconsistencies among credit reports are not actionable. **That is not the law.**

Under Ninth Circuit precedent, information is "inaccurate" under the FCRA when it is **false, misleading, internally inconsistent, or materially incomplete.** *Shaw v. Experian Info. Sols.,*

*Inc.*, 891 F.3d 749, 756 (9th Cir. 2018); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

## A. ICCU Auto Loan (All Three CRAs)

Plaintiff alleges that Equifax, Experian, and Trans Union each reported the same ICCU auto loan with:

- Conflicting origination dates;

- Conflicting high-credit amounts;

- Conflicting past-due balances;

- Mutually exclusive payment histories; and

- Charge-off designations unsupported by any consistent delinquency chain.

A single credit obligation cannot simultaneously have multiple origination dates, balances, and payment histories. These contradictions render the tradeline **facially misleading and therefore inaccurate** under *Shaw*.

Each CRA Defendant independently published these contradictions and independently verified them after Plaintiff's disputes.

These inaccuracies materially misled potential creditors by distorting Plaintiff's credit history, adversely affecting his Fair Isaac Corporation (FICO) score through inconsistent delinquency reporting, in violation of 15 U.S.C. § 1681e(b)'s maximum possible accuracy requirement.

## B. Ford Motor Credit Account (Trans Union and Experian)

Plaintiff alleges that Trans Union and Experian reported the Ford account with:

- A $46,000 discrepancy in "high credit";

- Conflicting dates of last payment and last activity; and

- Charge-off designations unsupported by the reported payment histories.

Equifax's non-reporting does not absolve Trans Union and Experian; it highlights that their reporting must be inaccurate if no account exists, as alleged. This impacted Plaintiff's FICO score by falsely inflating debt obligations.

Equifax's failure to report the account at all further demonstrates that at least one CRA's reporting must be inaccurate. Plaintiff is not required at the pleading stage to determine which CRA is correct—only that **inaccurate reporting exists**, which he has plausibly alleged.

Defendants' references to alleged counterfeit or invalid payments are disputed, unsupported, and extrinsic to the pleadings, and therefore cannot be considered on a Rule 12 motion.

## C. Personal Information Inaccuracies (All Three CRAs)

Plaintiff alleges that each CRA Defendant reported contradictory names, incorrect addresses, prior residences where Plaintiff never lived, and inconsistent employment entries.

Contrary to the CRA Defendants' argument and the Court's prior order, these inaccuracies are actionable here because they contributed to mixed-file errors, linking inaccurate tradelines to

Plaintiff and bearing on creditworthiness by enabling dissemination of misleading reports under Gorman, 584 F.3d at 1163.

While personal identifiers alone may not always be actionable, Plaintiff alleges that these inaccuracies **contributed to mixed-file risk, reinvestigation failures, and continued dissemination of inaccurate tradelines**, rendering them material to credit reporting accuracy in this case. These personal identifier inaccuracies are actionable **not independently**, but because they caused or contributed to the attachment and dissemination of inaccurate tradelines.

## D. Unauthorized Inquiries (Equifax and Trans Union)

Plaintiff alleges that Equifax and Trans Union furnished consumer reports to CBNA and Lifted Truck without a permissible purpose. Plaintiff did not apply for credit with those entities.

As the CRA Defendants concede consumer consent is not required, Plaintiff alleges they lacked 'reason to believe' a permissible purpose existed under 15 U.S.C. § 1681b(a)(3), as no credit application occurred—shifting to discovery to probe their basis for belief.

**Whether a consumer reporting agency had "reason to believe" a permissible purpose existed under 15 U.S.C. § 1681b(a)(3) is a fact-intensive inquiry that is not appropriate for resolution on a Rule 12(b)(6) motion.** Plaintiff has plausibly alleged the absence of any credit application, transaction, or relationship that could give rise to a permissible purpose. At the pleading stage, these allegations are sufficient to shift the inquiry to discovery, where Defendants must identify the factual basis for any claimed "reason to believe."

Permissible purpose is an affirmative defense. Plaintiff plausibly alleges lack of authorization and lack of permissible purpose, which is sufficient at the pleading stage.

Plaintiff alleges that each identified inaccuracy is false or materially misleading **independent of any comparison to other bureaus**, because the reported data cannot logically coexist within a single consumer report.

