# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN<br><br>Plaintiff, In Propria Persona<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>EQUIFAX INFORMATION SERVICES LLC;<br><br>TRANS UNION LLC;<br><br>FORD MOTOR CREDIT COMPANY LLC;<br><br>M2 LAW GROUP P.C.;<br><br>MICHAEL J. ARCHIBALD;<br><br>Defendants | Case No.: 2:25-CV-00404-BLW<br><br>PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES ASSERTED BY DEFENDANT FORD MOTOR CREDIT COMPANY LLC (FED. R. CIV. P. 12(F))<br><br>U.S. COURTS<br>JAN 0 6 2026<br>Rcvd___Filed___Time 3:59 pm<br>STEPHEN W. KENYON<br>CLERK, DISTRICT OF IDAHO |

**PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES ASSERTED BY DEFENDANT FORD MOTOR CREDIT COMPANY LLC (FED. R. CIV. P. 12(F))**

Plaintiff Jason Henry Allen ("Plaintiff"), proceeding in propria persona, respectfully moves the Court pursuant to Federal Rule of Civil Procedure 12(f) to strike certain affirmative defenses asserted by Defendant Ford Motor Credit Company LLC ("Ford") in its Answer to the Second Amended Complaint (Dkt. 51).

This Motion is narrowly tailored. Plaintiff does not seek to strike Ford's Answer in its entirety, nor does Plaintiff seek to adjudicate disputed facts. Rather, Plaintiff seeks to strike affirmative

1

defenses that are legally insufficient on their face, pled in a conclusory and conditional manner, or directly contradicted by Ford's own admissions in the pleadings.

## I. LEGAL STANDARD

Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. While motions to strike are generally disfavored, they are appropriate where affirmative defenses lack factual support, fail to provide fair notice under Rule 8(c), or contradict admissions elsewhere in the pleadings. See Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).

## II. FORD'S AFFIRMATIVE DEFENSES FAIL TO MEET RULE 8(c)

Ford asserts numerous affirmative defenses using conditional and speculative language such as "may," "to the extent," or "if applicable," without alleging supporting facts. Such boilerplate pleading fails to provide fair notice of the grounds upon which the defenses rest and is insufficient as a matter of law.

## III. AFFIRMATIVE DEFENSES SUBJECT TO STRIKING

A. Affirmative Defenses Premised on Lack of Notice

Ford asserts defenses suggesting that it lacked notice of Plaintiff's disputes or that its duties under the Fair Credit Reporting Act were not triggered. These defenses are contradicted by Ford's express admission that it received Automated Consumer Dispute Verifications ("ACDVs") regarding Plaintiff's account. Because receipt of notice from a consumer reporting

agency is the sole statutory trigger under 15 U.S.C. § 1681s-2(b), any defense premised on lack of notice is legally insufficient and should be stricken.

B. Affirmative Defenses Premised on Lack of Furnisher Status

Ford does not deny that it furnished information to consumer reporting agencies regarding Plaintiff's account. Nor does it deny that it is subject to the Fair Credit Reporting Act. Any affirmative defense suggesting that Ford is not a furnisher, or is otherwise exempt from § 1681s-2(b), is contradicted by the pleadings and fails to provide fair notice under Rule 8(c).

C. Affirmative Defenses of Compliance or Good Faith

Ford asserts defenses alleging compliance with the Fair Credit Reporting Act or good faith conduct, yet pleads no facts describing any investigation conducted, records reviewed, or steps taken in response to Plaintiff's disputes. Such conclusory assertions are insufficient to constitute affirmative defenses and improperly shift the burden to Plaintiff. At minimum, such conclusory defenses fail to provide fair notice under Rule 8(c) and should be stricken or required to be re-pled with sufficient factual specificity.

D. Catch-All and Reservation Defenses

Ford includes catch-all defenses reserving the right to assert additional defenses or relying on defenses not yet identified. Such reservations are improper under the Federal Rules and do not constitute affirmative defenses. Courts routinely strike such language as immaterial and impertinent.

