# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

JASON HENRY ALLEN

Plaintiff, In Propria Persona
v.

EXPERIAN INFORMATION
SOLUTIONS, INC.;

EQUIFAX INFORMATION SERVICES
LLC;

TRANS UNION LLC;

FORD MOTOR CREDIT COMPANY
LLC;

M2 LAW GROUP P.C.;

MICHAEL J. ARCHIBALD;

Defendants

Case No.: 2:25-CV-00404-BLW

PLAINTIFF'S MOTION FOR
JUDGMENT ON THE PLEADINGS
AGAINST DEFENDANT FORD
MOTOR CREDIT COMPANY LLC
(FED. R. CIV. P. 12(C))

**U.S. COURTS**

JAN 0 6 2026

Rcvd_____ Filed_____ Time 3:59 pm
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST

## DEFENDANT FORD MOTOR CREDIT COMPANY LLC (FED. R. CIV. P. 12(C))

Plaintiff Jason Henry Allen ("Plaintiff"), proceeding in propria persona, respectfully moves for

judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) against Defendant

Ford Motor Credit Company LLC ("Ford"). This Motion is based on the pleadings filed to date,

including Plaintiff's Second Amended Complaint, Ford's Answer and Counterclaim (Dkt. 51),

Plaintiff's Response thereto, and all matters of which the Court may take judicial notice.

This Motion is limited and targeted. Plaintiff does not seek judgment on ultimate liability or

damages. Rather, Plaintiff seeks judgment on discrete legal issues that are conclusively

established by Ford's own admissions and denials on the face of the pleadings and that require no factual development.

Clarification Regarding Rule 56

This Motion is brought exclusively pursuant to Federal Rule of Civil Procedure 12(c) and is confined to the pleadings. Plaintiff does not present, rely upon, or request consideration of any matters outside the pleadings. Accordingly, Plaintiff does not seek summary judgment under Rule 56, and no conversion under Rule 12(d) is requested or warranted. All factual disputes, evidentiary issues, and questions of credibility remain expressly reserved for discovery and trial.

# I. LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) is proper when the pleadings establish that there are no material issues of fact and that the moving party is entitled to judgment as a matter of law. The standard is substantively identical to Rule 12(b)(6), but is applied after the pleadings have closed. All well-pleaded factual allegations of the non-moving party are accepted as true, but legal conclusions are not. Consistent with Rule 12(c), the Court's review is limited to the pleadings, and Plaintiff affirmatively disclaims any request for evidentiary findings or summary adjudication under Rule 56.

# II. LIMITED ISSUES APPROPRIATE FOR RULE 12(c) RELIEF

This Motion is limited to discrete legal issues that are conclusively established on the face of the pleadings and do not require factual development, credibility determinations, or weighing of evidence.

Specifically, Plaintiff seeks judgment on the pleadings only as to the following legal propositions:

1. Ford is a furnisher of information subject to 15 U.S.C. § 1681s-2(b);

2. Ford received notice of Plaintiff's disputes through Automated Consumer Dispute Verifications ("ACDVs");

3. Ford's statutory duties under § 1681s-2(b) were triggered as a matter of law upon receipt of such notice; and

4. The existence of Ford's state-law counterclaim does not, as a matter of law, bar or preclude Plaintiff's federal claims under the Fair Credit Reporting Act.

Plaintiff does not seek adjudication of the adequacy or reasonableness of Ford's investigation, which presents factual questions properly reserved for discovery and trial.

## III. ARGUMENT

A. Ford Is a Furnisher Subject to § 1681s-2(b) as a Matter of Law

Ford does not deny that it furnished information regarding Plaintiff's account to consumer reporting agencies. Nor does Ford deny that it is subject to the Fair Credit Reporting Act. By asserting affirmative defenses premised on accuracy, good faith, and reasonable procedures, Ford

necessarily concedes its status as a furnisher. Ford's Answer does not dispute that it furnished

information regarding Plaintiff's account to consumer reporting agencies. Ford's affirmative

defenses premised on accuracy, good faith, and reasonable procedures are consistent with

furnisher status under the FCRA. Accordingly, for purposes of Rule 12(c), Ford's status as a

furnisher subject to 15 U.S.C. § 1681s-2(b) is established on the face of the pleadings.

