Nermy J. Winner, Esq.
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 606
Fax: (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

Brad P. Miller, Esq.
Hawley Troxell
877 Main Street, 2nd Floor
Boise, ID 83702
Telephone: 208-344-6000
Fax: 208-954-5206
E-Mail: bmiller@hawleytroxell.com

*Local Counsel for Defendant Trans Union, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO (NORTHERN)**

| | |
|---|---|
| JASON HENRY ALLEN,<br>　　　Plaintiff,<br><br>　vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; and MICHAEL J. ARCHIBALD;<br>　　　Defendants. | CASE NO. 2:25-cv-00404-BLW<br><br>Judge B. Lynn Winmill<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendant consumer reporting agencies Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") (collectively, the "CRA Defendants"), by their attorneys, hereby file their Reply in Support of their

Joint Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 53] pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) (the "Motion"). In support thereof, the CRA Defendants respectfully shows the Court as follows:

The Motion be granted in this alleged Fair Credit Reporting Act ("FCRA") case where *pro se* Plaintiff incorrectly alleges that the CRA Defendants violated the FCRA because there were inconsistencies between the bureaus on the information reported for Plaintiff's delinquent accounts, and that he did not authorize certain credit inquiries, for the reasons set forth in the Motion and Memorandum and because:

A. Plaintiff's Opposition fails to identify any non-conclusory allegations of inaccurate reporting beyond his claim that there were inconsistencies between the bureaus, which is not enough to state a claim under Section 1681e(b) or 1681i of the FCRA;

B. Plaintiff's Opposition fails to plausibly allege any impermissible purpose claim, because his authorization is not required prior to Defendants' preparation of a consumer report to a third party under Section 1681b of the FCRA;

C. Plaintiff's Opposition fails to identify any non-conclusory allegations that the CRA Defendants acted with reckless disregard for his rights to maintain a claim for willfulness under the FCRA; and

D. Plaintiff's damages allegations are not relevant if he has not established a prima facie claim for violation of the FCRA, but even if he did, Plaintiff's damage allegations are conclusory and unsupported.

I. **INTRODUCTION**

In his original Complaint, filed on July 23, 2025, Plaintiff Jason Henry Allen ("Plaintiff") asserted that the CRA Defendants reported inaccurate information in his credit file regarding a Ford Motor Credit Company ("Ford") account and an Idaho Central Credit Union ("ICCU") account in violation of Section 1681e(b) of the Fair Credit Reporting Act ("FCRA") and failed to conduct a reasonable reinvestigation in violation of Section 1681i of the FCRA. *See* ECF No. 1,

DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT– 2:25-cv-00404-BLW

Page 2 of 13

1  at pp. 7-8. Plaintiff also alleged that several credit inquiries appeared on his consumer reports even
2  though they appeared without Plaintiff's authorization, in violation of Section 1681b of the FCRA.
3  *Id*. at pp. 8-9.

4        The CRA Defendants filed a Motion to Dismiss on August 15, 2025, arguing that the
5  Complaint should be dismissed because: (1) Plaintiff alleged a legal dispute with the furnishers
6  that the CRAs are not required to adjudicate; (2) Plaintiff failed to plead more than a conclusory
7  allegation of an inaccuracy, which is a threshold requirement for bringing an FCRA claim; (3)
8  Plaintiff claimed he didn't authorize certain credit inquiries reported by the CRAs but such
9  authorization is not required; and (4) Plaintiff failed to plead any facts by which a willful FCRA
10 violation by any CRA Defendant could be maintained. *See* ECF No. 16.

11       On August 28, 2025, Plaintiff filed an Amended Complaint that is substantially similar to
12 the original Complaint but removed reference to the Ford account and asserted some new
13 allegations. *See* ECF No. 21.  In Response, the CRA Defendants renewed their motion to dismiss
14 because Plaintiff's Amended Complaint fails to cure any of the defects of his original Complaint.
15 *See* ECF No. 32.

16       On September 12, 2025, Plaintiff filed a Response in Opposition to the Joint Motion to
17 Dismiss Amended Complaint. *See* ECF No. 36. Thereafter, the CRA Defendants filed their Reply
18 in Support of its Joint Motion to Dismiss Plaintiff's Amended Complaint. *See* ECF No. 42. Soon
19 after, the Court granted the CRA Defendants' Motion to Dismiss Amended Complaint, and
20 permitted Plaintiff "one additional amendment" to cure deficiencies, if he could. *See* ECF No. 50.

