Jed W. Manwaring, ISB # 3040
Erica J. White, ISB # 7475
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701-1539
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jwm@elamburke.com
ejw@elamburke.com

*Attorneys for Defendant/Counterclaimant Ford Motor Credit Company LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>Plaintiff, In Propria Persona,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; and MICHAEL J. ARCHIBALD,<br><br>Defendants. | Case No. 2:25-cv-00404-BLW<br><br>DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S OPPOSITION TO PLAINTIFF'S OBJECTION AND MOTION FOR RECONSIDERATION OF THE COURT'S MEMORANDUM DECISION AND ORDER [DKT. 58] |
| FORD MOTOR CREDIT COMPANY LLC,<br><br>Counterclaimant,<br><br>v.<br><br>JASON HENRY ALLEN,<br><br>Counterdefendant. | |

Defendant-Counterclaimant Ford Motor Credit Company LLC ("Ford"), by and through its counsel of record, Elam & Burke P.A., hereby submits this Opposition to Plaintiff's Objection and Motion for Reconsideration of the Court's Memorandum Decision and Order [Dkt. 57].

## I.     INTRODUCTION

Plaintiff Jason Henry Allen ("Allen") has brought a Motion for Reconsideration of the Court's Memorandum Decision and Order [Dkt. 57]. In his motion, Allen argues that this Court incorrectly applied the Rule 12(b)(6) framework and credited allegations rendered implausible by documents incorporated by reference or subject to judicial notice. He has argued that the paid-in-full letter issued by Ford, the release of its lien, and issuance of the title to Allen make it implausible that Ford rejected Allen's payments and implausible that Ford retains a security interest in the Ford Explorer. Plaintiff also seeks reconsideration of the Court's decision that the economic loss rule does not bar Ford's fraud claim.

Allen's motion should be denied because (1) Ford's allegation that it rejected Allen's payments are specific to Allen's use of "Certified Funds" to pay the debt. Ford did not issue the subject documents following receipt of the "Certified Funds." (2) The Court correctly applied the Rule 12(b)(6) plausibility standard as Ford's claims are plausible as Ford alleges that it issued the subject documents based upon its reliance on Allen's fraudulent payments and has not received actual payment from Allen. (3) The Court correctly found that Ford's fraud claim is not barred by the economic loss rule and Ford met the pleading requirements of Rule 9(b).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) allows an interlocutory order to be revised under the Court's inherent authority. *United States v. Howe*, 2021 WL 276696, *1-*2, Case No. 2:19-cv-421-DCN (D. Idaho 2021). However, "[w]hile courts have the inherent authority to review

interlocutory orders at any time prior to entry of a final judgment, to determine the merits of a request to reconsider an interlocutory order, both this Court and district courts throughout the Ninth Circuit are frequently guided by substantially the same standards as those used to reconsider final orders pursuant to Rule 59(e)." *Id*. "Under Rule 59 reconsideration may be warranted: (1) because of newly discovered evidence; (2) because the Court committed clear error or the order was manifestly unjust; or (3) due to an intervening change in the law." *Id*.

### III.     ANALYSIS

**A.     Allen's Motion Should be Denied as He Has Not Shown that the Court Committed Clear Legal Error or that the Order was Manifestly Unjust.**

"Motions for reconsideration are generally disfavored and may not be used to present new arguments or evidence that could have been raised earlier." *United States v. Howe,* 2021 WL 276696, Case No. 2:19-cv-00421-DCN, *2 (D. Idaho 2021). The purpose of reconsideration motions "is not to give an unhappy litigant one additional chance to sway the judge." *Id*. quoting *Backland v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (affirming denial of Rule 59(e) motion which "presented no arguments that had not already been raised in opposition to summary judgment."); *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) ("A motion for reconsideration should not be used to ask a court to rethink what the court has already thought through—rightly or wrongly.")

In this case, Allen argues that reconsideration is necessary to correct clear legal error, prevent manifest injustice, and ensure the record accurately reflects the governing Rule 12 pleading standards. Allen does not seek reconsideration on the other Rule 59(e) grounds-- (1) newly discovered evidence or (2) intervening change in the law.

Allen's motion should be denied because the Court did not commit clear legal error and the order was not manifestly unjust. He is improperly asking the Court to rethink what the Court has already thought through, he just doesn't like the answer he received.

