Jed W. Manwaring, ISB # 3040
Erica J. White, ISB # 7475
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701-1539
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jwm@elamburke.com
ejw@elamburke.com

*Attorneys for Defendant/Counterclaimant Ford Motor Credit Company LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>      Plaintiff, In Propria Persona,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; and MICHAEL J. ARCHIBALD,<br><br>      Defendants. | Case No. 2:25-cv-00404-BLW<br><br>DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES [DKT. 61] |
| FORD MOTOR CREDIT COMPANY LLC,<br><br>      Counterclaimant,<br><br>v.<br><br>JASON HENRY ALLEN,<br><br>      Counterdefendant. | |

Defendant-Counterclaimant Ford Motor Credit Company LLC ("Ford"), by and through its counsel of record, Elam & Burke P.A., hereby submits this Opposition to Plaintiff's Motion to Strike Certain Affirmative Defenses Asserted by Defendant Ford Motor Credit Company LLC (Fed. R. Civ. P. 12(F)) [Dkt. 61].

## I. INTRODUCTION

Plaintiff Jason Henry Allen ("Allen") has brought a second Motion to Strike Certain Affirmative Defenses [Dkt. 61]. Allen filed the present motion two days after the Court denied his first motion to strike Ford's affirmative defenses. *See Memorandum Decision and Order*, p. 11 [Dkt. 57]. For the same reasons the Court denied Allen's first motion to strike Ford's affirmative defenses, Allen's second Motion should be denied in its entirety.

Specifically, the Court has already determined that Ford's affirmative defenses three through ten are more properly characterized as negative defenses and striking them serves no practical purpose. Further, the Court has already determined that Ford's affirmative defenses eleven and twelve provided sufficient notice. Allen's present motion does not present any different issues, and a different outcome is not warranted. Ford has met the pleading requirements for its affirmative defenses and Allen's motion should be denied.

## II. STANDARD OF REVIEW

"Whether to grant a motion to strike lies within the sound discretion of the district court." *Id.* Motions to strike are construed in the light most favorable to the non-moving party, and will be denied if the challenged defenses have "any relation to the subject matter of the controversy, could be held to in any manner defeat plaintiff's claim, or if it fairly presents any question of fact or law." *Falash v. Inspire Academics, Inc.,* 2015 WL 4656505, *1, Case No. 1:14-cv-00223-REB (D. Idaho 2015).

## III. ANALYSIS

**A. Plaintiff's Motion to Strike Affirmative Defenses Should be Denied as the Court Has Already Determined that Striking Negative Defenses Serves No Purpose and that Ford's Affirmative Defenses Meet the Rule 8 Pleading Requirement.**

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The Court may strike a defense that does not satisfy the pleading requirements of Rule 8. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (discussing pleading standards in the context of a motion to amend). However, motions to strike are disfavored. *Roadhouse v. Las Vegas Metropolitan Police Dept.*, 290 F.R.D. 535, 543 (D. Nev. 2013). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Id.*

Turning to the present case, although Allen has styled this motion to strike differently than his first motion to strike [Dkt. 44], it fails for the same reasons. Therefore, rather than setting forth the same arguments again, Ford hereby incorporates its Opposition to Plaintiff's Notice of Motion and Combined Motion to Dismiss Ford Motor Credit Company LLC'S Fraud Counterclaim, Section B, [Dkt. 47] as if set forth in full herein.

In addition, Ford's affirmative defenses are exactly the same as they were when Allen filed his first motion to strike. This Court has already opined on the issue and stated as to Ford's affirmative defenses three through ten, "Striking negative defenses serves no practical purpose because doing so will not eliminate issues from the case or preclude Ford from arguing them." *See Memorandum Decision and Order*, p.11 [Dkt. 57]. The Court went on to state, "Ford's defenses

eleven (waiver/estoppel) and twelve (fraud) are somewhat conclusory but provide sufficient notice when read with the factual allegations in Ford's Answer and Counterclaim." *Id*. "Granting a "hyper-technical and inconsequential motion to strike runs counter to the purpose of Rule 8" and "diverts resources from substantive litigation." *Id*.

Despite the Court's analysis and decision on Allen's first motion to strike, two days after the decision was issued Allen filed the present motion arguing that, "[a]llowing Ford's affirmative defenses to remain in the pleadings will unnecessarily broaden discovery, increase litigation costs, and prejudice Plaintiff by permitting Ford to pursue defenses unsupported by facts or contradicted by its own admissions." *See Plaintiff's Motion to Strike Certain Affirmative Defenses Asserted by Defendant Ford Motor Credit Company LLC*, p. 4. Plaintiff is incorrect and, to the contrary, it is Plaintiff's actions that are increasing litigation costs. As the Court previously explained, striking negative defenses serves no practical purpose because doing does not eliminate the issues from the case or prevent Ford from arguing them.

