Jed W. Manwaring, ISB # 3040
Erica J. White, ISB # 7475
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701-1539
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jwm@elamburke.com
ejw@elamburke.com

*Attorneys for Defendant/Counterclaimant Ford Motor Credit Company LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>      Plaintiff, In Propria Persona,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; and MICHAEL J. ARCHIBALD,<br><br>      Defendants. | Case No. 2:25-cv-00404-BLW<br><br>DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. 63] |
| FORD MOTOR CREDIT COMPANY LLC,<br><br>      Counterclaimant,<br><br>v.<br><br>JASON HENRY ALLEN,<br><br>      Counterdefendant. | |

Defendant-Counterclaimant Ford Motor Credit Company LLC ("Ford"), by and through its counsel of record, Elam & Burke P.A., hereby submits this Opposition to Plaintiff's Motion for Judgment on the Pleadings Against Defendant Ford (Fed. R. Civ. P. 12(C)) [Dkt. 63].

## I. INTRODUCTION

Plaintiff Jason Henry Allen ("Allen") has brought a Motion for Judgment on the Pleadings pursuant to F.R.C.P. 12(c). [Dkt. 63]. Allen's Motion should be denied in its entirety as it is not a proper motion before the court. Allen's motion improperly seeks this Court's 'judgment' establishing facts based on what Allen argues Ford failed to deny in its Answer. That is not the proper use or purpose of a Rule 12(c) motion. Further, Allen ignores Ford's specific denials of the allegations he seeks to establish as true. Allen also ignores Ford's affirmative defenses, that if proven, would defeat his claim. This is not a proper Rule 12(c) motion and it should be denied.

## II. STANDARD OF REVIEW

A judgment on the pleadings is a decision on the merits. *General Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 12(c). All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party. *Seventh-Day Adventist*, 887 F.2d at 230. As a result, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. *Id*. Similarly, if the defendant raises an affirmative defense in his answer, it will usually bar judgment on the pleadings. *Id*.

A Rule 12(c) motion for judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law. *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999).

## III. ANALYSIS

Federal Rule of Civil Procedure 12(c) provides as follows: "Motion for Judgment on the Pleadings. After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Allen has filed a motion indicating that he is seeking relief under FRCP 12(c), however, he is not actually seeking a judgment on the pleadings. Rather, he seems to be seeking some sort of approval from the Court that certain facts have been established by the pleadings. This is not the purpose of Rule 12(c) and Allen's motion should be denied as the Court cannot enter judgment establishing the facts pursuant to Rule 12(c).

Additionally, Ford's Answer disputes Allen's allegations and create issues of fact that if proven would defeat his claims and that cannot be resolved on a 12(c) motion. Ford has also asserted affirmative defenses, that, if proven, would defeat Allen's claim. The standard of review requires this Court to accept all facts as pleaded by Ford as true and construe the facts in the light most favorable to Ford as the non-moving party. In doing so, Allen is not entitled to judgment as a matter of law and his motion must be denied.

Allen asks this Court to enter judgment finding:

(1) that Ford is a furnisher of information under 15 U.S.C. § 1681s-2(b);

(2) Ford received notice of Plaintiff's disputes through Automated Consumer Dispute Verifications ("ACDVs");

(3) Ford's statutory duties under § 1681s-2(b) were triggered as a matter of law upon receipt of such notice; and

(4) The existence of Ford's state-law counterclaim does not, as a matter of law, bar or preclude Plaintiff's federal claims under the Fair Credit Reporting Act.

These are not matters that the Court can enter a judgment on. Even so, Ford's Answer creates issues of fact as to these matters. In Plaintiff's Second Amended Complaint paragraph 7 of the section titled "Parties" he alleges that Ford Motor Credit Company LLC ("Ford Motor Credit") and Idaho Central Credit Union ("ICCU") are furnishers of information under 15 U.S.C. § 1681s-2. *See Second Amended Complaint For Damages ("Complaint")*, p. 3, [Dkt. 51]. In response in paragraph 8, Ford stated:

> In answer to the allegations set forth in Paragraph 7 of the section titled "Parties" of the Second Amended Complaint, Plaintiff attempts to set forth legal conclusions which do not require an answer from Ford. In the event any of these allegations are factual, Ford denies the same.

*See Defendant Ford Motor Credit Company's Answer to Second Amended Complaint for Damages [Dkt. 51] and Counterclaim, ("Answer")*, p. 3 [Dkt56].

