UNITED STATES DISTRICT COURT
FOR THE District of Idaho (LIVE) NextGen 1.8

| | |
|---|---|
| Jason Henry Allen | CASE NO. 2:25−cv−00404−BLW |
| Plaintiff(s)/Petitioner(s), | **NOTICE TO PRO SE LITIGANT OF YOUR RIGHTS AND OBLIGATIONS RE: THE OPPOSING PARTY'S MOTION FOR JUDGMENT OR DISMISSAL** |
| v. | |
| Experian Information Solutions, Inc., et al. | |
| Defendant(s)/Respondent(s). | |

*This Notice is Required to be Given to You by the Court*

A party in your case has filed a motion to dismiss under Federal Rule of Civil Procedure 12 or a motion for summary judgment under Federal Rule of Civil Procedure 56. **This is notice to you that, if the motion is granted, some or all of your claims may be dismissed if you are a plaintiff, or some or all of the claims against you may be granted if you are a defendant, and there will be no trial or evidentiary hearing on those claims.** In preparing your response to the motion, consult the particular Federal Rule of Civil Procedure to determine what your response should contain.

**Motions to Dismiss Considered under Rule 12(b)(1) to (7) or Rule 12(c), and Motions to Dismiss Treated As Rule 56 Motions**

In a motion to dismiss brought under Rule 12(b), subparts (1) to (7), the moving party generally relies on facts stated in the complaint (and any directly related items of which the Court can take judicial notice) to support dismissal of the complaint. In a Rule 12(c) motion, the answer to the complaint is also considered. However, if either the moving or responding party submits matters outside of the complaint, answer, and documents subject to judicial notice, then the court must either exclude such outside matters from consideration, or treat the motion as one for summary judgment under Rule 56 and give all parties a reasonable opportunity to present all material pertinent to the motion. *See* Federal Rule of Civil Procedure 12(d). If the Court decides to consider a motion to dismiss as a motion for summary judgment, you will receive notice of that action, and your response to the motion will be governed by the provisions of Rule 56, dealing with motions for summary judgment, rather than Rule 12(b) or 12(c). Additional information about Rule 56 is included on the next two pages of this notice.

**Motions for Summary Judgment under Rule 56**

Under Rule 56, the moving party is required to file with its motion both a statement of undisputed material facts and a memorandum showing why the party is entitled to judgment as a matter of law, as more fully explained below.

When the moving party has filed a Rule 56 motion for summary judgment (or a Rule 12 motion to dismiss that is treated as a Rule 56 motion), you must file a response opposing that motion within 21 days after the date the motion was mailed to you, or within such other time period set by the Court. The date of mailing can be found on the "Certificate of Service," which is usually on the last page of any document that is filed with the Court. *See* Local Rule 7.1(c)(1); Federal Rule of Civil Procedure 5(b). Your response must consist of (1) a memorandum opposing the motion, not to exceed 20 pages in length; (2) a statement of all material facts in dispute, if any, not to exceed 10 pages; and (3) evidence supporting your claims, such as affidavits, declarations, admissions from the other party, deposition transcripts, documents, electronically stored information, answers to interrogatories, stipulations, or other materials that contradict or oppose the moving party's motion and support your claims. *See* Federal Rule of Civil Procedure 56(c); Local Rule 7.1(a)(2). Your evidence must be the type that can be presented in a form that would be admissible at trial.

These filings constitute your only opportunity to contest the Rule 56 motion. If you know facts exist to support your position, but you do not presently possess evidence of those facts, you

can bring that to the attention of the Court by filing an affidavit or declaration about those specific facts, following the requirements of Rule 56(d), before the deadline for response to the Rule 56 motion expires.

After you file your response, the moving party may file a reply memorandum within 14 days, or within such other time period set by the Court. The reply memorandum completes the record before the Court for the Rule 56 motion. You are not entitled to file anything in response to the moving party's reply memorandum, unless the Court specifically authorizes it.

Summary judgment will be granted (1) if there is no genuine dispute between you and the moving party over any material facts (which means that it is not necessary to have a "factfinder" (usually a jury) decide the truth or falsity of any important fact); *and* (2) when, based on the law governing the case, you have not produced enough evidence upon which a factfinder (jury) reasonably could decide the claim in your favor.

If the party moving for summary judgment under Rule 56 submits affidavits, sworn testimony, or other evidence, you generally cannot oppose the motion by relying solely on what your complaint or answer says. Instead, you must provide specific facts that show there is a genuine dispute of material fact that requires a factfinder to decide the truth or falsity of the disputed facts.

In some cases, a Rule 56 summary judgment motion may be addressed to a preliminary procedural issue, such as a prisoner's failure to exhaust claims through prison administrative grievance procedures before filing the complaint in court. If such a motion is filed seeking dismissal of your case based on a failure to exhaust, you must respond as set forth above and include evidence supporting your assertion that you exhausted (or were prevented from exhausting) your administrative remedies, such as affidavits, declarations, admissions from the other party, documents, or other materials that contradict or oppose the motion.

After reviewing all of the briefing and evidence, the Court will decide whether some or all of your claims should be dismissed, or, if you are a defendant, whether some or all of the claims against you will be granted. If all of your claims are dismissed, or the claims against you are granted, judgment will be entered against you and the case will be closed without a trial or evidentiary hearing.

**Your Response to Any of these Motions is REQUIRED**

**You are warned** that if you do not file your response opposing the motion within 21 days (or such other time period set by the Court), the Court will consider the facts provided by the moving party as undisputed and **may grant the motion** based on the record before it, or it **may dismiss your entire case for failure to prosecute** (abandonment of your case). *See* Local Rule 7.1(e)(2); Fed. R. Civ. P. 41(b).

Dated: 1/28/2026                                                                                     Stephen W. Kenyon, Clerk of Court