# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN<br><br>Plaintiff, In Propria Persona<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>EQUIFAX INFORMATION SERVICES LLC;<br><br>TRANS UNION LLC;<br><br>FORD MOTOR CREDIT COMPANY LLC;<br><br>M2 LAW GROUP P.C.;<br><br>MICHAEL J. ARCHIBALD;<br><br>Defendants | Case No.: 2:25-CV-00404-BLW<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS M2 LAW GROUP PC AND MICHAEL J. ARCHIBALD'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. 68) |

**U.S. COURTS**

Counter FEB 03 2026 3:37pm
Rcvd_____ Filed_____ Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## PLAINTIFF'S OPPOSITION TO DEFENDANTS M2 LAW GROUP PC AND MICHAEL J. ARCHIBALD'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. 68)

### I. INTRODUCTION

Defendants M2 Law Group P.C. and Michael J. Archibald ("M2 Defendants") move to dismiss Plaintiff's Second Amended Complaint ("SAC") under Rule 12(b)(6), asserting that Plaintiff failed to allege facts tying them to actionable conduct. That assertion disregards both the governing pleading standard **and this Court's prior dismissal order**.

1

On December 3, 2025, this Court dismissed Plaintiff's prior complaint **for a specific and narrow reason**: Plaintiff had not identified particular inaccurate tradelines or data points sufficient to support Fair Credit Reporting Act claims. The Court did **not** hold that Plaintiff was required to plead evidentiary detail as to each Defendant's internal role, nor did it impose heightened pleading standards.

The SAC directly cures the defect identified by the Court. It now identifies **each inaccurate account, each specific inconsistency, each CRA involved, the timing of disputes, and the failure to correct after statutory notice**. M2's motion ignores that correction entirely and instead seeks dismissal based on a mischaracterization of Rule 8 and Rule 12 standards.

At most, M2 raises a Rule 8 notice issue, not a Rule 12(b)(6) failure. Dismissal—especially dismissal with prejudice—is unwarranted and inconsistent with Ninth Circuit law and this Court's prior order.

## II. GOVERNING LEGAL STANDARD

A complaint survives Rule 12(b)(6) if it alleges sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept well-pleaded factual allegations as true and draw reasonable inferences in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Rule 8 requires a "short and plain statement," not evidentiary proof or defendant-by-defendant mini-trials. Collective allegations are permitted where defendants are alleged to have acted jointly, through agency, or in coordinated conduct. *Gibson v. Credit Suisse AG*, 786 F.3d 1039, 1044 (9th Cir. 2015).

2

Dismissal with prejudice is appropriate only where amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. ARGUMENT

### A. The SAC Directly Cures the Defect Identified in This Court's Prior Dismissal Order

This Court previously dismissed Plaintiff's complaint because it lacked specificity as to what information was inaccurate. The Court did not require Plaintiff to plead internal communications, discovery-level detail, or defendant-specific proof.

The SAC expressly addresses the Court's concern. It now pleads, in detail:

- The specific ICCU and Ford Motor Credit tradelines at issue;
- The precise inconsistencies in balances, dates, charge-off status, and payment histories;
- Which CRAs reported which inaccuracies;
- The dates and substance of Plaintiff's disputes;
- The continued reporting after statutory notice.

See SAC §§ IV(B)–(E).

M2's motion does not dispute that these inaccuracies are now specifically pleaded. Instead, it attempts to resurrect dismissal by reframing the issue as a lack of defendant-specific granularity. That is **not what this Court ordered**, and it is not what Rule 8 requires. Nor did the Court authorize dismissal with prejudice for pleading deficiencies that were expressly curable.

**B. The SAC Plausibly Alleges M2's Participation Through Agency and Coordinated Conduct**

M2 asserts that it is "not listed in the SAC other than the heading." That is a mischaracterization of the pleading.

