# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN<br><br>Plaintiff, In Propria Persona<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>EQUIFAX INFORMATION SERVICES LLC;<br><br>TRANS UNION LLC;<br><br>FORD MOTOR CREDIT COMPANY LLC;<br><br>M2 LAW GROUP P.C.;<br><br>MICHAEL J. ARCHIBALD;<br><br><u>Defendants</u> | Case No.: 2:25-CV-00404-BLW<br><br>PLAINTIFF'S REPLY IN SUPPORT OF OBJECTION AND MOTION FOR RECONSIDERATION AND RESPONSE TO FORD'S OPPOSITION (DKT. 65) |

**U.S. COURTS**

FEB 03 2026

Rcvd_____Filed_____Time 3:37pm
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

**PLAINTIFF'S REPLY IN SUPPORT OF OBJECTION AND MOTION FOR RECONSIDERATION AND RESPONSE TO FORD'S OPPOSITION (DKT. 65)**

# I. INTRODUCTION AND CLARIFICATION OF RELIEF SOUGHT

This Reply is submitted to respond point-by-point to Defendant–Counterclaimant Ford Motor Credit Company LLC's Opposition to Plaintiff's Objection and Motion for Reconsideration (Dkt. 65). Plaintiff clarifies that the relief sought is not merely clarification of pleading standards, but **dismissal of Ford's counterclaims in their entirety** because they are procedurally improper, implausible as pled, and beyond the permissible scope of this federal FCRA action.

1

This case is before the Court on **federal statutory claims under the Fair Credit Reporting Act**. Ford's counterclaims improperly attempt to transform this action into a state-law debt-collection and title dispute, contrary to Rule 13, Rule 12(b)(6), and controlling Ninth Circuit authority.

Plaintiff submits this Reply pursuant to Dist. Idaho Loc. Civ. R. 7.1 to address new arguments raised in Defendant's Opposition that could not have been anticipated in the opening motion. The Reply is narrowly confined to those issues and will assist the Court in resolving the matter.

To the extent leave of Court is required to file this reply, Plaintiff respectfully requests leave. This reply is limited to correcting legal misstatements raised for the first time in Ford's opposition and will assist the Court in resolving the pending motion.

## II. GOVERNING LEGAL FRAMEWORK (REITERATED)

Reconsideration of interlocutory orders is governed by **Fed. R. Civ. P. 54(b)**. Reconsideration is appropriate to correct **clear legal error** or **prevent manifest injustice**, including where a court inadvertently credits allegations that are **contradicted by documents properly considered at the pleading stage**. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03 (9th Cir. 2018).

At Rule 12, **courts must assess plausibility, not merely assume coherence**. Allegations that require ignoring the legal effect of undisputed documents are not entitled to deference.

# III. POINT-BY-POINT RESPONSE TO FORD'S OPPOSITION

## A. Ford's Threshold Framing Is Legally Incorrect

**Ford asserts** that Plaintiff merely "disagrees with the Court's conclusion." This mischaracterizes the motion. Plaintiff challenges a **legal error**: crediting Ford's counterclaim allegations notwithstanding documents that negate the plausibility of Ford's theories.

Plaintiff does not ask the Court to weigh evidence or resolve disputed facts. Plaintiff asks the Court to apply Rule 12 correctly.

## B. Ford's Counterclaims Are Not Plausible in Light of Its Own Documents

Ford admits, and the pleadings establish, that it:

- Issued a written **paid-in-full letter**;
- Executed a **lien release**; and
- Caused **title to issue free and clear**.

These are not "background facts." They are **legally operative acts**. Once performed, Ford's counterclaims for foreclosure, continued security interest, and contract damages become implausible **absent pleaded facts showing lawful rescission or reinstatement**.

Ford pleads none.

Ford's opposition attempts to supply an ex post narrative ("certified funds," timing distinctions, reliance theories). But **new factual explanations raised in briefing cannot cure pleading defects**. Rule 12 analysis is confined to the pleadings and properly considered documents.

## C. Ford's "Certified Funds" Argument Is Procedurally Improper

Ford repeatedly argues that its actions were based on Plaintiff's use of "certified funds" and that later rejection somehow nullifies its payoff and lien release.

