# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN<br><br>Plaintiff, In Propria Persona<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>EQUIFAX INFORMATION SERVICES LLC;<br><br>TRANS UNION LLC;<br><br>FORD MOTOR CREDIT COMPANY LLC;<br><br>M2 LAW GROUP P.C.;<br><br>MICHAEL J. ARCHIBALD;<br><br><u>Defendants</u> | Case No.: 2:25-CV-00404-BLW<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND RESPONSE TO FORD'S OPPOSITION (DKT. 67) |

U.S. COURTS

FEB 03 2026

Rcvd_____ Filed_____ Time 3:37pM
Counter
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND RESPONSE TO FORD'S OPPOSITION (DKT. 67)**

**Preliminary Procedural Request (Leave to File Reply, if required)**

To the extent Local Civil Rule 7.1 requires leave to file a reply, Plaintiff respectfully requests leave. This Reply is narrowly limited to correcting legal misstatements and addressing specific points raised in Ford's Opposition (Dkt. 67), and will materially assist the Court in resolving Plaintiff's Rule 12(c) motion efficiently.

**I. Ford's "INTRODUCTION" (Page 2) — Point-by-Point Response**

1

## 1. Ford: "Plaintiff's Motion is not a proper motion" and seeks a "judgment establishing facts"

Ford argues Plaintiff seeks an improper "judgment establishing facts" based on alleged failures to deny.

**Response:** Ford misstates the motion. Rule 12(c) expressly allows judgment based on the pleadings, including **admissions created by Rule 8(b)(6)** and **legal insufficiency of defenses.** Plaintiff does not request fact-finding outside the pleadings; Plaintiff requests the Court apply the Federal Rules to the pleadings as they exist.

## 2. Ford: "Plaintiff ignores Ford's denials"

Ford claims Plaintiff ignores denials.

**Response:** Plaintiff's motion is directed at the *legal effect* of Ford's pleading method— specifically Ford's repeated use of "legal conclusion/no response required" plus "in the event factual, deny," which is not a meaningful denial and can operate as an admission where a factual response is required. At minimum, Ford's pleading posture supports partial Rule 12(c) relief that narrows issues.

## 3. Ford: "Affirmative defenses defeat Rule 12(c)"

Ford argues affirmative defenses "if proven" defeat the claim.

**Response:** Only **legally sufficient** affirmative defenses supported by pleaded facts can bar 12(c). Boilerplate defenses and negative defenses do not automatically preclude 12(c) relief. Further, some defenses relate only to **willfulness/damages**, not to the existence of furnisher duties once CRA notice occurs.

## II. Ford's "STANDARD OF REVIEW" — Point-by-Point Response

### 4. Ford cites Seventh-Day Adventists and states Rule 12(c) is a decision on the merits

Ford correctly states Rule 12(c) can be merits-based.

**Response:** Correct—and that is precisely why Rule 12(c) is appropriate where pleadings establish admissions or fail to create a legally cognizable dispute on specific elements. The standard does not forbid partial judgment or issue-narrowing where the pleadings permit it.

### 5. Ford: "If defendant raises an affirmative defense it will usually bar judgment"

Ford quotes that affirmative defenses "usually bar" judgment.

**Response:** "Usually" is not "always." The defense must be **legally valid** and **factually plausible as pleaded**. Where a defense is conclusory, immaterial, or not actually an affirmative defense, it does not bar Rule 12(c). Also, courts routinely grant **partial Rule 12(c)** relief that narrows issues even if trial remains on others.

## III. Ford's "ANALYSIS" — Line-by-Line Response

### A. Ford's claim: Plaintiff is "not actually seeking a judgment on the pleadings"

Ford argues Plaintiff is seeking "approval that certain facts have been established."

**Response:** Plaintiff is seeking exactly what Rule 12(c) authorizes: a ruling, based on pleadings, that Ford cannot defeat certain legal propositions through evasive denials and boilerplate defenses. This includes clarifying the *legal consequences* of Ford's pleading posture under Rule 8(b) and whether Ford has admitted or failed to contest material allegations.

3

**B. Ford's claim: "Ford's Answer disputes allegations and creates issues of fact"**

Ford repeats this multiple times.

**Response:** Ford's statement is conclusory and does not resolve the core issue: whether Ford's denials comply with Rule 8(b). Rule 8 requires denials to "fairly respond to the substance" of the allegation. A defendant cannot avoid admissions by labeling factual assertions "legal conclusions" and refusing to answer.

**C. Ford's list of what Plaintiff seeks "judgment finding"**

Ford lists four items: furnisher status, ACDV notice, trigger of duties, and counterclaim not barring FCRA.

