# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN<br><br>Plaintiff, In Propria Persona<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>EQUIFAX INFORMATION SERVICES LLC;<br><br>TRANS UNION LLC;<br><br>FORD MOTOR CREDIT COMPANY LLC;<br><br>M2 LAW GROUP P.C.;<br><br>MICHAEL J. ARCHIBALD;<br><br><u>Defendants</u> | Case No.: 2:25-CV-00404-BLW<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES AND RESPONSE TO FORD'S OPPOSITION (DKT. 66) |

U.S. COURTS

FEB 03 2026

Rcvd_____Filed_____Time 3:37pM
Counsel
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES AND RESPONSE TO FORD'S OPPOSITION (DKT. 66)**

PRELIMINARY STATEMENT AND REQUEST FOR LEAVE (IF REQUIRED)

Plaintiff submits this Reply in direct response to Defendant Ford Motor Credit Company LLC's Opposition (Dkt. 66) to Plaintiff's Motion to Strike Certain Affirmative Defenses (Dkt. 61). To the extent the Court requires leave to file a reply under Local Rule 7.1, Plaintiff respectfully requests leave. This Reply is narrowly tailored to address specific legal and factual misstatements raised in Ford's Opposition and will materially assist the Court in narrowing the issues and preventing unnecessary discovery.

1

## I. PROCEDURAL POSTURE (CLARIFIED)

Ford's Opposition repeatedly suggests that Plaintiff's Motion to Strike is duplicative or procedurally improper. That assertion is incorrect. No prior ruling has adjudicated the merits of Plaintiff's Rule 12(f) motion as presented in Dkt. 61. Accordingly, the Court is squarely presented with the question whether Ford's pleaded affirmative defenses comply with Rule 8(c) and Rule 12(f).

## II. GOVERNING STANDARD (UNDISPUTED)

Rule 12(f) authorizes the Court to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. While such motions are generally disfavored, they are appropriate where affirmative defenses are conclusory, speculative, legally unavailable, or create prejudice by unnecessarily expanding discovery. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

Ford does not dispute this standard; instead, it attempts to avoid applying it to its own pleadings.

## III. LINE-BY-LINE RESPONSE TO FORD'S OPPOSITION

### A. Ford's Claim That the Court "Already Decided" the Issue

Ford argues that the Court has already determined that certain challenged defenses are merely "negative defenses" and therefore immune from Rule 12(f). That argument overstates the prior procedural posture. The Court has not ruled that Ford's defenses—particularly those premised on lack of notice, lack of furnisher status, good faith, or catch-all reservation—are sufficiently

pleaded or legally viable. Rule 12(f) expressly permits the Court to revisit such defenses where they are shown to be insufficient or prejudicial.

**B. Affirmative Defenses Premised on Lack of Notice**

Ford asserts defenses suggesting it lacked notice of Plaintiff's disputes or that its duties under 15 U.S.C. § 1681s-2(b) were not triggered. These defenses are legally insufficient as pleaded. Ford has admitted that it received Automated Consumer Dispute Verifications ("ACDVs") regarding Plaintiff's account. Because notice from a consumer reporting agency is the sole statutory trigger under § 1681s-2(b), any defense premised on lack of notice must be pleaded with specificity identifying which CRA, which dispute, and why notice was allegedly deficient.

Ford's speculative phrasing ("may not have received," "to the extent notice was provided") fails Rule 8's notice requirement and creates a moving target that prejudices Plaintiff by expanding discovery unnecessarily. Striking or requiring re-pleading of these defenses is appropriate.

**C. Affirmative Defenses Premised on Lack of Furnisher Status or Exemption**

Ford's defenses suggesting it is not a furnisher, or is otherwise exempt from § 1681s-2(b), are contradicted by its own pleadings and by the nature of the account at issue. Ford does not deny furnishing information to consumer reporting agencies. Defenses asserting non-furnisher status without factual support are legally insufficient and fail to provide fair notice.

**D. "Good Faith" and "Compliance" Defenses**

Ford pleads affirmative defenses alleging good faith, reasonable investigation, or substantial compliance without alleging any supporting facts describing what investigation was conducted, what records were reviewed, or what steps were taken in response to Plaintiff's disputes.

Such boilerplate assertions are insufficient under Rule 8(c). Moreover, "good faith" is not a blanket defense to liability under § 1681s-2(b); at most, it may bear on willfulness or damages. As pleaded, these defenses improperly shift burdens and invite irrelevant discovery into intent rather than compliance. They should be stricken or re-pleaded with factual specificity.

### E. Catch-All and Reservation Defenses

Ford includes catch-all language purporting to reserve the right to assert additional defenses later. Such reservations are not affirmative defenses recognized by the Federal Rules. Rule 8 requires a defendant to state defenses it has, not to reserve hypothetical future defenses. Courts routinely strike such language as immaterial and impertinent. If Ford later identifies a legitimate defense, the proper mechanism is a motion to amend under Rule 15.

### F. Ford's Accusations of Harassment or Frivolousness

Ford characterizes Plaintiff's motion as frivolous or harassing. These accusations are unsupported and irrelevant to Rule 12(f). Plaintiff's motion is narrowly tailored, legally grounded, and directed at reducing—not increasing—litigation cost by narrowing issues and preventing discovery sprawl. Disagreement over pleading sufficiency does not constitute harassment.

### IV. PREJUDICE TO PLAINTIFF

Allowing Ford's conclusory and speculative defenses to remain will unnecessarily broaden discovery, obscure the elements of Plaintiff's FCRA claims, and prejudice Plaintiff by forcing litigation of legally unavailable or ill-defined defenses. Rule 12(f) exists to prevent precisely this outcome.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Grant Plaintiff's Motion to Strike** Ford's affirmative defenses premised on lack of notice, lack of furnisher status or exemption, conclusory good-faith/compliance assertions, and catch-all reservation language; or

2. **Alternatively, order Ford to re-plead** the challenged defenses with sufficient factual specificity to satisfy Rule 8(c); and

3. Grant such other and further relief as the Court deems just and proper.

Dated: February 3, 2026

Respectfully submitted,

/s/ By:___Jason Henry Allen__

Jason-Henry:Allen

2600 E. Seltice Way

Post Falls, ID 83854

(323) 377-5620

Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

# CERTIFICATE OF SERVICE

I certify that on _____3 February_____, 2026, a true and correct copy of the foregoing will be

served effected via email, CM/ECF, and or first-class mail, postage prepaid, to the appropriate parties

including but not limited to the following:


**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (206) 695-5100
Email: **mthielbahr@grsm.com**


**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Tel: (406) 549-3171
Email: **carpentc@carpenterlawfirmpllc.com**


**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **bmiller@hawleytroxell.com**

Jean E. Schroeder
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: **jschroeder@hawleytroxell.com**

Nermy J. Winner
Quilling Selander Lownds Winslett Moser, P.C.

2001 Bryan Street, Suite 1800
Dallas, TX 75201
Tel: (214) 871-2100
Email: **nwinner@qslwm.com**

---

**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **ejw@elamburke.com**

Jed W. Manwaring
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: **jwm@elamburke.com**

---

**M2 Law Group, P.C. / Howell & Vail LLP / Michael J. Archibald**
Michael J. Archibald
M2 Law Group, P.C.
P.O. Box 330
Meridian, ID 83680
Tel: (208) 887-9911
Email: **marchibald@m2law.net**

/s/ Jason-Henry:Allen