Jed W. Manwaring, ISB # 3040
Erica J. White, ISB # 7475
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701-1539
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jwm@elamburke.com
ejw@elamburke.com

*Attorneys for Defendant/Counterclaimant Ford Motor Credit Company LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>      Plaintiff, In Propria Persona,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; and MICHAEL J. ARCHIBALD,<br><br>      Defendants. | Case No. 2:25-cv-00404-BLW<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| FORD MOTOR CREDIT COMPANY LLC,<br><br>      Counterclaimant,<br><br>v.<br><br>JASON HENRY ALLEN,<br><br>      Counterdefendant. | |

MEMORANDUM IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT
COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

Defendant-Counterclaimant Ford Motor Credit Company LLC ("Ford"), by and through its counsel of record, Elam & Burke P.A., and pursuant to District of Idaho Local Rule 7.1(b)(1), hereby submits this Memorandum in Support of its Motion for Partial Summary Judgment against Counter-Defendant Jason Henry Allen ("Allen").

## I. INTRODUCTION

Allen purchased a 2020 Ford Explorer in 2020 and entered into a Retail Installment Sale Contract ("Contract") with Ford to finance the purchase. After making payments for approximately four years, Plaintiff inexplicably sent Ford two fraudulent checks and scheduled several fraudulent electronic payments to pay off the loan. Due to the checks and the electronic payments not being linked to an actual bank account, Ford did not receive payment in full for the loan. Accordingly, Plaintiff has defaulted on his obligations under the Contract with Ford and an outstanding balance of $18,906.80 remains due and owing to Ford.

Due to Allen's default under the Contract, Ford brought the present counterclaim against Allen asserting claims for breach of contract, fraud in the inducement, and foreclosure of security interest. Ford now seeks summary judgment on its first and third claims—breach of contract and foreclosure of security interest. Ford's motion should be granted because there is no dispute that there is a contract between Ford and Allen and that Allen has breached the contract by failing to make the required monthly payments and that Ford has been damaged by the breach. In addition, since Allen has defaulted under the Contract, Ford is entitled to take possession of the collateral, the 2020 Ford Explorer financed under the Contract. There are no genuine issues of material fact regarding these claims and partial summary judgment should be granted in Ford's favor.

## II.  LEGAL STANDARD

"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact." *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016) (internal quotation marks omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 247-48 (1986). Rather, there must be a genuine dispute as to any material fact – a fact "that may affect the outcome of the case." *Id.* at 248. The Supreme Court has made clear that "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment is appropriate. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in his favor. *Id*. The non-moving party must go beyond the pleadings and show "by her [ ] affidavits, or by the depositions, answers to interrogatories, or admissions on file "that a genuine dispute of material fact exists." *Celotex,* 477 U.S. at 324.

> "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Additionally, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003). Statements in a brief, unsupported

by the record, cannot create a dispute of fact. *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396, n. 3 (9th Cir. 1995).

*J&J Sports Prods., Inc. v. Morfin*, No. 1:12-CV-00258-REB, 2014 WL 12788190, at *3 (D. Idaho Feb. 7, 2014).

If a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may consider that fact to be undisputed. Fed. R. Civ. P. 56(e)(3). The Court must grant summary judgment for the moving party "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). *Halbert v. Kempf*, No. 1:18-cv-00470-BLW, 2021 U.S. Dist. LEXIS 65225, at *5-6 (D. Idaho Apr. 2, 2021).

