Jed W. Manwaring, ISB # 3040
Erica J. White, ISB # 7475
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701-1539
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jwm@elamburke.com
ejw@elamburke.com

*Attorneys for Defendant/Counterclaimant Ford Motor Credit Company LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>          Plaintiff, In Propria Persona,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; and MICHAEL J. ARCHIBALD,<br><br>          Defendants. | Case No. 2:25-cv-00404-BLW<br><br>STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| FORD MOTOR CREDIT COMPANY LLC,<br><br>          Counterclaimant,<br><br>v.<br><br>JASON HENRY ALLEN,<br><br>          Counterdefendant. | |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT
FORD MOTOR CREDIT COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

Defendant-Counterclaimant Ford Motor Credit Company LLC ("Ford"), by and through its counsel of record, Elam & Burke P.A., and in accordance with District of Idaho Local Rule 7.1(b)(1), hereby submits this Statement of Undisputed Facts in Support of its Motion for Partial Summary Judgment against Counter-Defendant Jason Henry Allen ("Allen").

## I.    STATEMENT OF UNDISPUTED FACTS

Allen purchased a 2020 Ford Explorer VIN ending 6339 ("Vehicle")  on July 2, 2020. *See Declaration of Jeremy Dill in Support of Ford Motor Credit Company's Motion for Partial Summary Judgment*, ¶ 1. On that same date, Allen financed the purchase of $64,656.00 through Ford by entering into a Retail Installment Sale Contract ("Contract"). *Id*., Ex. A. Allen thereby agreed to repay the amount financed by making 72 payments of $898.00 per month, to Ford beginning August 16, 2020. *Id*.

Paragraph 2(c) of the Contract provided for a security interest in the Vehicle stating that "you [Allen] give us [Ford] a security interest in the vehicle and all parts and goods put on it." *Id*. at ¶ 2.  In addition, paragraph 3(d) of the Contract provided that "If you default we [Ford] may take (repossess) the vehicle from you [Allen]." *Id*.

On or about July 15, 2024, Allen presented a non-negotiable instrument to Ford to pay off the loan in the amount of $22,450.00. *Id*. at ¶ 3. This instrument labeled as "Certified Funds" was rejected by Ford as being non-negotiable. *Id*. The instrument was non-negotiable as it was not linked to or drawn from a valid existing account. *Id*., Ex. B.

On or around August 1, 2024, Allen presented a second non-negotiable instrument to Ford to pay off the loan in the amount of $21,552.00. *Id*. at ¶ 4. This instrument labeled as "Certified Funds" was rejected by Ford as being non-negotiable. *Id*. Like the first instrument, this one was also non-negotiable as it was not linked to or drawn from a valid existing account. *Id*. Ex. C.

Thereafter, Allen scheduled several electronic payments via a Payment Authorization Agreement with Ford as follows:

a.  October 3, 2024        $20,897.00

b.  October 10, 2024       $20,898.00

c.  October 18, 2024       $21,796.00

d.  October 24, 2024       $21,796.00

e.  October 31, 2024       $23,840.90

f.  November 7, 2024       $22,500.00

g.  November 14, 2024      $23,840.90

h.  November 21, 2024      $24,738.90

*Id*. at ¶ 5.

Upon receipt of Allen's October 3, 2024, electronic payment, Ford sent a letter dated October 3, 2024, to Allen informing Allen that the loan had been paid-in-full. *Id*. at ¶ 6. However, after sending the letter, Ford discovered that Allen used his social security number as the account number, thus Ford was unable to locate an account and/or no account existed. *Id*.

On or around October 18, 2024, in reliance upon Allen's tender of a falsified electronic payment, Ford's lien was released and the title was issued to Allen. *Id*. at ¶ 7. However, all of the electronic payments identified above were returned as non-negotiable payments as Ford was unable to locate his account and/or no account existed. *Id*. at ¶ 8. Therefore, on October 22, 2024, Ford informed Allen that his October 18, 2024 electronic payment in the amount of $21,796.00 was returned as unable to locate account. *Id*. at ¶ 9. Ford further informed Allen that his obligation to make monthly payments or pay the balance in full remained in effect. *Id*., Ex. D.

On December 2, 2024, Ford informed Allen that his payment in the amount of $22,000 was not honored. *Id*. at ¶ 10. Further, he was informed that the paid-in-full documents should not have been sent to him. *Id*. All terms and conditions of his contract, including his payment obligations, remained in full force and effect. *Id*. Further, Ford retained a security interest in the Vehicle until the balance is paid in full. *Id*. Ford rescinded any release of the payment obligations and security interest. *Id*., Ex. E.

On December 3, 2024, Allen signed an Extension modifying the Contract. Mr. Allen agreed to pay an extension fee of $25.00 in exchange for Ford's agreement to extend the due dates for his October 16, 2024 payment and November 16, 2024 payment. *Id*. at ¶ 11. Ford did not receive any payments from Mr. Allen subsequent to him signing the Extension on December 3, 2024. *Id*.

Ford did not receive any funds from the electronic payments identified above. Ford has never been paid the remaining balance of the Contract in the amount of $18,906.80 plus accruing interest, costs, and attorney fees.  *Id*. at ¶ 12. Allen continues to retain the vehicle securing the loan. *Id*. at ¶ 13.

DATED this 6th day of February, 2026.

ELAM & BURKE, P.A.


By: */s/ Erica J. White*
     Jed W. Manwaring, Of the Firm
     Erica J. White, Of the Firm
     *Attorneys for Defendant/Counterclaimant*
     *Ford Motor Credit Company LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of February, 2026, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following individuals:

| | |
|---|---|
| Charles Henry Carpenter | carpentc@carpenterlawfirmplc.com |
| Elizabeth Corey | Elizabeth.corey@troutman.com |
| Brad P. Miller | bmiller@hawleytroxell.com |
| Jean Schroeder | jschroeder@hawleytroxell.com |
| Nermy J. Winner | nermy.winner@qslwm.com |
| Michael John Archibald | marchibald@m2law.net |
| Meredith L. Thielbahr | mthielbahr@grsm.com |

In addition, I caused to be served a true copy of this document via U.S. Mail to the following:

Jason Henry Allen, *Plaintiff pro se*
2600 E. Seltice Way #235
Post Falls, ID 83854

/s/ Erica J. White
Jed W. Manwaring
Erica J. White