# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

JASON HENRY ALLEN

Plaintiff, In Propria Persona

v.

EXPERIAN INFORMATION SOLUTIONS, INC.;

EQUIFAX INFORMATION SERVICES LLC;

TRANS UNION LLC;

FORD MOTOR CREDIT COMPANY LLC;

M2 LAW GROUP P.C.;

MICHAEL J. ARCHIBALD;

Defendants

Case No.: 2:25-CV-00404-BLW

PLAINTIFF'S OPPOSITION TO DEFENDANT–COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

U.S. COURTS

FEB 20 2026

Rcvd_____ Filed_____ Time 3:05

STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## PLAINTIFF'S OPPOSITION TO DEFENDANT–COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

Defendant–Counterclaimant Ford Motor Credit Company LLC ("Ford") seeks partial summary judgment under Rule 56 on its counterclaims for breach of contract and possession of collateral. The motion asks this Court to resolve disputed facts, weigh credibility, and grant extraordinary equitable relief at an early stage of the case—**all in direct contravention of Rule 56 standards and Ninth Circuit precedent**.

1

Ford's Motion seeks to convert disputed factual events into legal conclusions, but Rule 56 requires the opposite: where competing inferences arise from the record, the matter must proceed to trial.

Ford's Motion presents a unilateral interpretation of the facts that fails to account for substantial disputes regarding tender, acceptance, lien release, title issuance, reliance, waiver, estoppel, and Ford's own internal processing actions. These issues go directly to the existence of any breach, the continued validity of any security interest, and Ford's asserted right to reclaim the vehicle. Because genuine disputes of material fact exist, **summary judgment must be denied**.

## II. LEGAL STANDARD

**Summary judgment is appropriate only where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law**. Fed. R. Civ. P. 56(a). The Court must view the evidence in the light most favorable to the non-moving party and may not weigh evidence or make credibility determinations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Where material facts remain disputed, or where intent, reliance, reasonableness, or credibility are at issue, summary judgment is improper. *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014).

## III. ARGUMENT

## A. Ford Has Not Met Its Burden Under Rule 56

Ford's Statement of Undisputed Facts is neither undisputed nor complete. Each element of Ford's counterclaims depends on factual determinations that must be resolved by a jury, including:

- Whether Plaintiff made valid tender or performance;

- Whether Ford accepted or processed that tender;

- Whether Ford released its lien and issued title;

- Whether Plaintiff reasonably relied on Ford's paid-in-full representations;

- Whether Ford waived or is estopped from asserting a security interest;

- Whether Ford's own conduct caused or contributed to any alleged default.

Ford's reliance on internal declarations and unilateral characterizations **does not eliminate these disputes**.

## A.1. Ford's Purported "Undisputed Facts" Are Genuinely Disputed

Ford's Motion relies heavily on its Statement of Undisputed Facts. However, labeling facts as "undisputed" does not make them so. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Each of Ford's core assertions is contested either factually, legally, or both.

Material disputes exist, including but not limited to:

3

- Whether the instruments tendered by Plaintiff constituted valid tender under governing law;

- Whether Ford properly presented, processed, or rejected the tendered payments;

- Whether Ford's internal systems or procedures caused or contributed to any alleged payment failure;

- Whether Ford affirmatively represented the account as paid in full;

- Whether Ford released its lien and caused title to be issued to Plaintiff;

- Whether Plaintiff reasonably relied on Ford's representations and actions;

- Whether Ford waived, rescinded, or is equitably estopped from asserting a continuing security interest.

Ford's presentation of these matters as "undisputed" rests on internal declarations and records offered by the moving party. Such evidence does not eliminate disputes regarding credibility, intent, reliance, or reasonableness—matters reserved for the trier of fact. Summary judgment **must** be denied where, as here, the moving party's narrative depends on accepting its version of disputed events.

## A.2. The Dill Declaration Does Not Eliminate Material Factual Disputes

Ford's Motion relies substantially on the declaration of Jeremy Dill. Under Federal Rule of Civil Procedure 56(c)(4), a declaration used to support summary judgment must be made on personal knowledge, set out facts admissible in evidence, and demonstrate that the declarant is competent to testify on the matters stated.

4

The Dill declaration provides generalized assertions regarding payment processing, negotiability, and account balance, but does not establish detailed foundation regarding the underlying records relied upon, the specific records reviewed, or the declarant's custodial role with respect to those records. Nor does it attach a complete account ledger or authenticated accounting sufficient to conclusively establish the alleged remaining balance.

In addition, portions of the declaration characterize Plaintiff's payments as "non-negotiable" and "invalid." Such characterizations constitute disputed conclusions rather than uncontested facts. Whether the payments were legally sufficient, how they were processed, and whether Ford's internal systems contributed to the subsequent events are matters that remain factually contested.

