Jed W. Manwaring, ISB # 3040
Erica J. White, ISB # 7475
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701-1539
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jwm@elamburke.com
ejw@elamburke.com

*Attorneys for Defendant/Counterclaimant Ford Motor Credit Company LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>      Plaintiff, In Propria Persona,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; and MICHAEL J. ARCHIBALD,<br><br>      Defendants. | Case No. 2:25-cv-00404-BLW<br><br>REPLY MEMORANDUM IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT. 74] |
| FORD MOTOR CREDIT COMPANY LLC,<br><br>      Counterclaimant,<br><br>v.<br><br>JASON HENRY ALLEN,<br><br>      Counterdefendant. | |

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT. 74] - 1

Defendant-Counterclaimant Ford Motor Credit Company LLC ("Ford"), by and through its counsel of record, Elam & Burke P.A., hereby submits this Reply Memorandum in Support of its Motion for Partial Summary Judgment against Counter-Defendant Jason Henry Allen ("Allen").

## I. INTRODUCTION

Allen has filed an Opposition to Ford's Motion for Partial Summary Judgment ("Opposition") [Dkt. 75]. Allen's Opposition does not sufficiently raise genuine issues of material fact to preclude summary judgment and, for the reasons discussed herein, Ford's Motion for Partial Summary Judgment should be granted.

Specifically, Allen has failed to come forward with any evidence that he actually made any legal payment to satisfy his obligation on the contract. In addition, he has failed to come forward with any evidence that Ford issued the paid-in-full letter and released its lien for any reason other than its reliance on Allen's fraudulent payments. Therefore, Allen has failed to come forward with evidence on which a jury could find that he did not breach the contract and is not in default. Thus, Ford is entitled to summary judgment on its breach of contract claim and claim to foreclose its security interest.

In addition, although Allen argues that equitable estoppel and waiver apply, he has failed to establish the elements of equitable estoppel or waiver or that either would apply in this situation. Further, Allen has requested relief pursuant to F.R.C.P. 56(d) but he has not satisfied his burden entitling him to relief as he has not shown by declaration or affidavit that the information sought would prevent summary judgment or explained why he cannot oppose Ford's motion now. Finally, Allen's FCRA claim does not prevent the Court from deciding Ford's motion for partial summary

judgment. Allen has failed to establish a genuine issue of material fact and partial summary judgment should be granted in Ford's favor.

## II.   ARGUMENT

### A. Allen Breached the Contract by Failing to Tender Valid Legal Payment.

To prove a breach of contract claim, a plaintiff must show (1) the existence of a contract; (2) a breach of the contract; (3) damages caused by the breach; and (4) the amount of damages. *Heit v. Livingston*, 2025 WL 1797221, *1 (D. Idaho 2025) citing *McCarthy Corp. v. Stark Investment Group, LLC*, 168 Idaho 893, 489 P.3d 804, 815 (2021). In this case, there is no dispute that Allen entered into the Retail Installment Sale Contract ("Contract") with Ford to finance his purchase of a 2020 Ford Explorer. There is also no genuine dispute that Allen breached the contract as he has failed to come forward with evidence to show that he tendered legal payment to Ford to satisfy his obligations under the Contract.

Ford satisfied its burden to demonstrate the absence of a genuine dispute of material fact as to Allen's failure to actually pay the balance on the contract in its Memorandum in Support of Ford's Motion for Partial Summary Judgment [Dkt. 74-1]. The burden shifted to Allen to produce evidence on which a jury could reach a verdict in his favor. To do so, he must produce evidence that he actually satisfied his obligation under the contract to pay the outstanding balance due. He failed to come forward with any evidence that he made a valid legal tender to satisfy the debt.  He has produced no cancelled or negotiated check. He has produced no actual completed wire transfer. He has produced no bank statement showing funds going out to Ford.

Instead, he simply asserts in his Opposition that whether Allen's payments were non-negotiable is a disputed factual conclusion. Allen's argument is not enough to satisfy his burden.

Ford has provided the Court with evidence by way of the declaration of Jeremy Dill[1] that the two instruments labeled "Certified Funds" were non-negotiable as they were not linked to or drawn from a valid existing account. *See Declaration of Jeremy Dill in Support of Ford Motor Credit Company's Motion for Partial Summary Judgment* [Dkt. 74-3] ("*Decl. Dill*"), ¶ 3-4. Furthermore, Ford through the declaration of Jeremy Dill provided the Court with evidence that the electronic payments scheduled by Allen were returned as non-negotiable payments as they were not linked to a valid existing account. *Id*. at ¶ 8. The declaration of Jeremy Dill is admissible evidence to show that Allen breached the contract by failing to satisfy his obligations to make valid payments to Ford. Allen, in order to defeat Ford's motion, was obligated to come forward with admissible evidence to show that the "Certified Funds" and/or electronic payments were linked to a valid existing account that provided payment to Ford to satisfy the outstanding balance on the Contract. Allen failed to do so and summary judgment should be granted in Ford's favor on its breach of contract claim.

