# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

JASON HENRY ALLEN

Plaintiff, In Propria Persona

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.;

EQUIFAX INFORMATION SERVICES
LLC;

TRANS UNION LLC;

FORD MOTOR CREDIT COMPANY
LLC;

M2 LAW GROUP P.C.;

MICHAEL J. ARCHIBALD;

Defendants

Case No.: 2:25-CV-00404-BLW

PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT FORD MOTOR CREDIT
COMPANY LLC'S REPLY IN SUPPORT OF
PARTIAL SUMMARY JUDGMENT (DKT.
76)

**U.S. COURTS**

MAR 1 3 2026

Rcvd_____Filed_____Time 2:32pm
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT FORD MOTOR CREDIT COMPANY LLC'S REPLY IN SUPPORT OF PARTIAL SUMMARY JUDGMENT (DKT. 76)

## I. INTRODUCTION

Defendant Ford Motor Credit Company LLC ("Ford") attempts to frame this case as a simple breach of contract dispute. The record demonstrates otherwise.

Ford **accepted payments, issued a paid-in-full letter, and released its lien** on Plaintiff's vehicle. Only after doing so did Ford attempt to retroactively characterize the payments as invalid.

1

These facts alone create **multiple genuine disputes of material fact**, precluding summary judgment under Federal Rule of Civil Procedure 56.

Ford's Reply does not eliminate these disputes. Instead, it confirms them.

## II. LEGAL STANDARD

Summary judgment may only be granted where **"there is no genuine dispute as to any material fact."**
Fed. R. Civ. P. 56(a).

The Court must view the evidence **in the light most favorable to the non-moving party**.

Where credibility determinations or competing interpretations of events exist, the matter must be resolved by a jury.

## III. ARGUMENT

A. Ford Cannot Obtain Summary Judgment Because Material Facts Are Disputed

Ford admits several critical facts:

1. Ford accepted payments from Plaintiff.

2. Ford issued a **paid-in-full letter**.

3. Ford released its **security interest in the vehicle**.

2

These admissions alone establish material disputes regarding:

- Whether the obligation was satisfied

- Whether Ford waived its contractual rights

- Whether Ford is estopped from asserting default.

Such issues are quintessential **questions for a jury**.

B. Ford's Lien Release and Paid-in-Full Letter Support Equitable Estoppel

Equitable estoppel applies when:

1. A party makes a representation

2. Another party reasonably relies upon it

3. That reliance results in detriment.

Ford represented that the loan was satisfied when it:

- Issued a paid-in-full letter

- Released its lien.

Plaintiff reasonably relied on those representations.

Ford cannot now attempt to **retroactively undo its own representations** after Plaintiff relied on them.

3

C. Ford Bears the Burden of Proving Breach — Not Plaintiff

Ford improperly attempts to shift the burden to Plaintiff.

At the summary judgment stage, **Ford must prove that no reasonable jury could conclude the debt was satisfied**.

Given the existence of:

- accepted payments
- lien release
- written paid-in-full confirmation

Ford cannot meet this burden.

D. Ford's Allegations of "Fraudulent Payment" Raise Factual Issues for Trial

Ford asserts that the payments were "fraudulent," but provides **no conclusive adjudication of fraud**.

Whether the instruments were valid, accepted, or processed is a **fact question** that cannot be resolved on summary judgment.

4

E. Plaintiff's FCRA Claims Further Demonstrate the Existence of Disputed Facts

Ford's attempt to isolate the breach claim from Plaintiff's Fair Credit Reporting Act claims is misplaced.

Ford's conduct includes:

- continuing to report a debt

- despite issuing a paid-in-full confirmation.

Such conduct directly relates to:

- accuracy of credit reporting

- willful or negligent noncompliance under 15 U.S.C. §§ 1681n and 1681o.

These issues further demonstrate that summary judgment is inappropriate.

## IV. CONCLUSION

Ford's Reply fails to eliminate the substantial factual disputes present in this case.

Because the record demonstrates:

- acceptance of payment,

- issuance of a paid-in-full letter,

- release of the security interest, and

- continuing disputes regarding the validity of the alleged debt,

5

Ford's Motion for Partial Summary Judgment must be **DENIED**.

Dated: March 12, 2026

Respectfully submitted,

/s/ By:___Jason Henry Allen__

Jason-Henry:Allen

2600 E. Seltice Way

Post Falls, ID 83854

(323) 377-5620

Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

6

## CERTIFICATE OF SERVICE

I certify that on __March 13__, 2026, a true and correct copy of the foregoing will be served effected

via email, CM/ECF, and or first-class mail, postage prepaid, to the appropriate parties including but not

limited to the following:

**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (206) 695-5100
Email: mthielbahr@grsm.com

**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Tel: (406) 549-3171
Email: carpentc@carpenterlawfirmpllc.com

**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: bmiller@hawleytroxell.com

Jean E. Schroeder
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: jschroeder@hawleytroxell.com

Nermy J. Winner
Quilling Selander Lownds Winslett Moser, P.C.

7

2001 Bryan Street, Suite 1800
Dallas, TX 75201
Tel: (214) 871-2100
Email: nwinner@qslwm.com

**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: ejw@elamburke.com

Jed W. Manwaring
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: jwm@elamburke.com

**M2 Law Group, P.C. / Howell & Vail LLP / Michael J. Archibald**
Michael J. Archibald
M2 Law Group, P.C.
P.O. Box 330
Meridian, ID 83680
Tel: (208) 887-9911
Email: marchibald@m2law.net

/s/ Jason-Henry:Allen