UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIANINFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; MICHAEL J. ARCHIBALD; and LISSETTE M. CARRERAS,<br><br>Defendants. | Case No. 2:25-cv-00404-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court are two motions to dismiss filed by Defendants Equifax

Information Services LLC, Experian Information Solutions, Inc., and Trans Union

LLC and Defendants M2 Law Group Howell & Vail LLP and Michael J. Archibald.

*See* Dkts. 53 & 68. For the reasons set forth below, the Court will grant the motions

without leave to amend.

### BACKGROUND

Plaintiff Jason Henry Allen, proceeding pro se, filed his original complaint on

July 23, 2025, and an amended complaint on August 27, 2025, alleging violations of

the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*., against the three

**MEMORANDUM DECISION AND ORDER - 1**

major credit reporting agencies, Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC's (collectively, the "CRA defendants"). He also sued the law firm, M2 Law Group PC, its predecessor, Howell & Vail LLP, and an attorney at M2 Law Group, Michael J. Archibald's (collectively, the "M2 defendants"), as well as the Ford Motor Credit Company, LLC.

In December 2025, the Court dismissed the claims against both the CRA and M2 defendants but allowed Allen "one additional amendment" to cure the deficiencies in the amended complaint, if he could. Allen has now filed his second amended complaint, and the CRA and M2 defendants have renewed their motions to dismiss. Both sets of defendants argue Allen has failed to plausibly allege any inaccurate reporting or other violations of the FCRA.

## LEGAL STANDARD

A dismissal under Rule 12(b)(6) is appropriate where a complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a short and plain statement of the claim, showing the plaintiff is entitled to relief and giving the defendant fair notice of plaintiff's claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it requires "more than labels and conclusions." *Twombly*, 550 U.S. at 555 "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

MEMORANDUM DECISION AND ORDER - 2

To survive a Rule 12(b)(6) motion, a claim requires a complaint to have enough factual basis which, if true, states a plausible claim for relief. *Twombly*, 550 U.S. at 556. A claim has facial plausibility when the plaintiff pleads factual content allowing the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 557. Further, a Rule 12(b)(6) dismissal is appropriate where a plaintiff attempts to allege a claim for relief under a statute which does not provide a private right of action.

## ANALYSIS

### A. CRA Defendants' Motion to Dismiss

#### 1.  15 U.S.C. §§ 1681e(b) and 1681i

In its prior decision, the Court identified one overarching deficiency in Allen's complaint – he alleged inconsistencies or discrepancies among his credit reports but did not specify which information in the reports was false or misleading. *See* Dkt. 50. The Court allowed one final amendment to cure that issue. Allen's second amended complaint fails to cure it.

Allen now identifies two specific accounts – an ICCU auto loan and a Ford Motor Credit account – and provides specific data points where the credit reporting agencies' information diverges. For the ICCU account, he alleges conflicting origination dates (10/18/2024 from Trans Union versus 10/01/2024 from Experian and

MEMORANDUM DECISION AND ORDER - 3

Equifax); conflicting high credit amounts ($84,701 from Trans Union and Experian versus $84,801 from Equifax), and conflicting past-due amounts ($65,000 from Trans Union versus $84,801 from Experian and Equifax). For the Ford account, he alleges a $46,000 discrepancy in "high credit" between Trans Union, $64,656, and Experian, $18,906, and notes that Equifax does not report the account at all. He also alleges that all CRAs show the accounts as "Collection/Chargeoff" despite the absence of a consistent delinquency chain in the payment histories.

This is more specific than the prior complaint, but it suffers from the same fundamental deficiency. Allen still does not allege which information is false. His theory remains that the mere existence of conflicting data among the agencies proves inaccuracy—his complaint states that "at least one CRA must be wrong." But as the Court explained in its prior order, when one CRA reports one figure and another reports a different figure, both could be accurate as of different reporting dates, or one could be accurate and the other not. Without an allegation establishing which figure is false, the Court cannot infer inaccuracy from inconsistency alone. *See Verlus v. Experian Info. Sols., Inc.*, No. 23-CV-11426-DJC, 2025 WL 836588, at *4 (D. Mass. Mar. 17, 2025); *Cruel v. Experian*, No. 22-cv-5236-KBH, 2023 WL 4140828, at *3 (E.D. Pa. June 22, 2023).

Allen tries a new angle, arguing that the CRAs report "Collection/Chargeoff" status but the payment histories do not show a progressive 30-60-90-120 delinquency chain. *See* Dkt. 51 ¶¶ 12(d), 15(c). A charge off, as defined in Black's Law Dictionary,

MEMORANDUM DECISION AND ORDER - 4

is "[t]o treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt." BLACK'S LAW DICTIONARY (11th ed. 2019). A charge-off "qualifies as a delinquency," and is "one of the most adverse factors that can be listed on a credit report." *Artemov v. TransUnion*, LLC, No. 20-CV-1892 (BMC), 2020 WL 5211068, at *3 (E.D.N.Y. Sept. 1, 2020) (quoting *Hanks v. Talbots Classics Nat. Bank, No.* C 12-2612 SI, 2012 WL 3236323, at *1 n.2 (N.D. Cal. Aug. 6, 2012)).

