**U.S. COURTS**

Jason Henry Allen
2600 E. Seltice Way
Post Falls, ID 83854
(323) 377-5620
Jason.Alistor@gmail.com
Plaintiff, In Propria Persona

MAY 14 2026
Rcvd_____Time _10:26_
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN<br><br>Plaintiff, In Propria Persona<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>EQUIFAX INFORMATION SERVICES LLC;<br><br>TRANS UNION LLC;<br><br>FORD MOTOR CREDIT COMPANY LLC;<br><br>M2 LAW GROUP P.C.;<br><br>MICHAEL J. ARCHIBALD;<br><br>Defendants | Case No.: 2:25-CV-00404-BLW<br><br>PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER AT DKT. 78 PURSUANT TO FED. R. CIV. P. 54(B), THE COURT'S INHERENT AUTHORITY, AND D. IDAHO LCIVR 7.1 |

PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER AT DKT.

78 PURSUANT TO FED. R. CIV. P. 54(B), THE COURT'S INHERENT AUTHORITY, AND

D. IDAHO LCIVR 7.1

## I. INTRODUCTION

Plaintiff Jason Henry Allen, In Propria Persona, respectfully moves this Court, under

Federal Rule of Civil Procedure 54(b), the Court's inherent authority over its own interlocutory

1

orders, and D. Idaho LCivR 7.1, to reconsider and vacate so much of the Order at Dkt. 78 (entered May 1, 2026) as dismissed with prejudice Plaintiff's claims against Defendants Experian Information Solutions, Inc., Equifax Information Services, LLC, Trans Union LLC, M2 Law Group, and Michael J. Archibald (collectively, the "Dismissed Defendants"). Plaintiff's specific grounds for reconsideration are set out in Section II below and are incorporated into the substantive argument that follows. Plaintiff respectfully notes and preserves his objections to the Court's analysis for appellate purposes.

Plaintiff narrows the scope of this Motion. Plaintiff does not contest the proposition that bureau-to-bureau inconsistency alone—without identification of a false value—is insufficient to plead inaccuracy under the Fair Credit Reporting Act. That is the proposition the Order at Dkt. 78 drew from two out-of-circuit district court decisions, *Verlus v. Experian Info. Sols., Inc.*, No. 23-CV-11426-DJC, 2025 WL 836588 (D. Mass. Mar. 17, 2025), and *Cruel v. Experian*, No. 22-cv-5236-KBH, 2023 WL 4140828 (E.D. Pa. June 22, 2023). Dkt. 78 at 3-4. Plaintiff respectfully submits, however, that the Second Amended Complaint did not advance a bare inconsistency theory on the Ford Motor Credit tradeline. The SAC attached, as Exhibit A, Ford Motor Credit Company's own October 3, 2024 written payoff confirmation, and pleaded that the Defendants' post-payoff reporting of a current balance, a current past-due amount, and a present-tense "Collection/Chargeoff" status on the Ford tradeline is materially misleading in light of Ford's own documentary baseline. Under the controlling "patently incorrect or materially misleading" standard articulated in *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)), and applied in *Shaw v. Experian Information Solutions, Inc.*, 891 F.3d 749, 757 (9th Cir. 2018), that pleading states a § 1681e(b) and § 1681i claim. The Order at Dkt. 78 does not engage with Exhibit A.

The case remains pending against Defendant Ford Motor Credit Company LLC ("Ford"), whose Motion for Partial Summary Judgment on its counterclaim is fully briefed and ripe (Dkts. 74-77). Because no final judgment has entered, the Order at Dkt. 78 is interlocutory and remains subject to revision under Rule 54(b).

