UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN, | Case No. 2:25-cv-00404-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; MICHAEL J. ARCHIBALD; and LISSETTE M. CARRERAS, | |
| Defendants. | |

**INTRODUCTION**

Plaintiff Jason Henry Allen is proceeding pro se. He has sued various defendants, including Ford Motor Credit Company, alleging violations of the Fair Credit Reporting Act. 15 U.S.C. § 1681 *et seq*. Ford filed an answer asserting affirmative defenses and counterclaims for breach of contract, fraud in the inducement, and foreclosure of its security interest in a 2020 Ford Explorer. In January 2026, the Court denied Allen's motion to dismiss Ford's counterclaims, strike Ford's affirmative defenses, and stay or bifurcate Ford's contract and foreclosure counterclaims. *See Memorandum Decision and Order*, Dkt. 57. Allen now asks the Court to reconsider that decision. *See* Dkt. 58. In addition, he has filed a separate, second motion to strike Ford's affirmative defenses and

**MEMORANDUM DECISION AND ORDER - 1**

a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See* Dkt. 61, 63. For the reasons explained below, the Court will deny Allen's motions.

## ANALYSIS

### A. Motion to Reconsider

Allen asks the Court to reconsider its order denying Allen's motion to dismiss Ford's counterclaims under Federal Rule of Civil Procedure 54(b). Rule 54(b) allows a district court to revise an interlocutory order "at any time" before entry of a final judgment under its inherent authority. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted). While a court has the power to revisit its own decision for any reason, it "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (internal quotation marks and citation omitted).

In general, a court may grant a motion for reconsideration only upon four limited grounds: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if amendment is justified by an intervening change in controlling law. *See Mendez v. Ada Cnty.*, No. 1:21-CV-00447-BLW, 2023 WL 2333401, at *1 (D. Idaho Mar. 1, 2023) (citing *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)). "A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." *Defs. of Wildlife v. Browner*, 909 F.

MEMORANDUM DECISION AND ORDER - 2

Supp. 1342, 1351 (D. Ariz. 1995) (citation and quotation marks omitted). "Arguments that a court was in error on the issues it considered should be directed to the court of appeals." *Id.*

Allen fails to reach the high standard for this Court to reconsider its prior ruling. Allen's core argument is that the Court committed clear error by improperly crediting Ford's allegations that it rejected Allen's payments under the Federal Rule 12(b)(6) framework. He maintains that the paid-in-full letter sent by Ford, the release of its lien, and the issuance of title to Allen make it implausible that Ford rejected Allen's payments and still retains its security interest in the Ford Explorer. He also argues that the Court erred in finding the economic loss rule does not bar Ford's fraud claim.

But the Court considered these very documents and arguments in its prior ruling and concluded that Ford's counterclaims are plausible because Ford alleges the documents were issued in reliance on Allen's fraudulent payments—payments that were never actually received. *See* Dkt. 57 at 9. Similarly, the Court properly considered and rejected Allen's argument that the economic loss rule bars Ford's counterclaim for fraud because Idaho's economic loss rule does not apply to intentional torts like fraud. *Taylor v. Taylor*, 422 P.3d 1116, 1125 (Idaho 2018). Simply reaching a different conclusion than Allen wanted is not error.

As for the new arguments Allen raises for the first time in his reply brief—including that Ford's counterclaims are not compulsory under Rule 13(a) and should be dismissed from this action entirely—nothing prevented Allen from raising these arguments in his original motion. A motion for reconsideration "may not be used to raise

MEMORANDUM DECISION AND ORDER - 3

arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Further, given Allen raised these arguments for the first time in his reply brief, the Court need not consider them. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (courts generally do not consider arguments raised for the first time in a reply brief). Accordingly, the Court will deny Allen's motion to reconsider.

## B.  Motion to Strike Affirmative Defenses

Allen also moves to strike Ford's affirmative defenses for a second time. He filed this motion two days after the Court denied his first motion to strike those same defenses. The Court has already had its say on this matter: "Striking negative defenses serves no practical purpose because doing so will not eliminate issues from the case or preclude Ford from arguing them." *See* Dkt. 57 at 11. The Court also found that Ford's defenses eleven and twelve "provide sufficient notice when read with the factual allegations in Ford's Answer and Counterclaim," and that "[g]ranting a 'hyper-technical and inconsequential motion to strike runs counter to the purpose of Rule 8' and 'diverts resources from substantive litigation.'" *Id*. Allen has not presented any new arguments or evidence that would change this analysis. His motion to strike these defenses is therefore denied.

## C.  Motion for Judgment on the Pleadings

Finally, Allen moves for judgment on the pleadings under Rule 12(c), seeking declarations that (1) Ford is a furnisher of information subject to 15 U.S.C. § 1681s-2(b); (2) Ford received notice of Allen's disputes through Automated Consumer Dispute

MEMORANDUM DECISION AND ORDER - 4

Verifications ("ACDVs"); (3) Ford's statutory duties were triggered upon receipt of that notice; and (4) Ford's counterclaim does not bar Allen's FCRA claims. A Rule 12(c) motion is only proper when there are no material issues of fact, and the moving party is entitled to judgment as a matter of law. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). On such a motion, the Court must accept all of the non-moving party's allegations as true and construe them in the light most favorable to that party.

Allen's motion runs into a basic problem: Ford disputes the very allegations Allen seeks to establish. In its Answer, Ford denied that Allen's characterization of its furnisher status constitutes anything more than a legal conclusion. Ford admitted only that it "received some Automated Consumer Dispute Verifications regarding Allen's account," while denying the remainder of Allen's allegations concerning the scope and content of those ACDVs. Ford also denied that its statutory duties were triggered as Allen alleges. These denials create genuine disputes that cannot be resolved on the pleadings alone. Furthermore, Ford has asserted affirmative defenses that, if proven, could defeat Allen's claims. Under *Seventh-Day Adventists*, that is enough to bar judgment on the pleadings. 887 F.2d at 230. Allen's motion for judgment on the pleadings must therefore be denied. *See Gen. Conf. Corp. of Seventh-Day Adventists*, 887 F.2d at 230.

While the Court is mindful that Allen is proceeding without counsel and is entitled to liberal construction of his filings, the Court has now addressed multiple rounds of motions practice on overlapping issues. The Court reminds Allen that serial motions rehashing arguments the Court has already considered and rejected waste judicial

**MEMORANDUM DECISION AND ORDER - 5**

resources and risk running afoul of the Court's prior admonition regarding Rule 11. *See* Dkt. 57 at 7 n.2.

## ORDER

**IT IS ORDERED that**:

1. Plaintiff's Objection and Motion for Reconsideration of the Court's Memorandum Decision and Order (Dkt. 58) is **DENIED**.

2. Plaintiff's Motion to Strike Certain Affirmative Defenses Asserted by Defendant Ford Motor Credit Company LLC (Dkt. 61) is **DENIED**.

3. Plaintiff's Motion for Judgment on the Pleadings Against Ford Motor Credit Company LLC (Dkt. 63) is **DENIED.**

DATED: May 18, 2026

B. Lynn Winmill
U.S. District Court Judge