UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; MICHAEL J. ARCHIBALD; and LISSETTE M. CARRERAS,<br><br>Defendants. | Case No. 2:25-cv-00404-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Ford Motor Credit Company LLC's motion for partial summary judgment (Dkt. 74). Ford seeks summary judgment on its counterclaims against Jason Henry Allen for breach of contract and foreclosure of its security interest in a 2020 Ford Explorer that Allen financed through Ford. For the reasons explained below, the Court will grant the motion.

**BACKGROUND**

In July 2020, Allen purchased a 2020 Ford Explorer for $64,656.00. He financed the purchase through Ford Motor Credit Company under a retail installment sale contract

**MEMORANDUM DECISION AND ORDER - 1**

requiring 72 monthly payments of $898, granting Ford a security interest in the vehicle, and allowing for repossession of the vehicle upon default. *Retail Installment Contract*, Dkt. 74-4.

Allen made his monthly payments for approximately four years. In mid-2024, rather than continuing those payments, Allen attempted to pay off the remaining balance through a series of instruments and electronic transactions—none of which resulted in Ford receiving any funds.

On July 15, 2024, Allen presented Ford with a paper instrument labeled "Certified Funds" in the amount of $22,450.00. *Dill Decl.* ¶ 3, Dkt. 74-3; Ex. B, Dkt. 74-5. The instrument bore the address for the United States Treasury building and contained language purporting to discharge the debt under the Uniform Commercial Code. Ford rejected the instrument as non-negotiable because it was not linked to or drawn from a valid existing account. *Id.* On August 1, 2024, Allen presented a second, nearly identical paper instrument in the amount of $21,552.00, which Ford rejected for the same reason. *Id.* ¶ 4; Ex. C, Dkt. 74-6.

After Ford rejected the two paper instruments as non-negotiable, Allen scheduled eight electronic payments, ranging from $20,897.00 to $24,738.90, through Ford's online system to be paid each week starting on October 3, 2024, with the last payment scheduled for November 21, 2024. *Id.* ¶ 5. Upon receiving the first electronic payment on October 3, Ford promptly sent Allen a letter stating the loan had been paid in full. *Id.* ¶ 6. Shortly after, on October 18, Ford also released its lien and issued title to Allen. *Id.* ¶ 7.

After sending the paid-in-full letter, however, Ford discovered Allen had used his

MEMORANDUM DECISION AND ORDER - 2

Social Security number as the bank account number. *Id.* Within days of releasing the lien and issuing title, Ford sent Allen a letter dated October 22, 2024, informing him that his October 18 electronic payment would be returned "as unable to locate account" because Allen had scheduled the payment using his Social Security number. *Id.* ¶ 9; Ex. D, Dkt. 74-7. The letter also stated that Allen's obligation to make his monthly payments, or pay the balance in full, remained in effect. *Id.*

On December 2, 2024, Ford sent Allen another letter notifying him that his recent payment in the amount of $22,000 had not been honored and directing him to return title to the vehicle. In addition, it stated that the paid-in-full documents should never have been sent and reiterated that all terms of the installment contract remained "in full force and effect," and Ford retained a security interest in the vehicle. *Id.* ¶ 10; Ex. E, Dkt. 74-7.

On December 3, 2024—the day after receiving Ford's notice—Allen signed an extension modifying the installment contract. *Id.* ¶ 11; Ex. F, Dkt. 74-8. He agreed to pay a $25.00 extension fee in exchange for Ford extending the due dates for his October and November 2024 payments. *Id.* The extension confirmed that all other terms of the contract, including the security interest, remained in full force and effect. *Id.*

Ford has not received any payments from Allen since. *Id.* ¶ 12. Ford's records show an outstanding balance of $18,906.80, plus accruing interest, costs, and attorney fees. *Id.* Allen continues to possess the vehicle. *Id.* ¶ 13.

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact" and the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P.

MEMORANDUM DECISION AND ORDER - 3

56(a). The Court must view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). Once that burden is met, the non-moving party must come forward with evidence sufficient to support a jury verdict in its favor. *Id.* The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48. If a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may consider that fact to be undisputed. Fed. R. Civ. P. 56(e)(3).

## ANALYSIS

### A.  Breach of Contract

Ford argues that Allen defaulted under the installment contract once he stopped making his monthly payments and owes Ford $18,906.80 plus ongoing accrued interest, late fees, costs, and attorney fees. To prevail on its breach of contract claim, Ford must show (1) the existence of a contract, (2) a breach of the contract, (3) damages caused by the breach, and (4) the amount of damages. *McCarthy Corp. v. Stark Investment Group,*

MEMORANDUM DECISION AND ORDER - 4

*LLC*, 489 P.3d 804, 815 (Idaho 2021).

Ford has carried its burden on each element. It is undisputed that Allen entered into the installment contract, that the contract required Allen to make 72 monthly payments of $898.00 until the loan was paid in full, and that Allen stopped making the payments before paying off the loan. Ford has submitted Jeremy Dill's declaration establishing that neither the "Certified Funds" instruments nor the electronic payments were linked to any valid bank account; Ford never received any funds from these purported payments; and $18,906.80 remains outstanding. The burden thus shifted to Allen to show he satisfied his obligation to pay the outstanding balance due. He has not met this burden. He has not produced a cancelled check, a completed wire transfer, a bank statement, or any other evidence showing that actual funds were transmitted to Ford.

