Nermy J. Winner, Esq.
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 606
Fax:  (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

Brad P. Miller, Esq.
Hawley Troxell
877 Main Street, 2nd Floor
Boise, ID 83702
Telephone:  208-344-6000
Fax:  208-954-5206
E-Mail: bmiller@hawleytroxell.com

*Local Counsel for Defendant Trans Union, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO (NORTHERN)

| | |
|---|---|
| JASON HENRY ALLEN,<br>            Plaintiff,<br><br>        vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br>EQUIFAX INFORMATION SERVICES LLC;<br>TRANS UNION LLC; FORD MOTOR CREDIT<br>COMPANY LLC; M2 LAW GROUP P.C.; and<br>MICHAEL J. ARCHIBALD;<br>            Defendants. | ) CASE NO. 2:25-cv-00404-BLW<br>)<br>) Judge B. Lynn Winmill<br>)<br>) **JOINT OPPOSITION TO**<br>) **PLAINTIFF'S MOTION FOR**<br>) **RECONSIDERATION OF**<br>) **COURT'S ORDER AT DKT. 78**<br>) **PURSUANT TO FED. R. CIV. P.**<br>) **54(B), THE COURT'S INHERENT**<br>) **AUTHORITY, AND D. IDAHO**<br>) **LCIVR 7.1**<br>) |

Defendant consumer reporting agencies Equifax Information Services LLC ("Equifax"),

Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union")

JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S
ORDER AT DKT. 78 PURSUANT TO FED. R. CIV. P. 54(B), THE COURT'S INHERENT
AUTHORITY, AND D. IDAHO LCIVR 7.1 – 2:25-cv-00404-BLW

(collectively, the "CRA Defendants"), by their attorneys, hereby file their Opposition to Plaintiff's Motion for Reconsideration of Court's Order at Dkt. 78 Pursuant to Fed. R. Civ. P. 54(B), the Court's Inherent Authority, and D. Idaho L. Civ 7.1 (the "Motion").

The Motion should be denied in this alleged Fair Credit Reporting Act ("FCRA") case where the Court correctly dismissed Plaintiff's insufficient claims that Defendants' violated the FCRA by reporting "conflicting [information]" for his ICCU and Ford auto loan accounts because:

A.      Plaintiff fails to allege any new, additional facts that cure the deficiencies in his Amended Complaint or warrant reconsideration;

B.      Courts have consistently held that inconsistent information between CRA's is not actionable;

C.      The Court's dismissal of Plaintiff's claims against the CRA Defendants was not abuse of discretion; and

D.      Plaintiff misinterprets the Court's holding that consumer consent is not required under §1681b.

I.      **INTRODUCTION**

On July 23, 2025, Plaintiff filed a Complaint against the CRA Defendants alleging FCRA violations. On August 15, 2025, the CRA Defendants filed a Joint Motion to Dismiss Plaintiff's Complaint [Dkt. 16]. On Plaintiff filed an Amended Complaint on August 27, 2025. [Dkt. 21]. Plaintiff's Amended Complaint failed to address the deficiencies addressed in the CRA Defendants' Motion to Dismiss. On December 4, 2025, this Court granted the CRA Defendants Motion to Dismiss and allowed Plaintiff one final opportunity to amend his Complaint. [Dkt. 50]. On December 17, 2025, Plaintiff filed a Second Amended Complaint. [Dkt. 51]. On December 30,

JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER AT DKT. 78 PURSUANT TO FED. R. CIV. P. 54(B), THE COURT'S INHERENT AUTHORITY, AND D. IDAHO LCIVR 7.1 – 2:25-cv-00404-BLW

2025, the CRA Defendants filed a renewed Joint Motion to Dismiss Plaintiff's Second Amended Complaint arguing that Plaintiff has failed to plausibly allege any inaccurate reporting or other violations of the FCRA. On May 1, 2026, the Court granted the CRA Defendants' Motion to Dismiss. [Dkt. 78]. On May 14, 2026, Plaintiff filed a Motion for Reconsideration [Dkt. 79] requesting that this Court reconsider its decision to dismiss Plaintiff's Claims against the CRA Defendants, arguing that this Court's decision to dismiss Plaintiff's Complaint was an abuse of discretion and that the Court's Order mischaracterizes the operative pleading . For the reasons set forth below, the CRA Defendants request that the Court deny Plaintiff's Motion for Reconsideration.

