Michael J. Archibald, ISB #8476
M2 Law Group PC
1855 N. Lakes Place
P.O. Box 330
Meridian, Idaho 83680
Telephone: (208) 336-3331
marchibald@m2law.net

Attorney for M2 Law Group PC, Michael J. Archibald

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN )<br> Plaintiff ) <br> ) <br>vs. ) <br> ) <br> ) <br>EXPERIAN INFORMATION ) <br>SOLUTIONS, INC., EQUIFAX ) <br>INFORMATION SERVICES LLC; ) <br>TRANS UNION LLC; FORD MOTOR ) <br>CREDIT COMPANY LLC; M2 LAW ) <br>GROUP PC; HOWELL & VAIL LLP; ) <br>MICHAEL J. ARCHIBALD; AND ) <br>LISSETTE M. CARRERAS, ) <br> ) <br> Defendants ) | Case No. CV25-0404-NBLW <br><br> M2 DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER AT DKT 79 |

COMES NOW, Defendants M2 Law Group PC, and Michael J. Archibald (herein after "M2 Defendants"), by and through their attorney, Michael J. Archibald, and file their opposition to Plaintiff's Motion to reconsider at dkt 79. This motion should be denied as the Court correctly dismissed Plaintiff's nonexistant claims against the M2 Defendants.

## 1. INTRODUCTION

Plaintiff initially filed his Original complaint on July 23, 2025 and his first Amended Complaint on August 27, 2025. The Court dismissed claims against the M2 Parties on

December 3, 2025.  Plaintiff filed his Second Amended Complaint on December 17, 2025. The M2 Parties led a second motion to dismiss, which was granted with prejudice by the court on May 1, 2026.  Plaintiff subsequentially filed his motion to reconsider on May 14, 2026.

## 2. LEGAL STANDARDS

Generally, as the Court stated in the previous denial in Plaintiff's prior motion to reconsider (Dkt . 80) a motion for reconsideration may be granted only upon four limited grounds: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if amendment is justified by an intervening change in controlling law. See Mendez v. Ada Cnty., No. 1:21-CV-00447-BLW, 2023 WL 2333401, at *1 (D. Idaho Mar. 1, 2023) (citing Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011)). "A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." Defs. of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (citation and quotation marks omitted).

## 3.  DISCUSSION

Plaintiff's motion to reconsider should be denied, as it does not reach the standard for reconsideration.  The motion asks the Court to rethink what was already done with the M2 Parties by allowing the dismissal without prejudice, rather than with prejudice.  The court already dismissed without prejudice against the M2 Parties and allowed for the amendment of the complaint. The amended complaint failed to present any cause of action against the M2 Parties, and the dismissal was properly granted.  There are no manifest errors of law or fact; there is no newly discovered or unavailable evidence; there is no manifest injustice, and there has been no intervening change in the controlling law.  The motion to reconsider must be denied.

DATED: June 5, 2026

M2 LAW GROUP PC

By/s/Michael J. Archibald

Michael J. Archibald

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on June 5, 2026 filed the foregoing **MEMORANDUM** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means:

| | |
|---|---|
| Charles H. Carpenter | carpentc@carpenterlawfirmplc.com |
| Erica J. White, | ejw@elamburke.com |
| Jed W. Manwaring | jwm@elamburke.com |
| Meredith L Thielbahr | mthielbahr@grsm.com |
| Brad P Miller | bmiller@hawleytroxell.com |
| Jean Eleanor Schroeder | jschroeder@hawleytroxell.com |
| Nermy J. Winner | nermy.winner@qslwm.com |

and the following parties or counsel to be served via USPS;

JASON HENRY ALLEN
2600 East Seltice Way #235
Post Falls, ID 83854

               /s/Michael Archibald
               Michael Archibald