# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

JASON HENRY ALLEN

Plaintiff, Pro Se

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.;

EQUIFAX INFORMATION SERVICES
LLC;

TRANS UNION LLC;

FORD MOTOR CREDIT COMPANY
LLC;

M2 LAW GROUP P.C.;

MICHAEL J. ARCHIBALD;

Defendants

Case No.: 2:25-CV-00404-BLW

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION OF
THE ORDER AT DKT. 78 [DKT. 79] (Fed.
R. Civ. P. 54(b))**

## U.S. COURTS

Counter
Rcvd_____Filed_____Time 9:35 AM
JUN 15 2026
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF**

**THE ORDER AT DKT. 78 [DKT. 79] (FED. R. CIV. P. 54(B))**

Plaintiff Jason Henry Allen, appearing Pro Se, respectfully submits this Reply in support of his

Motion for Reconsideration of the Order at Dkt. 78 (the "Motion," Dkt. 79), and in response to

the opposition filed by the CRA Defendants (Dkt. 82).

## I. INTRODUCTION

Defendants' oppositions do not address the central premise of the Motion. Plaintiff replies briefly

to four points: (1) the governing standard for an interlocutory order is Fed. R. Civ. P. 54(b), not

Rule 60(b); (2) Plaintiff's claim rests on identified, internally contradictory tradeline data, not on

bare inconsistency among the three bureaus, and such reporting is actionable as materially

1

misleading; (3) to the extent any pleading deficiency remains, dismissal with prejudice rather than with leave to amend was not warranted; and (4) Defendants' request for attorney's fees fails as a matter of law. Plaintiff does not, in this Reply, raise or rely upon any matter resolved by the Court's Order at Dkt. 81.

## II.  THE GOVERNING STANDARD IS RULE 54(b).

The CRA Defendants analyze the Motion under Rule 60(b). See Dkt. 82 at 3. That is the wrong framework. The Order at Dkt. 78 is interlocutory — this action continues — and the Court retains inherent authority to revise it at any time before final judgment under Fed. R. Civ. P. 54(b), which makes explicit the Court's "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted). The Motion is properly evaluated under that more flexible standard, not the stricter post-judgment standard of Rule 60(b). Reconsideration is warranted under any formulation of the standard. To the extent the Order understood Plaintiff's theory as one of mere inconsistency among the three bureaus' reports, rather than of internal contradiction within individual tradelines, clarifying that distinction — and preventing the manifest injustice of permanently foreclosing a curable claim — is precisely the office of reconsideration under Rule 54(b).

## III.  THE PROPOSED AMENDMENT IDENTIFIES AN ACTUAL, MATERIALLY MISLEADING INACCURACY — NOT MERE INCONSISTENCY.

Plaintiff agrees with Defendants, and with Carvalho v. Equifax Information Services, LLC, 629 F.3d 876 (9th Cir. 2010), that an actionable claim requires an actual inaccuracy. The claim Plaintiff would plead on amendment satisfies that requirement. It does not rest on bare differences among the three bureaus' reports. It rests on reporting that is internally self-

2

contradictory within a single tradeline. On the August 24, 2025 three-bureau report in the record as Exhibit D to the Motion (Reference No. M66302311), the Idaho Central Credit Union tradeline (Account No. 74538****) is reported by Equifax with a payment status of "Collection/Chargeoff" and the entire $84,801 balance past due — while Equifax's own payment-history grid for the same account displays an "OK" (current) notation for June 2025, inside the same charged-off period. TransUnion reports a past-due amount of $65,000 on the same account — a figure that corresponds to no balance, no scheduled payment, and no entry in TransUnion's own reporting, which displays no payment history for the account at all. No notation, key, explanatory code, or historical sequence disclosed in the report explains how an account reported as charged off, with its entire balance past due, could simultaneously carry a "current" designation within the same charged-off reporting period. Nor can the June 2025 "OK" be explained as a cured delinquency: Equifax's own "Date of Last Payment" field for this account reports no payment after December 1, 2024. Based on the information disclosed in the report itself — the charge-off designation, the $84,801 past-due balance, and the reported date of last payment — nothing on the face of the report reconciles a June 2025 "OK" notation with the account's reported status, and nothing in the report supports the $65,000 figure. Plaintiff does not dispute the validity or enforceability of the underlying debt; he disputes the factual accuracy of the reported data fields themselves. And Plaintiff offers these specifics not as new evidence or as amendment through briefing, but to demonstrate that the contradictions appear on the face of the August 24, 2025 report in the record as Exhibit D to the Motion, and mirror the internally contradictory ICCU tradeline data the operative pleading alleged from the contemporaneous July and September 2025 reports — and that an amended complaint would plead them with exactly the specificity the Order found lacking.

