# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN<br><br>Plaintiff, Pro Se<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>EQUIFAX INFORMATION SERVICES LLC;<br><br>TRANS UNION LLC;<br><br>FORD MOTOR CREDIT COMPANY LLC;<br><br>M2 LAW GROUP P.C.;<br><br>MICHAEL J. ARCHIBALD;<br><br>Defendants | Case No.: 2:25-CV-00404-BLW<br><br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION [DKT. 79] — RESPONSE TO THE M2DEFENDANTS' OPPOSITION [DKT. 83]**<br>**(Fed. R. Civ. P. 54(b))** |

U.S. COURTS

JUN 15 2026

Counter

Rcvd_____Filed_____Time_9:35AM
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION [DKT. 79] — RESPONSE TO THE M2DEFENDANTS' OPPOSITION [DKT. 83] (FED. R. CIV. P. 54(B))**

Plaintiff Jason Henry Allen, appearing Pro Se, respectfully submits this Reply in support of his Motion for Reconsideration of the Order at Dkt. 78 (the "Motion," Dkt. 79), and in response to the opposition filed by Defendants M2 Law Group PC and Michael J. Archibald (the "M2 Defendants") (Dkt. 83). Plaintiff addresses here only the points the M2 Defendants raise; he does not repeat the matters addressed in his Reply to the CRA Defendants' opposition (Dkt. 82), filed concurrently herewith.

## I. INTRODUCTION

The M2 Defendants' opposition applies a different reconsideration framework than the one governing interlocutory orders under Fed. R. Civ. P. 54(b), and does not engage the only relief the Motion seeks as to these Defendants: that the dismissal of the claims against them be without prejudice, with one opportunity for targeted amendment, rather than with prejudice. The opposition was also untimely. Each point is addressed briefly below.

## II.  THE OPPOSITION WAS UNTIMELY.

The Motion was filed and served on May 14, 2026. Under District of Idaho Local Civil Rule 7.1(c)(1), a response was due within twenty-one (21) days after service — June 4, 2026, the deadline reflected by the CRA Defendants' timely opposition (Dkt. 82, filed June 4, 2026). The M2 Defendants filed their opposition on June 5, 2026 (Dkt. 83). Rule 6(d)'s three-day extension does not apply, because service was made electronically through CM/ECF under Rule 5(b)(2)(E). Under Local Civil Rule 7.1(f)(1), an adverse party's failure to timely file required response documents "may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion." The M2 Defendants neither requested an extension before the deadline expired nor have they since moved for leave upon a showing of excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B); Dist. Idaho Loc. Civ. R. 6.1(a). By separate motion filed concurrently herewith, Plaintiff has requested that the Court disregard the untimely opposition and deem the failure to timely respond a consent to the granting of the Motion under Local Civil Rule 7.1(f)(1). Without waiving that request, Plaintiff addresses the opposition on its merits below.

## III.  RULE 54(b) SUPPLIES THE GOVERNING STANDARD, AND THE MOTION SEEKS THE LESSER REMEDY THE LAW PREFERS.

The M2 Defendants invoke the four-ground reconsideration formulation (Opp. at 2). But the Order at Dkt. 78 is interlocutory — this action continues — and under Fed. R. Civ. P. 54(b), an order that "adjudicates fewer than all the claims" "may be revised at any time before the entry of

2

a judgment adjudicating all the claims and all the parties' rights and liabilities." Plaintiff does not ask the Court to "rethink" its pleading analysis. He asks for the limited, forward-looking remedy of dismissal without prejudice with one opportunity for targeted amendment — relief that lies comfortably within the Court's discretion under Rule 54(b), and that prevents the manifest injustice of permanently foreclosing a curable claim. The Motion therefore states grounds for relief even under the formulation the M2 Defendants advance.

## IV.  DISMISSAL WITH PREJUDICE WAS NOT WARRANTED.

The Ninth Circuit, sitting en banc, has held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Futility is the governing question. The M2 Defendants' opposition does not contend that amendment would be futile; it argues only that the prior complaints were deficient — the very premise of the relief requested. The M2 Defendants acknowledge that the Court's first dismissal of the claims against them was without prejudice and contemplated curative amendment (Opp. at 2). That first dismissal rested on insufficient service of process, not on the substance of any claim, and the cure the Court's order identified was service: "Allen may reattempt proper service of the amended complaint on these defendants." Dkt. 49 at 7. At no point in this case has a futility determination been made as to the M2 Defendants. As set out in the Motion, the ground the Order stated as to the M2 Defendants was a pleading defect, not a futility finding: the Order did not address whether amendment to add specific causes of action — for example, under 15 U.S.C. § 1681s-2(b) if discovery establishes that the M2 Defendants furnished information to any consumer reporting agency, or under the Fair Debt Collection Practices Act — would be futile. Nor would granting that relief require the Court to conclude that the operative complaint states a

claim. Even if the Court remains unpersuaded by the existing allegations, it may conclude under Lopez that one final, targeted amendment is appropriate, because the deficiency the Order identified is one of pleading, and neither the Order nor the opposition contends that it could not be cured. Reconsideration may be granted in part on that basis alone. This District has granted exactly the relief requested here: in Frontier Credit Union v. Serr, No. 4:23-cv-00433-AKB, Dkt. 24 at 5–7 (D. Idaho Aug. 8, 2024), the Court, on a Rule 54(b) motion for reconsideration, modified a dismissal with prejudice to one without prejudice, with leave to amend, because the dismissal order had not explained why the pleading "could not possibly be cured by the allegation of other facts." The proper disposition for a potentially curable claim is dismissal without prejudice — not a dismissal that forecloses the claim forever.

## V.  CONCLUSION

**For the foregoing reasons, and those stated in the Motion, Plaintiff respectfully requests that the Court grant the Motion as to the M2 Defendants to the limited extent of vacating the with-prejudice character of their dismissal and permitting one further, targeted amendment; and grant such other and further relief as the Court deems just.**

DATED this 15th day of June, 2026.

Respectfully submitted,

/s/ By:___Jason Henry Allen__
Jason Henry Allen
Plaintiff, Pro Se
2600 East Seltice Way #235
Post Falls, Idaho 83854
(323) 377-5620
alistor3717@gmail.com

4

# CERTIFICATE OF SERVICE

I certify that on the 15th day of June, 2026, I filed and/or served a true and correct copy of the

foregoing upon all counsel of record via the Court's CM/ECF system and/or U.S. Mail, in

accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court,

including the following:

**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Email: mthielbahr@grsm.com
**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Email: carpentc@carpenterlawfirmpllc.com
**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Email: bmiller@hawleytroxell.com
**Jean E. Schroeder**
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Email: jschroeder@hawleytroxell.com
**Nermy J. Winner**
Quilling Selander Lownds Winslett Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Email: nwinner@qslwm.com
**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Email: ejw@elamburke.com
**Jed W. Manwaring**
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Email: jwm@elamburke.com

5

**M2 Law Group P.C. and Michael J. Archibald**
Michael J. Archibald
M2 Law Group, P.C.
P.O. Box 330
Meridian, ID 83680
Email: marchibald@m2law.net

/s/ By:___Jason Henry Allen__

Jason Henry Allen