# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

JASON HENRY ALLEN

Plaintiff, Pro Se
v.
EXPERIAN INFORMATION
SOLUTIONS, INC.;

EQUIFAX INFORMATION SERVICES
LLC;

TRANS UNION LLC;

FORD MOTOR CREDIT COMPANY
LLC;

Defendants

Case No.: 2:25-CV-00404-BLW

**MEMORANDUM IN SUPPORT OF**

**PLAINTIFF'S MOTION FOR LEAVE TO**

**FILE THIRD AMENDED COMPLAINT**

**[Re: Dkt. 79]**

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE**

**THIRD AMENDED COMPLAINT**

**[RE: DKT. 79]**

## I. INTRODUCTION

Plaintiff seeks leave to file the attached [Proposed] Third Amended Complaint (the "TAC," Exhibit 1). The TAC directly addresses the deficiency the Court identified in Dkts. 50 and 78 — the absence of an allegation "establishing which figure is false" — by identifying information alleged to be inaccurate within a single bureau's own report, including an account one bureau reports as both charged off and current. Rule 15(a)(2) directs that the Court "should freely give leave when justice so requires," a command the Ninth Circuit applies "with extreme liberality." Seeking leave under Rule 15(a)(2) is the proper procedural mechanism for presenting such a

1

proposed amended complaint for the Court's consideration. Because the amendment is targeted and non-futile, would prejudice no party, and is supported by existing law, leave should be granted.

## II. RULE 15(a)(2) AND THE LIBERAL POLICY FAVORING AMENDMENT

Rule 15(a)(2) provides that after a party has amended once as a matter of course, it may amend further by leave of court, and that "[t]he court should freely give leave when justice so requires." The Supreme Court has instructed that this "mandate is to be heeded":

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given." ... [O]utright refusal to grant the leave without any justifying reason ... is merely abuse of that discretion.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *Foman* itself reversed a denial of leave where the proposed amendment "would have done no more than state an alternative theory for recovery." *Id.*

The Ninth Circuit applies this policy "with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). That liberality "is not dependent on whether the amendment will add causes of action or parties," *DCD Programs*, 833 F.2d at 186 — in *DCD Programs* the court reversed the denial of leave to file a *fourth* amended complaint. And "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption ... in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052.

## III. THE FOMAN FACTORS ALL FAVOR AMENDMENT

A. No undue delay or dilatory motive. The concrete injury now pleaded — the October 16, 2025 denial of a $960,000 mortgage, in a written Statement of Credit Denial citing among its "key factors" "serious delinquency" and "amount past due on accounts" — post-dates the prior pleadings and could not have been alleged earlier. The amendment cures the precise deficiency the Court identified rather than advancing a theory previously withheld. Where the operative facts arose after the last pleading and the amendment responds directly to the Court's stated concern, there is no undue delay and no dilatory motive. *Foman*, 371 U.S. at 182.

B. No repeated failure to cure. The proposed amendment does not multiply the litigation — it narrows and refocuses it. The Third Amended Complaint streamlines the pleading on the specific defect the Court identified, alleging inaccuracies established within a single bureau's own report, and in doing so drops previously named defendants and claims rather than adding new ones. That the proposed pleading is substantially rewritten reflects this focusing, not a serial effort to replead theories already rejected. Because the Ninth Circuit grants leave even for a fourth amended complaint, *DCD Programs*, 833 F.2d at 186, this amendment — which reduces the scope of the case while curing the identified defect — falls comfortably within Rule 15's liberality.

C. No undue prejudice. Prejudice is the touchstone, and it is absent here. The case remains open as to other claims; no final judgment under Rule 58 has entered; and discovery has not opened. An amendment that imposes no new discovery burden and introduces no new factual universe works no prejudice on any party. *DCD Programs*, 833 F.2d at 186; *Eminence*, 316 F.3d at 1052.

