Nermy J. Winner, Esq.
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 606
Fax:  (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

Brad P. Miller, Esq.
Hawley Troxell
877 Main Street, 2nd Floor
Boise, ID 83702
Telephone:  208-344-6000
Fax:  208-954-5206
E-Mail: bmiller@hawleytroxell.com

*Local Counsel for Defendant Trans Union, LLC*

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO (NORTHERN)

| | |
|---|---|
| JASON HENRY ALLEN,<br>             Plaintiff,<br><br>        vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br>EQUIFAX INFORMATION SERVICES LLC;<br>TRANS UNION LLC; FORD MOTOR CREDIT<br>COMPANY LLC; M2 LAW GROUP P.C.; and<br>MICHAEL J. ARCHIBALD;<br>             Defendants. | ) CASE NO. 2:25-cv-00404-BLW<br>)<br>) Judge B. Lynn Winmill<br>)<br>) **DEFENDANT TRANS UNION**<br>) **LLC'S RESPONSE IN**<br>) **OPPOSITION TO PLAINTIFF'S**<br>) **MOTION FOR LEAVE TO FILE**<br>) **THIRD AMENDED COMPLAINT**<br>)<br>) |

Defendant consumer reporting agency Trans Union LLC ("Trans Union"), by counsel, respectfully submits this Response in Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint [Dkt. No. 87] (the "Motion to Amend").

DEFENDANT TRANS UNION LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT – 2:25-cv-00404-BLW

The Motion to Amend should be denied in this case where *pro se* Plaintiff incorrectly alleges that Trans Union violated the Fair Credit Reporting Act ("FCRA") by reporting "conflicting information" for his ICCU and Ford auto loan accounts, which the Court previously held was insufficient to state a plausible cause of action, because Plaintiff has already had the opportunity to amend his complaint multiple times and the proposed Third Amended Complaint still fails to establish an inaccuracy in Trans Union's reporting.  Therefore, further amendment would be futile.

## I.    INTRODUCTION

On July 23, 2025, Plaintiff filed a Complaint against the CRA Defendants alleging FCRA violations. On August 15, 2025, the CRA Defendants filed a Joint Motion to Dismiss Plaintiff's Complaint [Dkt. 16]. On Plaintiff filed an Amended Complaint on August 27, 2025. [Dkt. 21]. Plaintiff's Amended Complaint failed to address the deficiencies addressed in the CRA Defendants' Motion to Dismiss. On December 4, 2025, this Court granted the CRA Defendants Motion to Dismiss and allowed Plaintiff one final opportunity to amend his Complaint. [Dkt. 50]. On December 17, 2025, Plaintiff filed a Second Amended Complaint. [Dkt. 51]. On December 30, 2025, the CRA Defendants filed a renewed Joint Motion to Dismiss Plaintiff's Second Amended Complaint arguing that Plaintiff has failed to plausibly allege any inaccurate reporting or other violations of the FCRA. On May 1, 2026, the Court granted the CRA Defendants' Motion to Dismiss. [Dkt. 78]. On May 14, 2026, Plaintiff filed a Motion for Reconsideration [Dkt. 79] requesting that this Court reconsider its decision to dismiss Plaintiff's Claims against the CRA Defendants, arguing that this Court's decision to dismiss Plaintiff's Complaint was an abuse of discretion and that the Court's Order mischaracterizes the operative pleading. While the Motion for Reconsideration is still pending, and after this Court has already granted Plaintiff multiple

DEFENDANT TRANS UNION LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT – 2:25-cv-00404-BLW

opportunities to amend his Complaint, Plaintiff filed a Motion for Leave to file a *Third* Amended Complaint. For the reasons set forth below, as well as those set forth in each of Trans Union's motions to dismiss, Trans Union respectfully request that this Court deny Plaintiff's Motion for Leave to file a Third Amended Complaint and dismiss Plaintiff's claim, with prejudice.

## II.   STANDARD OF REVIEW

"Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011). "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Lenhoff Enters., Inc. v. United Talent Agency, Inc.,* 729 F. App'x 528, 532 (9th Cir. 2018) (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)).

