Jason Henry Allen

2600 E. Seltice Way #235, Post Falls, Idaho 83854

(323) 377-5620 | Jason.Alistor@gmail.com

Plaintiff, Pro Se

U.S. COURTS

Counter
Rcvd_____Filed_____Time 3:40 PM
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO
JUL 3 0 2026

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN<br><br>Plaintiff, Pro Se<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>EQUIFAX INFORMATION SERVICES LLC;<br><br>TRANS UNION LLC;<br><br>FORD MOTOR CREDIT COMPANY LLC;<br><br>Defendants | Case No.: 2:25-CV-00404-BLW<br><br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT [DKT. 87]** |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT [DKT. 87]**

## I. INTRODUCTION

Trans Union's opposition (Dkt. 91) rests on a single premise: that the proposed Third Amended Complaint "once again" alleges only that credit data is "inconsistent," and "fails to identify what is inaccurate about the information, why it is inaccurate, and what the accurate information is." Dkt. 91 at 4. The premise misreads the pleading. The TAC names the false

1

entries, pleads why they are false, and — for the Ford tradeline — supplies the original amount financed from the creditor's own contract, the form of allegation this Court's December 4, 2025 order described. Dkt. 50 at 11. The TAC also abandons the cross-bureau theory this Court held insufficient. Trans Union's brief does not acknowledge either change.

Trans Union argues futility and prematurity. It does not contend the amendment would prejudice it — and prejudice is the factor that "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* No other defendant opposed the motion at all. *See* LCivR 7.1(f)(1) (failure to respond "may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion . . . ."). And because reconsideration of Dkt. 78 remains pending as to the CRA defendants, Dkt. 90, presenting a concrete proposed pleading is the most efficient way to answer the question reconsideration poses: whether the identified defect can be cured. It can, and has been.

## II. THE TAC DOES WHAT THE COURT'S ORDERS ASKED: IT IDENTIFIES WHICH INFORMATION IS FALSE

Dismissing the Amended Complaint, the Court explained that "[w]ithout an allegation establishing which figure is false, the Court cannot infer inaccuracy from inconsistency alone," Dkt. 50 at 7, and offered a template: Allen could cure "by alleging that a specific account balance is $0 as confirmed by the creditor, and that one or more CRAs falsely reported a different balance." Dkt. 50 at 11. Dismissing the Second Amended Complaint, the Court distilled the deficiency to a single sentence — "Allen still does not allege which information is false," Dkt. 78 at 4 — and found further amendment futile because the SAC's "fundamental theory—

2

that inconsistencies among bureaus are themselves actionable inaccuracies—is legally insufficient." Dkt. 78 at 7.

The TAC is the first proposed pleading drafted to answer that sentence, and it abandons the rejected theory expressly: "Plaintiff no longer relies on inconsistency among the bureaus. He identifies inaccuracies established within a single bureau's own report, as of a single reporting date . . . ." Dkt. 87-2 ¶ 2; *see also id.* ¶ 13 ("Plaintiff does not rely on inconsistencies among the bureaus; each inaccuracy above is established on the face of a single bureau's own report."). Trans Union quotes ¶ 2's concluding sentence, Dkt. 91 at 4, but omits these. The TAC then does what the orders asked, three times over:

**Equifax (¶ 11).** "Plaintiff identifies the 'OK' (current) notation as the inaccurate entry," and pleads why it is false: Equifax's same report shows the account charged off, the entire $84,801 balance past due, no payment received since December 1, 2024, and a progression of 30-, 60-, 90-, and 120-day delinquencies in Equifax's own payment grid. As the TAC alleges, an account cannot accurately be reported as simultaneously charged off and current on the same report as of the same date. ¶ 11. The false entry is named, the reason is pleaded, and the source is Equifax's own document.

**Equifax's Ford "High Credit" (¶¶ 33–35).** The TAC alleges the reported figure ($18,906) is false, alleges the correct figure ($64,656), and identifies the document establishing it — Ford's own retail installment sale contract (Ex. F) — corroborated by Experian's post-dispute reinvestigation results reporting $64,656 for the same account (Exs. B-3, B-4).[1] This Court has

---

[1] The Second Amended Complaint transposed the bureau attribution of these two figures (see Dkt. 78 at 3–4, reciting them as Trans Union $64,656 and Experian $18,906). The reports and reinvestigation results attached to the proposed pleading control, and the TAC conforms to them: Experian reports $64,656 (Exs. B-3, B-4); Equifax reports $18,906 (Ex. B-7); Trans Union does not report the account (Exs. A, A-2). Dkt. 87-2 ¶ 34. Correcting that attribution to match the underlying documents is part of what the proposed amendment accomplishes.

already recited the same figure: on Ford's motion for partial summary judgment the Court found that "Allen purchased a 2020 Ford Explorer for $64,656.00," financed "under a retail installment sale contract requiring 72 monthly payments of $898." Dkt. 81 at 1. That is the form of allegation Dkt. 50 described: a fixed fact confirmed by creditor documentation, and a different figure reported. Trans Union's opposition says nothing about these allegations, and Equifax filed no opposition.

