UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; MICHAEL J. ARCHIBALD; and LISSETTE M. CARRERAS,<br><br>Defendants. | Case No. 2:25-cv-00404-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Jason Henry Allen's motion to reconsider the

Court's order dismissing his claims against Defendants Equifax Information Services

LLC, Experian Information Solutions, Inc., and Trans Union LLC (the "CRA

defendants") with prejudice.[1] Dkt. 79. Having reviewed the record and the parties'

briefing, the Court finds that the facts and legal arguments are adequately presented

---

[1] Allen has withdrawn his motion for reconsideration insofar as he sought reconsideration of the dismissal of his claims against Defendants M2 Law Group P.C. and Michael J. Archibald. *See* Dkt. 89.

**MEMORANDUM DECISION AND ORDER - 1**

and that oral argument would not significantly aid the decisional process. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons that follow, the Court will deny the motion.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), a district court may revise an interlocutory order at any time before final judgment. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). But while a court has the power to revisit its own decisions, it "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (internal quotation marks and citation omitted).

Reconsideration is therefore available on four limited grounds. A court may reconsider to correct manifest errors of law or fact, to consider newly discovered or previously unavailable evidence, to prevent manifest injustice, or to account for an intervening change in controlling law. *See Mendez v. Ada Cnty.*, No. 1:21-cv-00447-BLW, 2023 WL 2333401, at *1 (D. Idaho Mar. 1, 2023), *aff'd sub nom. Mendez v. Cnty. of Ada*, No. 23-35224, 2024 WL 2818191 (9th Cir. June 3, 2024) (citing *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)). A motion for reconsideration may not be used to relitigate old matters or to raise arguments or offer evidence that could reasonably have been raised earlier in the litigation. *Id.*; *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## ANALYSIS

### A. The Ford Payoff Letter Does Not Warrant Reconsideration.

Allen has not met that standard. He argues first that the Court mischaracterized his second amended complaint by ignoring his allegation, and Ford's October 3, 2024 payoff letter, that the Ford account was paid in full, and by failing to apply the "materially misleading" standard of *Shaw v. Experian Information Solutions, Inc.*, 891 F.3d 749, 757 (9th Cir. 2018). *See* Dkt. 79 at 7–8. But Allen never offered that letter, and he never alleged that the account was paid in full. The Court did not err by failing to engage with allegations and evidence that were never before it. Nor may Allen supply them now. He presumably had the payoff letter when he filed each of his three complaints, and he does not explain why he could not have pleaded this theory in any of them.

The same problem attends the theory Allen raises for the first time in his reply. He now says the Idaho Central Credit Union tradeline is internally contradictory because Equifax's June 2025 "OK" notation cannot be squared with its charge-off designation and $84,801 past-due balance, and because nothing explains Trans Union's $65,000 past-due figure. *See* Dkt. 85 at 3–5. That theory rests entirely on the August 24, 2025 credit report, a document Allen had months before he filed his second amended complaint. He again offers no reason he could not have pleaded it then. Allen was given specific guidance and a final opportunity to cure the deficiencies in his pleadings, and a motion for reconsideration is not the place to file a

fourth complaint.

Timing aside, the payoff theory cannot be reconciled with the record. After dismissing the claims against the CRA defendants, the Court granted Ford partial summary judgment on its counterclaim for breach of the installment contract. *See* Dkt. 81. The undisputed evidence on that motion showed that the paid-in-full letter was sent in error. Allen had scheduled electronic payments through Ford's online system using his Social Security number as the bank account number. Believing the first payment valid, Ford sent the letter and released its lien. When the payment was returned as "unable to locate account," Ford wrote to Allen on October 22 and December 2, 2024, telling him that no payment had been honored, that the paid-in-full documents should never have been sent, and that the contract remained "in full force and effect." The day after receiving the December notice, Allen signed an extension agreement confirming as much. He has not paid since, and the debt remains outstanding. *See* Dkt. 81 at 2–3.

Those findings foreclose the amendment Allen proposes. His theory depends on the premise that the Ford account was paid in full as of October 3, 2024, because that is what would make the bureaus' later reporting of a balance false. The record establishes that the premise is wrong, so an amendment resting on it could not cure the deficiency the Court identified. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (amendment is futile where "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim"). Nor

MEMORANDUM DECISION AND ORDER - 4

would any manifest injustice result from declining to revive claims built on a letter

that Ford rescinded within weeks, a rescission Allen's briefing never mentions.

