Jed W. Manwaring, ISB # 3040
Erica J. White, ISB # 7475
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701-1539
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jwm@elamburke.com
ejw@elamburke.com

*Attorneys for Defendant/Counterclaimant Ford Motor Credit Company LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>Plaintiff, In Propria Persona,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; and MICHAEL J. ARCHIBALD,<br><br>Defendants. | Case No. 2:25-cv-00404-BLW<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C) |
| FORD MOTOR CREDIT COMPANY LLC,<br><br>Counterclaimant,<br><br>v.<br><br>JASON HENRY ALLEN,<br><br>Counterdefendant. | |

Defendant-Counterclaimant Ford Motor Credit Company LLC ("Ford"), by and through its counsel of record, Elam & Burke P.A., hereby submits this Memorandum in Support of its Motion for Judgment on the Pleadings.

## I. INTRODUCTION

Plaintiff Jason Henry Allen ("Allen") filed his original complaint on July 23, 2025, and an amended complaint on August 27, 2025, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, Through a series of motions to dismiss filed by the other defendants in this matter, the operative complaint is Plaintiff's Second Amended Complaint filed on December 17, 2025 [Dkt. 51]. In the Second Amended Complaint, Allen's allegations against Ford are scant, to say the least. However, Allen appears to attempt to allege a claim against Ford pursuant to 15 U.S.C. § 1681s-2(b) for failure to conduct a reasonable investigation and correct or delete inaccurate information. *See Second Amended Complaint*, p. 10.

Ford is entitled to judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted against Ford. In order to establish liability pursuant to § 1681s-2(b), Allen must allege facts showing that Ford's report was inaccurate and that a credit reporting inaccuracy existed on Allen's credit report. As this Court has already determined in ruling on the CRA's motion to dismiss Plaintiff's Second Amended Complaint against them, Allen has failed to plead a factual inaccuracy in his credit report. Because he has failed to plead a factual inaccuracy in his credit report, his claim against Ford fails and his Second Amended Complaint against Ford should be dismissed with prejudice. Further, as the Second Amended Complaint is Allen's third pleading and further amendment would be futile, Allen should not be given leave to amend.

## II. LEGAL STANDARD

For a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir.1989). Further, a court evaluating a Rule 12(c) motion must construe all factual allegations in a complaint in the light most favorable to the nonmoving plaintiff. *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir.2009). In so doing, the court must find that the plaintiff pleads "sufficient facts to allow the Court to draw a reasonable inference of misconduct, but the Court is not required 'to accept as true a legal conclusion couched as a factual allegation.' " *Harris v. County of Orange,* 682 F.3d 1126, 1131 (9th Cir.2012) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), and stating that the *Iqbal* standard also applies to an analysis of the pleadings under a motion under Rule 12(c)). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Judgment on the pleadings under Rule 12(c) is proper when the moving party establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law." *Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.,* 644 F.3d 934, 937 n. 1 (9th Cir.2011) (citing *Hal Roach Studios,* 896 F.2d at 1550)).

## III. FACTS ALLEGED IN THE COMPLAINT[1]

On May 31, 2025 and June 16, 2025, Plaintiff sent written FCRA disputes via certified mail to all three CRAs identifying errors related to Ford Motor Credit, ICCU, personal information,

[1] For purposed of a 12(c) motion, the facts alleged by the non-moving party are taken as true. Therefore, although Ford cites to Allen's alleged facts, Ford reserves the right to dispute these facts should this case survive the present motion.

and unauthorized inquiries. *See Second Amended Complaint*, ¶ 8. Each CRA received the disputes and transmitted Automated Consumer Dispute Verifications ("ACDVs") to Ford Motor Credit and ICCU via the e-OSCAR system. *Id*. at ¶ 9.

## IV. ANALYSIS

### A. Allen's Second Amended Complaint Fails to State a Claim Against Ford as he has Failed to Plead Facts Establishing a Prima Facie Case.

#### *1. Allen has failed to plead facts showing that a credit reporting inaccuracy existed on his credit report.*

"To prevail on a FCRA claim against a furnisher, a consumer must make a prima facie showing that the furnisher's report was inaccurate." *Gross v. CitiMortgage, Inc.*, 33 F4th 1246, 1251 (9th Cir. 2022). To prevail under a § 1681s-2(b) claim, among other elements, a plaintiff must prove both that there was an inaccuracy in their credit report and that the furnisher's investigation of that inaccuracy was unreasonable. *Id.* A prima facie showing of an inaccuracy is an essential hurdle a plaintiff must clear; "if there is no inaccuracy, then the reasonableness of the investigation is not in play." *Id*. An inaccuracy under the FCRA is information that is "patently incorrect" or "materially misleading" – that is, "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)).

