Jed W. Manwaring, ISB # 3040
Erica J. White, ISB # 7475
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701-1539
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jwm@elamburke.com
ejw@elamburke.com

*Attorneys for Defendant/Counterclaimant Ford Motor Credit Company LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>Plaintiff, In Propria Persona,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; and MICHAEL J. ARCHIBALD,<br><br>Defendants. | Case No. 2:25-cv-00404-BLW<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S MOTION PURSUANT TO FED. R. CIV. P. 54(B) FOR ENTRY OF FINAL JUDGMENT ON COUNTS ONE AND THREE OF FORD'S COUNTERCLAIM |
| FORD MOTOR CREDIT COMPANY LLC,<br><br>Counterclaimant,<br><br>v.<br><br>JASON HENRY ALLEN,<br><br>Counterdefendant. | |

Defendant-Counterclaimant Ford Motor Credit Company LLC ("Ford"), by and through its counsel of record, Elam & Burke P.A., submits this Memorandum in Support of its Motion Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment on Counts One and Three of Ford's Counterclaim ("Motion").

## I. INTRODUCTION

In its Memorandum Decision and Order [Dkt. 81] dated May 18, 2026 ("Memorandum Decision"), this Court granted Ford's Motion for Partial Summary Judgment on counts one and three of Ford's Counterclaim for breach of contract and foreclosure of security interest. In doing so, the Court concluded that Plaintiff failed to come forward with any evidence that he satisfied his obligation to pay the outstanding debt on the contract with Ford. *See* Memorandum Decision at 5. He did not produce a cancelled check, a completed wire transfer, a bank statement, or any evidence showing that actual funds were transmitted to Ford. *Id*. The Court found that Ford established that Allen breached the installment contract as a matter of law and that Allen remained obligated to pay the amount in full under the contract and that Ford was entitled to repossess the vehicle. *Id* at 7-8.

Ford now moves the Court to enter a final judgment on Count One Breach of Contract and Count Three Foreclosure of Security Interest of Ford's Counterclaim pursuant to Federal Rule of Civil Procedure 54(b). Ford's motion should be granted because (1) the Court has entered a final disposition on Counts One and Three of Ford's Counterclaim and (2) there is no just reason for delay of entry of final judgment pursuant to Rule 54(b).

## II. STANDARD OF REVIEW

The decision to grant Rule 54(b) certification is a matter of the district court's discretion. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-883 (9th Cir. 2005). This discretion is to be exercised

'in the interest of sound judicial administration.' *Id*.

## III. ARGUMENT

The Court should enter final judgment as to Counts One and Three of Ford's Counterclaim pursuant to Rule 54(b) because the Court's rulings on Counts One and Three of the Counterclaim are both final dispositions on the merits. Further, there is no just reason for delay in light of the separate, distinct, and independent nature of the resolved claims and in light of the lack of any likelihood that an appellate court would have to decide the same issues more than once if there were subsequent appeals. Lastly, the balance of the equities, which includes Ford's need to repossess the vehicle, weighs heavily in favor of entering final judgment as to Counts One and Three of Ford's Counterclaim.

### A. The Court Should Enter a Final Judgment in Accordance with F.R.C.P. 54(b) Because the Court Has Rendered a Final Judgment on Counts One and Three of Ford's Counterclaim.

When more than one claim for relief is presented to a court, Rule 54(b) allows the court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. Pro. 54(b). The court must first determine whether it has "rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-883 (9th Cir. 2005).

In the present case, this Court granted Ford's Motion for Partial Summary Judgment on May 18, 2026. *See Memorandum Decision and Order*, [Dkt. 81]. The Court's grant of partial summary judgment in Ford's favor on Counts One and Three of its Counterclaim is an ultimate disposition of individual claims entered in the course of a multiple claims action. The Court

specifically concluded that Ford had established that Allen had breached the installment contract as a matter of law and therefore granted summary judgment in Ford's favor on its breach of contract claim. *Id*. at p. 7. In addition, the Court concluded that Ford holds a valid security interest in the vehicle and is entitled to repossess the vehicle. *Id*. at p. 7-8.

Thus, Claims One and Three in Ford's Counterclaim have been finally and completely resolved. Accordingly, because the Court has rendered a final disposition of those claims, entry of partial final judgment against Allen is appropriate.

**B. There is No Just Reason for Delaying the Entry of a Final Judgment on Count One and Count Three of Ford's Counterclaim.**

The next inquiry is whether "there is any just reason for delay" for entry of final judgment on Counts One and Three of Ford's Counterclaim. *v. GCC Bend, LLC*, 422 F.3d 873, 878-883 (9th Cir. 2005). This determination involves an inquiry into "the interest of sound judicial administration" and a weighing of the equities at stake. *Id*. The interest of "sound judicial administration" primarily requires that the ultimate decision "preserves the historic federal policy against piecemeal appeals." *Id*. A Rule 54(b) request should not be granted when "the facts on all claims and issues entirely overlap, and successive appeals are essentially inevitable." *Id*. at 883. The Court must be careful to "prevent piecemeal appeals in cases which should be reviewed only as single units." *Id*. at 879.

Important factors include (1) whether certification would result in unnecessary appellate review; (2) whether the claims finally adjudicated were separate, distinct, and independent of any other claims; (3) whether review of the adjudicated claims would be mooted by any future developments in the case; and (4) whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Id*.

