Jason Henry Allen

2600 E. Seltice Way #235, Post Falls, Idaho 83854

(323) 377-5620 | Jason.Alistor@gmail.com

Plaintiff, Pro Se

U.S. COURTS

SEP 25 2026

Rcvd___ Filed______ Time 2:27 pm

STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| JASON HENRY ALLEN<br><br>Plaintiff, Pro Se<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br>EQUIFAX INFORMATION SERVICES LLC;<br>TRANS UNION LLC;<br>FORD MOTOR CREDIT COMPANY LLC;<br><br>Defendants.<br><br>FORD MOTOR CREDIT COMPANY LLC,<br><br>Counterclaimant,<br><br>v.<br><br>JASON HENRY ALLEN,<br><br>Counterdefendant. | Case No.: 2:25-CV-00404-BLW<br><br>**RESPONSE TO FORD MOTOR CREDIT COMPANY LLC'S MOTION PURSUANT TO FED. R. CIV. P. 54(b) FOR ENTRY OF FINAL JUDGMENT ON COUNTS ONE AND THREE OF FORD'S COUNTERCLAIM [DKT. 95]** |

## I. INTRODUCTION

Ford Motor Credit Company LLC ("Ford") asks the Court to direct entry of a final judgment under Rule 54(b) on Counts One and Three of its counterclaim. The motion should be denied.

First, and most importantly, this is a routine two-party dispute over one vehicle contract, and Ford asks the Court to split off two of its own three counterclaim counts while the third — its fraud count — remains for trial on the same instruments and the same account history. The legal questions are separate; the factual record an appellate court would review is substantially the same record. That is the successive-appeal problem that led Ford's own lead authority to reverse a Rule 54(b) certification and dismiss the appeal: partial adjudication in a routine case that "would give rise to successive appeals that would turn largely on identical, and interrelated, facts." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880, 883 (9th Cir. 2005). An appeal of Counts One and Three would streamline nothing: Ford's fraud count turns on the same instruments whatever the Court of Appeals says about breach.

Second, Rule 54(b) directs entry of a final judgment on a claim that has been finally adjudicated, and Dkt. 81 adjudicated liability and entitlement but entered no judgment and fixed no terms of relief. Dkt. 81 granted a motion. Its ordering section contains a single numbered paragraph: "Ford's Motion for Partial Summary Judgment (Dkt. 74) is GRANTED." Dkt. 81 at 9. The Court found the balance outstanding but entered no judgment for it, fixed no interest rate or accrual date, awarded no costs or fees, and entered no order specifying the form of relief on Count Three. *Id.* at 5, 8–9. Ford's motion attaches no proposed form of judgment, does not address interest, and does not state the terms — sum and interest — in which a judgment would

be entered. Supplying those would not answer the first point: a judgment entered on Ford's request would still have to satisfy Rule 54(b)'s second step.

Third, in *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980), the district court weighed the possibility of a set-off from a live claim against the movant, and the Supreme Court's discussion turned on the claims' interrelationship. *Id.* at 9, 11–12. Plaintiff's § 1681s-2(b) claim is against the same party, arises from the same account, and remains pending — and Ford has simultaneously moved for judgment on the pleadings to eliminate it. Dkt. 94. That factor is better weighed after Dkt. 94 is decided.

Fourth, a party's financial stake in an early outcome is one of the equities a court "may factor into its decision whether to certify a judgment that is otherwise certifiable." *Wood*, 422 F.3d at 882 n.7. For the first two reasons above, a judgment on these counts is not.

"Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Curtiss-Wright*, 446 U.S. at 10.

## II. RELEVANT RECORD

Ford's counterclaim pleads three counts: breach of contract (Count One), fraud in the inducement (Count Two), and foreclosure of security interest (Count Three). Dkt. 56. On May 18, 2026, the Court granted Ford's motion for partial summary judgment on Counts One and Three. Dkt. 81.

The Court set out the elements of breach and found that Ford carried its burden on each, on Ford's showing that "$18,906.80 remains outstanding." *Id.* at 4–5. On Count Three it declared an entitlement, *id.* at 8, without directing entry of any judgment on it or specifying the form of relief. Its ordering section contains a single numbered paragraph: "Ford's Motion for Partial Summary Judgment (Dkt. 74) is GRANTED." *Id.* at 9. The order fixes no interest rate or accrual

date, awards no costs or fees, states no judgment sum, specifies no form of relief on Count Three, and directs entry of no judgment.