## V. PLAINTIFF STATES § 1681e(b) CLAIMS AGAINST EACH CRA DEFENDANT

Plaintiff alleges that **each CRA Defendant** prepared and disseminated consumer reports containing **objectively contradictory and misleading data**, and failed to follow reasonable procedures to assure maximum possible accuracy.

Internal contradictions visible on the face of a credit file plausibly establish unreasonable procedures. Plaintiff need not plead Defendants' internal policies to survive dismissal.

Plaintiff further alleges dissemination of these inaccurate reports to third parties (e.g., potential creditors), as required for § 1681e(b) claims (Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329 (9th Cir. 1995)), causing harm through denied credit and lowered FICO scores.

## VI. PLAINTIFF STATES § 1681i CLAIMS AGAINST EACH CRA DEFENDANT

Plaintiff alleges that:

- He sent written disputes to each CRA Defendant;

- Each CRA Defendant received notice and transmitted ACDVs;

- Each CRA Defendant verified the information without resolving facial contradictions; and

- The same inaccuracies continued to be reported.

The CRA Defendants' failure to resolve facial contradictions post-dispute (e.g., after ACDV transmission) plausibly shows unreasonable reinvestigation, a jury question not resolvable on pleadings (Dennis v. BEH-1, LLC, 520 F.3d 1066 (9th Cir. 2008)). Plaintiff's allegations more than suffice at this stage.

## VII. DAMAGES ARE PLAUSIBLY ALLEGED

Plaintiff alleges dissemination of inaccurate reports to third parties, resulting in:

- Impaired creditworthiness;

- Inflated risk profile;

- Denial of credit;

- Increased interest rates; and

- Emotional distress.

These harms, including emotional distress (Guimond, 45 F.3d at 1333, allowing pleading without corroboration), are causally linked to inaccuracies that depressed Plaintiff's FICO score, reducing credit access per Fair Isaac methodologies. Ninth Circuit law recognizes emotional distress damages under the FCRA without medical corroboration at the pleading stage.

# VIII. WILLFUL NONCOMPLIANCE IS PLAUSIBLY ALLEGED AGAINST EACH CRA DEFENDANT

Plaintiff alleges that each CRA Defendant continued reporting the same contradictions **after multiple disputes**, after statutory deadlines expired, and after inaccuracies were apparent from their own files. Reckless disregard under Safeco Ins. Co. v. Burr, 551 U.S. 47 (2007) is pled through continued reporting of obvious contradictions after disputes, running an 'unjustifiably high risk' of FCRA violation beyond mere carelessness.

These allegations plausibly support reckless disregard under *Safeco* and are sufficient to plead willfulness under § 1681n.

# IX. CONCLUSION

The CRA Defendants' Joint Motion seeks dismissal by disputing facts, weighing evidence, and re-characterizing Plaintiff's allegations. Rule 12(b)(6) does not permit that. Plaintiff respectfully requests that the Court DENY the CRA Defendants' Joint Motion to Dismiss in its entirety.

Plaintiff has plausibly alleged violations of the FCRA against Equifax, Experian, and Trans Union individually. Dismissal with prejudice would violate pro se leniency and require impermissible fact-weighing; allow discovery to proceed under FRCP 26. The Motion must therefore be **DENIED IN ITS ENTIRETY**.

Dated: January 6, 2026

Respectfully submitted,

/s/ By:   Jason Henry Allen

Jason-Henry:Allen

2600 E. Seltice Way

Post Falls, ID 83854

(323) 377-5620

Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

11

**CERTIFICATE OF SERVICE**

I certify that on ___January_ 6 __ 2026, a true and correct copy of the foregoing are served effected

via email, CM/ECF, and or first-class mail, postage prepaid, to the appropriate parties including but not

limited to the following:

**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (206) 695-5100
Email: **mthielbahr@grsm.com**

**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Tel: (406) 549-3171
Email: **carpentc@carpenterlawfirmpllc.com**

**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **bmiller@hawleytroxell.com**

Jean E. Schroeder
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **jschroeder@hawleytroxell.com**

Nermy J. Winner
Quilling Selander Lownds Winslett Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Tel: (214) 871-2100
Email: **nwinner@qslwm.com**

**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: ejw@elamburke.com

Jed W. Manwaring
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: jwm@elamburke.com

**M2 Law Group, P.C. / Howell & Vail LLP / Michael J. Archibald**
Michael J. Archibald
M2 Law Group, P.C.
P.O. Box 330
Meridian, ID 83680
Tel: (208) 887-9911
Email: marchibald@m2law.net

/s/ Jason-Henry:Allen