IV. PREJUDICE TO PLAINTIFF

Allowing Ford's insufficient affirmative defenses to remain in the pleadings will unnecessarily broaden discovery, increase litigation costs, and prejudice Plaintiff by permitting Ford to pursue defenses unsupported by facts or contradicted by its own admissions. Striking these defenses at this stage will streamline the issues and promote the just and efficient resolution of this matter.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Strike Ford's affirmative defenses premised on lack of notice under 15 U.S.C. § 1681s-2(b);
2. Strike Ford's affirmative defenses premised on lack of furnisher status or exemption from the FCRA;
3. Strike Ford's conclusory affirmative defenses alleging compliance or good faith without supporting facts;
4. Strike Ford's catch-all or reservation defenses;
5. Grant such other and further relief as the Court deems just and proper.

## VI. CONCLUSION

Ford's affirmative defenses, as pled, are legally insufficient, conclusory, and in several instances contradicted by Ford's own admissions. Rule 12(f) exists to eliminate precisely this type of pleading. Plaintiff therefore respectfully requests that the Court grant this Motion to Strike.

Dated: January 6, 2026

Respectfully submitted,

/s/ By:___Jason Henry Allen__

Jason-Henry:Allen

2600 E. Seltice Way

Post Falls, ID 83854

(323) 377-5620

Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

# CERTIFICATE OF SERVICE

I certify that on January ___, 2026, a true and correct copy of the foregoing was served via CM/ECF, electronic mail, and/or first-class mail, postage prepaid, upon all counsel of record.

**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (206) 695-5100
Email: **mthielbahr@grsm.com**

**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Tel: (406) 549-3171
Email: **carpentc@carpenterlawfirmpllc.com**

**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **bmiller@hawleytroxell.com**

Jean E. Schroeder
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **jschroeder@hawleytroxell.com**

Nermy J. Winner
Quilling Selander Lownds Winslett Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

Tel: (214) 871-2100
Email: **nwinner@qslwm.com**

---

**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **ejw@elamburke.com**

Jed W. Manwaring
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **jwm@elamburke.com**

---

**M2 Law Group, P.C. / Howell & Vail LLP / Michael J. Archibald**
Michael J. Archibald
M2 Law Group, P.C.
P.O. Box 330
Meridian, ID 83680
Tel: (208) 887-9911
Email: **marchibald@m2law.net**

/s/ Jason-Henry:Allen

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN<br><br>Plaintiff, In Propria Persona<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>EQUIFAX INFORMATION SERVICES LLC;<br><br>TRANS UNION LLC;<br><br>FORD MOTOR CREDIT COMPANY LLC;<br><br>M2 LAW GROUP P.C.;<br><br>MICHAEL J. ARCHIBALD;<br><br><u>Defendants</u> | Case No.: 2:25-CV-00404-BLW<br><br>PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES ASSERTED BY DEFENDANT FORD MOTOR CREDIT COMPANY LLC (FED. R. CIV. P. 12(F)) |

**PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES ASSERTED BY DEFENDANT FORD MOTOR CREDIT COMPANY LLC (FED. R. CIV. P. 12(F))**

Plaintiff Jason Henry Allen ("Plaintiff"), proceeding in propria persona, respectfully moves the Court pursuant to Federal Rule of Civil Procedure 12(f) to strike certain affirmative defenses asserted by Defendant Ford Motor Credit Company LLC ("Ford") in its Answer to the Second Amended Complaint (Dkt. 51).

This Motion is narrowly tailored. Plaintiff does not seek to strike Ford's Answer in its entirety, nor does Plaintiff seek to adjudicate disputed facts. Rather, Plaintiff seeks to strike affirmative

1

defenses that are legally insufficient on their face, pled in a conclusory and conditional manner, or directly contradicted by Ford's own admissions in the pleadings.

## I. LEGAL STANDARD

Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. While motions to strike are generally disfavored, they are appropriate where affirmative defenses lack factual support, fail to provide fair notice under Rule 8(c), or contradict admissions elsewhere in the pleadings. See Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).

## II. FORD'S AFFIRMATIVE DEFENSES FAIL TO MEET RULE 8(c)

Ford asserts numerous affirmative defenses using conditional and speculative language such as "may," "to the extent," or "if applicable," without alleging supporting facts. Such boilerplate pleading fails to provide fair notice of the grounds upon which the defenses rest and is insufficient as a matter of law.