B. Ford Admits Receipt of ACDVs, Triggering § 1681s-2(b) Duties

Ford expressly admits that it received Automated Consumer Dispute Verifications regarding

Plaintiff's account. Receipt of notice from a consumer reporting agency is the sole statutory

trigger for furnisher duties under § 1681s-2(b). Once triggered, Ford was required to conduct a

reasonable investigation, review all relevant information, and correct or delete inaccurate or

incomplete information.

Because Ford admits receipt of ACDVs, the notice element of Plaintiff's § 1681s-2(b) claim is

conclusively established on the pleadings. Whether Ford's investigation was reasonable presents

factual issues not suitable for resolution on the pleadings and is reserved for discovery and trial.

C. Ford's Counterclaim Does Not Bar or Limit FCRA Liability

Ford's counterclaim alleges breach of contract and fraud. Even if assumed true for pleading

purposes, such allegations do not extinguish or excuse Ford's independent statutory duties under

the FCRA. A furnisher may be engaged in a contract dispute with a consumer and still violate §

1681s-2(b) by reporting misleading or incomplete information after receiving notice of a dispute.

Federal law does not permit a furnisher to avoid FCRA liability through the assertion of state-law counterclaims. Accordingly, Ford's counterclaim does not, as a matter of law, bar or preclude Plaintiff's federal claims under the Fair Credit Reporting Act.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that the Court enter judgment on the pleadings as follows:

1. Declaring that Ford is a furnisher of information subject to 15 U.S.C. § 1681s-2(b);

2. Declaring that Ford received notice of Plaintiff's disputes through Automated Consumer Dispute Verifications ("ACDVs");

3. Declaring that Ford's duties under § 1681s-2(b) were triggered as a matter of law upon receipt of such notice; and

4. Declaring that Ford's state-law counterclaim does not, as a matter of law, bar or preclude Plaintiff's claims under the Fair Credit Reporting Act.

Plaintiff does not seek judgment on damages, willfulness, or the reasonableness of Ford's investigation, all of which present factual issues reserved for discovery and trial.

## V. CONCLUSION

The pleadings conclusively establish Ford's status as a furnisher, its receipt of dispute notice, and the triggering of its statutory duties under the Fair Credit Reporting Act. No factual development is necessary as to the limited legal issues identified herein. Plaintiff is therefore entitled to judgment on the pleadings as a matter of law under Rule 12(c).

Dated: January 6, 2026

Respectfully submitted,

/s/ By:  Jason Henry Allen

Jason-Henry:Allen

2600 E. Seltice Way

Post Falls, ID 83854

(323) 377-5620

Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

**CERTIFICATE OF SERVICE**

I certify that on __January ___6___, 2026, a true and correct copy of the foregoing will be served

effected via email, CM/ECF, and or first-class mail, postage prepaid, to the appropriate parties

including but not limited to the following:

**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (206) 695-5100
Email: **mthielbahr@grsm.com**

**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Tel: (406) 549-3171
Email: **carpentc@carpenterlawfirmpllc.com**

**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **bmiller@hawleytroxell.com**

Jean E. Schroeder
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **jschroeder@hawleytroxell.com**

Nermy J. Winner
Quilling Selander Lownds Winslett Moser, P.C.

7

2001 Bryan Street, Suite 1800
Dallas, TX 75201
Tel: (214) 871-2100
Email: **nwinner@qslwm.com**

**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **ejw@elamburke.com**

Jed W. Manwaring
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **jwm@elamburke.com**

**M2 Law Group, P.C. / Howell & Vail LLP / Michael J. Archibald**
Michael J. Archibald
M2 Law Group, P.C.
P.O. Box 330
Meridian, ID 83680
Tel: (208) 887-9911
Email: **marchibald@m2law.net**

/s/ Jason-Henry:Allen