21       Plaintiff filed his Second Amended Complaint. *See* ECF No. 51. To which the CRA
22 Defendants filed their Joint Motion to Dismiss Second Amended Complaint. *See* ECF No. 53 (the
23 "Motion").  Plaintiff has now filed his Response in Opposition to the Motion. See ECF No. 60.
24 (the "Opposition").

25       In his Opposition, Plaintiff fails to substantively address any of the concerns raised in the
26 CRA Defendants' Motion, and instead, reiterates his conclusory belief of sufficiently pled claims

27
28
DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC.,
AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT– 2:25-cv-00404-BLW

Page 3 of 13

under the FCRA. *See generally id.* Plaintiff, however, fails to identify any non-conclusory allegations in the Second Amended Complaint which sufficiently support his claims. Notably, Plaintiff fails to identify any actionable inaccuracies in Defendants' reporting of the subject accounts or refute any of the authority presented in the Motion, and for the reasons as stated herein, the Motion should be granted, with prejudice.

## II.   ARGUMENT

### A. Plaintiff's Opposition Fails to Identify any Non-Conclusory Allegations of Inaccurate Reporting Beyond His Claim That There Were Inconsistencies Between the Bureaus, Which is Not Enough to State a Claim Under Section 1681e(b) Or 1681i Of The FCRA.

As discussed in the Motion, to establish a reporting or reinvestigation claim under the FCRA, a plaintiff is required to plead that a factual inaccuracy existed on his credit file. *See Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 890 (9th Cir. 2010) (holding that even if a consumer reporting agency fails to conduct a reasonable reinvestigation or otherwise fails to fulfill its obligations under the FCRA, if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's claims fails as a matter of law). Section 1681e(b) requires Plaintiff to plead and prove: (1) inaccurate information was included in his consumer report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure the maximum possible accuracy of his consumer report; (3) plaintiff suffered damages; and (4) plaintiff's damages were caused by defendant's failure to follow reasonable procedures to assure maximum possible accuracy. *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156-60 (11th Cir. 1991). *See Kennedy v. Chase Manhattan Bank USA, N.A.,* 369 F.3d 833, 843 (5th Cir. 2004) (Plaintiff's claim that credit reporting agencies failed to adopt or follow reasonable procedures was properly dismissed because Plaintiff did not provide any specific factual allegations to specify how 1681e(b) was violated); *see also Twombly,* 550 U.S. at 555. *Memo in Support of Motion, p. 6.*

In his Opposition, regarding his ICCU Auto Loan, Plaintiff alleges that the CRA Defendants reported "[c]onflicting origination dates;" "[c]onflicting high-credit amounts;"

DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT– 2:25-cv-00404-BLW

Page 4 of 13

1  "[c]onflicting past-due balances;" "[m]utually exclusive payment histories;" "[c]harge-off
2  designations unsupported by any consistent delinquency chain." *See* Opposition p. 5. As for his
3  Ford account, Plaintiff claims that Trans Union and Experian reported with ". . . discrepancy in
4  'high credit';" "[c]onflicting dates of last payment and last activity;" and "[c]harge-off
5  designations unsupported by the reported payment histories." *See* Opposition, p. 6. Plaintiff
6  believes "Equifax's failure to report the account at all further demonstrates that at least one CRA's
7  reporting must be inaccurate." *See id*.

8        However, Plaintiff does not identify what the correct reporting should be, and sets forth
9  only vague conclusions that "at least one CRA's reporting must be inaccurate." *See id.* Plaintiff
10 appears simply to be comparing the reporting among the CRA Defendants' by identifying the
11 differences but does not plausibly allege any inaccurate information. There could be many reasons
12 why the reporting is not exactly the same between agencies or why certain creditors would report
13 to some of the bureaus but not all of them. Case law makes clear, and as this Court has already
14 clarified, inconsistencies between the CRAs cannot, standing alone, provide the basis for an
15 inaccuracy claim. *See* ECF No. 50 (the "Memorandum and Order") ("Allegations of
16 inconsistencies or discrepancies among credit reports, standing alone, do not permit an inference
17 that any of the reports contains 'false or materially misleading' information."). This Court made
18 clear that "both figures could be accurate as of different reporting dates, or one could be accurate
19 and the other not. Without an allegation establishing which figure is false, the Court cannot infer
20 inaccuracy from inconsistency alone." *Id.* While Plaintiff's Opposition, again, attempts to rely on
21 *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018), to support his belief that
22 alleging "false, misleading, internally inconsistent, or materially incomplete," is enough to state a
23 claim, this fails. The Court made clear in its Memorandum Decision and Order that "Shaw does
24 not relieve a plaintiff of the burden to plead that at least one piece of allegedly conflicting
25 information . . ." and similarly, the Opposition also does not allege any "specific details about what

DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC.,
AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT– 2:25-cv-00404-BLW

1  information contained in any of his credit reports was misleading . . . ." *Id*. Plaintiff has failed to
2  sufficient allege his claims once more, and his Second Amended Complaint should be dismissed.

3        Plaintiff's Opposition further reiterates his belief that the CRA Defendants "reported
4  contradictory names, incorrect addresses, prior residences where Plaintiff never lived, and
5  inconsistent employment entries." *See* Opposition, 6. Plaintiff claims "these inconsistencies are
6  actionable because they contributed to mixed-file errors, linking inaccurate tradelines to Plaintiff
7  and bearing on creditworthiness by enabling dissemination of misleading reports under Gorman,
8  584 F.3d at 1163." *See* Opposition, 7. Plaintiff claims "these inaccuracies contributed to mixed-
9  file risk, reinvestigation failures, and continued dissemination of inaccurate tradelines." *See*
10 Opposition, 7.

11       However, as case law holds, and this Court has held, "the reporting of personally
12 identifying information generally does not give rise to FCRA liability because such information
13 does not bear on a consumer's creditworthiness." *See* Memorandum Decision and Order at 8.
14 Despite continued attempts to reiterate a position "[c]ontrary to the CRA Defendants' argument
15 and the Court's prior order," Plaintiff has failed to set forth any support for his position. *See*
16 Opposition, p. 6. At best, Plaintiff cites to *Gorman* v. *Wolpoff & Abramson, LLP*, 584 F.3d 1147,
17 1163, however, this offers no support or discussion on personally identifying information, and
18 instead, discusses a "furnisher's liability under § 1681s-2(b)." *Gorman*, 585 F.3d at 1163 (9th Cir.
19 2009).

20       Overall, not only has Plaintiff failed to plead a discernible inaccuracy, but he has also failed
21 to plead (1) to whom any consumer report was reported that contained any purportedly inaccurate
22 information; (2) what procedures the CRA Defendants failed to follow; or (3) how the failure to
23 follow reasonable procedures to assure maximum possible accuracy led to any damages to
24 Plaintiff. For these reasons, Plaintiff's Second Amended Complaint still fails to state a claim upon
25 which relief can be granted under Section 1681e(b) of the FCRA.

26

27
28 DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT– 2:25-cv-00404-BLW

Plaintiff's Section 1681i reinvestigation claims fail for the same reason. "'[A] plaintiff states a claim under § 1681i when she alleges: (1) that her credit report contained an inaccuracy; (2) that she notified the [credit reporting agency] of her dispute and requested a reinvestigation; and (3) that the [credit reporting agency] did not remove the inaccuracy.'" *Jones v. Equifax Info. Servs., LLC*, No. 25-cv-00946-WQH-SBC, 2025 WL 1863191, at *7-*8 (S.D. Cal. Jul. 7, 2025) (quoting *Hamm v. Equifax Info. Servs. LLC*, No. CV-17-03821-PHX-JJT, 2018 WL 3548759, at *4 (D. Ariz. Jul. 24, 2018)). Here, as explained *supra*, Plaintiff failed to plead more than a conclusory allegation of an inaccuracy, which is sufficient to plausibly state a claim. Plaintiff has also failed to explain in what way the CRA Defendants failed to reinvestigate his disputes. As such, Plaintiff still fails to state a claim under Section 1681i of the FCRA.

### B. Plaintiff's Opposition Fails To Allege Any Impermissible Purpose Claim, Because His Authorization is Not Required Prior to Defendants' Preparation of a Consumer Report to a Third Party Under Section 1681b of the FCRA.