### 1. Breach of Contract and Foreclosure on a Security Interest.

In this case, the Court considered the allegations in the counterclaim that upon receipt of Allen's first electronic payment, Ford sent Allen a letter dated October 3, 2024, stating that the loan had been "paid-in-full" and that it had released the lien. *See Memorandum Decision and Order ("Order")*, p. 2-3 [Dkt. 57]. In addition, the Court also considered the allegations that all eight electronic payments scheduled by Allen were returned as non-negotiable as Ford was unable to locate Allen's account. *Id.* at p. 3. Further, Ford informed Allen that his obligation to continue making monthly payments or to pay the balance in full remained in effect, all terms of the contract remained in effect, and Ford retained a security interest in the Ford Explorer. *Id*.

Ford's claims are plausible because Ford has alleged that it, in fact, never received funds to satisfy Allen's loan. An amount of $18,906.80 remains outstanding, due, and owing on the loan. On a Rule 12(b)(6) motion, the Court is required to accept as true all factual allegations in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court correctly applied this standard when it considered Allen's argument that the paid-in-full letter and lien release defeated Ford's claim and rejected the argument. The Court explained, "Allen's argument that Ford's own paid-in-full letter and lien release contradicts the breach claim conflates factual disputes with pleading sufficiency. Ford alleges these actions resulted from Allen's fraudulent conduct and that no valid payment was ever received." *See Order*, p.9 [Dkt. 57].

Likewise, as to Ford's claim for foreclosure of a security interest, the Court correctly applied the standard when it considered Allen's argument that Ford's release of the lien

extinguished its security interest and rejected that argument. The Court explained that whether Ford currently holds a valid security interest is a question inappropriate for resolution on a motion to dismiss. The Court correctly applied the Rule 12(b)(6) standard and there are no grounds to reconsider its decision.

The existence of the paid-in-full letter, lien release, and the issuance of the title do not make Ford's claims implausible. Ford can still prevail on its claims despite these documents. Ford can prevail despite these documents because they were sent and/or issued due to Allen's fraudulent conduct not because the debt was actually satisfied. Ford did not receive the payoff amount from Allen.

On a 12(b)(6) motion, the Court is required to look at the allegations as a whole and determine whether the complaint states a plausible claim for relief. In doing so, the Court assumes the allegations in the complaint are true and construes them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Ford's claims meet this plausibility standard and Allen's motion to reconsider should be denied.

### 2.   Fraud in the Inducement.

The Court correctly denied Allen's motion to dismiss as to Ford's fraud in the inducement claim. Allen moved to dismiss this claim, arguing that it is barred by the economic loss rule. In his motion to reconsider, Allen cites to a case from the Supreme Court of Florida holding that the economic loss rule applies only in the products liability context. *See Tiara Condominium Ass'n,*

*Inc. v. Marsh & McLennan*, 110 So.3d 399, 407 (S. Ct. Fl. 2013). This case does not support Allen's argument and is irrelevant to the present case.

In this case, the Court correctly stated the law in Idaho that "the economic loss rule applies to negligence cases, not intentional torts like fraud." *See Order*, p. 7 [Dkt. 57]. Accordingly, the Court correctly ruled that the economic loss rule does not bar the fraud claim because it does not apply to intentional torts like fraud. Further, the Court evaluated Allen's argument that Ford failed to meet the Rule 9(b) pleading requirement and rejected it. The Court found that Ford met all pleading requirements and there are no grounds to reconsider its decision. Allen's motion should be denied in its entirety.

## IV.   CONCLUSION

Based on the foregoing and the pleadings on file herein, Ford respectfully requests that this Court deny Plaintiff's Motion for Reconsideration in its entirety. If the Court grants any part of the motion, Ford asks for leave to amend.

DATED this 27th day of January, 2026.

ELAM & BURKE, P.A.

By: /s/ Erica J. White
    Jed W. Manwaring, Of the Firm
    Erica J. White, Of the Firm
    *Attorneys for Defendant/Counterclaimant*
    *Ford Motor Credit Company LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of January, 2026, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following individuals:

| | |
|---|---|
| Charles Henry Carpenter | carpentc@carpenterlawfirmplc.com |
| Elizabeth Corey | Elizabeth.corey@troutman.com |
| Brad P. Miller | bmiller@hawleytroxell.com |
| Jean Schroeder | jschroeder@hawleytroxell.com |
| Nermy J. Winner | nermy.winner@qslwm.com |
| Michael John Archibald | marchibald@m2law.net |
| Meredith L. Thielbahr | mthielbahr@grsm.com |

In addition, I caused to be served a true copy of this document via U.S. Mail to the following:

Jason Henry Allen, *plaintiff pro se*
2600 E. Seltice Way #235
Post Falls, ID 83854

                                                                                 */s/ Erica J. White*
                                                                                 Jed W. Manwaring
                                                                                 Erica J. White