Filing a second motion to strike the exact same affirmative defenses two days after the Court denied the first motion to strike wherein the Court stated: "[s]triking negative defenses serves no practical purpose…" and that "[g]ranting a hyper-technical and inconsequential motion to strike runs counter to the purpose of Rule 8 and <u>diverts resources from substantive</u> litigation" clearly serves no proper purpose, is done to harass, cause unnecessary delay, and needlessly increases the cost of litigation. (Emphasis added). The Court has already told Allen that a motion to strike is not warranted by existing law and to file a second motion to strike, with that knowledge, is frivolous.

If the Court chooses to entertain Allen's motion despite its prior ruling, Ford's Fourth Affirmative Defense alleges that "Ford may not have received proper notice of the dispute from a

consumer reporting agency, which is a prerequisite for liability under § 1681s-2(b)." *See Defendant Ford Motor credit Company's Answer to Second Amended Complaint for Damages and Counterclaim ("Answer")*, p. 12. Allen seems to argue that this affirmative defense should be stricken as it is contradicted by Ford's express admission that it received Automated Consumer Dispute Verifications ("ACDVs").

Allen is incorrect in his assessment of what Ford has admitted. In response to Allen's Second Amended Complaint, Ford admitted that it "received some Automated Consumer Dispute Verifications regarding Allen's account with Ford." *See Answer*, ¶ 10. Ford did not admit that it received the specific ACDVs that Allen relies upon or that the ACDVs received provided proper notice. *See id.* Ford's Answer and affirmative defenses do not contradict one another and Ford is entitled to assert the subject affirmative defense. Further, as stated above, this is a negative defense and striking it would not prevent Ford from arguing that it did not receive proper notice of the dispute.

Allen next argues that the Court should strike Ford's affirmative defense premised on lack of furnisher status or exemption from the FCRA. Allen does not identify what affirmative defense this is and Ford cannot ascertain which affirmative defense Allen is referring to. As such, his request must be denied.

Next, Allen asks this Court to strike Ford's conclusory affirmative defense alleging compliance or good faith without supporting facts. Ford's Fifth Affirmative Defense alleges that "Ford acted in good faith and substantially complied with its duties under the statute." *See Answer*, p. 12. This meets the pleading requirement of Rule 8 as it provides Allen with fair notice of the defense and nothing more is required. Further, as stated above, this is a negative defense and

striking it would not prevent Ford from arguing that it acted in good faith and complied with its duties under the statute. Plaintiff is not prejudiced by Ford assertion of this defense.

Finally, Allen asks the Court to strike Ford's catch-all or reservation defenses. Here again, Allen does not identify which affirmative defense he is referring to and leaves it to Ford and the Court to guess which affirmative defense he is referring to. Presumably, Allen is referring to Ford's Third Affirmative Defense which alleges, "Ford is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule, law or statute deemed to apply." *See Answer*, p. 12. This defense is not inflammatory, scandalous, or prejudicial. *See Johnson v. Engbaum*, 2024 WL 3696158, Case No. 1:24-cv-00218-REP, *3 (D. Idaho 2024). Striking it from the complaint does nothing to advance the case or reallocate the parties' rights and responsibilities. *See Id*.

Allen's Motion to Strike must be denied as it serves no purpose, is frivolous, harassing, and needlessly increases the cost of litigation.

## IV. CONCLUSION

Based on the foregoing and the pleadings on file herein, Ford respectfully requests that this Court deny Plaintiff's Motion in its entirety.

DATED this 27th day of January, 2026.

        ELAM & BURKE, P.A.


        By: */s/ Erica J. White*
            Jed W. Manwaring, Of the Firm
            Erica J. White, Of the Firm
            *Attorneys for Defendant/Counterclaimant*
            *Ford Motor Credit Company LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of January, 2026, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following individuals:

| | |
|---|---|
| Charles Henry Carpenter | carpentc@carpenterlawfirmplc.com |
| Elizabeth Corey | Elizabeth.corey@troutman.com |
| Brad P. Miller | bmiller@hawleytroxell.com |
| Jean Schroeder | jschroeder@hawleytroxell.com |
| Nermy J. Winner | nermy.winner@qslwm.com |
| Michael John Archibald | marchibald@m2law.net |
| Meredith L. Thielbahr | mthielbahr@grsm.com |

In addition, I caused to be served a true copy of this document via U.S. Mail to the following:

Jason Henry Allen, *plaintiff pro se*
2600 E. Seltice Way #235
Post Falls, ID 83854

                                                      */s/ Erica J. White*
                                                      Jed W. Manwaring
                                                      Erica J. White