Further, paragraph 9 of the section titled "Factual Allegations" of Allen's Complaint, alleges: Each CRA received the disputes and transmitted Automated Consumer Dispute Verifications ("ACDVs") to Ford Motor Credit and ICCU via the e-OSCAR system. *See Complaint*, p. 3. In response, Ford stated:

> In answer to the allegations set forth in Paragraph 9 of the section titled "Factual Allegations" of the Second Amended Complaint, Ford states that the allegations contained therein do not apply to Ford and thus a response is not required. To the extent a response is required, Ford admits only that it received some Automated Consumer Dispute Verifications regarding Allen's account with Ford. Ford is without sufficient information to admit or deny the remaining allegations contained therein and therefore denies the allegations contained therein.

*See Answer*, p. 3. Ford has admitted only that it received some ACDVs regarding Allen's account with Ford. Allen did not identify the ACDVs that he refers to with any specificity. Thus, Ford

cannot and has not admitted that it received any specific ACDV from any specific CRA or what the contents of the ACDV were.

Paragraph 26 of the section titled "Count III—15 U.S.C. § 1681s-2(b)" of Allen's Complaint alleges: "Upon receiving ACDVs, ICCU and Ford were required to conduct reasonable investigations and correct errors." *See Complaint*, p. 10. Ford responded in paragraph 37 as follows:

> In answer to the allegations set forth in Paragraph 26 of the section titled "Count III – 15 U.S.C. § 1681s-2(b) (Furnisher Liability: ICCU and Ford)" of the Second Amended Complaint, Plaintiff attempts to set forth legal conclusions which do not require an answer from Ford. To the extent an answer is required, Ford denies the allegations contained therein.

*See Answer*, p. 9.

Paragraph 28 of the section titled "Count III—15 U.S.C. § 1681s-2(b)" of Allen's Complaint alleges: "Upon receipt of Plaintiff's disputes via e-OSCAR ACDVs, Defendant Fort Motor Credit and ICCU were statutorily obligated to conduct a reasonable investigation, review all relevant information provided by the CRAs, and correct or delete inaccurate data. 15 U.S.C. § 1681s-2(b)(1)(A)-(E). Their failure to do so gives rise to a private right of action." *See Complaint*, p. 10. Ford responded in paragraph 39 as follows:

> In answer to the allegations set forth in Paragraph 28 of the section titled "Count III – 15 U.S.C. § 1681s-2(b) (Furnisher Liability: ICCU and Ford)" of the Second Amended Complaint, Plaintiff attempts to set forth legal conclusions which do not require an answer from Ford. To the extent an answer is required, Ford denies the allegations contained therein.

*See Answer*, p. 9. In addition to the above specific denials, in its Second Affirmative Defense, Ford denied each and every allegation contained in the Second Amended Complaint that was not specifically admitted in its Answer. *See Answer*, p. 11.

On a Rule 12(c) motion the Court must accept Ford's allegations as true and must construe all facts in the light most favorable to Ford as the non-moving party. Ford's denials of Allen's above allegations create issues of fact as to each matter that Allen seeks 'judgment' from this Court on. Further, Ford has asserted affirmative defenses, that if proven will defeat Allen's claims

Finally, Allen seeks a 'judgment' from this Court that Ford's counterclaim does not bar or limit FCRA liability. This is not an issue that the Court can enter a 'judgment' on. Ford agrees that the simple filing of its counterclaim does not *per se* bar Allen's claim. However, if Ford prevails on its counterclaim, it is hard to imagine a scenario in which Allen could prevail on his claim. Thus, if Ford prevails on its counterclaim, Allen's claim will be barred.

## IV.     CONCLUSION

Based on the foregoing and the pleadings on file herein, Ford respectfully requests that this Court deny Plaintiff's Motion in its entirety.

DATED this 27th day of January, 2026.

        ELAM & BURKE, P.A.


        By: */s/ Erica J. White*
          Jed W. Manwaring, Of the Firm
          Erica J. White, Of the Firm
          *Attorneys for Defendant/Counterclaimant*
          *Ford Motor Credit Company LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of January, 2026, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following individuals:

| | |
|---|---|
| Charles Henry Carpenter | carpentc@carpenterlawfirmplc.com |
| Elizabeth Corey | Elizabeth.corey@troutman.com |
| Brad P. Miller | bmiller@hawleytroxell.com |
| Jean Schroeder | jschroeder@hawleytroxell.com |
| Nermy J. Winner | nermy.winner@qslwm.com |
| Michael John Archibald | marchibald@m2law.net |
| Meredith L. Thielbahr | mthielbahr@grsm.com |

In addition, I caused to be served a true copy of this document via U.S. Mail to the following:

Jason Henry Allen, *plaintiff pro se*
2600 E. Seltice Way #235
Post Falls, ID 83854

                                                          */s/ Erica J. White*
                                                          Jed W. Manwaring
                                                          Erica J. White