The SAC alleges that **Defendants**, collectively, engaged in conduct following Plaintiff's disputes that resulted in the continued validation, defense, and publication of inaccurate credit information. See SAC ¶¶ I, IV, V. M2 Law Group and Archibald are alleged defendants, acted as counsel and alleged agents for Ford Motor Credit, and are alleged to have participated in conduct connected to the challenged reporting after notice.

Rule 8 does not require Plaintiff to plead which defendant pressed "send" on which communication before discovery. Where attorneys are alleged to have acted as agents in the enforcement or validation of a disputed consumer debt, collective pleading is proper. *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1078–79 (9th Cir. 2016).

Whether M2's precise role was advisory, communicative, or strategic is a fact-bound issue not resolvable on a Rule 12 motion.

**C. Attorney or Litigation Status Does Not Confer Immunity**

M2's motion implicitly assumes that attorneys cannot be liable for conduct connected to debt enforcement or credit reporting. That assumption is incorrect.

The Supreme Court has squarely held that attorneys are subject to federal consumer-protection statutes when they engage in covered conduct. *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995). The

Ninth Circuit has repeatedly rejected categorical immunity for litigation-related conduct where the alleged acts contribute to statutory violations.

Here, Plaintiff alleges that Defendants—including M2—continued to defend, validate, or facilitate the maintenance of inaccurate credit reporting after statutory notice. At the pleading stage, that allegation is sufficient.

## D. M2's Motion Improperly Seeks Fact-Finding and Heightened Pleading

M2's argument depends on facts uniquely within Defendants' possession: internal communications, instructions from Ford, and the scope of counsel's involvement. Rule 12(b)(6) does not permit dismissal based on the absence of information that can only be obtained through discovery.

The SAC provides M2 with fair notice of the claims and the conduct at issue. That is all Rule 8 requires.

## E. Dismissal With Prejudice Is Foreclosed by Ninth Circuit Law

Even if the Court were to conclude that additional specificity as to M2 is required (which Plaintiff disputes), dismissal with prejudice would be error.

Plaintiff amended in direct response to the Court's prior order, cured the identified deficiency, and acted in good faith. There has been no showing of futility, bad faith, or repeated failure to cure.

Under Ninth Circuit precedent, leave to amend must be granted with "extreme liberality." *Eminence Capital*, 316 F.3d at 1051. M2's request for dismissal with prejudice should be denied outright.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court **DENY** Defendants M2 Law Group P.C. and Michael J. Archibald's Motion to Dismiss. In the alternative, should the Court find any pleading deficiency, Plaintiff requests leave to amend pursuant to Rule 15(a)(2).

Dated: February 3, 2026

Respectfully submitted,

/s/ By:___Jason Henry Allen__

Jason-Henry:Allen

2600 E. Seltice Way

Post Falls, ID 83854

(323) 377-5620

Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

I certify that on _____February 3___ 2026, a true and correct copy of the foregoing will be served

effected via email, CM/ECF, and or first-class mail, postage prepaid, to the appropriate parties

including but not limited to the following:

**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (206) 695-5100
Email: **mthielbahr@grsm.com**

---

**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Tel: (406) 549-3171
Email: **carpentc@carpenterlawfirmpllc.com**

---

**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **bmiller@hawleytroxell.com**

Jean E. Schroeder
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **jschroeder@hawleytroxell.com**

Nermy J. Winner
Quilling Selander Lownds Winslett Moser, P.C.

2001 Bryan Street, Suite 1800
Dallas, TX 75201
Tel: (214) 871-2100
Email: **nwinner@qslwm.com**

**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **ejw@elamburke.com**

Jed W. Manwaring
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **jwm@elamburke.com**

**M2 Law Group, P.C. / Howell & Vail LLP / Michael J. Archibald**
Michael J. Archibald
M2 Law Group, P.C.
P.O. Box 330
Meridian, ID 83680
Tel: (208) 887-9911
Email: **marchibald@m2law.net**

/s/ Jason-Henry:Allen