This argument fails for three independent reasons:

1. **Not Pleaded** – The counterclaim does not plead the who/what/when/how required to make this theory plausible.
2. **Legally Insufficient** – A creditor cannot unilaterally undo payoff, lien release, and title issuance through post hoc characterization.
3. **Improper at Rule 12** – The Court cannot assume Ford's factual gloss to rescue implausibility created by Ford's own documents.

## D. Foreclosure and Security-Interest Claims Are Not Properly Before This Court

Ford's foreclosure and security-interest counterclaims seek to adjudicate the validity of an alleged debt and collateral rights.

This Court is not the proper forum for such claims in the context of an FCRA action. Allowing them to proceed would:

- Expand the litigation beyond the federal statutory framework;

- Chill enforcement of consumer-protection laws;

- Allow furnishers to retaliate against consumers who dispute credit reporting.

Courts routinely reject such attempts. See *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 675 (9th Cir. 2010) (FCRA must be construed to prevent circumvention of consumer protections).

## E. Ford's Fraud Counterclaim Fails as a Matter of Law

Ford's fraud theory is pled as a catchall justification to pursue state-law remedies after representing the account as paid.

Even accepting that fraud is not barred per se by the economic loss rule, Ford's pleading fails because:

- It does not plead fraud with Rule 9(b) particularity;

- It seeks purely economic damages arising from a contractual relationship;

- It is derivative of, and duplicative of, the alleged debt obligation;

- It is used to bootstrap foreclosure and rescission remedies that are implausible on the pleadings.

Fraud cannot be used as an all-purpose escape hatch from the consequences of a creditor's own actions.

## F. Ford's Counterclaims Are Not Compulsory and Should Be Dismissed

Ford's counterclaims do not "arise out of the same transaction or occurrence" as Plaintiff's FCRA claims within the meaning of **Rule 13(a)**.

Plaintiff's claims concern **credit reporting accuracy and reinvestigation duties**. Ford's counterclaims concern alleged nonpayment, title, and collateral enforcement. The factual overlap is superficial; the legal standards are entirely distinct. Plaintiff does not contend that Ford lacks a forum for its claims, only that this FCRA action is not it.

Permitting these counterclaims would undermine the purpose of the FCRA and improperly convert this case into a collection action.

## IV. MANIFEST INJUSTICE IF COUNTERCLAIMS PROCEED

If Ford's counterclaims are allowed to proceed:

- Consumers will be deterred from disputing inaccurate credit reporting;
- Furnishers will be incentivized to file retaliatory debt claims;
- Federal statutory litigation will be hijacked by state-law disputes.

This is precisely the injustice Rule 54(b) reconsideration exists to prevent.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Grant reconsideration of the Memorandum Decision and Order (Dkt. 57);

2. Dismiss Ford Motor Credit Company LLC's counterclaims in their entirety, or in the alternative dismiss without prejudice to refiling in an appropriate state forum;

3. Clarify that this action shall proceed solely on Plaintiff's federal statutory claims; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: February 3, 2026

Respectfully submitted,

/s/ By:___Jason Henry Allen__

Jason-Henry:Allen

2600 E. Seltice Way

Post Falls, ID 83854

(323) 377-5620

Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

**CERTIFICATE OF SERVICE**

I certify that on ___Feb 3_____, 2026, a true and correct copy of the foregoing will be served

effected via email, CM/ECF, and or first-class mail, postage prepaid, to the appropriate parties

including but not limited to the following:

**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (206) 695-5100
Email: **mthielbahr@grsm.com**

---

**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Tel: (406) 549-3171
Email: **carpentc@carpenterlawfirmpllc.com**

---

**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **bmiller@hawleytroxell.com**

Jean E. Schroeder
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **jschroeder@hawleytroxell.com**

Nermy J. Winner
Quilling Selander Lownds Winslett Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Tel: (214) 871-2100
Email: **nwinner@qslwm.com**

---

**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **ejw@elamburke.com**

Jed W. Manwaring
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **jwm@elamburke.com**

---

**M2 Law Group, P.C. / Howell & Vail LLP / Michael J. Archibald**
Michael J. Archibald
M2 Law Group, P.C.
P.O. Box 330
Meridian, ID 83680
Tel: (208) 887-9911
Email: **marchibald@m2law.net**

/s/ Jason-Henry:Allen