**Response:** Plaintiff's Rule 12(c) motion seeks (at minimum) **partial judgment** clarifying the legal framework and narrowing what remains genuinely disputed. Ford's opposition incorrectly frames these as "facts the Court cannot enter judgment on." Courts routinely resolve mixed questions of law and the legal effect of pleadings at Rule 12(c).

**IV. Ford's Quoted "Answer" Excerpts — Point-by-Point Rebuttal**

**A. Paragraph 7 (Parties): Furnisher status**

Ford quotes its answer: "legal conclusions...in the event factual, Ford denies."

**Response:** This is precisely the problem. Whether Ford is a furnisher is not purely a legal conclusion; it is a **role** tied to conduct (furnishing account information to CRAs). Ford is the creditor on the account and is alleged to report it; a meaningful answer requires either an

admission or a specific denial with basis. Ford's "if factual, deny" is evasive and does not "fairly respond to the substance" as Rule 8(b) requires.

## B. Paragraph 9 (Factual allegations): ACDVs via e-OSCAR

Ford quotes: "does not apply…admits only that it received some ACDVs…denies remainder." **Response:** Ford admits receipt of **some ACDVs regarding Plaintiff's account**. That admission is legally significant because § 1681s-2(b) duties are triggered by CRA notice. Ford's attempt to avoid clarity by claiming Plaintiff "did not identify the ACDVs" is not a Rule 12(c) rebuttal—if Ford received ACDVs, the question becomes which disputes and whether Ford complied. Ford cannot both admit receipt and use uncertainty to avoid all legal consequences at the pleadings stage.

**Narrow relief requested:** At minimum, the Court can grant partial Rule 12(c) relief that **Ford's § 1681s-2(b) duties were triggered upon receipt of ACDVs Ford admits receiving** and that discovery proceeds on whether Ford complied.

## C. Paragraph 26 / 28 (Count III): "legal conclusions…denies"

Ford says these are legal conclusions and denies them.
**Response:** Whether § 1681s-2(b) imposes duties upon receipt of CRA notice is a **legal question**, and Ford cannot manufacture a "fact dispute" by denying the law. Denial of a legal conclusion does not create a triable issue. On Rule 12(c), the Court can declare the governing law and narrow the issues to whether Ford complied with those duties.

## D. Ford's "Second Affirmative Defense" blanket denial

Ford invokes a blanket denial of anything not admitted.

**Response:** Blanket denials do not cure specific failures to answer under Rule 8(b). If Ford's specific responses are evasive or insufficient, a general denial cannot retroactively convert them into proper denials.

## V. Ford's Claim: "If Ford wins its counterclaim, Plaintiff's FCRA claim is barred"

Ford says it's "hard to imagine a scenario" where Plaintiff could win if Ford wins its counterclaim.

**Response:** This is incorrect as a matter of law. FCRA liability turns on whether Ford, as a furnisher, complied with statutory duties after CRA notice—not on whether Ford can separately prove a state-law theory about payment or debt. The existence or success of a counterclaim does not automatically bar federal statutory liability. Ford's statement is advocacy, not a Rule 12(c) standard.

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Grant Plaintiff's Motion for Judgment on the Pleadings** to the extent it seeks rulings on the **legal effect** of Ford's admissions and denials under Rule 8(b), and the governing legal framework for § 1681s-2(b); or, at minimum,

2. **Grant partial Rule 12(c) relief** narrowing issues by determining that Ford's admitted receipt of ACDVs triggered § 1681s-2(b) duties as a matter of law; and

3. Grant such other relief as is just and proper.

Dated: February 3, 2026

Respectfully submitted,

/s/ By:___ Jason Henry Allen__

Jason-Henry:Allen

2600 E. Seltice Way

Post Falls, ID 83854

(323) 377-5620

Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

**CERTIFICATE OF SERVICE**

I certify that on _____Feb 3_____, 2026, a true and correct copy of the foregoing will be served

effected via email, CM/ECF, and or first-class mail, postage prepaid, to the appropriate parties

including but not limited to the following:

**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (206) 695-5100
Email: **mthielbahr@grsm.com**

**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Tel: (406) 549-3171
Email: **carpentc@carpenterlawfirmpllc.com**

**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **bmiller@hawleytroxell.com**

Jean E. Schroeder
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **jschroeder@hawleytroxell.com**

Nermy J. Winner
Quilling Selander Lownds Winslett Moser, P.C.

2001 Bryan Street, Suite 1800
Dallas, TX 75201
Tel: (214) 871-2100
Email: **nwinner@qslwm.com**

**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **ejw@elamburke.com**

Jed W. Manwaring
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **jwm@elamburke.com**

**M2 Law Group, P.C. / Howell & Vail LLP / Michael J. Archibald**
Michael J. Archibald
M2 Law Group, P.C.
P.O. Box 330
Meridian, ID 83680
Tel: (208) 887-9911
Email: **marchibald@m2law.net**

/s/ Jason-Henry:Allen