### III.    ARGUMENT[1]

**A.  Ford is Entitled to Summary Judgment on its Breach of Contract Claim.**

Allen is in default of the Retail Installment Sale Contract and owes Ford $18,906.80 plus ongoing accrued interest, late fees, costs, and attorney fees. To prove a breach of contract, a plaintiff must show (1) the existence of a contract; (2) a breach of the contract; (3) damages caused by the breach; and (4) the amount of damages. *Heit v. Livingston*, 2025 WL 1797221, *1 (D. Idaho 2025) citing *McCarthy Corp. v. Stark Investment Group, LLC*, 168 Idaho 893, 489 P.3d 804, 815 (2021). A breach of contract is the non-performance of any contractual duty of immediate performance. *Id*. citing *Caldwell Land and Cattle, LLC v. Johnson Thermal Systems, Inc.*, 165 Idaho 787, 807, 452 P.3d 809, 829 (2019). "It is a failure without legal excuse, to perform any promise which forms the whole or part of a contract." *Caldwell*, 165 Idaho at 807. A non-breaching

---

[1] Ford has filed a separate Statement of Undisputed Facts in Support of Defendant-Counterclaimant Ford Motor Credit Company's Motion for Partial Summary Judgment contemporaneously herewith and hereby incorporates the Statement of Undisputed Facts as if set forth in full herein.

party may recover damages so long as the damages are "incidental to the contract and [] caused by its breach. *Id*. quoting *Suitts v. First Sec. Bank of Idaho, N.A.*, 110 Idaho 15, 22, 713 P.2d 1374, 1381 (1985).

In this case, Allen purchased a 2020 Ford Explorer on July 2, 2020. *See Declaration of Jeremy Dill* ("Decl. Dill"), ¶ 1. On that same date, Allen financed the purchase of $64,656.00 through Ford by entering into a Retail Installment Sale Contract ("Contract"). *Id*. Allen entered into the Contract with Ford promising to make 72 monthly payments of $898.00, beginning August 16, 2020. *Id*., Ex. A. There is no dispute that a contract existed between the parties requiring Allen to make monthly payments of $898.00 until the loan was paid in full.

However, after making the monthly payments for almost four years, Allen defaulted under the Contract by failing to make further payments. *Id*. at ¶¶ 3-5. Instead of continuing to make his monthly payments, Allen presented Ford with two non-negotiable instruments and scheduled eight electronic payments that were not linked to an actual account. *Id*. Specifically, on July 15, and August 1, 2024, Allen presented non-negotiable instruments to Ford to pay off the loan in the respective amounts of $22,450.00 and $21,552.00. *Id*. at ¶ 3, Ex. B, ¶ 4, Ex. C. These instruments labeled as "Certified Funds" and bearing the U.S. Treasury address were rejected by Ford as being non-negotiable. *Id*. The instruments were non-negotiable as they were not linked to or drawn from a valid existing account. *Id*.

In addition, Allen thereafter scheduled several electronic payments via a Payment Authorization Agreement with Ford as follows:

      a. October 3, 2024      $20,897.00

      b. October 10, 2024     $20,898.00

      c. October 18, 2024     $21,796.00

MEMORANDUM IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

    d. October 24, 2024    $21,796.00

    e. October 31, 2024    $23,840.90

    f. November 7, 2024    $22,500.00

    g. November 14, 2024    $23,840.90

    h. November 21, 2024    $24,738.90.

*Id.* at ¶ 5. All of the electronic payments identified above were returned as non-negotiable payments as Ford was unable to locate Allen's account and/or no account existed. *Id.* at ¶ 8. Ford did not receive any funds from the electronic payments identified above. *Id.* at ¶ 12. Ford has never been paid the remaining balance of the Contract in the amount of $18,906.80. *Id.*

    Allen's failure to make the monthly payments as required under the Contract is a breach of contract as he failed to perform his contractual duty. *See Id.* at Ex. A. Ford has been damaged by Allen's breach as it has not received payment in full of the loan and Allen has retained the vehicle securing the loan. *Id.* at ¶¶ 12-13. Ford has been damaged in the amount of $18,906.80 plus accruing interest, costs, and attorney fees. *Id.*

    Ford has satisfied its burden to show the absence of a genuine issue of material fact as to each element of a claim for breach of contract. Ford has shown (1) a contract existed between Ford and Allen, (2) Allen materially breached the contract by failing to make his monthly payments, (3) Ford has been damaged by the breach as it has not received payment in full, (4) Ford has been damaged in the amount of $18,906.80. Accordingly, partial summary judgment should be granted in Ford's favor on its breach of contract claim against Allen as there are no genuine issues of material fact. Ford is entitled to a money judgment in the amount of $18,906.80 plus interest, costs, and attorney fees.