Even assuming the declaration is admissible, it does not eliminate competing reasonable inferences arising from Ford's own conduct, including issuance of a paid-in-full letter, lien release, and title transfer. At most, the declaration presents Ford's interpretation of disputed events. That is insufficient to carry Ford's burden under Rule 56.

## B. Disputed Facts Concerning Tender, Acceptance, and Payment Preclude Summary Judgment

Ford's assertion that Plaintiff's payments were "non-negotiable" is a disputed factual conclusion. The evidentiary record reflects payment scheduling, system processing, issuance of a paid-in-full notice, lien release, and subsequent rescission—events that bear directly on account status and alleged breach. Because the legal effect of those events depends on contested facts, summary judgment is inappropriate.

At minimum, these matters present genuine disputes of material fact. They cannot be resolved as a matter of law under Rule 56.

## B.1. Ford's Narrative Depends on Credibility Determinations and Internal Failures

Ford's motion assumes that its characterization of events must be accepted as true. **Rule 56 forbids this**. Ford's position requires the Court to credit Ford's witnesses, accept Ford's internal records as conclusive, and disregard competing inferences arising from Ford's own actions.

The record reflects that Ford generated and transmitted a paid-in-full letter, released its lien, and issued clean and clear title—acts inconsistent with Ford's present claim of default. Whether these actions resulted from system failures, human error, or miscommunication is immaterial at this stage; what matters is that they create reasonable competing inferences.

Where a party's own conduct gives rise to competing reasonable inferences, summary judgment is improper. Credibility, intent, and reasonableness must be resolved by the trier of fact.

## C. Under Idaho Law, Ford's Lien Release and Title Issuance Create Triable Issues of Waiver and Equitable Estoppel

It is undisputed that Ford issued a paid-in-full letter, released its lien, and caused title to the vehicle to be issued in Plaintiff's name. Ford now attempts to characterize these acts as a unilateral "mistake." Whether those acts may be rescinded as a matter of law presents a disputed legal and factual question.

6

Under Idaho law, equitable estoppel applies where: (1) a party makes a representation or engages in conduct amounting to a representation; (2) the opposing party reasonably relies on that representation; and (3) the opposing party suffers prejudice as a result. *See J.R. Simplot Co. v. Chemetics Int'l, Inc.*, 126 Idaho 532, 887 P.2d 1039 (1994).

Lien release and title issuance are not informal or inconsequential acts—they are formal, legally operative actions intended to communicate satisfaction of a secured obligation. Whether Ford possessed internal authority to release the lien, whether the release was effective, and whether Plaintiff reasonably relied on Ford's actions are fact-intensive questions that **cannot be resolved on summary judgment**.

Idaho courts recognize that a party may waive contractual rights through conduct inconsistent with an intent to enforce them. Likewise, a secured party may be equitably estopped from reasserting an interest after inducing reliance through affirmative acts. Ford's attempt to reassert a security interest after releasing it and transferring title raises classic jury questions of waiver, estoppel, and equity.

## D. The December 3, 2024 Extension Does Not Eliminate Prior Disputes

Ford argues that Plaintiff's execution of a payment extension conclusively establishes liability. That argument fails.

The Extension:

- Occurred *after* lien release and title issuance;
- Contains no admission of breach or fraud;

7

- Does not waive equitable defenses;

- Is itself subject to defenses including lack of consideration, mistake, and coercion.

Whether the Extension modified, reinstated, or superseded prior events is a factual issue unsuitable for summary judgment.

## E. Discovery Is Incomplete and Rule 56(d) Relief Is Warranted

Ford filed its Motion for Partial Summary Judgment before Plaintiff has had a meaningful opportunity to conduct discovery into matters solely within Ford's possession and control. **Rule 56(d) authorizes denial or deferral of summary judgment where the nonmovant shows that essential facts are unavailable.**

Discovery is necessary regarding, among other things:

- Ford's full and complete internal payment processing and presentment procedures;

- Internal communications concerning the paid-in-full designation;

- The decision-making process leading to lien release and title issuance;

- Ford's efforts, if any, to verify payment before releasing its security interest;

- Internal policies governing rescission of lien releases;

- Communications between Ford and third parties regarding the account.

These facts bear directly on breach, waiver, estoppel, reliance, and damages. Granting summary judgment without discovery would improperly insulate Ford's internal conduct from scrutiny and deprive Plaintiff of the opportunity to present evidence essential to his defense and counterclaims.

## F. Granting Summary Judgment Would Improperly Prejudge Overlapping FCRA Issues

Ford's requested relief would require this Court to resolve factual issues that directly overlap with Plaintiff's Fair Credit Reporting Act claims, including accuracy, completeness, and reasonableness of reinvestigation under 15 U.S.C. § 1681s-2(b).

The most recent tri-merge credit report reflects a material and objectively verifiable inconsistency in the same Ford Motor Credit tradeline:

- Experian reports a "High Credit" amount of $64,656.00;
- Equifax reports a "High Credit" amount of $18,906.00.

These conflicting figures concern the same account number, same loan, and same reporting period.