Allen argues that there is a dispute of fact regarding the payments because Ford issued a paid-in-full letter, released it lien, and issued title to Allen. This does not create a genuine issue of material fact sufficient to defeat summary judgment as Ford has explained that it took those actions based on Allen's fraudulent actions in providing the non-negotiable instruments and electronic payments. The issuance of the paid-in-full letter and release of lien were mistakes premised upon Allen's attempt to defraud Ford by scheduling electronic payments that were not linked to an actual bank account and no funds were transferred. Allen has not come forward with any evidence that Ford issued a paid-in-full letter, released its lien, and issued title to Allen because it actually

---

[1] Contrary to Allen's unsupported assertion, Mr. Dill's declaration satisfies the requirements of F.R.C.P, 56(c)(4). Mr. Dill is competent to testify to the matters asserted in his declaration and to rely on Ford's business records kept in the usual and ordinary course of business.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT. 74] - 4

received payment in full of the debt. His failure to do so is fatal as there is no evidence upon which a jury could find that he made a valid payment to Ford thereby satisfying his obligations under the Contract. He has failed to come forward with any evidence upon which a jury could rely on to find in his favor. As such, Ford's motion for partial summary judgment should be granted as there are no genuine issues of material fact.

### B. Ford is Entitled to Foreclose its Security Interest in the Vehicle.

Ford is a secured party and, with the Contract in default, is entitled to take possession of the 2020 Ford Explorer VIN ending 6339 ("Vehicle"). *See* Idaho Code § 28-9-609(a)(1) and (b). Pursuant to Idaho Code § 28-9-201, Ford continues to hold a valid security interest in the Vehicle. Allen gave Ford a security interest in the Vehicle to secure payment of all that he owed under the Contract. The terms of the Contract required Allen to pay $64,656.00 in full, and Ford retains a security interest in the Vehicle until it receives that amount. Pursuant to I.C. § 28-9-202, Allen's obligations under the Contract to pay for the Vehicle remains regardless of whether Allen has title to the Vehicle. Allen remains obligated to pay the amount in full under the Contract and Ford is entitled to repossession of the Vehicle for Allen's failure to satisfy his obligation.

#### 1. Ford is not equitably estopped from prevailing on its claims.

Equitable estoppel has four elements:

> 1) there must be a false representation or concealment of a material fact made with actual or constructive knowledge of the truth 2) the party asserting estoppel did not and could not have discovered the truth; 3) there was intent that the misrepresentation be relied upon; and 4) the party asserting estoppel relied upon the misrepresentation or concealment to his or her prejudice.

*Hollingsworth v. Thompson*, 168 Idaho 13, 22, 478 P.3d 312, 321 (2020) quoting *Sorensen v. Saint Alphonsus Reg'l Med. Ctr., Inc.*, 141 Idah 754, 759, 118 P.3d 86, 91 (2005).

Allen has not and cannot satisfy the elements of equitable estoppel. First, Ford did not make a false representation or concealment of a material fact with actual or constructive knowledge of the truth. Allen, as the party asserting estoppel, knew that he had not tendered legal payment to Ford and thus knew that the debt had not been paid in full. Allen has not shown that Ford intended Allen to rely on its paid-in-full letter or that Allen did so to his prejudice. Allen has not identified in any way how he has been prejudiced by Ford's issuance of a paid-in-full letter, especially in light of the undisputed fact that Allen actually knew the debt had not been paid in full. This simply is not a case in which equitable estoppel is applicable as requested by Allen. The Court should reject Allen's argument and grant summary judgment to Ford.

### 2. Ford did not waive its right to full payment under the contract or to foreclose its security interest.

"A waiver is a voluntary, intentional relinquishment of a known right or advantage…." *Pocatello Hosp., LLC v. Quail Ridge Medical Investor, LLC*, 156 Idaho 709, 719, 330 P.3d 1067, 1077 (2014) (internal quotation marks omitted). "Waiver is foremost a question of intent" and the party proving waiver is required to show a clear intent to waive. *Id*. Waiver will not be inferred from the parties' conduct absent "a clear and unequivocal act manifesting an intent to waive or from conduct amounting to estoppel." *Id*. The party asserting waiver must also "show that he acted in reasonable reliance upon the waiver and that he thereby has altered his position to his detriment." *Id*.

In the present case, Allen has not shown a clear intent by Ford to waive any right to full payment of the loan. To the contrary, after Ford discovered that Allen's payments were not linked to a valid account, Ford informed Allen that his electronic payments were not honored and that he was required to continue making his monthly payments or pay the balance in full. *See Decl. Dill*, ¶ 9. Ford further informed Allen that the paid-in-full documents should not have been sent to him,

that all terms and conditions of his contract, including his payment obligations, remained in full force and effect, and that Ford retained a security interest in the vehicle. *Id*. at ¶ 10.