Even if Allen's new "charge-off" allegations are true, they still fall short. Allen does not allege that his accounts were never charged off or that they were never delinquent. He alleges only that the payment history data does not match the charge-off designation because his credit reports did not identify a progressive delinquent payment history leading to the charge-off. Accurately reporting an account as charged off is not misleading and therefore is not actionable under the FCRA. *Id.*

Allen also reasserts his claims based on "incorrect personal identifiers" — contradictory names, incorrect addresses, prior addresses where he never lived, and employment entries appearing only on Trans Union. The Court addressed these claims in its prior decision and concluded that personal identifying information generally does not bear on creditworthiness and therefore does not give rise to FCRA liability. *See* Dkt. 51 at 8 (citing *Individual Reference Servs. Grp., Inc. v. F.T.C.*, 145 F. Supp. 2d 6, 17 (D.D.C. 2001) and *Parker v. Equifax Info. Servs., LLC*, No. 2:15-CV-14365, 2017 WL 4003437 (E.D. Mich. Sept. 12, 2017)). Allen argues these inaccuracies "contributed to mixed-file errors, linking inaccurate tradelines to Plaintiff." But Allen

MEMORANDUM DECISION AND ORDER - 5

has not alleged any mixed-file situation, i.e., he has not alleged that another person's credit accounts have been merged with his file. His mixed-file theory therefore remains entirely speculative.

Allen again relies heavily on *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018), for the proposition that a report can be "inaccurate" if it is misleading even when technically true. But as the Court explained in its prior order, *Shaw* does not relieve a plaintiff of the burden to plead that at least one piece of allegedly conflicting information is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Shaw*, 891 F.3d at 757. Allen still has not done that. Because Allen has failed to plead a factual inaccuracy, his claims under both § 1681e(b) and § 1681i fail.

### 2. 15 U.S.C. § 1681b

Allen reasserts his claim that the CRA Defendants violated § 1681b by furnishing his credit report to CBNA and Lifted Truck without a permissible purpose. He alleges that he did not apply for credit with these entities and did not authorize the inquiries. But as the Court held in its prior decision, consumer consent is not required under § 1681b. *See* Dkt. 51 at 10. A credit reporting agency may furnish a consumer report if it has reason to believe the requester has a permissible purpose. 15 U.S.C. § 1681b(a)(3); *see Spencer v. Relx Inc.*, No. CV 23-65-H-BMM-KLD, 2024 WL 3315439, at *4 (D. Mont. May 24, 2024). Allen still does not allege any facts suggesting the CRA defendants lacked any reason to believe CBNA or Lifted Truck

had a permissible purpose. The § 1681b claim fails for the same reasons it failed before.

### 3. Willfulness

Allen alleges that the CRA defendants acted willfully by continuing to report the same contradictions after multiple disputes and after statutory deadlines expired. This is conclusory. As discussed above, Allen has not identified any actionable inaccuracy. And even if he had, the mere failure to correct alleged errors after receiving a dispute does not constitute willful noncompliance with the FCRA. *See Jenkins v. AmeriCredit Fin. Servs.*, No. 14-cv-5687, 2017 WL 1325369, at *23–24 (E.D.N.Y. Feb. 14, 2017). Because Allen has failed to the CRA defendants purposefully or reckless violated the FCRA, his claims for willful violations must be dismissed. *Id.*

### 4. Leave to Amend

The Court allowed Allen "one final opportunity" to cure the deficiencies in his complaint. Despite specific guidance from the Court identifying exactly what he needed to plead, Allen continues to point to discrepancies among credit reports without identifying which information is actually false. This is his third complaint. Further amendment would be futile because Allen's fundamental theory—that inconsistencies among bureaus are themselves actionable inaccuracies—is legally insufficient. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (amendment is futile "only if no set of facts can be proved under the amendment to

the pleadings that would constitute a valid and sufficient claim"). The claims against the CRA defendants are therefore dismissed with prejudice.

## B. M2 Defendants' Motion to Dismiss

Allen's Second Amended Complaint lists the M2 defendants in the caption but contains no substantive factual allegations against them and asserts no cause of action directed at them. The prior complaint was dismissed against M2 Law Group and Michael Archibald without prejudice (and against Howell & Vail with prejudice) for insufficient service of process. Allen was given leave to amend, but he makes no effort to state a claim against the M2 defendants. Because Allen has had multiple opportunities to plead claims against the M2 defendants and has failed to do so, the M2 defendants' motion is granted and the claims against them are dismissed with prejudice.

## ORDER

**IT IS ORDERED that:**

1.      Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC's Joint Motion to Dismiss Plaintiff's Second Amended Complaint filed by (Dkt. 53) is **GRANTED**. All claims against the CRA defendants are **DISMISSED with prejudice**.

2.      Defendants M2 Law Group PC and Michael J. Archibald's Motion to Dismiss filed by (Dkt. 68) is **GRANTED**. All claims against the M2 defendants are **DISMISSED with prejudice**.



DATED: May 1, 2026

B. Lynn Winmill
U.S. District Court Judge