Reconsideration is warranted on four independent grounds. First, the Order mischaracterizes the operative pleading. Plaintiff's Second Amended Complaint ("SAC") did not advance a bare "inconsistency-equals-inaccuracy" theory; it pleaded, supported by documentary evidence the Court did not address, that the Ford account was paid in full as of October 3, 2024, and that the Defendants' continued post-payoff reporting of a current balance, a current past-due amount, and a present-tense "Collection/Chargeoff" status on the Ford tradeline is materially misleading in light of that documentary baseline—an inaccuracy under the patent-inaccuracy and misleading-information standard articulated in *Shaw v. Experian Information Solutions, Inc.*, 891 F.3d 749, 757 (9th Cir. 2018), and *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). Second, the Court's allocation of the pleading burden of "identifying which value is false" to the consumer is in direct tension with the statutory text of 15 U.S.C. §§ 1681e(b) and 1681i, which place the duty of accuracy on the credit-reporting industry and its furnishers; this argument is preserved for appellate review. Third, the Court's denial of leave to amend, treated as futile, was an abuse of discretion under *Foman v. Davis*, 371 U.S. 178 (1962), and *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003), because Exhibit A unlocks a viable patent-inaccuracy theory the Order did not reach, and pro se / In Propria Persona plaintiffs are entitled to particularly liberal amendment under *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Fourth, the Order's disposition of the § 1681b inquiry claims rests on a fact-bound "reason to believe" inquiry that cannot be resolved on a Rule 12(b)(6) motion where the consumer has

3

alleged that the challenged inquiries were furnished to entities with which he never applied for credit.

## II. PLAINTIFF'S SPECIFIC GROUNDS FOR RECONSIDERATION

Plaintiff respectfully submits the following specific grounds for reconsideration of the Court's Order at Dkt. 78. Each ground is incorporated into the substantive argument set out in Section V below and is expressly preserved for appellate review regardless of the disposition of this Motion.

1. The Order mischaracterizes the Second Amended Complaint as advancing a bare "inconsistency-equals-inaccuracy" theory. The Second Amended Complaint attached Exhibit A—Ford Motor Credit Company's October 3, 2024 written payoff confirmation—and pleaded that the Defendants' post-payoff reporting of present-tense delinquent debt is materially misleading in light of that documentary baseline. The Order does not engage with Exhibit A. The "patently incorrect or materially misleading" standard recognized in *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010), and applied in *Shaw v. Experian Information Solutions, Inc.*, 891 F.3d 749, 757 (9th Cir. 2018), supports rather than defeats the SAC's documentary-payoff theory.

2. The Court's allocation of the Rule 12(b)(6) pleading burden of identifying "which value is false" to the consumer is in tension with the statutory text of 15 U.S.C. §§ 1681e(b), 1681i(a), and 1681s-2(b), which place the duty of accuracy on the credit reporting agencies and furnishers, not on the consumer.

3. The Court's finding that any further amendment would be futile, and its denial of leave to amend without addressing the patent-inaccuracy theory grounded in Exhibit A, do not survive the documentary evidence the Order does not address. *Lopez v. Smith*, 203 F.3d

4

1122 (9th Cir. 2000) (en banc), and *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003), require leave where amendment is not clearly futile.

4. The Court's disposition of the § 1681b inquiry claims treats permissible purpose as a freestanding shield on the pleadings without addressing whether each Defendant in fact had "reason to believe" a permissible purpose existed for the specific challenged inquiries—including the CBNA and Lifted Truck inquiries identified in the Second Amended Complaint, which Plaintiff alleged were furnished without any application, authorization, or other transaction by Plaintiff that could have given the Defendants a basis to infer a permissible purpose.

5. Plaintiff further submits that the Order's conclusions regarding willfulness, the with-prejudice dismissal of the M2 Defendants, and the denial of leave to amend do not fully account for the documentary record and the procedural standards governing leave to amend under *Safeco Insurance Co. v. Burr*, 551 U.S. 47 (2007), *Foman v. Davis*, 371 U.S. 178, 182 (1962), *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc), and *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). The substantive argument on each of these points is set out in Section V below, and each is preserved for appellate review in Section VI.

Plaintiff respectfully requests that the Court rule upon each of the foregoing grounds in connection with this Motion, or, at minimum, expressly note their preservation for appellate review.

5

## III. PROCEDURAL POSTURE

This action was filed July 23, 2025, and twice amended (August 27, 2025; December 17, 2025). Defendant Carreras was dismissed with prejudice on August 1, 2025 (Dkts. 9, 10). Defendant Howell & Vail LLP was earlier dismissed for insufficient service of process.

On December 31, 2025, Ford filed its Answer and Counterclaim (Dkt. 56); the Court denied Ford's motion to dismiss, strike, or stay on January 4, 2026 (Dkt. 57). Ford's Motion for Partial Summary Judgment on its counterclaim was filed and is fully briefed (Dkts. 74-77; ripe approximately March 27, 2026).