Instead, Allen merely asserts that it is a disputed fact whether his payments were non-negotiable. But Allen offers no evidence that his paper instruments or electronic payments were tied to any account from which funds could be drawn. It therefore is undisputed that the paper instruments lacked valid routing or account numbers and that he used his Social Security number for the electronic payments. None of these is a valid payment method. Simply stating a dispute exists does not make it so.

Allen also argues that Ford's issuance of the paid-in-full letter and lien release creates a disputed issue of fact. Ford, however, has submitted uncontroverted evidence that it took these actions based on its mistaken belief that Allen had remitted a valid electronic payment to pay off the loan. Once Ford discovered Allen had used his Social

MEMORANDUM DECISION AND ORDER - 5

Security number in lieu of a valid bank account number to make the final payment, it promptly notified Allen that the payments had not been honored and his obligations under the contract remained in full force and effect. Again, Allen has submitted no contrary evidence to suggest that Ford did not take those actions in error.

### 1. Equitable Estoppel and Waiver

For similar reasons, the Court rejects Allen's argument that Ford is equitably estopped from asserting that Allen breached the installment contract, or that Ford waived its right to payment, by issuing the paid-in-full letter and releasing its lien. For equitable estoppel to apply, Allen must show Ford made a false representation or concealed a material fact with actual or constructive knowledge of the truth, and that he reasonably relied on the representation to his prejudice. *See Hollingsworth v. Thompson*, 478 P.3d 312, 321 (Idaho 2020). Allen cannot meet his burden. He has not shown Ford made any representation knowing it was false. Nor has he shown that he reasonably relied on the paid-in-full letter or, even if he did, that he did so to his prejudice.

As for waiver, Idaho law requires a showing of "a clear and unequivocal act manifesting an intent to waive" and that the party asserting waiver "acted in reasonable reliance upon the waiver and that he thereby has altered his position to his detriment." *Pocatello Hosp., LLC v. Quail Ridge Medical Investor, LLC*, 330 P.3d 1067, 1077 (Idaho 2014). Ford's prompt rescission of the paid-in-full letter and lien release—followed by Allen's own execution of the extension confirming the contract's continued force and effect—defeats any suggestion that Ford voluntarily and intentionally relinquished its right to payment.

MEMORANDUM DECISION AND ORDER - 6

The extension Allen signed warrants separate mention. Allen signed it the day after Ford informed him that the paid-in-full documents had been sent in error. By executing the extension, Allen agreed that all terms of the contract—including the security interest—remained in full force and effect. Even if there were some question about the effectiveness of Ford's unilateral rescission, Allen's own voluntary act removed any doubt about the contract's continuing vitality.

### 2. Overlap with Allen's Claims Against Ford

Likewise, the Court is unpersuaded by Allen's argument that granting summary judgment in favor of Ford would improperly prejudge factual issues overlapping with his claims against Ford under the Fair Credit Reporting Act. Whether Allen breached the contract by failing to make valid payments is a separate question from whether Ford conducted a reasonable investigation upon receiving notice of a dispute from a consumer reporting agency under 15 U.S.C. § 1681s-2(b). The Court therefore finds no reason why it cannot grant summary judgment in Ford's favor on its breach of contract claim.

Accordingly, the Court concludes that Ford has established that Allen breached the installment contract as a matter of law and will therefore grant summary judgment in Ford's favor on its breach of contract claim.

## B. Foreclosure of Security Interest

As the secured party, Ford is entitled to take possession of the 2020 Ford Explorer upon Allen's default. *See* I.C. § 28-9-609(a)(1). Pursuant to Idaho Code § 28-9-201(a), Ford holds a valid security interest in the vehicle under the contract, the terms of which remain in effect and enforceable between Ford and Allen, and Allen remains obligated to

MEMORANDUM DECISION AND ORDER - 7

pay the amount in full under the contract. And under Idaho Code § 28-9-202, Allen's obligation under the contract to pay for the vehicle remains regardless of whether Allen has title to the vehicle. Because Allen has failed to satisfy his obligation, Ford is entitled to repossess the vehicle. *See* I.C. § 8-301, et seq.

## C.  Rule 56(d) Request for Discovery

Finally, the Court will deny Allen's informal request under Rule 56(d) to defer ruling on Ford's motion to allow further discovery. Under Rule 56(d), a court may defer or deny considering a summary judgment motion, allow additional time to conduct discovery, or issue any other appropriate order if the nonmoving party shows by affidavit that it cannot present facts to justify denying the summary judgment. To prevail on a Rule 56(d) motion, "[t]he requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Fam. Home & Fin. Center, Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F. 3d 822, 827 (9th Cir. 2008). "Failure to comply with these requirements is proper ground for denying discovery and proceeding to summary judgment." *Id.* (citation modified).

Allen has not submitted any such affidavit or declaration. He has merely listed discovery topics in his opposition brief. That does not satisfy the rule. *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986). More to the point, Allen does not need discovery to know whether he actually paid Ford. That information is in his hands, not Ford's. If Allen had evidence of a valid payment, he could have produced it. For these reasons, the Court denies Allen's request for discovery under Rule 56(d).

**MEMORANDUM DECISION AND ORDER - 8**

**ORDER**

**IT IS ORDERED that:**

1.  Ford's Motion for Partial Summary Judgment (Dkt. 74) is GRANTED.

DATED: May 18, 2026

B. Lynn Winmill
U.S. District Court Judge