II.    STANDARD

The threshold rule for motions to reconsider allows parties to seek reconsideration only in a few limited circumstances. *LaKamp v. Runft,* No. 1:20-CV-00544-DCN, 2024 WL 1621972, at *5 (D. Idaho Apr. 15, 2024). A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision. *Singh-Bhathal v. I.N.S.,* 170 F.3d 943, 949 (9th Cir. 1999) (dissent). Under Rule 60(b) reconsideration is only appropriate upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; (6) extraordinary circumstances which would justify relief. *Cusack v. BendPak, Inc.,* No. 4:17-CV-00003-DCN, 2018 WL 4390715, at *5 (D. Idaho Sept. 13, 2018).

JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER AT DKT. 78 PURSUANT TO FED. R. CIV. P. 54(B), THE COURT'S INHERENT AUTHORITY, AND D. IDAHO LCIVR 7.1 – 2:25-cv-00404-BLW

III.    **ARGUMENT**

A.    **Plaintiff Fails To Allege Any New, Additional Facts That Cure The Deficiencies In His Amended Complaint Or Warrant Reconsideration.**

In his Motion, Plaintiff argues that reconsideration is warranted because he provided "documentary evidence" that his Ford account was paid in full. *See* Plaintiff's Motion for Reconsideration at p. 3. However, not only did Plaintiff not provide any "documentary evidence" but he also did not even allege that his Ford account was paid in full. As the court correctly noted, Plaintiff alleged inconsistencies among his credit reports but failed to specify what information was false or misleading. *See* Dkt. 78 at p. 3.

In his Motion for Reconsideration, Plaintiff continues to assert the same vague barebone allegations that "continued post-payoff reporting of a current balance, a current past-due amount, and a present-tense collection/charge off status on the Ford tradeline is materially misleading." *See* Plaintiff's Motion for Reconsideration at p. 3. Plaintiff, after two attempts at amending his original complaint, still cannot allege what information is inaccurate or "materially misleading" and why.

The case law is consistent and clear: to establish a reporting or reinvestigation claim under the FCRA, a plaintiff is required to plead that a factual inaccuracy existed on his credit file. *See Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 890 (9th Cir. 2010) (holding that even if a consumer reporting agency fails to conduct a reasonable reinvestigation or otherwise fails to fulfill its obligations under the FCRA, if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's claims fails as a matter of law). Yet, Plaintiff has failed to meet that threshold. As such, the Court should not reconsider its decision to dismiss Plaintiff's Second Amended Complaint.

JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER AT DKT. 78 PURSUANT TO FED. R. CIV. P. 54(B), THE COURT'S INHERENT AUTHORITY, AND D. IDAHO LCIVR 7.1 – 2:25-cv-00404-BLW