3

Information of that kind is not the "technically accurate" data at issue in the authorities Defendants cite. A single tradeline cannot truthfully be reported as both charged off and current for the same period. A charge-off designation communicates that the creditor has treated the account as a defaulted obligation and written the balance off as a loss; a contemporaneous "OK" notation communicates the opposite proposition — that the consumer was current and meeting his payment obligations during that same reporting period. The two fields do not merely sit in tension; they communicate materially inconsistent repayment statuses for the same account during the same reporting period. If the account was charged off with its entire balance past due, the June 2025 "OK" notation is inaccurate or misleading. If the June 2025 "OK" notation is accurate, then the charge-off coding and the $84,801 past-due figure require an explanation the report nowhere supplies. The report cannot communicate both propositions without misleading a user of the report — and the two propositions, a defaulted obligation versus current repayment, can be expected to produce materially different credit decisions. Nor is actionable inaccuracy limited to information that is literally false; under settled Ninth Circuit law, reporting is actionable when it is materially misleading. Such reporting is, at minimum, "misleading in such a way and to such an extent that it [could] be expected to adversely affect credit decisions." Shaw v. Experian Information Solutions, Inc., 891 F.3d 749, 756 (9th Cir. 2018) (quoting Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009)). The misleading character here is concrete: a creditor reviewing this tradeline cannot tell whether the account is seriously derogatory or current — an ambiguity that bears directly on repayment status and therefore on credit decisions, which is what Shaw's standard captures. Verlus v. Experian Info. Sols., Inc., No. 23-cv-11426-DJC (D. Mass. Mar. 17, 2025), and Cruel v. Experian, No. 22-cv-5236-KBH, 2023 WL 4140828 (E.D. Pa. June 22, 2023), the decisions Defendants rely upon, are

4

distinguishable on the dispositive point. Both dismissed FCRA claims where the plaintiffs pointed to inconsistencies — principally between different bureaus' reports, as Defendants' own parentheticals confirm (Dkt. 82 at 5) — without alleging "what the accurate information actually is." Cruel, 2023 WL 4140828, at *3; Verlus, No. 23-cv-11426-DJC (same, quoting Cruel). Plaintiff does precisely what those plaintiffs did not: he alleges "what the accurate information actually is" — the charge-off designation, the $84,801 past-due balance, and the reported absence of any payment after December 1, 2024, all drawn from Equifax's own fields — and identifies the entries that cannot be reconciled with it (the June 2025 "OK" notation and the unsupported $65,000 figure). The defect those decisions found fatal is the very defect the proposed amendment cures.

## IV. DISMISSAL WITH PREJUDICE WAS NOT WARRANTED.

Leave to amend should be freely given when justice so requires. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). The Ninth Circuit, sitting en banc, has held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). The Carvalho decision Defendants themselves invoke states the same standard: a futility-based denial of leave to amend will be upheld if "it is clear, upon de novo review, that the complaint would not be saved by any amendment." Carvalho, 629 F.3d at 893 (quoting Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008)). And "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a

presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052. No Defendant has claimed prejudice from the single, targeted amendment proposed. Futility is the governing question, and the proposed amendment cures the precise defect the Order identified: it pleads which reported data is inaccurate (the June 2025 "OK" notation and the $65,000 past-due figure), why it is inaccurate (the account was charged off and never reinstated, and Equifax's own fields report no payment after December 1, 2024), and how the inaccuracy is materially misleading under Shaw. Plaintiff's prior amendments were not directed at, and the Order's futility finding did not evaluate, the internal-contradiction theory as now articulated — that finding was addressed to a different understanding of Plaintiff's theory, as discussed above. That disposition also accords with this Court's published Motion Practice procedures, which observe that Iqbal–Twombly motions to dismiss "are almost always resolved by granting the offending party an opportunity to amend their pleadings," and which contemplate that a movant will first raise perceived pleading deficiencies with the opposing party and attempt to reach agreement on an amended complaint. That ordinary process did not occur here: no Defendant raised the perceived deficiencies in Plaintiff's pleading, or the possibility of a curative amendment, with Plaintiff at any point before moving to dismiss. Plaintiff notes this not as criticism of counsel, but because it confirms what the procedures themselves recognize: the ordinary resolution of a pleading defect of this kind is an opportunity to amend — the precise relief the Motion seeks. Granting that relief would not require the Court to revisit its conclusion that the operative complaint failed to state a claim. Even if the Court remains unpersuaded by the operative pleading, the narrower course remains open: modify the dismissal to be without prejudice and permit one final amended complaint limited to the specific allegations identified above. That is precisely the course this District has taken: in Frontier Credit Union v. Serr, No.

4:23-cv-00433-AKB, Dkt. 24 at 5–7 (D. Idaho Aug. 8, 2024), the Court granted a Rule 54(b) motion for reconsideration and modified a dismissal with prejudice to one without prejudice, with leave to amend, because the dismissal order had not explained why the pleading "could not possibly be cured by the allegation of other facts." Reconsideration may be granted in part on that basis alone. Because amendment would not be futile, dismissal with prejudice — to the extent it forecloses a curable claim rather than permitting one further, targeted amendment — should be reconsidered. Plaintiff respectfully preserves this point for all purposes.