D. Amendment is not futile. Amendment is futile only where "the pleading could not possibly be cured by the allegation of other facts," Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), and futility is reviewed de novo, Carvalho v. Equifax Info. Servs., LLC, 629 F.3d

3

876, 893 (9th Cir. 2010). The TAC identifies information that is inaccurate within a single bureau's own report — most directly, an account that Equifax reports as both charged off and current at the same time, and related figures reported as internally inconsistent with one another — supporting a plausible inference of inaccuracy rather than mere inconsistency. The proposed pleading is further supported by documentary evidence not before the Court on the prior pleadings — the credit reporting agencies' own written reinvestigation results. Equifax's reinvestigation results confirm that, after Plaintiff disputed the ICCU and Ford tradelines, Equifax verified and left in place the very data alleged to be inaccurate (Exhibits B-6 and B-7 to the proposed Third Amended Complaint), and Plaintiff's reinvestigation claim under 15 U.S.C. § 1681i now rests on documented disputes to two bureaus rather than inference alone. That evidence supports a plausible inference both of inaccuracy and of unreasonable reinvestigation. The deficiency is therefore curable, and amendment is not futile.

## IV. THE MOTION IS THE PROPER PROCEDURAL VEHICLE AND IS BROUGHT IN GOOD FAITH

Rule 15(a)(2) requires a party who wishes to amend further to seek the Court's leave. This motion does precisely that. Seeking leave is compliance with the Federal Rules, not a multiplication of the proceedings. The motion is "warranted by existing law," Fed. R. Civ. P. 11(b)(2): it rests on the controlling authority set out above and lodges a proposed pleading directed at the very deficiency the Court identified. It is accordingly not frivolous — a filing is frivolous only when it is "both baseless and made without a reasonable and competent inquiry." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *In re Keegan Mgmt. Co.*, 78 F.3d 431, 434 (9th Cir. 1996)); see *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (Rule 11 inquiry asks whether a filing is "legally or factually baseless from an objective perspective" and whether

counsel "conducted a reasonable and competent inquiry"). This is a single, good-faith request for leave, made before any final judgment and supported by verified authority — not the kind of repetitive motion practice addressed in the Court's prior order.

## V. COMPLIANCE WITH LOCAL CIVIL RULE 15.1

Attached are a clean copy of the proposed Third Amended Complaint (Exhibit 1) and a version showing all differences from the Second Amended Complaint (Dkt. 51) through redlining (Exhibit 2), as Local Civil Rule 15.1 requires.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the attached Third Amended Complaint, and grant such other and further relief as is just.

DATED this 30th day of June, 2026.

/s/ Jason Henry Allen

Jason Henry Allen, Plaintiff, Pro Se

2600 E. Seltice Way #235, Post Falls, ID 83854

(323) 377-5620 | Jason.Alistor@gmail.com

# CERTIFICATE OF SERVICE

I certify that on June 30th, 2026, a true and correct copy of the foregoing will be served via email, the Court's CM/ECF system, and/or first-class mail, postage prepaid, to the appropriate parties including but not limited to the following:

**Experian Information Solutions, Inc.**
Meredith L. Thielbahr
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (206) 695-5100
Email: mthielbahr@grsm.com

**Equifax Information Services LLC**
Charles H. Carpenter
Carpenter Law Firm, PLLC
210 N. Higgins Ave., Suite 336
Missoula, MT 59802
Tel: (406) 549-3171
Email: carpentc@carpenterlawfirmpllc.com

**Trans Union LLC**
Brad P. Miller
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: bmiller@hawleytroxell.com

Jean E. Schroeder
Hawley Troxell Ennis & Hawley LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Tel: (208) 344-6000
Email: jschroeder@hawleytroxell.com

Nermy J. Winner
Quilling Selander Lownds Winslett Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Tel: (214) 871-2100
Email: nwinner@qslwm.com

**Ford Motor Credit Company LLC**
Erica J. White
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: ejw@elamburke.com

Jed W. Manwaring
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
Tel: (208) 343-5454
Email: jwm@elamburke.com

/s/ Jason Henry Allen