## III.   ARGUMENT

Plaintiff's Motion for Leave to file a third amended complaint should be denied. Here, Plaintiff had multiple opportunities to amend his complaint yet, each time, he still failed to allege an inaccuracy. On May 1, 2026, this Court granted the Joint Motion to Dismiss Plaintiff's Second Amended Complaint <u>without</u> leave to amend. *See* Dkt. 78. In its Order, the Court noted that Plaintiff "alleged inconsistencies or discrepancies among his credit reports but did not specify which information in the reports was false or misleading." *See* Dkt. 50. The Court goes on to point out that Plaintiff's second amended complaint failed to cure the one overarching deficiency in his complaint. *See* Dkt. 78.

DEFENDANT TRANS UNION LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT – 2:25-cv-00404-BLW

Plaintiff's proposed Third Amended Complaint [Dkt. 87-2] still fails to allege an inaccuracy. Plaintiff fails to indicate what the accurate information is or why the reported information is allegedly inaccurate. Plaintiff indicated in his proposed Third Amended Complaint that "because the inconsistent entries cannot simultaneously be true, the report necessarily contains inaccurate information within the meaning of the FCRA, and at least one of the inconsistent entries is therefore inaccurate." Dkt. 87-2 at ¶ 2. Plaintiff once again, and for a third time, attempts to allege that the reported information is inaccurate because it is "inconsistent". Plaintiff, however, fails to identify what is inaccurate about the information, why it is inaccurate, and what the accurate information is.

Plaintiff goes on to claim that "Trans Union reported the account as Collection/Chargeoff with a current balance of $84,801 yet reported a past due amount of only $65,000 - $19,801 less than the full balance it simultaneously reported as charged off and with no scheduled monthly payment." Dkt. 87-02 at ¶ 12. Plaintiff mistakenly believes that because the current balance amount is not the same as the past due amount, then the reporting must be inaccurate. These allegations have been rejected by courts in the past. *See, e.g., Artemov v. TransUnion, LLC*, No. 20-CV-1892 (BMC), 2020 WL 5211068, at *5 (E.D.N.Y. Sept. 1, 2020) ("Plaintiff's allegations against BOA fail because listing a past due balance for a charged off account was factually accurate and not misleading. At any moment, BOA could decide to collect the charged off debt and seek the delinquent amount. Furthermore, the information contained in the credit report was not misleading because it never suggested a reoccurring monthly obligation: (1) the account was marked as 'charged off' and 'closed'; and (2) even plaintiff concedes that the scheduled monthly payment line item in his BOA accounts had been 'zeroed out.'"). Plaintiff never claimed that he paid the past due amount or that it is inconsistent based on his payment history.

DEFENDANT TRANS UNION LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT – 2:25-cv-00404-BLW

Finally, Plaintiff's Motion for Leave to amend his complaint is also premature and improper as the Court has not yet ruled on Plaintiff's Motion for Reconsideration. On May 1, 2026, this Court dismissed Plaintiff's Second Amended Complaint without leave to amend, and Plaintiff's Motion for Reconsideration remains pending. *See* Dkt. No. 79. Attempting to amend the complaint now is in violation of the Court's Order and appears to be nothing more than an improper supplemental attempt to ask for reconsideration.

## IV.    CONCLUSION

For all the foregoing reasons, Trans Union respectfully requests that the Court deny Plaintiff's Motion to Amend and award Trans Union its fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Nermy J. Winner*
Nermy J. Winner, Esq.
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 606
Fax:  (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

DEFENDANT TRANS UNION LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT – 2:25-cv-00404-BLW

Brad P. Miller, Esq.
Hawley Troxell
877 Main Street, 2nd Floor
Boise, ID 83702
Telephone: 208-344-6000
Fax: 208-954-5206
E-Mail: bmiller@hawleytroxell.com

*Local Counsel for Defendant Trans Union
LLC*

DEFENDANT TRANS UNION LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT – 2:25-cv-00404-BLW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **21st day of July, 2026**, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| Jed W. Manwaring, Esq.<br>jwm@elamburke.com | Erica J. White, Esq.<br>ejw@elamburke.com |
|---|---|

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants via first class mail, postage prepaid, addressed as follows:

| **Pro Se Plaintiff**<br>Jason Henry Allen<br>2600 East Seltice Way #235<br>Post Falls, ID 83854 | |
|---|---|

/s/ Nermy J. Winner
Nermy J. Winner, Esq.
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 606
Fax:  (317) 899-9348
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

DEFENDANT TRANS UNION LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT – 2:25-cv-00404-BLW