Trans Union (¶ 12). On Trans Union's own report, on a single reporting date, Trans Union reported the account as "Collection/Chargeoff," with no scheduled monthly payment and with the balance it reported as owed ($84,801), while simultaneously reporting a Past Due amount of $65,000. The TAC alleges that those figures are "internally inconsistent in the context of the account as reported — a fully charged-off installment account with no payment due and the entire balance owed — rendering the tradeline facially inconsistent," so that at least one named field on Trans Union's own tradeline is false, and pleads that the figures persisted identically across two reports and were "incapable of explanation by any difference in reporting dates." ¶¶ 2, 12. That matters, because the Court declined to infer inaccuracy from inter-bureau discrepancies precisely because "both could be accurate as of different reporting dates." Dkt. 78 at 4. That explanation is unavailable here: both figures appear on one bureau's report as of one date. This is not the SAC's theory relocated; it is an allegation that Trans Union published a false figure in an identified field of its own tradeline — a field the particulars of which are within Trans Union's possession and expected in discovery. ¶ 30. And under *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1163 (9th Cir. 2009), an entry is inaccurate if "patently incorrect, or . . . misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." The TAC pleads both: irreconcilable derogatory figures,

4

published to a mortgage lender, in the very categories the lender's written Statement of Credit Denial listed as "key factors" adversely affecting Plaintiff's scores — "AMOUNT PAST DUE ON ACCOUNTS" and "AMOUNT OWED ON DELINQUENT ACCOUNTS" — in a denial of a $960,000 application. ¶¶ 17–21; Ex. D.

Trans Union quotes ¶ 12 in full and then restates it as the proposition that "because the current balance amount is not the same as the past due amount, then the reporting must be inaccurate." Dkt. 91 at 4. That is not the allegation. The allegation is that the two figures are irreconcilable in the context of the account as Trans Union itself reported it — charged off, with no scheduled monthly payment, and the whole balance owed — the context Trans Union's restatement omits. Trans Union's remaining objection — that "Plaintiff never claimed that he paid the past due amount or that it is inconsistent based on his payment history," Dkt. 91 at 4 — improperly treats the absence of evidentiary detail as a failure to plead a plausible factual inaccuracy. At the pleading stage the question is plausibility, and a pleading that identifies specific figures on one report that its own pleaded context makes irreconcilable has located the false information as concretely as a consumer without access to the agency's internal data can.

## III. ARTEMOV DOES NOT MAKE AMENDMENT FUTILE — IT GRANTED LEAVE TO AMEND

*Artemov v. TransUnion, LLC*, No. 20-CV-1892 (BMC), 2020 WL 5211068 (E.D.N.Y. Sept. 1, 2020), is an out-of-circuit district decision, and it does not carry the weight Trans Union places on it.

**First**, *Artemov* granted leave to amend. The court wrote: "It may well be that plaintiff's proposed amendment is futile. However, since neither party has provided me with a copy of the challenged credit report, I lack sufficient information to find futility. Plaintiff is therefore granted

leave to file an amended complaint, limited to asserting this new theory related to the Citibank account." Slip op. at 13 (ECF No. 34). The "new theory" the court permitted concerned that case's lower-past-due-than-balance tradeline — the claim-shape Trans Union now labels futile. Trans Union's lead futility authority declined to find futility on it.