**B.  Allen's Remaining Arguments Repeat Points the Court Has Already Rejected.**

Allen contends that requiring a consumer to plead which reported value is false

inverts the FCRA's allocation of duties under 15 U.S.C. §§ 1681e(b), 1681i(a), and

1681s-2(b), which place the duty of accuracy on the credit reporting industry rather

than the consumer. But he candidly concedes that *Carvalho v. Equifax Info. Servs.,*

*LLC*, 629 F.3d 876, 890 (9th Cir. 2010), controls in this Circuit, and he offers the

argument only to preserve it for appeal. *See* Dkt. 79 at 11–12. This Court is bound by

*Carvalho*. The argument is preserved, and nothing more is required.

The Court also adheres to its ruling on Allen's § 1681b claim. Allen alleged

that the CRA defendants furnished his consumer report without his authorization and

without any permissible purpose. *See* Dkt. 51 ¶¶ 19–21. The Court dismissed that

claim because consumer consent is not required for an agency to furnish a report, and

because Allen alleged no facts suggesting the CRA defendants lacked reason to

believe the requesters had a permissible purpose. *See* Dkt. 78 at 6 (citing *Spencer v.*

*Relx Inc.*, No. CV 23-65-H-BMM-KLD, 2024 WL 3315439, at *4 (D. Mont. May 24,

2024)). Allen now argues that whether the agencies had "reason to believe" that

CBNA and Lifted Truck had a permissible purpose is a fact-bound question that

cannot be resolved on the pleadings, and he relies on *Nayab v. Capital One Bank*

*(USA), N.A.*, 942 F.3d 480, 495 (9th Cir. 2019), to place that burden on the defendant.

But *Nayab* addressed a user who obtains a consumer report under § 1681b(f), not an agency that furnishes one, and Allen cites no authority extending its burden-shifting framework to the agencies. In any event, his motion repeats the allegation the Court already found wanting, that he did not apply for credit with those entities, without adding facts suggesting the CRA defendants lacked reason to believe the inquiries served a permissible purpose. Rehashing rejected arguments is precisely what a motion for reconsideration may not do. *See Mendez*, 2023 WL 2333401, at *1.

Allen's willfulness argument fails for the same reason. Without an actionable inaccuracy there is nothing on which to base a willful violation, and the Court has already explained that a failure to correct alleged errors after receiving a dispute does not, standing alone, amount to willful noncompliance. *See* Dkt. 78 at 7.

## C. Dismissal With Prejudice Remains Appropriate.

That leaves Allen's argument that dismissing his claims with prejudice was an abuse of discretion under *Foman v. Davis*, 371 U.S. 178 (1962), and *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A court's discretion to deny leave to amend is "particularly broad" where the plaintiff has already amended, and dismissal with prejudice is appropriate where a plaintiff repeatedly fails to cure deficiencies despite specific guidance from the court. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009); *Destfino v. Reiswig*, 630 F.3d 952, 958–59 (9th Cir. 2011). The second amended complaint was Allen's third pleading. The Court told him what was missing, an allegation identifying which

MEMORANDUM DECISION AND ORDER - 6

reported information was false, and gave him a final opportunity to supply it. He did not. And the one new theory he offers now is foreclosed by the summary judgment record, so further amendment would be futile. *Cf. Frontier Credit Union v. Serr*, No. 4:23-cv-00433-AKB, 2024 WL 3726601, at *3 (D. Idaho Aug. 8, 2024) (reconsidering dismissal with prejudice where the plaintiff had never been given an opportunity to amend).

**D. The CRA Defendants' Fee Request Is Denied Without Prejudice.**

The CRA defendants close their response brief with a request for the attorney's fees and costs they have incurred defending this action. *See* Dkt. 82 at 7. A claim for attorney's fees must be made by motion, not by a request in the last sentence of a brief. Fed. R. Civ. P. 54(d)(2)(A). The request is denied without prejudice to a properly supported motion.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion for Reconsideration (Dkt. 79) is **DENIED**.

2. Plaintiff's Motion for Leave to File Third Amended Complaint (Dkt. 87) is **DENIED as MOOT**.

DATED: August 4, 2026



B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7