Under § 1681s-2(b), a furnisher is required to conduct a reasonable investigation after receiving notice of a dispute from a consumer reporting agency. *Rita v. Greensky Management Co., LLC*, No. 1:23-cv-00044-REP, 2024 WL 914990, *2-3 (D. Idaho March 4, 2024). To proceed on a claim against a furnisher for failing to properly respond to a dispute, a plaintiff must allege facts showing that:

(i) A credit reporting inaccuracy existed on the plaintiff's credit report;
(ii) The plaintiff notified a consumer reporting agency that the plaintiff disputed the reporting as inaccurate;
(iii) The consumer reporting agency notified the furnisher of the dispute; and
(iv) The furnisher failed to reasonably investigation the inaccuracies or failed to comply with some other requirement in 15 U.S.C. 1681s-2(b)(1)(A)-(E).

*Id*. citing *Yu v. Tesla Energy Operations, Inc.*, No. CV-21-0062 FMO (KSX), 2022 WL 3575314, at *3 (C.D. Cal. Mar. 7, 2022).

Turning to the present case, Allen's claim against Ford fails as he has not alleged that Ford's report of his account to the CRAs was inaccurate or that an inaccuracy existed in Allen's credit report. In his Second Amended Complaint, Allen does not assert any allegations that Ford issued an inaccurate report. The Second Amended Complaint is completely void of any allegations of what Ford reported to the CRAs and/or what was inaccurate. This failure alone is sufficient for the Court to grant Ford's motion to dismiss Allen's claims against it.

Instead of identifying what Ford reported to the CRAs regarding Allen's account or identifying any inaccuracy in what was reported, in his Second Amended Complaint, Allen identifies only alleged inconsistencies between the CRAs regarding his Ford account. Specifically, Allen alleges a $46,000 discrepancy in "high credit" between Trans Union, $64,656, and Experian, $18,906, and notes that Equifax does not report the account at all. *See Second Amended Complaint*, ¶ 15. He also alleges that all CRAs show the accounts as "Collection/Chargeoff" despite the absence of a consistent delinquency chain in the payment histories. *Id*. Allen also alleges that the CRAs' reasonable investigation would have revealed these discrepancies on the face of Defendants' own records without reliance on furnisher verification, thus implying that the inaccuracy was not due to Ford making an inaccurate report. *Id*. at ¶ 17.

Despite his identification of what he believes are inconsistencies between the CRA reports, Allen does not allege which information is false or misleading. As previously explained by this

Court, when one CRA reports one figure and another reports a different figure, both could be accurate as of different reporting dates, or one could be accurate and the other not. *See Memorandum Decision and Order*, p. 4 [Dkt. 78]. Without an allegation establishing which figure is false, the Court cannot infer inaccuracy from inconsistency alone. *Id.*; s*ee Verlus v. Experian Info. Sols., Inc.*, No. 23-CV-11426-DJC, 2025 WL 836588, at *4 (D. Mass. Mar. 17, 2025); *Cruel v. Experian*, No. 22-cv-5236-KBH, 2023 WL 4140828, at *3 (E.D. Pa. June 22, 2023).

Alleging facts showing that a credit report inaccuracy existed on Allen's credit report is a required element not only for his claims against the CRA defendants under § 1681e(b) and § 1681i, but also for his claim against Ford under § 1681s-2(b). Since this Court found that Allen failed to plead a factual inaccuracy sufficient to state a claim against the CRA defendants, Allen likewise has failed to plead a factual inaccuracy sufficient to state a claim against Ford. Allen's Second Amended Complaint against Ford should be dismissed with prejudice as it fails to plead facts showing that Ford's report was inaccurate and that a credit reporting inaccuracy existed on Allen's credit report.