In this case, there is no just reason for delay in entering a final judgment pursuant to Rule 54(b). The facts on all claims and issues do not entirely overlap, and successive appeals are not inevitable. Specifically, in Allen's Second Amended Complaint he has alleged that Ford violated the Fair Credit Reporting Act (FCRA) by failing to conduct a reasonable investigation upon receiving notice of a dispute from a consumer reporting agency. As the Court already explained in its decision granting Ford's partial motion for summary judgment [Dkt. 81], whether Allen breached the contract by failing to make valid payments is a separate question from whether Ford conducted a reasonable investigation upon receiving notice of a dispute from a consumer reporting agency. The facts of the claims and issues do not overlap; they are separate, distinct, and independent of one another.

Furthermore, Ford has one remaining claim in its Counterclaim. Count two is a claim for Fraud in the Inducement. The facts of this claim do not overlap with Ford's other claims as the fraud claim turns on whether Allen's representations were false and made with the intent to induce Ford to accept the instruments as payment not just whether the debt was paid. Specifically, a claim for fraud consists of nine elements: (1) a statement or representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge about its falsity or ignorance of its truth; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) justifiable reliance; and (9) resultant injury. *Vanrenselaar v. Batres*, 176 Idaho 282, 575 P.3d 866, 878 (2025).

On the other hand, the elements of a breach of contract claim are: (1) the existence of the contract, (2) the breach of the contract, (3) the breach caused damages, and (4) the amount of those damages. *Heit v. Livingston*, 2025 WL 1797221, *1 (D. Idaho 2025) citing *McCarthy Corp v. Stark Investment Group, LLC*, 168 Idaho 893, 489 P.3d 804, 815 (2021). Additionally, the elements of

a claim for foreclosure of a security interest are a valid security interest in the vehicle under the contract, default, and entitlement to repossession. *See* Idaho Code § 28-609(a)(1) and (b).

The facts that support Ford's breach of contract claim and foreclosure of a security of interest claim are not the same and do not overlap with the facts that must be shown to prevail on Ford's fraud in the inducement claim. The fraud in the inducement claim is separate, distinct, and independent from Ford's breach of contract and foreclosure of a security interest claim.

Furthermore, there is no risk that the now-fully-adjudicated claims (counts one and three of the counterclaim) would be affected by future developments in this case. Even if Allen were to eventually prevail on his claim for violation of the FCRA or prevail in defeating Ford's claim for fraud in the inducement, such a finding would not change this Court's ruling on Counts One and Three of Ford's counterclaim. For the same reason, it is unlikely that the appellate court would have to decide any issues more than once in a subsequent appeal

In addition to the above factors, the Court can also consider the impact that withholding partial judgment would have on the prevailing party's ability to collect the judgment. *Carbajal v. Hayes Management Services*, 2024 WL 1374962, Case No. 4:19-cv-00287, *2-3 (D. Idaho 2024) citing *Charles A. Wright et al.*, *Federal Practice and Procedure § 2659* (4th ed. 2012) ("As noted by the Supreme Court in the *Curtiss-Wright* case, delay in being able to execute on a judgment may result in serious economic prejudice to the judgment winner meriting immediate review.") If a losing party's "financial position" is such that a delay in entering judgment might "impair" the prevailing party's "ability to collect on the judgment," that "would weigh in favor" of entering partial judgment under Rule 54(b). *Curtiss-Wright Corp. v. Gen Elec. Co.*, 446 U.S. 1, 8 (1980).

In *Carbajal*, plaintiff obtained a jury verdict and monetary sanctions in her favor. She moved the court to enter final judgment against defendants on the grounds that delaying the entry

of final judgment would hinder her collection efforts in light of HMS's lack of funds and Hayes' demonstrated "willing[ness] to engage in actions to hide assets and thwart [her] ability to collect on her judgment." *Carbajal*, 2024 WL 1374962, *3. The court agreed with plaintiff and found that entry of final judgment was appropriate. *Id*.

In the present case, the Court has found that Allen breached the installment sales contract by failing to pay the outstanding balance of $18,906.80. Further, the Court found that Ford is a secured party and is entitled to repossess the 2020 Ford Explorer. A delay in entering judgment in Ford's favor might impair its ability to collect on the judgment. Specifically, the value of the vehicle will likely continue to decline overtime. The longer Allen stays in possession of the vehicle, its mileage will likely increase, its overall condition may deteriorate, it may require additional maintenance or develop mechanical issues, or it could be involved in a collision which could greatly impact its value or render it valueless. A delay in Ford's ability to repossess the vehicle and/or collect on a judgment may result in economic prejudice to Ford such that entry of partial final judgment now is appropriate.

## IV. CONCLUSION

For the reasons set forth herein, Ford respectfully requests that the Court enter a final judgment in accordance with Rule 54(b) on Count One and Count Three of Ford's Counterclaim.

DATED this 9th day of September, 2026.

ELAM & BURKE, P.A.

By: */s/ Erica J. White*
Jed W. Manwaring, Of the Firm
Erica J. White, Of the Firm
*Attorneys for Defendant/Counterclaimant*
*Ford Motor Credit Company LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of September, 2026, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following individuals:

| | |
|---|---|
| Charles Henry Carpenter | carpentc@carpenterlawfirmplc.com |
| Elizabeth Corey | Elizabeth.corey@troutman.com |
| Brad P. Miller | bmiller@hawleytroxell.com |
| Jean Schroeder | jschroeder@hawleytroxell.com |
| Nermy J. Winner | nermy.winner@qslwm.com |
| Michael John Archibald | marchibald@m2law.net |
| Meredith L. Thielbahr | mthielbahr@grsm.com |

In addition, I caused to be served a true copy of this document via U.S. Mail to the following:

Jason Henry Allen, *plaintiff pro se*
2600 E. Seltice Way #235
Post Falls, ID 83854

*/s/ Erica J. White*
Jed W. Manwaring
Erica J. White