Count Two remains pending. Dkt. 95-1 at 5. Ford describes it as a claim that "turns on whether Allen's representations were false and made with the intent to induce Ford to accept the instruments as payment not just whether the debt was paid." *Id.* The "instruments" are the two paper instruments and the electronic payments described in Dkt. 81 at 2 — the same instruments on which the Court's breach finding rests. Dkt. 81 at 5.

Plaintiff's claim against Ford under 15 U.S.C. § 1681s-2(b) also remains pending. Dkt. 51, § V. On the same day it filed this motion, Ford moved for judgment on the pleadings on that claim. Dkt. 94.

Plaintiff submits herewith a Notice of Correction and Declaration correcting paragraph 13 of his February 20, 2026 response to Ford's statement of undisputed facts, Dkt. 75-2 at 2. That filing is submitted to correct the first sentence of that paragraph; Plaintiff does not rely on it in this response or in opposition to any other pending motion, and it does not seek reconsideration or modification of any ruling in Dkt. 81.

## III. LEGAL STANDARD

Rule 54(b) permits the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" only "if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The inquiry has two steps: the Court must first determine that it has rendered a final judgment — "an ultimate disposition of an individual claim entered in the course of a multiple claims action" — and then whether there is any just reason for delay. *Wood*, 422 F.3d at 878 (quoting *Curtiss-Wright*, 446 U.S. at 7). That determination is made "in the interest of sound judicial administration," and the Court of Appeals "must, of

course, scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id.* at 878–79 (quoting *Curtiss-Wright*, 446 U.S. at 8, 10). In the Ninth Circuit's words, "At least in our experience, requesting — or granting a request for — certification in ordinary situations such as this is not routine. We believe it should not become so." *Id.* at 879.

## IV. ARGUMENT

### A. Ford asks to split off two of its own three counts while its fraud count, resting on the same instruments, remains for trial — the successive-appeal problem that led Ford's own lead authority to reverse certification.

Ford relies on *Wood* for the governing standard. Dkt. 95-1 at 2–4. *Wood* is a case in which the Ninth Circuit reversed a Rule 54(b) certification and dismissed the appeal for lack of jurisdiction. 422 F.3d at 875–76, 883.

*Wood* was "a routine employment discrimination action" in which the district court granted summary judgment on one theory and left another for trial. *Id.* at 879. The court held that "[b]ecause Wood's case is itself routine and partial adjudication of one of several related claims or issues is likewise routine, granting her Rule 54(b) request does not comport with the interests of sound judicial administration." *Id.* The controlling consideration was overlap: "her legal right to relief stems largely from the same set of facts and would give rise to successive appeals that would turn largely on identical, and interrelated, facts," and "[t]he greater the overlap the greater the chance that this court will have to revisit the same facts — spun only slightly differently — in a successive appeal." *Id.* at 880, 882. The Ninth Circuit applied *Wood* the same way in *Jewel v. National Security Agency*, 810 F.3d 622 (9th Cir. 2015), reversing a certification and dismissing the appeal where the certified and remaining claims "rely on inter-connected factual

allegations," so that "this case would inevitably come back to this court on the same set of facts." *Id.* at 629 (second quotation quoting *Wood*, 422 F.3d at 879). Overlap is tolerated where an immediate appeal "would streamline the ensuing litigation." *Id.* at 628 (quoting *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009)).

Overlap alone does not foreclose certification, and *Wood* says so: certification has been upheld "despite the presence of facts that overlap remaining claims when, for example, counterclaims are involved that arise out of the same transaction or occurrence as the certified claim, or the case is complex and there is an important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims." 422 F.3d at 881. Neither circumstance describes this motion. The overlapping claim here is not a counterclaim against the party seeking certification; it is Ford's own Count Two, which Ford pleaded on the same instruments and which remains for trial. And the case is not complex; it is a two-party dispute over one vehicle contract. In *Wood* itself the factual issues overlapped "entirely — not just substantially," *id.* at 882, but the principle the court applied is one of degree, as the passage quoted above shows.