## III. AFFIRMATIVE DEFENSES SUBJECT TO STRIKING

A. Affirmative Defenses Premised on Lack of Notice

Ford asserts defenses suggesting that it lacked notice of Plaintiff's disputes or that its duties under the Fair Credit Reporting Act were not triggered. These defenses are contradicted by Ford's express admission that it received Automated Consumer Dispute Verifications ("ACDVs") regarding Plaintiff's account. Because receipt of notice from a consumer reporting

agency is the sole statutory trigger under 15 U.S.C. § 1681s-2(b), any defense premised on lack of notice is legally insufficient and should be stricken.

B. Affirmative Defenses Premised on Lack of Furnisher Status

Ford does not deny that it furnished information to consumer reporting agencies regarding Plaintiff's account. Nor does it deny that it is subject to the Fair Credit Reporting Act. Any affirmative defense suggesting that Ford is not a furnisher, or is otherwise exempt from § 1681s-2(b), is contradicted by the pleadings and fails to provide fair notice under Rule 8(c).

C. Affirmative Defenses of Compliance or Good Faith

Ford asserts defenses alleging compliance with the Fair Credit Reporting Act or good faith conduct, yet pleads no facts describing any investigation conducted, records reviewed, or steps taken in response to Plaintiff's disputes. Such conclusory assertions are insufficient to constitute affirmative defenses and improperly shift the burden to Plaintiff. At minimum, such conclusory defenses fail to provide fair notice under Rule 8(c) and should be stricken or required to be re-pled with sufficient factual specificity.

D. Catch-All and Reservation Defenses

Ford includes catch-all defenses reserving the right to assert additional defenses or relying on defenses not yet identified. Such reservations are improper under the Federal Rules and do not constitute affirmative defenses. Courts routinely strike such language as immaterial and impertinent.

IV. PREJUDICE TO PLAINTIFF

3

Allowing Ford's insufficient affirmative defenses to remain in the pleadings will unnecessarily broaden discovery, increase litigation costs, and prejudice Plaintiff by permitting Ford to pursue defenses unsupported by facts or contradicted by its own admissions. Striking these defenses at this stage will streamline the issues and promote the just and efficient resolution of this matter.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Strike Ford's affirmative defenses premised on lack of notice under 15 U.S.C. § 1681s-2(b);
2. Strike Ford's affirmative defenses premised on lack of furnisher status or exemption from the FCRA;
3. Strike Ford's conclusory affirmative defenses alleging compliance or good faith without supporting facts;
4. Strike Ford's catch-all or reservation defenses;
5. Grant such other and further relief as the Court deems just and proper.

## VI. CONCLUSION

Ford's affirmative defenses, as pled, are legally insufficient, conclusory, and in several instances contradicted by Ford's own admissions. Rule 12(f) exists to eliminate precisely this type of pleading. Plaintiff therefore respectfully requests that the Court grant this Motion to Strike.

Dated: January 6, 2026

Respectfully submitted,

/s/ By:___Jason Henry Allen__

Jason-Henry:Allen

2600 E. Seltice Way

Post Falls, ID 83854

(323) 377-5620

Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

5

# CERTIFICATE OF SERVICE

I certify that on January 6, 2026, a true and correct copy of the foregoing was served via CM/ECF, electronic mail, and/or first-class mail, postage prepaid, upon all counsel of record.

**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (206) 695-5100
Email: **mthielbahr@grsm.com**

**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Tel: (406) 549-3171
Email: **carpentc@carpenterlawfirmpllc.com**

**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **bmiller@hawleytroxell.com**

Jean E. Schroeder
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **jschroeder@hawleytroxell.com**

Nermy J. Winner
Quilling Selander Lownds Winslett Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

Tel: (214) 871-2100
Email: **nwinner@qslwm.com**

**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **ejw@elamburke.com**

Jed W. Manwaring
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **jwm@elamburke.com**

**M2 Law Group, P.C. / Howell & Vail LLP / Michael J. Archibald**
Michael J. Archibald
M2 Law Group, P.C.
P.O. Box 330
Meridian, ID 83680
Tel: (208) 887-9911
Email: **marchibald@m2law.net**

/s/ Jason-Henry:Allen