As discussed in the Motion, Section 1681b of the FCRA sets forth the permissible purposes for obtaining credit information, including the circumstances under which a CRA may furnish a consumer report. *See* 15 U.S.C. § 1681b. Among these circumstances include allowing a CRA to furnish information "[i]n accordance with the written instructions of the consumer to whom it relates," or "to a person which it has reason to believe intends to use the information for one of several listed purposes." *Spencer v. Relx Inc.*, No. CV 23-65-H-BMM-KLD, 2024 WL 3315439, at *4 (D. Mont. May 24, 2024); *see also* 15 U.S.C. § 1681b(a)(3). Further, this Court reiterated the circumstances to which a consumer reporting agency may furnish a consumer report pursuant to Section 1681b(a), including

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

(B) intends to use the information for employment purposes; or

(C) intends to use the information in connection with the underwriting of insurance involving the consumer[.]

DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT– 2:25-cv-00404-BLW

*See* Memorandum and Order, p. 9.

Plaintiff alleges hard inquiries on his consumer report which were made without his authorization or consent. Plaintiff's Opposition asserts that "Equifax and Trans Union furnished consumer reports to CBNA and Lifted Truck without a permissible purpose. Plaintiff did not apply for credit with those entities," and that "no credit application occurred." *See* Opposition, p. 7.

Plaintiff, in his Opposition, fails to address the CRAs Defendant's argument in the Motion or provide sufficient information to support his claim. As the Court has already noted, "consumer consent is not required under § 1681b [because] a CRA may furnisher a report if it has reason to believe the requester has a permissible purpose." *See* Memorandum Decision and Order, 10. This, the standard is whether a CRA "has reason to believe the requester had a permissible purpose." *Id*. Therefore, it is immaterial that Plaintiff "did not apply for credit," or that "no credit application occurred," because of the numerous other permissible purposes outlined in § 1681b with authorize the CRA Defendants, beyond only consumer consent or permission.

Therefore. Plaintiff has not alleged that the furnishing of his consumer reports, or alleged CBNA or Lifted Truck appearing as inquiries thereon, were done in a manner that did not comply with one of the listed purposes in Section 1681b(a)(3). Because Plaintiff has not (and apparently cannot) identify any facts that the CRA Defendants did not have reason to believe the prospective creditors were requesting his file for a permissible purpose, Plaintiff's Section 1681b claims fail.

**C. Plaintiff's Opposition Fails to Identify Any Non-Conclusory Allegations That Defendants Acted with Reckless Disregard for His Rights in Order to Maintain a Claim for Willfulness Under the FCRA.**

As discussed in the Motion, willfulness is an exceedingly high standard, denoting either knowingly or acting with reckless disregard. *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 58-59 (2007). "Reckless FCRA violations" require "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 57, 68 (citing *Farmer v. Brennan,* 511 U.S. 825, 836 (1994)). A CRA "does not act in reckless disregard of [the FCRA] unless the action is not only a violation under a reasonable reading of the statute's terms but [also] shows that the company

DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT– 2:25-cv-00404-BLW

Page 8 of 13

ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. Even an "erroneous" reading of the statute is not necessarily "objectively unreasonable." *Id.*

In his Opposition, Plaintiff argues that the CRA Defendants "continued reporting the same contradictions after multiple disputes, after statutory deadlines expired, and after inaccuracies where apparent from their own files." *See* Opposition at 10. Plaintiff, however, fails to identify any non-conclusory allegations in the Second Amended Complaint supporting this statement. As discussed in the Motion, neither the failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file, nor the mere existence of inaccuracies in a consumer's report alone can amount to willful noncompliance with the FCRA. *See Barrepski v. Capital One Bank (U.S.A.) N.A.,* No. 11-30160-NMG, 2014 WL 9355983, at *11 (D. Mass. Jan. 24, 2014); *Hill v. Equifax Info. Servs., LLC,* 974 F. Supp. 2d 865, 869 (M.D.N.C. 2013) *vacated in part,* No. 1:11CV107, 2014 WL 12955582 (M.D.N.C. Sept. 11, 2014); *Johnson v. Equifax, Inc.,* 510 F. Supp. 2d 638, 648 (S.D. Ala. 2007) (citation omitted); *Valvo v. Trans Union LLC,* No. 04-70S, 2005 WL 3618272, at *8 (D.R.I. Oct. 27, 2005). Nor is a CRA's failure to identify inaccurate information after receiving a dispute enough to establish a willful violation of the FCRA. *Robertson v. Experian Info. Sols.,* No. 1:CV-09-0850, 2010 WL 1643579, at *14 (M.D. Pa. Apr. 22, 2010). As set forth above and as explained further in the Motion, Plaintiff claims fall short of the mark and require dismissal without leave to amend. *See Jenkins v. AmeriCredit Fin. Servs.,* No. 14-cv-5687 (SJF)(AKT), 2017 WL 1325369, at *23-*24 (E.D.N.Y. Feb. 14, 2017) ("[M]ere failure to correct a plaintiff's inaccurate credit information, even after notification of the inaccuracy does not constitute a willful failure to comply with the FCRA.") (internal quotations and citations omitted). Therefore, Plaintiff's Second Amended Complaint and Opposition fail to sufficiently allege any willful claim, and must be dismissed.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT– 2:25-cv-00404-BLW