### B. Ford is Entitled to Foreclosure of its Security Interest.

After default, a secured party may take possession of the collateral. *See* Idaho Code § 28-9-609(a)(1). Ford is a secured party and, with the Contract in default, is entitled to take possession of the 2020 Ford Explorer VIN ending 6339 ("Vehicle") under the terms of the Contract and Idaho's Uniform Commercial Code. Idaho's Uniform Commercial Code, Idaho Code §28-9-609(a) and (b), state:

> 28-9-609.  Secured party's right to take possession after default.
> (a) **After default**, **a secured party**:
> (1**) May take possession of the collateral**; and
> (2)  Without removal, may render equipment unusable and dispose of collateral on a debtor's premises under section 28-9-610.
> (b)  A secured party may proceed under subsection (a) of this section:
> (1**) Pursuant to judicial process**; or
> (2)  Without judicial process, if it proceeds without breach of the peace.
> (c)  If so agreed, and in any event after default, **a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party** which is reasonably convenient to both parties.

Idaho Code §28-9-609 (emphasis added).

Additionally, Idaho Code § 28-9-201(a) provides: "**General effectiveness of security agreement. –** (a) Except as otherwise provided in the uniform commercial code, a security agreement is effective according to its terms between the parties, against purchasers of the collateral, and against creditors." In addition, Idaho Code § 28-9-202 provides as follows: "**Title to collateral immaterial. --** Except as otherwise provided with respect to consignments or sales of accounts, chattel paper, payment intangibles or promissory notes, the provisions of this chapter with regard to rights and obligations apply whether title to collateral is in the secured party or the debtor."

In addition to Idaho Code, the Contract states in relevant part:

**2. YOUR PROMISES TO US**
…
**c. Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;

…
This secures payment of all that you owe on this contract. …

…

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract.
Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property;
- The vehicle is lost, damaged or destroyed; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. You may have to pay collection costs. You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

*See Decl. Dill*, ¶ 1, Ex. A. Pursuant to Idaho Code § 8-301, et seq., Ford is entitled to recover possession of the Collateral through a judgment and writ of possession.

MEMORANDUM IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 8

In this case, Allen has defaulted under the Contract for failure to pay the amounts due and Ford is entitled to take possession of the Vehicle. Paragraph 3d of the Contract, set forth above, specifically provides that Ford may repossess the vehicle from Allen in the event of default. There is no dispute that Allen failed to make his monthly payments when due, has not paid the remaining $18,906.80 due on the loan, and thus is in default. As such, Ford is entitled to possession of the Vehicle.

Further, Ford currently holds a valid security interest in the Vehicle. There is no dispute that Allen gave Ford a security interest in the Vehicle when he entered into the Contract. Similarly, there is no genuine dispute that the security interest remains in place and is enforceable between Ford and Allen. In his Motion to Dismiss Ford's Counterclaim (which was denied) Allen argued that Ford's release of the lien extinguished its security interest. Allen is incorrect and summary judgment should be entered in Ford's favor.

Specifically, Allen submitted fraudulent payments to Ford to pay the remaining balance on the Vehicle. In reliance on the fraudulent payments, Ford sent Allen a paid in full letter, released its lien and the title was issued to Allen. After Ford discovered that the payments were fraudulent and that Ford did not actually receive any funds, Ford informed Allen that his obligation to make monthly payments or pay the balance in full remained in effect. *See Decl. Dill* ¶ 9, Ex. D. Ford also informed Allen that the paid-in-full documents should not have been sent to him. *Id*. at ¶ 10, Ex. E. All terms and conditions of his contract, including his payment obligations, remained in full force and effect. *Id*. Further, Ford retained a security interest in the Vehicle until the balance was paid in full. *Id*.