For an installment auto loan, the "High Credit" field typically reflects the original amount financed or highest balance reached. Reporting two materially different "High Credit" amounts for the same tradeline raises a question not merely of technical variance, but of whether the reporting is internally inconsistent and potentially misleading to creditors reviewing the report.

This discrepancy exists simultaneously with charge-off coding and dispute notations. The existence of these inconsistencies directly implicates whether Ford conducted a reasonable investigation upon receipt of dispute notice and whether it furnished complete and accurate information thereafter.

9

If this Court were to accept Ford's counterclaim narrative at summary judgment and determine as a matter of law that the debt and balance are conclusively established, it would risk prematurely resolving factual questions central to Plaintiff's §1681s-2(b) claims—namely:

- Whether Ford verified accurate data;
- Whether Ford reconciled inconsistent reporting fields;
- Whether Ford corrected materially misleading information;
- Whether Ford's internal accounting aligns with its furnished data.

These issues remain factually contested and overlap directly with the statutory claims in this action. Summary adjudication of Ford's counterclaim would improperly prejudge those matters. At minimum, the High Credit discrepancy alone precludes any finding that the reporting was uniform, reconciled, and conclusively established as a matter of law.

**Adjudicating Ford's counterclaim at this stage risks factual determinations that overlap with and potentially pre-judge issues central to Plaintiff's claims under 15 U.S.C. § 1681s-2(b).**

G. Ford's Motion Does Not Eliminate Its Independent Duties Under the Fair Credit Reporting Act

This action arises under the Fair Credit Reporting Act, including 15 U.S.C. § 1681s-2(b). Ford's Motion for Partial Summary Judgment attempts to convert this statutory reporting case into a contract enforcement proceeding. The effort fails as a matter of law.

Even assuming arguendo that Ford contends a contractual balance remains due, that contention does not extinguish Ford's independent statutory duties once it received notice of dispute from consumer reporting agencies.

Under §1681s-2(b), a furnisher must:

1. Conduct a reasonable investigation;

2. Review all relevant information provided by the CRA;

3. Report accurate results;

4. Modify, delete, or correct inaccurate or incomplete information.

The existence of a contractual dispute does not authorize a furnisher to:

- Report internally inconsistent tradeline data;

- Furnish materially misleading information;

- Maintain conflicting "High Credit" amounts;

- Report inconsistent "Date Last Active" or "Date of Last Payment" fields;

- Simultaneously report charge-off status while failing to correct contradictory account history.

The most recent tri-merge credit report reflects a concrete example of such inconsistency: the same Ford tradeline lists a "High Credit" of $64,656.00 with one bureau and $18,906.00 with another, while simultaneously reporting charge-off status and a disputed balance. These discrepancies are objectively verifiable from the face of the report and raise triable issues concerning whether Ford conducted a reasonable investigation, reconciled inconsistent data fields, and furnished information that was complete and not materially misleading.

11

Ford's counterclaim does not operate as a retroactive shield against FCRA liability. Whether a debt exists and whether reporting is accurate and reasonably investigated are separate inquiries.

Because genuine disputes remain regarding the integrity of Ford's reporting and its reinvestigation procedures, summary judgment must be denied.

## IV. CONCLUSION

**Ford has not carried its legally mandated burden under Rule 56**. Genuine disputes of material fact exist as to breach, tender, lien status, estoppel, and damages. Credibility determinations, intent, and equitable defenses cannot be resolved on summary judgment.

For these reasons, Defendant–Counterclaimant's Motion for Partial Summary Judgment should be **denied in its entirety**.

Dated: February 20, 2026

Respectfully submitted,

/s/ By:___ Jason Henry Allen__

Jason-Henry:Allen

2600 E. Seltice Way

Post Falls, ID 83854

(323) 377-5620

Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

12

## CERTIFICATE OF SERVICE

I certify that on ___February 20__, 2026, a true and correct copy of the foregoing will be served

effected via email, CM/ECF, and or first-class mail, postage prepaid, to the appropriate parties

including but not limited to the following:

**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (206) 695-5100
Email: mthielbahr@grsm.com

**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Tel: (406) 549-3171
Email: carpentc@carpenterlawfirmpllc.com

**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: bmiller@hawleytroxell.com

Jean E. Schroeder
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: jschroeder@hawleytroxell.com

Nermy J. Winner
Quilling Selander Lownds Winslett Moser, P.C.

13

2001 Bryan Street, Suite 1800
Dallas, TX 75201
Tel: (214) 871-2100
Email: nwinner@qslwm.com

---

**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: ejw@elamburke.com

Jed W. Manwaring
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: jwm@elamburke.com

---

**M2 Law Group, P.C. / Howell & Vail LLP / Michael J. Archibald**
Michael J. Archibald
M2 Law Group, P.C.
P.O. Box 330
Meridian, ID 83680
Tel: (208) 887-9911
Email: marchibald@m2law.net

/s/ Jason-Henry:Allen

14