Additionally, Allen has not shown that he acted in reasonable reliance upon the alleged waiver and that he altered his position to his detriment. Allen has not alleged in any way that he acted in reliance on Ford's action and that he altered his position to his detriment. Allen does not come close to satisfying his burden to establish waiver by Ford. The Court should reject this argument and grant summary judgment in Ford's favor.

### C. Allen's Informal Rule 56(d) Request Should be Denied.

Rule 56(d) provides limited relief when a nonmoving party establishes it "cannot present facts essential" to its opposition. Specifically, the rule states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain declarations or to take discovery; or
> (3) issue any other appropriate order.

F.R.C.P. 56(d).

The burden is on the party seeking additional discovery pursuant to Rule 56(d) to demonstrate that (1) the information sought would prevent summary judgment, and (2) that the information sought exists. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084 (9th Cir. 2009); *Izaguirre v. Greenwood Motor Lines, Inc.*, 2011 WL 5325658 at * 6 (D. Idaho 2011). It is critical that the non-moving party explain why he or she cannot oppose the motion via an affidavit or declaration. Explanations that are merely contained in a memorandum are not sufficient. *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986).

Allen's Opposition includes an informal request for relief under F.R.C.P. 56(d), asking this Cout to defer or deny Ford's motion to allow it additional time for discovery. Allen has failed to

file a formal Rule 56(d) motion with a supporting affidavit or declaration. Instead, he merely provides an explanation in his Opposition which is insufficient. To the extent the Court considers the explanation in his Opposition, Allen has failed to satisfy Rule 56(d)'s basic requirements: he has not submitted an affidavit or declaration stating the "specified reasons" why he cannot present facts essential to oppose summary judgment.

In his Opposition, Allen identified a list of topics on which he believes discovery is necessary. However, he has not explained with specificity why this discovery is necessary to oppose Ford's motion for partial summary judgment. Discovery into the topics identified will not provide Allen with evidence that he tendered an actual and valid payment to Ford to satisfy his contractual obligations or that he is not in default. Allen does not need to conduct discovery to know that he did not tender valid payment to Ford. That information is already within his possession. Allen has failed to demonstrate that (1) the information sought would prevent summary judgment, and (2) that the information sought exists. Allen has failed to meet his burden and the Court should deny his informal and inappropriate request under F.R.C.P. 56(d).

### D. Allen's FCRA Claim Does Not Prevent the Court from Reaching a Decision on Ford's Motion for Partial Summary Judgment.

Ford has filed a motion for partial summary judgment seeking judgment in its favor that Allen breached the contract by failing to make his required payments and seeks judgment in its favor entering an order to foreclose its security interest and repossess the Vehicle. Allen has argued that summary adjudication on Ford's motion may improperly prejudge overlapping FCRA claims. Allen's argument is unsupported and without merit.

Even if the Court's findings overlap with issues to be decided on Allen's FCRA claim, nothing prevents the Court from making those findings and deciding Ford's motion for partial summary judgment. The time to come forward with evidence, if any exists, that he made a valid

payment to Ford to satisfy his obligations under the Contract is now. There is no reason that the Court cannot determine that Allen breached the contract, that $18,906.80 remains due and owing on the Contract, and that Ford is entitled to foreclose its security interest and take possession of the Vehicle. There is nothing improper about the Court deciding Ford's motion for partial summary judgment and it should grant Ford's motion.

### III.   CONCLUSION

Based on the foregoing, Ford respectfully requests that this Court grant its Motion for Partial Summary Judgment.

DATED this 5th day of March, 2026.

        ELAM & BURKE, P.A.

By: _/s/ Erica J. White_
    Jed W. Manwaring, Of the Firm
    Erica J. White, Of the Firm
    *Attorneys for Defendant/Counterclaimant*
    *Ford Motor Credit Company LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March, 2026, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following individuals:

| | |
|---|---|
| Charles Henry Carpenter | carpentc@carpenterlawfirmplc.com |
| Elizabeth Corey | Elizabeth.corey@troutman.com |
| Brad P. Miller | bmiller@hawleytroxell.com |
| Jean Schroeder | jschroeder@hawleytroxell.com |
| Nermy J. Winner | nermy.winner@qslwm.com |
| Michael John Archibald | marchibald@m2law.net |
| Meredith L. Thielbahr | mthielbahr@grsm.com |

In addition, I caused to be served a true copy of this document via U.S. Mail to the following:

Jason Henry Allen, *Plaintiff pro se*
2600 E. Seltice Way #235
Post Falls, ID 83854

                                             */s/ Erica J. White*
                                             Jed W. Manwaring
                                             Erica J. White