On May 1, 2026, the Court entered the Order at Dkt. 78, dismissing with prejudice all claims against Experian, Equifax, TransUnion, M2 Law Group, and Michael J. Archibald, without leave to amend. Plaintiff's previously filed Motion for Reconsideration of Dkt. 57 (Dkt. 58), Motion to Strike Ford's affirmative defenses (Dkt. 61), and Motion for Judgment on the Pleadings against Ford (Dkt. 63) remain on the docket. The action remains pending against Ford. No Rule 54(b) certification has been entered, and no separate-document judgment under Rule 58 has issued.

## IV. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The district court possesses inherent authority to reconsider its interlocutory orders per *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

In the Ninth Circuit, reconsideration of an interlocutory order is appropriate where (1) there has been an intervening change of controlling law, (2) new evidence has come to light, or (3)

6

reconsideration is necessary to correct clear error or prevent manifest injustice. School District No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff seeks reconsideration on the third ground: the Order at Dkt. 78 rests on a mischaracterization of the SAC that, if uncorrected, will produce manifest injustice—namely, the with-prejudice dismissal of FCRA claims supported by documentary evidence the Order does not address.

## V. ARGUMENT

### A. The Court Mischaracterized the SAC; Exhibit A Establishes a Plausible Material-Inaccuracy Theory Under *Shaw* v. Experian.

The Order at Dkt. 78 frames Plaintiff's inaccuracy theory as a bare cross-bureau "inconsistency-equals-inaccuracy" claim and dismisses on that basis with citation to two out-of-circuit district court decisions, *Verlus v. Experian Info. Sols., Inc.*, No. 23-CV-11426-DJC, 2025 WL 836588 (D. Mass. Mar. 17, 2025), and *Cruel v. Experian*, No. 22-cv-5236-KBH, 2023 WL 4140828 (E.D. Pa. June 22, 2023). Dkt. 78 at 3-4. With respect, that is not the operative theory of the Second Amended Complaint as to the Ford Motor Credit tradeline. Neither *Verlus* nor *Cruel* involved a furnisher's own written payoff confirmation contradicting the bureaus' continued reporting; Plaintiff's theory rests on documentary evidence—Exhibit A—that does not appear in the Order's analysis.

Plaintiff does not contend that lawful historical delinquency or historical charge-off information necessarily became unreportable upon payoff. Plaintiff contends instead that Defendants continued to report a present-tense delinquent obligation — including a current balance, a current past-due amount, an ongoing chargeoff characterization, and post-payoff activity indicators — after Ford's written confirmation that the account had been paid in full and its lien released.

The SAC pleaded, and Exhibit A documents, that the Ford account was paid in full as of October 3, 2024. Exhibit A is Ford Motor Credit Company's own pay-off confirmation letter, dated October 3, 2024, addressed to Plaintiff, identifying the account by number and confirming a zero balance. The pay-off confirmation states, verbatim and on its face: "Congratulations! Your account has been paid-in-full." (Ex. A.) The same letter, under the heading "Title/Lien Handling," further states: "We have released our lien." (Ex. A.) The letter is dated October 3, 2024; it is addressed to Plaintiff by name; it identifies the consumer auto-finance account by account number ending 3837; and it identifies the financed vehicle by Vehicle Identification Number 1FM5K8GC4LGA06339. From and after that date, the account could no longer accurately be reported as carrying a present unpaid delinquent balance.

Against that factual baseline, the Dismissed Defendants' continued reporting of a current balance, a current past-due amount, and a present-tense "Collection/Chargeoff" status is not merely inconsistent; it is materially misleading as presently reported. The three-bureau consumer credit report dated August 24, 2025 (Reference No. M66302311), attached as Exhibit D, reflects the bureaus' post-payoff reporting on the Ford tradeline (Account No. 5920****). Equifax reported the Ford tradeline as Derogatory, Collection / Chargeoff, with a current balance of $18,906, a current past-due amount of $18,906, a Date of Last Payment of January 1, 2025, and a Date Last Active of January 1, 2025 — reporting fields reflecting continued present-tense delinquency after October 3, 2024. Experian reported the Ford account as Derogatory, Collection / Chargeoff, with a current balance of $18,906, a current past-due amount of $18,906, a Date of Last Payment of February 20, 2025, and a Date Last Active of June 1, 2025 — likewise reporting fields reflecting continued present-tense delinquency after October 3, 2024 and likewise materially inconsistent with Ford's written payoff confirmation. Experian's two-year payment history grid

8

on the same report reflects "CO" notations on the Ford tradeline for June, July, and August 2025. At minimum, these reporting fields plausibly create a materially misleading impression that Plaintiff presently owed an unpaid delinquent obligation after Ford confirmed payoff and lien release.