**B.    Courts Have Consistently Held That Inconsistent Information Between CRA's Is Not Actionable.**

Plaintiff argues that inconsistent reporting by the CRAs must be inaccurate without providing any information regarding what is inaccurate about it. *See* Plaintiff's Motion for Reconsideration at pp. 8-9.  Plaintiff claims that it is the burden of CRAs to identify the inaccurate information for him and decide what the correct reporting should be.  *See id.* at pp. 11-12.  This is simply nonsensical. As previously argued by the CRAs and agreed by the court, there could be many reasons why the reporting is not exactly the same between agencies or why certain creditors would report to some of the bureaus but not all of them.  *See* Dkt. 78 at p. 4. Therefore, such inconsistencies between the CRAs cannot, standing alone, provide the basis for an inaccuracy claim.  *See e.g.*, *Verlus v. Experian Info. Sols., Inc.*, Civil Action No. 23-cv-11426-DJC, 2025 U.S. Dist. LEXIS 47890, at *9 (D. Mass. Mar. 17, 2025) ("allegations of discrepancies of the dates of alleged late payments between the Experian and TransUnion reports, without more, do not permit an inference that either report contains 'false or materially misleading' information…and thus do not support a plausible conclusion that the credit reports contain actual inaccuracies"); *see Cruel v. Experian*, No. 22-cv-5236-KBH, 2023 U.S. Dist. LEXIS 107797, 2023 WL 4140828, at *3 (E.D. Pa. June 22, 2023) (concluding that the plaintiff's allegations of "inconsistent information" between in the credit reports of the three defendant credit reporting companies are insufficient to support the plaintiff's FCRA claims without additional allegations of actual inaccuracy); *see also Williams v. Equifax Info. Servs. LLC,* No. 1:24-CV-5698-SEG-WEJ, 2025 U.S. Dist. LEXIS 20743, at *17 (N.D. Ga. Feb. 5, 2025); *accord Weeks v. Credit One Bank*, No. 20-cv-0836-bhl, 2021 U.S. Dist. LEXIS 59277, at *13 (E.D. Wis. Mar. 29, 2021).

JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER AT DKT. 78 PURSUANT TO FED. R. CIV. P. 54(B), THE COURT'S INHERENT AUTHORITY, AND D. IDAHO LCIVR 7.1 – 2:25-cv-00404-BLW

Again, Plaintiff had multiple opportunities to allege sufficient facts regarding what was inaccurate about the reporting and identify what the accurate information should be, however, he is still unable to do so. As such, this Court should deny Plaintiff's Motion for Reconsideration, because there are no additional, new facts to consider.

### C. The Court's Dismissal Of Plaintiff's Claims Against The CRA Defendants Was Not Abuse Of Discretion.

Plaintiff argues that the Court abused its discretion when it dismissed Plaintiff's claims against the CRA Defendants. Plaintiff fails to articulate how or why the court abused its discretion. Here, the court allowed Plaintiff to amend his Complaint multiple times and every time he did, he failed to cure the deficiencies in the Complaint. Case law is clear that dismissal with prejudice is appropriate if a litigant has had multiple opportunities to amend but has been unable to cure the deficiencies. *See Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (holding that the district court's decision to dismiss the [second] amended complaint *with prejudice* was appropriate in light of [plaintiffs'] repeated failure to cure the deficiencies in [their] pleadings.); *Costner v. Harvard Bus. Servs., Inc.*, No. 2:23-CV-00539-AKB, 2024 WL 4434298, at *2 (D. Idaho Oct. 7, 2024) (holding a district court has discretion to dismiss a pro se plaintiff's complaint, with prejudice, when a litigant fails to comply with earlier court orders, resulting in "undue delay" or repeated failure to cure deficiencies by amendments previously allowed.). Finally, Plaintiff's *pro se* status does not warrant a more relaxed standard, because he is required to meet the basic requirements of a sufficient pleading to withstand a Rule 12(b)(6) Motion. *See Shaw v. Lehman Bros Bank, FSB*, No. CV-09-40-S-BLW, 2009 WL 1521566, at *2 (D. Idaho May 28, 2009) ([A] pro se's party status does not relieve the party of the burden of alleging sufficient facts on which a recognized legal claim could be based.).

JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER AT DKT. 78 PURSUANT TO FED. R. CIV. P. 54(B), THE COURT'S INHERENT AUTHORITY, AND D. IDAHO LCIVR 7.1 – 2:25-cv-00404-BLW