## V. DEFENDANTS' REQUEST FOR ATTORNEY'S FEES IS PROCEDURALLY IMPROPER AND SUBSTANTIVELY MERITLESS.

The CRA Defendants' request that Plaintiff pay their attorney's fees, placed in the conclusion of their opposition brief (Dkt. 82 at 7), should be denied on multiple independent grounds.

A. Procedurally improper. A claim for attorney's fees "must be made by motion," not raised in a responsive brief. Fed. R. Civ. P. 54(d)(2)(A). And to the extent Defendants seek fees as a sanction, the request fails Rule 11's mandatory requirements: a motion for sanctions "must be made separately from any other motion," must "describe the specific conduct" alleged to violate the Rule, and must be served at least twenty-one days before it is filed so the responding party may withdraw or correct the challenged paper — the "safe harbor." Fed. R. Civ. P. 11(c)(2). Defendants served no such motion and provided no safe-harbor notice. In the Ninth Circuit, compliance with the safe harbor is mandatory, and the remedy for noncompliance is denial of the request — even where the challenged filing is frivolous. Holgate v. Baldwin, 425 F.3d 671, 677 (9th Cir. 2005). Defendants may not obtain through a single sentence in a brief the relief the Rules require be sought by a separate, noticed motion.

B. Substantively meritless. On the merits, the FCRA permits a fee award against a consumer only "[o]n a finding by the court that an unsuccessful pleading, motion, or other paper filed in

7

connection with an action under this section was filed in bad faith or for purposes of harassment." 15 U.S.C. § 1681o(b); accord 15 U.S.C. § 1681n(c). Plaintiff is a pro se consumer pursuing his claims in good faith. The record reflects no bad faith and no harassment, and Defendants identify none. Any award under the Court's inherent authority would likewise require a specific finding of bad faith, which cannot be made on this record. The request should be denied.

## VI.  PRESERVATION OF ISSUES FOR APPELLATE REVIEW.

For clarity of the record, Plaintiff states the following. The Motion seeks only the limited, forward-looking relief described above, and nothing in the Motion or this Reply waives or abandons Plaintiff's disagreement with the Order's disposition of his claims. Plaintiff respectfully objects to, and reserves and preserves for appellate review upon entry of final judgment, each of the Order's dispositive rulings as to the CRA Defendants, supplementing the preservation stated in the Motion itself (Dkt. 79 § VI). On appeal, the Order's legal conclusions — including each ground on which it disposed of Plaintiff's claims — are subject to de novo review, and its discretionary rulings to review for abuse of discretion. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1040–41 (9th Cir. 2011). The rulings objected to and preserved include: (1) the holding that the Second Amended Complaint does not allege "which information is false," as applied to Plaintiff's allegation that a single tradeline was simultaneously reported as charged off and as open and current; (2) the dismissal of Plaintiff's § 1681i reinvestigation claims without independent analysis; (3) the disposition of Plaintiff's § 1681b inquiry claims, for the reasons stated in the Motion; (4) the dismissal of Plaintiff's claims for willful violations; and (5) the dismissal of all claims with prejudice, without leave to amend and without a finding of futility — a disposition that, for the reasons and on the authorities stated in the Motion and in Section IV above, constitutes an abuse of discretion. Plaintiff does not

8

reargue those grounds here. He respectfully renews the Motion's request that the Court rule expressly upon each of its four stated grounds, so that the record on each is complete. Plaintiff also notes that granting the limited relief the Motion seeks — vacating the with-prejudice character of the dismissal and permitting one final, targeted amendment — would substantially narrow, and could obviate entirely, any need for appellate review of the issues preserved above.

## VII.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider the Order at Dkt. 78 to the limited extent of vacating the dismissal with prejudice and permitting one further, targeted amendment consistent with this Reply; deny Defendants' request for attorney's fees and costs; and grant such other and further relief as the Court deems just.

DATED this 15th day of June, 2026.

Respectfully submitted,

/s/ By:___Jason Henry Allen__
Jason Henry Allen
Plaintiff, Pro Se
2600 East Seltice Way #235
Post Falls, Idaho 83854
(323) 377-5620
alistor3717@gmail.com

9

## CERTIFICATE OF SERVICE

I certify that on the 15th day of June, 2026, I filed and/or served a true and correct copy of the foregoing upon all counsel of record via the Court's CM/ECF system and/or U.S. Mail, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, including the following:

**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Email: mthielbahr@grsm.com
**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Email: carpentc@carpenterlawfirmpllc.com
**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Email: bmiller@hawleytroxell.com
**Jean E. Schroeder**
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Email: jschroeder@hawleytroxell.com
**Nermy J. Winner**
Quilling Selander Lownds Winslett Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Email: nwinner@qslwm.com
**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Email: ejw@elamburke.com
**Jed W. Manwaring**
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Email: jwm@elamburke.com

**M2 Law Group P.C. and Michael J. Archibald**
Michael J. Archibald
M2 Law Group, P.C.
P.O. Box 330
Meridian, ID 83680
Email: marchibald@m2law.net

/s/ By:___Jason Henry Allen__

Jason Henry Allen

11