**Second**, *Artemov* did not hold a past-due/balance mismatch "accurate." The court resolved that claim on Article III standing, expressly assuming inaccuracy: "Even after accepting his factual assertion that the lower number was inaccurate, I am nevertheless compelled to grant defendants' motion because even a 'violation of one of the FCRA's procedural requirements may result in no harm.'" Slip op. at 11. Its reasoning was causal and specific to the theory pleaded there: because that plaintiff's claim was that the agencies should have reported a higher past-due figure, his report "would have listed more bad debt and the same credit score (or probably a lower credit score)," so "in either case, the denial of credit was going to happen." Slip op. at 12. The TAC pleads no such theory. It does not allege that Plaintiff was injured because too little derogatory information was reported; it alleges that the tradeline was internally contradictory as published and therefore unreliable, ¶¶ 11–13, and that the reports carrying it were furnished to a mortgage lender that denied a $960,000 application on the categories of derogatory data those tradelines carried. ¶¶ 17–21; Ex. D. Nor does the harm question turn on which of the two irreconcilable figures ultimately proves false: in this Circuit, "[d]etermining whether any given inaccuracy in a credit report would help or harm an individual (or perhaps both) is not always easily done." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1117 (9th Cir. 2017).

**Third**, the passage Trans Union quotes is tied to a theory the TAC does not advance. The claim rejected there was that the mere presence of a past-due amount on a charged-off account misleads by implying an ongoing monthly obligation — an implication the court held "dispelled"

6

by the zeroed-out payment field's "unequivocal declaration." Slip op. at 9–10. The TAC pleads no ongoing-obligation theory, and ¶ 11 expressly disclaims any challenge to the charge-off itself — consistent with this Court's observation, citing *Artemov*, that "[a]ccurately reporting an account as charged off is not misleading." Dkt. 78 at 5. The TAC's theory is that entries on the same report assert mutually exclusive conditions, at least one of which is false. *Artemov* does not foreclose that theory. Futility requires that the pleading "could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); see also *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010) (futility is assessed against the proposed pleading's allegations). Nor does Dkt. 78's futility finding reach it: that finding rested, by its own terms, on the SAC's cross-bureau theory. Dkt. 78 at 7. Because the TAC abandons that theory, leave can be granted without disturbing anything the Court actually decided.

## IV. TRANS UNION'S AMENDMENT-HISTORY AUTHORITIES DESCRIBE RECORDS UNLIKE THIS ONE

*Zucco, Lenhoff,* and *Cervantes* each affirmed denial of leave where the plaintiff had already amended against specific judicial guidance and still failed, or where the proposed pleading itself displayed incurable defects. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (PSLRA scienter particularity; amended complaint filed after the district court identified the deficiency); *Lenhoff Enters., Inc. v. United Talent Agency, Inc.*, 729 F. App'x 528, 532 (9th Cir. 2018) (three prior amendments; plaintiff's own proffer "merely cumulative"); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (proposed pleading before the court displayed incurable substantive defects). Here, Dkt. 78 distilled the deficiency to a single sentence, and the TAC is the first pleading built with that

sentence in hand — with documentary exhibits not before the Court on any prior pleading: the agencies' own reinvestigation results (Exs. B-1 through B-7), Ford's retail installment sale contract (Ex. F), and the lender's Statement of Credit Denial (Ex. D).

That some of those exhibits predate the Second Amended Complaint goes, at most, to delay — and "delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (reversing denial of leave to file a fourth amended complaint); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Trans Union asserts no prejudice at all.

This Court's own practice confirms the distinction. In *Cornelius v. DeLuca*, the Court dismissed most counts with prejudice, 709 F. Supp. 2d 1003 (D. Idaho 2010), and seven months later — applying the amendment-futility standard — granted leave to file a third amended complaint and denied the defendant's renewed motion to dismiss. No. 1:10-cv-00027-BLW (D. Idaho Nov. 29, 2010), ECF No. 225 at 5, 16. And in *FTC v. Kochava, Inc.*, the Court denied a renewed motion to dismiss where the amended complaint "significantly expand[ed] the factual allegations in its original Complaint" and "easily satisfie[d] the liberal plausibility standard." No. 2:22-cv-00377-BLW (D. Idaho Feb. 3, 2024), ECF No. 71 at 6. The TAC is such an amendment: built to the Court's own template and supported by exhibits never previously before the Court.

## V. THE MOTION IS PROCEDURALLY PROPER

Trans Union argues the motion is "premature and improper" while reconsideration of Dkt. 78 is pending, and calls it a "violation of the Court's Order." Dkt. 91 at 5. Both points invert the procedure. Plaintiff does not minimize the posture: the Court allowed "one final opportunity," Dkt. 50 at 1, and dismissed the CRA claims with prejudice, Dkt. 78 at 8. But no judgment has entered — the claims involving Ford remain pending, and no Rule 58 judgment

8

exists on the docket — so that order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). It is *after* judgment that a motion to amend "can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996). Because no final judgment has entered, the post-judgment restriction described in Lindauer does not apply, and the Court retains authority to revise Dkt. 78 under Rule 54(b) and then to apply Rule 15(a)(2).