*2. Allen has failed to plead facts showing that Ford failed to conduct a reasonable investigation.*

Since Allen failed to make a prima facie showing that there was an inaccuracy in his credit report, the Court does not even get to the question of whether Ford's investigation was reasonable. However, even if Allen had alleged an inaccuracy, his claim still fails because he has not alleged any facts showing that Ford failed to conduct a reasonable investigation and correct errors. Rather, he has asserted only conclusory allegations without any factual support. Specifically, he has not pleaded any facts regarding the nature of Allen's dispute or Ford's response to the dispute. Allen has not identified in any way what he believed was inaccurate in Ford's report, what information Allen provided to the CRAs as to the alleged errors in the reports, or what action Ford took to

investigate the alleged inaccuracy. Accordingly, Allen has failed to establish a necessary element of his prima facie case under § 1681s-2(b) and his claims should be dismissed with prejudice.

*3. Allen cannot show a willful violation without first showing an inaccuracy.*

Finally, Allen's willfulness argument fails for the same reason. Without an actionable inaccuracy there is nothing on which to base a willful violation. Furthermore, even if Allen had alleged an actionable inaccuracy in his credit report, the mere failure to correct alleged errors after receiving a dispute does not constitute willful noncompliance with the FCRA. *See Memorandum Decision and Order*, p.7 [Dkt. 78] citing *Jenkins v. AmeriCredit Fin. Servs.*, No. 14-cv-5687, 2017 WL 1325369, at * 23-24 (E.D.N.Y. Feb. 14, 2017). Rather, to establish a willful violation of the FCRA, the "plaintiff must show that a defendant 'knowingly and intentionally committed an act in conscious disregard for others, but need not show malice or evil motive.'" *Jenkins* 2017 WL 1325369 at * 23-24 (quoting *Northrup v. Hoffman of Simsbury, Inc.*, 12 Fed.Appx. 44, 50 (2d Cir. 2001). A defendant acts willfully under the FRCA where the defendant "intentionally misled consumers or concealed information from them." *Id*. (quoting *George v. Equifax Mortg. Servs.*, No. 06-CV-971, 2010 WL 3937308, at *2 (E.D.N.Y. Oct. 5, 2010). In contrast, "the mere failure to correct a plaintiff's inaccurate credit information, even after notification of the inaccuracy does *not* constitute a willful failure to comply with the FCRA." *Id*. (emphasis in original).

In the present case, Allen has failed to plead any facts to support a willful violation of the FCRA. He has done nothing more than allege conclusory allegations that Defendants continued to report the same inaccuracies after multiple disputes. *See Second Amended Complaint*, ¶ 30. He has not set forth any facts on which this Court could find that Ford knowingly and intentionally committed an act in conscious disregard for others or that it intentionally misled consumers or

concealed information from them. Because Allen has failed to establish that Ford purposefully or recklessly violated the FCRA, his claim for willful violation fails and must be dismissed.

Allen has failed to plead any facts to establish a prima facia case against Ford under the FCRA. Accordingly, the Court should grant Ford's Motion for Judgment on the Pleading pursuant to F.R.C.P 12(c) and dismiss Allen's Second Amended Complaint against Ford with prejudice. The dismissal should be with prejudice and without leave to amend. Allen's Second Amended Complaint is his third pleading. Although Allen's amended pleadings were the result of the CRA defendants' motions to dismiss, Allen amended his allegations against Ford in each successive pleading. The deficiencies the Court identified as to his allegations against the CRA defendants are also present in his allegations against Ford. Allen has not cured the deficiencies in his pleadings, despite the Court's guidance, and any further amendment would be futile.

## V. CONCLUSION

For the foregoing reasons, Ford respectfully requests that this Court grant its Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

DATED this 9th day of September, 2026.

ELAM & BURKE, P.A.

By: */s/ Erica J. White*
Jed W. Manwaring, Of the Firm
Erica J. White, Of the Firm
*Attorneys for Defendant/Counterclaimant*
*Ford Motor Credit Company LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of September, 2026, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following individuals:

| | |
|---|---|
| Charles Henry Carpenter | carpentc@carpenterlawfirmplc.com |
| Elizabeth Corey | Elizabeth.corey@troutman.com |
| Brad P. Miller | bmiller@hawleytroxell.com |
| Jean Schroeder | jschroeder@hawleytroxell.com |
| Nermy J. Winner | nermy.winner@qslwm.com |
| Michael John Archibald | marchibald@m2law.net |
| Meredith L. Thielbahr | mthielbahr@grsm.com |

In addition, I caused to be served a true copy of this document via U.S. Mail to the following:

Jason Henry Allen, *plaintiff pro se*
2600 E. Seltice Way #235
Post Falls, ID 83854

*/s/ Erica J. White*
Jed W. Manwaring
Erica J. White