Plaintiff acknowledges that the Ninth Circuit has affirmed a certification notwithstanding factual overlap — but on features this motion does not identify. In *International Longshore & Warehouse Union v. ICTSI Oregon, Inc.*, 863 F.3d 1178 (9th Cir. 2017), the court held that the district court "did not err in entering a partial final judgment under Rule 54(b)," while acknowledging that "the factual issues involved in [the certified] claim are closely tied to the factual issues in the . . . claims still pending." *Id.* at 1185–86. What carried the certification there was that the certified claim "involve[d] distinct points of law" and that "the legal issues . . . [were] complicated and not routine" — the court reading *Wood* to mean that "in cases where common factual issues abound, the entry of a Rule 54(b) partial final judgment should be

reserved for complex and distinct legal issues." *Id.* Counts One and Three present an ordinary contract question and an ordinary secured-transaction question. Ford does not contend that Counts One and Three present complex or non-routine legal issues of the kind *ICTSI* describes, and none is apparent on the face of the motion.

The overlap here is of the same kind *Wood* found controlling. This case is a two-party dispute between Plaintiff and Ford over one vehicle contract. Ford's remaining Count Two, by Ford's own description, "turns on whether Allen's representations were false and made with the intent to induce Ford to accept the instruments as payment not just whether the debt was paid." Dkt. 95-1 at 5. That the two claims are pleaded under different elements is not disputed. Rule 54(b) turns on the factual record, not the elements alone. But the inquiry Ford describes — whether the representations accompanying those instruments were false and intended to induce acceptance — is an inquiry into the same instruments, presented on the same occasions, evidenced by the same documents. Those are the two paper instruments and the electronic payments described in Dkt. 81 at 2, and the Court's breach finding rests on them: "neither the 'Certified Funds' instruments nor the electronic payments were linked to any valid bank account." Dkt. 81 at 5. Ford's showing on Count One rested on a single declarant, Dill Decl., Dkt. 74-3, and on the documents attached to its motion; Count Two is addressed to those same instruments. A trial on Count Two would present a factfinder with substantially the same sequence of tender, rejection, paid-in-full letter, lien release, and rescission that Dkt. 81 recites.

Ford also cites the Court's statement that breach "is a separate question from whether Ford conducted a reasonable investigation" under § 1681s-2(b). Dkt. 95-1 at 5; *see* Dkt. 81 at 7. The Court made that statement in rejecting Plaintiff's argument that summary judgment would prejudge factual issues overlapping with his claims under the Fair Credit Reporting Act, Dkt. 81

at 7, and Plaintiff does not ask the Court to revisit it. The overlap that bears on this motion is Count Two's: Ford's own remaining count rests on the same instruments as the two counts Ford asks the Court to certify.

*Wood* also identified what was absent there: "Unlike the plaintiff in *Curtiss-Wright*, for example, Wood does not stand to gain or lose a significant amount of money unless the appeal is heard now rather than at the end of trial. Trial would be neither lengthy nor complex; it is a single plaintiff, single defendant case involving a discrete . . . relationship that played out in a relatively short time among relatively few actors." 422 F.3d at 882. *Curtiss-Wright* involved a $19 million judgment. 446 U.S. at 6. This case involves one contract, one vehicle, and the $18,906.80 balance the Court found.

**B. Dkt. 81 determined liability and entitlement but entered no judgment and fixed no terms of relief, and an order that leaves the relief unresolved does not have the finality Rule 54(b) requires.**

This Part is independent of Part IV.A: even a judgment entered on Ford's request would still have to satisfy the no-just-reason inquiry. Rule 54(b) "does not relax the finality required of each decision, as an individual claim, to render it appealable. It simply allows a judgment to be entered if it has the requisite degree of finality as to an individual claim in a multi-claim action. The partial adjudication of a single claim is not appealable despite a rule 54(b) certification." *Wood*, 422 F.3d at 880 n.3 (quoting *Ariz. State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1039–40 (9th Cir. 1991)) (internal quotation marks and citations omitted).

The Supreme Court applied the same principle in *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737 (1976). There the district court granted partial summary judgment on liability and made the Rule 54(b) recitals. The Court held the order was not appealable because it "left

unresolved" the requests for damages and fees and "finally disposed of none of respondents' prayers for relief." *Id.* at 742. A grant of partial summary judgment "limited to the issue of . . . liability," the Court explained, is "by [its] terms interlocutory," and "where assessment of damages or awarding of other relief remains to be resolved" such orders "have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291." *Id.* at 744.