Page 9 of 13

**D. Plaintiff's Damages Allegations are Not Relevant if He Has Not Established a Prima Facie Claim for Violation of the FCRA, But Even if He Did, Plaintiff's Damage Allegations are Conclusory and Unsupported.**

It is axiomatic that if Plaintiff has not identified any actionable inaccuracy in the reporting or failure by the CRA Defendants to maintain the required reasonable procedures, his claimed damage claims are immaterial. Plaintiff argues in his Opposition that he suffered "[i]mpaired creditworthiness; [i]nflated risk profile; [d]enial of credit; [i]ncreased interest rates; and [e]motional distress." *See* Opposition at 9. Plaintiff, however, failed to sufficiently allege an inaccuracy or that even a violation occurred under the FCRA, or plausibly allege any "dissemination of inaccurate credit reports," let alone any inaccurate information. *Id.* But even if Plaintiff sufficiently alleged a violation, which he did not, he fails to provide any support for his damages allegations, and provides on vague conclusory assumptions absent any plausible factual support. As discussed in the Motion, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Therefore, this claim should be dismissed.

## III. <u>CONCLUSION</u>

For the foregoing reasons, as well as those set forth in the Motion and Memorandum, Equifax, Experian and Trans Union respectfully request that the Court grant the CRA Defendants Joint Motion, dismiss Plaintiff's Second Amended Complaint in its entirety, with prejudice, and award Equifax, Experian and Trans Union its fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as the Court deems equitable and just.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT– 2:25-cv-00404-BLW

Page 10 of 13

Respectfully submitted,

*/s/ Nermy J. Winner*
Nermy J. Winner, Esq.
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 606
Fax:  (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

Brad P. Miller, Esq.
Hawley Troxell
877 Main Street, 2nd Floor
Boise, ID 83702
Telephone:  208-344-6000
Fax:  208-954-5206
E-Mail: bmiller@hawleytroxell.com

*Local Counsel for Defendant Trans Union LLC*

*/s/ Charles H. Carpenter*
Charles H. Carpenter
(Idaho Bar No. 8322)
CARPENTER LAW FIRM PLC
210 North Higgins Avenue, Suite 336
Missoula, Montana 59802
(406) 543-0511
Telephone: (406) 543-0511
Email: carpentc@carpenterlawfirmplc.com

*Counsel for Defendant Equifax Information Services LLC*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

/s/ Meredith L. Thielbahr
Meredith L. Thielbahr, Esq.
Gordon Rees Scully Mansukhani
701 Fifth Ave., Suite 2100
Seattle, WA 98104
(206) 695-5100
E-Mail: mthielbahr@grsm.com

*Counsel for Defendant Experian Information Solutions, Inc.*

DEFENDANT EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT– 2:25-cv-00404-BLW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **20th day of January, 2026**, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Charles H. Carpenter, Esq. <br> carpentc@carpenterlawfirmplc.com | Erica J. White, Esq. <br> ejw@elamburke.com |
| Jed W. Manwaring, Esq. <br> jwm@elamburke.com | Michael J. Archibald, Esq. <br> marchibald@m2law.net |
| Meredith L. Thielbahr, Esq. <br> mthielbahr@grsm.com | |

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants via first class mail, postage prepaid, addressed as follows:

| | |
|---|---|
| **Pro Se Plaintiff** <br> Jason Henry Allen <br> 2600 East Seltice Way #235 <br> Post Falls, ID 83854 | |

/s/ *Nermy J. Winner*
Nermy J. Winner, Esq.
 (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 606
Fax: (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*