Pursuant to I.C. § 28-9-201(a), Ford continues to hold a valid security interest in the Vehicle. Allen gave Ford a security interest in the Vehicle to secure payment of all that he owed

on the contract, and the terms of the Contract remain effective and enforceable between Ford and Allen. The terms of the Contract required Allen to pay $64,656.00 in full, and Ford retains a security interest in the Vehicle until it receives the full amount.

Allen's position in this case seemingly relies on Ford's "paid-in-full letter" and the release of the lien and issuance of the title despite knowing that he did not tender legal payment and has not satisfied his obligations under the contract. Allen seeks to avoid his financial obligations based upon his fraudulent actions in purporting to make payments to Ford knowing that the instruments and scheduled electronic payments were not linked to an actual bank account and Ford would not receive any payment. Allen's position lacks merit. Not only did Allen obtain the lien release and title through fraud, his possession of title to the Vehicle is immaterial. Pursuant to I.C. § 28-9-202, set forth above, Allen's obligation under the Contract to pay for the Vehicle remains regardless of whether Allen has title to the Vehicle. Whether the title to the Vehicle is in Ford or Allen is immaterial as to the rights and obligations of Ford and Allen. Additionally, the supposed consideration for the release of the security interest was the payment of the remaining balance due. Since no actual good funds were paid or received on the balance due, the release is null and void for failure of consideration. Allen remains obligated to pay the amount in full under the Contract and Ford is entitled to repossession of the Vehicle for Allen's failure to satisfy his obligation.

Finally, Allen signed an Extension modifying the terms of the Contract on December 3, 2024. *See Decl. Dill*, ¶ 11, Ex. F. Allen agreed to pay $25.00 in exchange for Ford's agreement to extend the due dates for Allen's October 16, 2024 and November 16, 2024 payments. Allen agreed that the terms of the Contract, except as modified by the Extension, remained in full force and effect. *Id*. The terms of the Contract include a security interest in the Vehicle. Thus, even if the Court were to find an issue of fact as to whether Ford successfully rescinded its lien release, Allen's

subsequent execution of the Extension confirms that all terms of the Contract, including the security interest, remained in full force and effect.

There is no genuine dispute that Ford has a security interest in the Vehicle and is entitled to possession of the Vehicle. There are no genuine issues of material fact and partial summary judgment should be entered in Ford's favor.

## IV.   CONCLUSION

Based on the foregoing, Ford respectfully requests that this Court grant its Motion for Partial Summary Judgment.

DATED this 6th day of February, 2026.

                                      ELAM & BURKE, P.A.

                                      By: */s/ Erica J. White*
                                            Jed W. Manwaring, Of the Firm
                                            Erica J. White, Of the Firm
                                            *Attorneys for Defendant/Counterclaimant*
                                            *Ford Motor Credit Company LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of February, 2026, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following individuals:

| | |
|---|---|
| Charles Henry Carpenter | carpentc@carpenterlawfirmplc.com |
| Elizabeth Corey | Elizabeth.corey@troutman.com |
| Brad P. Miller | bmiller@hawleytroxell.com |
| Jean Schroeder | jschroeder@hawleytroxell.com |
| Nermy J. Winner | nermy.winner@qslwm.com |
| Michael John Archibald | marchibald@m2law.net |
| Meredith L. Thielbahr | mthielbahr@grsm.com |

In addition, I caused to be served a true copy of this document via U.S. Mail to the following:

Jason Henry Allen, *Plaintiff pro se*
2600 E. Seltice Way #235
Post Falls, ID 83854

                                                */s/ Erica J. White*
                                                Jed W. Manwaring
                                                Erica J. White