The credit reports' own comment fields confirm the bureaus' active characterization of the Ford account as a present, unpaid debt. Experian reported the comment: "Unpaid balance reported as a loss by the credit grantor." (Ex. D.) Equifax reported the comment: "Charged off account Auto." (Ex. D.) The reporting fields and comment language, taken together, plausibly conveyed to prospective creditors that Plaintiff presently owed an unpaid delinquent debt despite Ford's written confirmation that the account had been paid in full and its lien released.

Under the controlling Ninth Circuit standard, a tradeline is inaccurate for FCRA purposes if it is either "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Shaw v. Experian Information Solutions, Inc.*, 891 F.3d 749, 757 (9th Cir. 2018) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)); see also *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (applying *Gorman*'s "patently incorrect or materially misleading" standard). In *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008), the Ninth Circuit held that the consumer made a prima facie showing of inaccurate reporting where the report listed a civil judgment, but the parties had stipulated in writing that no judgment would be entered and the state-court register inaccurately reflected "Judgment Entered." *Dennis* supports Plaintiff's point that documentary records can establish a patent factual inaccuracy for FCRA purposes. Ford Motor Credit Company's own October 3, 2024 written payoff confirmation — Exhibit A — performs the same documentary function here. From and after that date, the account could no longer accurately be reported as

9

carrying a present unpaid delinquent balance. The Defendants' continued post-payoff reporting of an $18,906 balance, an $18,906 past-due amount, and "Collection/Chargeoff" status is materially misleading in light of that documentary baseline.

The Ninth Circuit's inaccuracy test has a second, alternative prong. Even where reporting is not facially incorrect, it states a § 1681e(b) claim if it is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Shaw*, 891 F.3d at 757 (quoting *Gorman*, 584 F.3d at 1163). The bureaus' continued reporting of current balance, current past-due, and ongoing "Collection/Chargeoff" status on an account Ford has acknowledged as paid-in-full—and as to which Ford has released its lien—satisfies that second prong. Those reporting fields plausibly convey to a credit-decision recipient that Plaintiff presently owes a delinquent debt despite Ford's written payoff confirmation. That implication is misleading under the second prong, independent of whether the data fields are characterized as patently incorrect under the first prong.

The Order at Dkt. 78 does not engage with Exhibit A. Dkt. 78 at 3-6. It does not cite the SAC paragraphs that incorporate Exhibit A. The Order acknowledges that Plaintiff "relies heavily on *Shaw*" and quotes *Shaw*'s "misleading" standard verbatim. Dkt. 78 at 6. But the Order then applies that standard against the SAC's bureau-to-bureau comparisons rather than against the documentary baseline Ford itself supplied. The Order analyzes the SAC primarily through the lens of bureau-to-bureau inconsistency rather than the documentary payoff baseline reflected in Exhibit A. *Carvalho* and *Shaw* articulate the same patent-inaccuracy and misleading-information standard; that standard supports the SAC's documentary-payoff theory, and Exhibit A is the document that puts the SAC inside it.

The same Exhibit A baseline supports the § 1681i reinvestigation claims. Plaintiff disputed the Ford tradeline with the consumer reporting agencies on at least four separate occasions: (i) an online dispute filed January 28, 2025; (ii) a formal certified-mail dispute letter dated May 26, 2025, notarized before mailing by Joel Kosoff, Notary Public, State of Idaho, on May 27, 2025, and mailed May 28, 2025 to Equifax, Experian, and TransUnion, with notice copies to the Consumer Financial Protection Bureau and the Federal Trade Commission, demanding immediate removal or correction of the post-payoff false reporting on Ford Motor Credit Co Account No. 59203837 (Ex. B); (iii) a further online dispute filed June 12, 2025; and (iv) a further online dispute filed June 30, 2025. Each of these dispute events is documented in the consumer reporting agency's completed-disputes confirmation record (Ex. C). Receipt of each dispute obligated each Defendant to conduct a reasonable reinvestigation under § 1681i. The bureaus' continued reporting of the false post-payoff data through the August 24, 2025 three-bureau report (Ex. D), after four separate disputes—including a notarized certified-mail dispute that substantially undermines any contention that the disputes lacked sufficient identifying information—supports a plausible § 1681i claim and an inference of reckless disregard under *Safeco Insurance Co. v. Burr*, 551 U.S. 47 (2007). Because the Order does not address Exhibit A's documentary payoff baseline, reconsideration is warranted under Rule 54(b).