**D.     Plaintiff Misinterprets The Court's Holding That Consumer Consent Is Not Required Under §1681b.**

Reconsideration is also not warranted on the alleged impermissible purpose claim under Section 1681b of the FCRA.  In his Motion, Plaintiff, once again, makes the same vague allegations that were rejected by this Court before – that some inquiries on his credit report were made without his consent.  *See* Plaintiff's Motion for Reconsideration at pp. 15-16.  However, Plaintiff has not and cannot identify any facts that were overlooked by the Court or any incorrect interpretation of the law.  As the Court held in its Order "consumer consent is not required under §1681b" "[a] credit reporting agency may furnish a consumer report if it has reason to believe the requester has a permissible purpose." *See* Dkt. 78 at p. 6.  The Court's holding that Plaintiff did not "allege any facts suggesting the CRA Defendants lacked any reason to believe CBNA or Lifted Truck had a permissible purpose" still remains true today. Plaintiff, after multiple opportunities to amend his Complaint, still cannot identify any facts that the CRA Defendants did not have reason to believe that prospective creditors were requesting his file for a permissible purpose. It is Plaintiff's burden to establish the prima facie elements of each of his claims, and because he was unable to do so, dismissal was and still is appropriate.

**IV.     CONCLUSION**

For the foregoing reasons, Equifax, Experian and Trans Union respectfully request that the Court deny Plaintiff's Motion and award Equifax, Experian and Trans Union its fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as the Court deems equitable and just.

JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER AT DKT. 78 PURSUANT TO FED. R. CIV. P. 54(B), THE COURT'S INHERENT AUTHORITY, AND D. IDAHO LCIVR 7.1 – 2:25-cv-00404-BLW

Respectfully submitted,

/s/ Nermy J. Winner

Nermy J. Winner, Esq.
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 606
Fax:  (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

Brad P. Miller, Esq.
Hawley Troxell
877 Main Street, 2nd Floor
Boise, ID 83702
Telephone:  208-344-6000
Fax:  208-954-5206
E-Mail: bmiller@hawleytroxell.com

*Local Counsel for Defendant Trans Union LLC*

/s/ Charles H. Carpenter (with Consent)

Charles H. Carpenter
(Idaho Bar No. 8322)
CARPENTER LAW FIRM PLC
210 North Higgins Avenue, Suite 336
Missoula, Montana 59802
(406) 543-0511
Telephone: (406) 543-0511
Email: carpentc@carpenterlawfirmplc.com

*Counsel for Defendant*
*Equifax Information Services LLC*

JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER AT DKT. 78 PURSUANT TO FED. R. CIV. P. 54(B), THE COURT'S INHERENT AUTHORITY, AND D. IDAHO LCIVR 7.1 – 2:25-cv-00404-BLW

/s/ Meredith L. Thielbahr (with Consent)
Meredith L. Thielbahr, Esq.
Gordon Rees Scully Mansukhani
701 Fifth Ave., Suite 2100
Seattle, WA 98104
(206) 695-5100
E-Mail: mthielbahr@grsm.com

*Counsel for Defendant Experian
Information Solutions, Inc.*

JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER AT DKT. 78 PURSUANT TO FED. R. CIV. P. 54(B), THE COURT'S INHERENT AUTHORITY, AND D. IDAHO LCIVR 7.1 – 2:25-cv-00404-BLW

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the **4th day of June, 2026**, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| Charles H. Carpenter, Esq. carpentc@carpenterlawfirmplc.com | Erica J. White, Esq. ejw@elamburke.com |
|---|---|
| Jed W. Manwaring, Esq. jwm@elamburke.com | Michael J. Archibald, Esq. marchibald@m2law.net |

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid, addressed as follows:

| **Pro Se Plaintiff** Jason Henry Allen 2600 East Seltice Way #235 Post Falls, ID 83854 | |
|---|---|

Via certified mail, return receipt requested, addressed as follows:

| None. | |
|---|---|

/s/ Nermy J. Winner
Nermy J. Winner, Esq.
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 606
Fax:  (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER AT DKT. 78 PURSUANT TO FED. R. CIV. P. 54(B), THE COURT'S INHERENT AUTHORITY, AND D. IDAHO LCIVR 7.1 – 2:25-cv-00404-BLW

JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER AT DKT. 78 PURSUANT TO FED. R. CIV. P. 54(B), THE COURT'S INHERENT AUTHORITY, AND D. IDAHO LCIVR 7.1 – 2:25-cv-00404-BLW