Nor can a motion *for* leave "violate" the order it asks the Court to revisit. The motion was filed expressly in connection with the pending reconsideration motion — the docket ties the two, Dkt. 87 — and this Court's July 14 order confirms reconsideration "remains pending" as to the CRA defendants. Dkt. 90. If the Court revises Dkt. 78 under Rule 54(b) and determines that the proposed TAC cures the identified defect, it may then grant leave under Rule 15(a)(2). The operative question is therefore the one now concretely presented: whether that defect is cured. The TAC's single-report theory and its supporting exhibits have never been before the Court, and this reply asks the Court to decide only that question.

## VI. THE FEE REQUEST SHOULD BE DENIED

Trans Union closes by asking for its fees and costs "incurred in defending this action." Dkt. 91 at 5. Trans Union identifies no statute, rule, or other authority for that request. To the extent it invokes the FCRA, the request fails: the FCRA authorizes such an award only "[u]pon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment." 15 U.S.C. § 1681n(c); *accord* § 1681o(b) (materially identical). Trans Union nowhere alleges bad faith or

harassment, and a single motion for leave that follows the Court's own Dkt. 50 guidance, supported by record exhibits, is neither. Indeed, when Trans Union sought Rule 11 sanctions over this claim-shape in *Artemov* itself, the court denied the motion: "Although plaintiff's claims did not survive a dispositive motion, it was not patently obvious that these claims would not prevail. No binding precedent foreclosed the claims . . . ." Order, ECF No. 43, at 1 (E.D.N.Y. Oct. 20, 2020). The request should be denied.

## VII. CONCLUSION

Futility is assessed against the proposed pleading claim by claim, and Trans Union's opposition engages only the Trans Union past-due allegation of ¶ 12. The Equifax allegations — the charged-off-and-current contradiction (¶ 11) and the Ford High Credit figure (¶¶ 33–35) — drew no opposition from any defendant, and Equifax, against whom both are pleaded, did not respond at all. See LCivR 7.1(f)(1). Leave should therefore be granted as to those allegations regardless of how the Court resolves ¶ 12. For the foregoing reasons — and because no other defendant opposed — Plaintiff respectfully requests that the Court grant leave to file the Third Amended Complaint lodged with the motion (Dkt. 87-2), and deny Trans Union's request for fees.

DATED this 30th day of July, 2026.


/s/ Jason Henry Allen

Jason Henry Allen, Plaintiff, Pro Se

2600 E. Seltice Way #235, Post Falls, ID 83854

(323) 377-5620 | Jason.Alistor@gmail.com


10

## CERTIFICATE OF SERVICE

I certify that on the 30th day of July, 2026, a true and correct copy of the foregoing

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD

AMENDED COMPLAINT [DKT. 87] was served upon the following counsel of record, each a

registered participant in the Court's CM/ECF system, through that system's Notice of Electronic

Filing:

Meredith L. Thielbahr — Gordon Rees Scully Mansukhani LLP, 701 Fifth Avenue, Suite 2100,

Seattle, WA 98104 — mthielbahr@grsm.com (Counsel for Experian Information Solutions, Inc.)

Charles H. Carpenter — Carpenter Law Firm, plc, 210 North Higgins Avenue, Suite 336,

Missoula, MT 59802 — carpentc@carpenterlawfirmplc.com (Counsel for Equifax Information

Services LLC)

Brad P. Miller — Hawley Troxell Ennis & Hawley, P.O. Box 1617, Boise, ID 83701 —

bmiller@hawleytroxell.com (Local Counsel for Trans Union LLC)

Jean E. Bokan — Hawley Troxell, 877 W. Main Street, Suite 200, Boise, ID 83702 —

jbokan@hawleytroxell.com (Local Counsel for Trans Union LLC)

Nermy J. Winner — Quilling, Selander, Lownds, Winslett & Moser, P.C., 10333 North Meridian

Street, Suite 200, Indianapolis, IN 46290 — nermy.winner@qslwm.com (Counsel for Trans

Union LLC, admitted pro hac vice)

Jed W. Manwaring / Erica J. White — Elam & Burke, P.A., 251 E. Front Street, Suite 300, P.O.

Box 1539, Boise, ID 83701-1539 — jwm@elamburke.com; ejw@elamburke.com (Counsel for

Ford Motor Credit Company LLC)


/s/ Jason Henry Allen


11