Dkt. 81 found that Ford carried its burden on the elements of breach, found the balance outstanding, and declared on Count Three that Ford "is entitled to repossess the vehicle." Dkt. 81 at 5, 8. What it did not do is enter or direct a judgment. Its ordering section, in its entirety, grants a motion. *Id.* at 9. It fixes no interest rate and no accrual date; it states no judgment sum; it awards no costs or fees; and on Count Three it directs entry of no judgment and specifies no form of relief. Plaintiff does not rest this argument on costs or fees, which may be addressed after judgment. He rests it on what *Wetzel* identifies as the mark of an interlocutory order: one that leaves the "assessment of damages or awarding of other relief" to be resolved. 424 U.S. at 744. The Court found the balance outstanding; it entered no award on that finding and directed entry of no judgment for any sum. That "remains to be resolved," *id.*, and a Rule 54(b) direction does not resolve it.

Ford's motion does not supply what the order left open. It does not attach a proposed judgment. It does not address interest. It does not state the terms — sum and interest — in which a judgment would be entered. It asks the Court to "enter a final judgment on Counts One and Three," Dkt. 95 at 2, without stating what that judgment would say. Rule 54(b) directs entry of a final judgment; it does not itself create one. Nor would supplying one answer Part IV.A: a judgment entered on Ford's request would still be a judgment on claims that share substantially the same factual record as Count Two.

Plaintiff does not, for purposes of this motion, contest the Court's breach finding or the balance the Court found. Those matters are not at issue on this motion.

### C. Ford's motion does not address the set-off factor, and Ford's own motion directed at the offsetting claim is pending.

In *Curtiss-Wright*, "[t]he central factor weighing in favor of [the non-movant] was that its pending counterclaims created the possibility of a setoff against the amount it owed petitioner." 446 U.S. at 11. The Supreme Court upheld certification on a record in which the district court had weighed that factor, "took this into account when it determined that both litigants appeared to be in financially sound condition," *id.* at 12, and found the possibility did not outweigh the equities favoring certification.

The factor is present here, and Ford's motion does not present it for weighing. Plaintiff's claim against Ford under § 1681s-2(b) is pending. It seeks actual, statutory, and punitive damages and fees under 15 U.S.C. § 1681n, and actual damages and fees under § 1681o. Dkt. 51, § V ¶¶ 29–30; *id.* § VI ¶ 31. It is a claim against the same party, arising from the same account, that creates the possibility of an offsetting recovery against any judgment Ford obtains. *Curtiss-Wright* teaches that what gives such a claim weight is its "interrelationship with the claims on which certification is sought," *id.* at 9 — and the interrelationship here is substantial: the same party and the same account.

Ford's motion does not address the FCRA claim as a potential set-off. And Ford has moved for judgment on the pleadings to eliminate that claim. Dkt. 94. The two motions were filed the same day. Dkts. 94, 95. Whether the set-off factor is live depends on the disposition of Dkt. 94, which is why the no-just-reason-for-delay determination is better made after Dkt. 94 is decided.

**D. Ford's collection argument goes to a judgment that is otherwise certifiable, and this one is not.**

Ford argues that delay "might impair its ability to collect on the judgment." Dkt. 95-1 at 7. *Wood*, describing *Curtiss-Wright*, identified "the winning party's financial stake in an early outcome as one of the equities that a district court may factor into its decision whether to certify a judgment that is otherwise certifiable." 422 F.3d at 882 n.7. *Curtiss-Wright* is to the same effect: a judgment debtor's "financial position" matters "if" it is such that delay "would impair [the movant's] ability to collect on the judgment," and the district court there made findings on that question. 446 U.S. at 12. That equity is weighed in deciding whether to certify a judgment that is otherwise certifiable, and for the reasons in Parts IV.A and IV.B, this one is not.

Ford also relies on this Court's decision in *Carbajal v. Hayes Management Services, Inc.*, No. 4:19-cv-00287-BLW, Dkt. 290 (D. Idaho Apr. 1, 2024) (Winmill, J.). Dkt. 95-1 at 6–7. *Carbajal* turned on circumstances not present here. There, the Court entered partial final judgment on a jury verdict awarding "$111,172.00 in compensatory and punitive damages," *Carbajal*, Dkt. 290 at 4, so that "all claims against both defendants ha[d] received a final disposition," *id.* at 7, and the one remaining claim was against a *different* defendant on a distinct theory of successor liability, so that "the issues underlying the successor liability claim are distinct from those underlying the Court's sanction ruling and the jury verdict," *id.* Here the remaining claims are between the same two parties on the same transaction.