## B.  The FCRA Allocates the Duty of Accuracy to the Industry, Not the Consumer (Preserved for Appeal).

Plaintiff acknowledges the controlling weight of Carvalho in this Circuit on the consumer's threshold pleading obligation to allege inaccuracy. Plaintiff preserves, however, for appellate review the following statutory-construction argument:

15 U.S.C. § 1681e(b) requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy" of the information they report. 15 U.S.C. §

11

1681i(a) requires that, upon receipt of a consumer dispute, the agency "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681s-2(b) places parallel duties on furnishers upon receipt of an ACDV. Each duty by its terms runs from the agency or furnisher to the consumer.

Requiring a consumer, at the Rule 12(b)(6) stage and without the benefit of discovery into the agency's procedures or the furnisher's internal records, to plead with specificity which of competing reported values is the false one inverts the statutory allocation of duties. It requires the consumer to perform the very reinvestigation the statute requires the agencies and furnishers to perform.

This argument is preserved for the Ninth Circuit Court of Appeals.

## C. The Court's Denial of Leave to Amend Was an Abuse of Discretion.

Rule 15(a)(2) directs that leave to amend be freely given "when justice so requires." The Ninth Circuit applies this rule with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The *Foman* factors—undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment—govern. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Pro se / In Propria Persona litigants in particular must be granted leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

The Order at Dkt. 78 denied leave to amend on the ground of futility, citing the fact that the Second Amended Complaint was Plaintiff's third pleading. Dkt. 78 at 7 ("This is his third complaint.") (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). That

12

conclusion does not survive engagement with Exhibit A. As Section V.A demonstrates, the patent-inaccuracy and misleading theory articulated in *Carvalho* and *Shaw* is fully available on the existing record and was not addressed in the Order.

Of the five *Foman* factors, only the third—repeated failure to cure deficiencies by amendments previously allowed—was implicated by the Order. Dkt. 78 at 7. That factor cannot bear the weight of a with-prejudice dismissal here. The Court's prior order identified the deficiency as Plaintiff's failure to specify which information was false. The Second Amended Complaint cured that deficiency for the Ford tradeline by attaching Exhibit A and pleading that the continued reporting of post-payoff balances and past-due amounts plausibly conveyed that Plaintiff presently owed a delinquent debt despite Ford's written payoff confirmation. To the extent the Order concluded that the SAC still did not cure the deficiency, it did so by analyzing the SAC as if Exhibit A were not in the record. The "repeated failure to cure" factor cannot support futility where the Court has not engaged with the cure Plaintiff actually pleaded.

A Third Amended Complaint pleading Shaw expressly—identifying Exhibit A as the documentary baseline, pleading each Defendant's post-payoff reporting as false against that baseline, and pleading § 1681s-2(b) furnisher liability against Ford on the same baseline—is not futile. It is the operative theory the Second Amended Complaint already advanced, more sharply pleaded. Specifically, on amendment, Plaintiff would plead with greater specificity:

(i)     the exact reporting fields remaining inaccurate after the October 3, 2024 payoff (balance, past due, status, payment history, date of last payment, date last active);

(ii)    the dates of each post-payoff inaccurate reporting on each of Equifax, Experian, and TransUnion, including the continuing-violation chronology from October 2024 through the present;

(iii)    the CRA-specific balance and past-due fields and their internal contradiction with the bureaus' own contemporaneous payment-history grids;

(iv)    the full chronology of consumer disputes — including the online dispute of January 28, 2025, the notarized certified-mail dispute of May 26, 2025 (notarized May 27, 2025; mailed May 28, 2025) with notice copies to the CFPB and FTC, and the further online disputes of June 12, 2025 and June 30, 2025 — and the documents and account identifications submitted with each;

(v)    the reinvestigation failures, including the absence of method-of-verification disclosure required by 15 U.S.C. § 1681i(a)(6)(B)(iii) and (a)(7);

(vi)    the continued reporting of false post-payoff data after receipt of the disputes, supporting both reasonable-procedures and willfulness theories; and

(vii)    the direct contradiction between Ford's written payoff confirmation (Exhibit A) and the bureaus' continued reporting of a present debt obligation, which is the type of materially misleading reporting *Shaw* recognizes as actionable when the threshold inaccuracy is shown.