**E. Certification would not serve sound judicial administration.**

The Ninth Circuit's final reason in *Wood* applies with equal force here: "absent certification, we may never have to decide" the certified issue, because the issue "could be mooted" or "the case might settle." 422 F.3d at 882. And "[d]uplication of proceedings and

overall delay in final disposition of the action implicate sound judicial administration," and, as *Wood* put it, "[t]he first of the Federal Rules of Civil Procedure mandates construing the rest of the rules 'to secure the just, speedy, and inexpensive determination of every action.'" *Id.* at 882–83.

A Rule 54(b) judgment would open a thirty-day appeal window on Dkt. 81's determinations, Fed. R. App. P. 4(a)(1)(A), while Count Two and Plaintiff's FCRA claim remain pending. An appellate court would review the findings on the instruments, the payments, the paid-in-full letter, and the rescission. Count Two would then be tried on those same instruments and payments, and a later final judgment could generate a second appeal on the same facts. That is the second appeal *Wood* identified as the cost of certifying a routine case: "Instead of one appeal that we could now resolve, certification makes it likely there will be two." *Id.* at 883.

Ford's showing does not rise to the "seriously important reason" *Wood* describes, *id.* at 882. Its motion offers the balance the Court found, a collection concern addressed in Part IV.D, and a non-overlap argument that rests on a comparison of the claims' elements.

## V. CONCLUSION

Ford asks to split off two of its own three counts while its fraud count remains for trial on the same instruments — the successive-appeal problem that led Ford's own lead authority to reverse certification. Dkt. 81 determined liability, the balance, and entitlement, but directed entry of no judgment and stated no judgment terms, and Ford's motion neither proposes a judgment nor states the sum and interest it would enter. The set-off factor *Curtiss-Wright* identifies is not addressed in Ford's motion, and is better weighed after Ford's motion directed at the offsetting claim is decided.

Plaintiff respectfully requests that the Court deny Ford's motion (Dkt. 95). In the alternative, Plaintiff requests that the Court defer ruling on Dkt. 95 until it has decided Dkt. 94.

Should the Court be inclined to certify, Plaintiff respectfully requests that any certification contain the express determination Rule 54(b) requires, and an express direction for entry of judgment, and state the specific equities on which it rests, *see Wood*, 422 F.3d at 882 & n.7; that any judgment state that it is entered on Counts One and Three only and adjudicates nothing as to Count Two or Plaintiff's claim under 15 U.S.C. § 1681s-2(b); and that any judgment be set out in a separate document, Fed. R. Civ. P. 58(a), (d), and that Plaintiff be afforded an opportunity to be heard on its form and content. Plaintiff reserves all objections to the form, content, amount, and scope of any judgment — including to interest, its rate, accrual date, and computation, and to the form and scope of any relief ordered on Count Three — and to any claim for costs and fees, and to the Court's determination that there is no just reason for delay.

Plaintiff is not a registered participant in the Court's CM/ECF system and receives notice of orders and judgments only by United States Mail at the address in the caption. Plaintiff respectfully requests that any order or judgment entered on this motion be served on him by mail at that address, and that the date of the Clerk's mailing be noted on the docket.

DATED this 25th day of September, 2026.

By: ______________________

Jason Henry Allen, Plaintiff, Pro Se

2600 E. Seltice Way #235, Post Falls, Idaho 83854

(323) 377-5620 | Jason.Alistor@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on the 25th day of September, 2026, I filed the foregoing RESPONSE TO FORD MOTOR CREDIT COMPANY LLC'S MOTION PURSUANT TO FED. R. CIV. P. 54(b) FOR ENTRY OF FINAL JUDGMENT ON COUNTS ONE AND THREE OF FORD'S COUNTERCLAIM [DKT. 95] with the Clerk of the Court. The following are counsel of record and registered participants in the Court's CM/ECF system, each of whom receives a Notice of Electronic Filing upon the docketing of this paper:

Jed W. Manwaring — jwm@elamburke.com (Counsel for Ford Motor Credit Company LLC)

Erica J. White — ejw@elamburke.com (Counsel for Ford Motor Credit Company LLC)

Charles Henry Carpenter — carpentc@carpenterlawfirmplc.com

Elizabeth Corey — Elizabeth.corey@troutman.com

Meredith L. Thielbahr — mthielbahr@grsm.com

Brad P. Miller — bmiller@hawleytroxell.com

Jean Schroeder — jschroeder@hawleytroxell.com

Jean E. Bokan — jbokan@hawleytroxell.com

Nermy J. Winner — nermy.winner@qslwm.com

Michael John Archibald — marchibald@m2law.net

/s/ Jason Henry Allen

Jason Henry Allen