On the remaining *Foman* factors, there is no finding of bad faith, no finding of prejudice to Defendants, and no undue delay; the SAC was filed December 17, 2025, the Order entered May 1, 2026, and Plaintiff has prosecuted the action diligently throughout. Denial of leave on a futility ground that does not survive Exhibit A is an abuse of discretion. *Eminence Capital*, 316 F.3d at 1052 ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment.").

A related, narrower point applies to the dismissal of the M2 Defendants. The Order dismissed M2 Law Group, P.C. and Mr. Archibald with prejudice on the ground that the Second

14

Amended Complaint "lists the M2 defendants in the caption but contains no substantive factual allegations against them and asserts no cause of action directed at them." Dkt. 78 at 8. That is a pleading defect, not a futility finding. The Court did not address whether amendment to add specific causes of action—for example, under 15 U.S.C. § 1681s-2(b) if discovery establishes that the M2 Defendants furnished information to any consumer reporting agency, or under the Fair Debt Collection Practices Act—would be futile. Where a complaint fails to plead a claim but the underlying conduct may give rise to viable claims on amendment, the proper disposition is dismissal without prejudice. Plaintiff respectfully requests that the Court reconsider the with-prejudice nature of the M2 dismissal and convert it to dismissal without prejudice.

**D. The § 1681b Inquiry Claims Are Fact-Bound and Were Not Properly Resolved on the Pleadings.**

The Order dismisses Plaintiff's § 1681b claims on the ground that "consumer consent is not required under § 1681b" and that "a credit reporting agency may furnish a consumer report if it has reason to believe the requester has a permissible purpose." Dkt. 78 at 6. Plaintiff does not contest the legal standard. Plaintiff respectfully submits, however, that whether a consumer reporting agency in fact had "reason to believe" a particular requester had a permissible purpose is a fact-bound question that cannot be resolved on a Rule 12(b)(6) motion where the consumer has alleged unauthorized inquiries by entities with which he never applied for credit. The Second Amended Complaint alleged that the Defendants furnished Plaintiff's consumer report to CBNA and Lifted Truck without any application, authorization, or other transaction by Plaintiff that could have given the Defendants a basis to infer a permissible purpose. At the pleading stage, those allegations must be taken as true. The Ninth Circuit has held, in a closely related context, that the § 1681b permissible-purpose exceptions are affirmative defenses for which the defendant bears

15

the burden of pleading, and that a consumer-plaintiff need allege only facts giving rise to a reasonable inference that her credit report was obtained for a purpose not authorized by the statute to survive a motion to dismiss. *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019). Although *Nayab* addressed § 1681b(f) governing users, its burden-allocation reasoning applies by analogy to § 1681b(a)(3), because requiring a consumer to plead a CRA's lack of "reason to believe" would require pleading a negative fact peculiarly within the defendant's knowledge. Whether the Defendants in fact had "reason to believe" the challenged inquiries had a permissible purpose—for example, because of an intermediary, an error in identity matching, or a mixed-file pull—is a question that requires discovery into the Defendants' own procedures and the records of the specific inquiries challenged. It is not a question the Court can resolve against Plaintiff on the pleadings.

## VI. PRESERVATION OF ISSUES FOR APPELLATE REVIEW

Regardless of the disposition of this Motion, Plaintiff expressly preserves the following issues for review by the United States Court of Appeals for the Ninth Circuit:

1.  Whether the Court's Order at Dkt. 78 mischaracterized the operative pleading by analyzing it as a Carvalho "inconsistency-equals-inaccuracy" claim while failing to engage with Exhibit A and the Shaw patent-inaccuracy theory the Second Amended Complaint advanced.

2.  Whether allocation of the burden of identifying "which value is false" to the consumer at the Rule 12(b)(6) stage is consistent with the statutory text of 15 U.S.C. §§ 1681e(b), 1681i(a), and 1681s-2(b), which place the duty of accuracy on credit-reporting agencies and furnishers.

16

3. Whether the Court's disposition of the § 1681b inquiry claims was correct where the Order did not address the "reason to believe" element as applied to the specific challenged inquiries.

4. Whether the Court's finding that allegations of willfulness were conclusory was correct in light of the two certified-mail disputes and the receipt of Exhibit A documented in the record.

5. Whether the denial of leave to amend was an abuse of discretion under Foman, Eminence Capital, and Lopez where Exhibit A unlocks a non-futile Shaw theory the Order did not reach, and where the Order did not enter express findings on each Foman factor.

6. Whether the with-prejudice dismissal of the M2 Defendants followed a procedurally regular path and is supported by the record.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) note and rule upon each of Plaintiff's specific grounds for reconsideration set out in Section II above; (2) reconsider and vacate so much of the Order at Dkt. 78 as dismissed with prejudice the claims against Experian Information Solutions, Inc., Equifax Information Services, LLC, Trans Union LLC, M2 Law Group, and Michael J. Archibald; (3) convert the with-prejudice dismissal of M2 Law Group, P.C. and Michael J. Archibald to a dismissal without prejudice; (4) grant Plaintiff leave to file a Third Amended Complaint within twenty-one (21) days of the order on this Motion, conforming the inaccuracy and reinvestigation theories to Exhibit A and *Shaw* v. Experian; and (5) grant such further relief as is just, proper, and equitable.

17

## EXHIBITS ATTACHED HERETO

In support of this Motion, Plaintiff submits the following exhibits, authenticated by the Declaration of Jason Henry Allen filed herewith:

Exhibit A  Ford Motor Credit Company Pay-Off Confirmation Letter, dated October 3, 2024 (redacted as to financial account number per Fed. R. Civ. P. 5.2(a)(4)).

Exhibit B  Plaintiff's Notarized Certified-Mail FCRA Dispute Letter to Equifax, Experian, and TransUnion, with notice copies to the Consumer Financial Protection Bureau and the Federal Trade Commission, dated May 26, 2025, notarized May 27, 2025 by Joel Kosoff, Notary Public, State of Idaho, and mailed May 28, 2025, regarding Ford Motor Credit Co Account No. 59203837 (redacted as to Social Security number per Fed. R. Civ. P. 5.2(a)(1)).

Exhibit C  Consumer Reporting Agency Completed-Disputes Confirmation Record (June 2025), documenting Plaintiff's online disputes of the Ford Motor Credit tradeline filed January 28, 2025, June 12, 2025, and June 30, 2025.

Exhibit D  Three-Bureau Consumer Credit Report dated August 24, 2025 (Reference No. M66302311), showing the post-payoff reporting of the Ford Motor Credit tradeline by Equifax and Experian challenged herein.

Dated: May 14, 2026

Respectfully submitted,


/s/ Jason Henry Allen__


Jason Henry Allen


18

2600 E. Seltice Way

Post Falls, ID 83854

(323) 377-5620

Jason.Alistor@gmail.com

Plaintiff, In Propria Persona

## CERTIFICATE OF SERVICE

I certify that on the 14th day of May, 2026, a true and correct copy of the foregoing was served upon the

parties listed below via email, CM/ECF, and/or first-class mail, postage prepaid:

**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (206) 695-5100
Email: mthielbahr@grsm.com

**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Tel: (406) 549-3171
Email: carpentc@carpenterlawfirmpllc.com

**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: bmiller@hawleytroxell.com

Jean E. Schroeder
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: jschroeder@hawleytroxell.com

Nermy J. Winner
Quilling Selander Lownds Winslett Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

Tel: (214) 871-2100
Email: nwinner@qslwm.com

---

**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: ejw@elamburke.com

Jed W. Manwaring
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: jwm@elamburke.com

---

**M2 Law Group, P.C. / Howell & Vail LLP / Michael J. Archibald**
Michael J. Archibald
M2 Law Group, P.C.
P.O. Box 330
Meridian, ID 83680
Tel: (208) 887-9911
Email: marchibald@m2law.net

/s/ Jason Henry Allen