Jed W. Manwaring, ISB # 3040
Erica J. White, ISB # 7475
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701-1539
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jwm@elamburke.com
ejw@elamburke.com

*Attorneys for Defendant/Counterclaimant Ford Motor Credit Company LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>Plaintiff, In Propria Persona,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; and MICHAEL J. ARCHIBALD,<br><br>Defendants. | Case No. 2:25-cv-00404-BLW<br><br>REPLY MEMORANDUM IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S MOTION PURSUANT TO FED. R. CIV. P. 54(b) FOR ENTRY OF FINAL JUDGMENT ON COUNTS ONE AND THREE OF FORD'S COUNTERCLAIM |
| FORD MOTOR CREDIT COMPANY LLC,<br><br>Counterclaimant,<br><br>v.<br><br>JASON HENRY ALLEN,<br><br>Counterdefendant. | |

Defendant/Counterclaimant Ford Motor Credit Company LLC ("Ford"), by and through its counsel of record, Elam & Burke, P.A., hereby submits this Reply Memorandum in Support of Motion for Entry of Final Judgment on Counts One and Three of its Counterclaim ("Ford's Motion").

## I. INTRODUCTION

In response to Ford's Motion, Plaintiff has argued that the Court should not grant Ford's Motion because (1) there is a risk of successive appeals, (2) the Court has not yet entered a judgment, (3) there could be a set-off if Plaintiff prevails on his claim, and (4) equity does not weigh in favor of entry of a final judgment. *See Response to Ford Motor Credit Company LLC's Motion Pursuant to Fed. R. Civ. P. 54(b) For Entry of Final Judgment on Counts One and Three of Ford's Counterclaim*, ("Plaintiff's Response") [Dkt. 97].

Plaintiff's arguments fail for the following reasons. First, the Court has entered an ultimate disposition on Counts One and Three of Ford's Counterclaim. The contract damages are determined, interest will accrue at the legal post-judgment interest rate, and attorney fees and costs will be determined after judgment is entered. The matter is properly situated for entry of a final judgment on Counts One and Three. Second, there is no just reason to delay entry of final judgment as successive appeals are not inevitable. The facts relevant to Count Two of Ford's Counterclaim do not entirely overlap with Counts One and Three. Additionally, the legal rights asserted in the claims are not the same. Third, the Plaintiff's argument about a potential set-off if he prevails on his claim does not weigh in favor of denying the Motion as Ford will have no solvency issue with being able to pay a potential judgment against it.

Fourth, equity weighs in favor of entering a final judgment so that Ford can record the judgment and proceed with collection efforts. The Plaintiff recently informed Ford and the Court

for the first time that he has not been in possession of the vehicle since October, 2024. *See Notice of Correction to Paragraph 13 of Plaintiff's Response [Dkt. 75] to Ford Motor Credit Company LLC's Statement of Undisputed Facts, and Declaration of Jason Henry Allen*, [Dkt. 98]. Thus, the collateral securing the loan is no longer available to Ford to repossess and satisfy any portion of the debt and/or judgment. Entry of judgment pursuant to Fed. R. Civ. P. 54 on Counts One and Three[1] of Ford's counterclaim is appropriate and Ford's Motion should be granted.

## II. ARGUMENT

### A. Entry of Final Judgment on Counts One and Three of Ford's Counterclaim is Appropriate as the Court has Entered a Final Disposition on Those Counts.

When more than one claim for relief is presented to a court, Rule 54(b) allows the court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). The court must first determine whether it has "rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-883 (9th Cir. 2005). Granting the Motion for Partial Summary Judgment in Ford's favor on its claims for breach of contract and foreclosure of its security interest completely resolved those claims and is an ultimate disposition of those claims.

Contrary to Plaintiff's argument, this is not a partial adjudication of a single claim-all of the elements of the breach of contract claim have been found, including damages. The Court's grant of Ford's Motion for Partial Summary Judgment is not limited to the issue of liability. In its

[1] Ford recognizes that with Plaintiff's admission that he sold the vehicle, entry of judgment on Count Three is likely moot.

decision granting Ford's Motion for Partial Summary Judgment, it found that Ford carried its burden to establish each element of its breach of contract claim including (1) existence of a contract, (2) breach of the contract, (3) damages caused by the breach, and (4) the amount of damages. *See Memorandum Decision and Order*, p.4-5 [Dkt. 81]. The Court found that $18,906.80 remains outstanding on the contract. *Id*. at p. 5. Ford's Motion for Summary Judgment specifically sought the unpaid balance of the Retail Installment Sale Contract which is $18,906.80 and the Court granted Ford's Motion.

In addition to finding that Plaintiff breached the contract, the Court found that Ford is entitled to damages of the unpaid balance on the contract of $18,906.80. Further, contrary to Plaintiff's assertion that the Court did not specify any relief as to Count Three, the Court found that Ford is entitled to possession of the vehicle. The relief is that Ford is entitled to repossess the vehicle from the Plaintiff and take possession of it. There is nothing left for the Court to decide or adjudicate as to either of those claims. The Court's grant of summary judgment was an ultimate disposition of those individual claims in the course of a multiple claims action.

Plaintiff's argument that entry of final judgment is not proper because the Court has not entered a judgment for a sum certain including interest and fees is unavailing. Ford is asking the Court with the present motion to enter the final judgment. The final judgment will include the amount of contract damages in the amount of $18,906.80 plus post-judgment interest at the legal rate of interest. Additionally, as Plaintiff seems to recognize, once judgment is entered, Ford will file a motion seeking attorney fees and costs and then move to amend the judgment to include the approved fees and costs in the judgment. *See Fed. R.Civ. P. 54(d)(2)*. The Court's grant of partial summary judgment was an ultimate disposition on Counts One and Three of Ford's counterclaim and entry of final judgment pursuant to Rule 54(b) is proper.

**B. There is No Just Reason for Delaying Entry of Final Judgment.**

The determination of whether there is no just reason for delaying entry of final judgment involves an inquiry into "the interest of sound judicial administration" and a weighing of the equities at stake. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-883 (9th Cir. 2005). Important factors include (1) whether certification would result in unnecessary appellate review; (2) whether the claims finally adjudicated were separate, distinct, and independent of any other claims; (3) whether review of the adjudicated claims would be mooted by any future developments in the case; and (4) whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Mountain View Hospital, L.L.C. v. Sahara, Inc.*, No. 4:07-cv-464-BLW, 2012 WL 397604, *1 (D. Idaho Feb. 7, 2012).

In response to Ford's Motion, Plaintiff has argued that the Motion should be denied because there is factual overlap in the facts of Ford's claims for breach of contract and Ford's fraud claim. Plaintiff asserts that the two claims will require inquiry into the same instruments, presented on the same occasions, evidenced by the same documents. *See Plaintiff's Response*, p. 7. In support of his argument, Plaintiff relies upon *Wood v. GCC Bend, LLC*, 422 F.3d 873, 882-883 (9th Cir. 2005), wherein the Ninth Circuit found that the factual issues overlapped entirely--not just substantially; and the only legal right asserted was the right not to be discriminated against on account of age. Because the case was routine, the facts on all claims and issues entirely overlapped, and successive appeals were essentially inevitable, the court found that Wood's Rule 54(b) request was improvidently granted. *Id*. at 883.

In the present case, while the two claims arise from Plaintiff's presentation of non-negotiable paper instruments and electronic payments that were not linked to any account, the facts to prove each claim do not entirely overlap. Further, the legal rights asserted in Counts One and

Three are not the same as those asserted in Count Two. Counts One and Three arise from the contract while Count Two is a tort. As explained in Ford's Memorandum in Support of the present motion, each claim has its own elements that must be proven and they are not the same. The claims are separate and independent of one another. Ford could prevail on one claim but not the other or could prevail on both. If Ford does not prevail on its fraud claim, it will not affect the breach of contract claim. Appellate review of Count One or Count Three would not be mooted by any future developments with Count Two.

Because the elements of Counts One and Two are different, the appellate court will not have to decide the same issues more than once even if there are subsequent appeals. On the breach of contract claim, the court would not have to decide the issue of whether the payments were meant to defraud Ford. Rather, it would only have to decide whether the contract was breached due to non-payment. Because the facts of the claims and issues do not entirely overlap, the claims assert different legal rights, and successive appeals are not inevitable, the Court may exercise its discretion and grant Ford's Motion.

**C. The Possibility of a Set-off is Not a Just Reason to Delay Entry of Judgment.**

"In deciding whether there are no just reasons to delay the appeal of individual final judgments in setting such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 2 100 S. Ct. 1460, 1465-1467 (1980). In *Curtiss-Wright*, while the possibility of a setoff against the amount General Electric owed Curtiss-Wright was not an insignificant factor, the district court took this into account in granting Curtiss-Wright's Rule 54(b) motion, when it determined that both litigants appeared to be financially sound, and that petitioner would be able to satisfy a judgment on the counterclaims if any were entered. *Id*. at 1467.

On certiorari, the U.S. Supreme Court explained that if Curtiss-Wright were under a threat of insolvency, that factor would weigh against qualifying the judgment as final as that threat would cast doubt on Curtiss-Wright's capacity to pay a judgment if General Electric ultimately prevailed on some of its counterclaims. *Id*. If General Electric's financial position were such that delay in entry of judgment on Curtiss-Wright's claims would impair Curtiss-Wright's ability to collect on the judgment, that would weigh in favor of certification. *Id*. But the fact that General Electric is capable of paying either now or later is not a "just reason for delay." *Id*.

As in *Curtiss-Wright*, if Ford were under threat of insolvency, that would weigh against qualifying the judgment as final as it would cast doubt on Ford's ability to pay if Plaintiff ultimately prevails on his claim. In this case, there is no evidence that Ford is under any threat of insolvency such that it would be unable to pay Plaintiff should he prevail on his claim. The opposite cannot necessarily be said though. Although there is no evidence that Plaintiff is under threat of insolvency to pay Ford, the collateral that secured the loan is no longer in Plaintiff's possession. Because Plaintiff sold the vehicle that served as collateral for the loan, this factor actually weighs in favor of certifying the judgment now as it lessens the ability of Ford to collect from Plaintiff. Instead of having the collateral to satisfy at least part of the judgment, Ford will now have to rely entirely on collecting the money judgment from Plaintiff. Because there is no collateral, equity weighs in favor of entering a judgment in Ford's favor so that it can proceed with collection efforts sooner rather than later.

## III. CONCLUSION

For the foregoing reasons, Ford respectfully requests that this Court grant its Motion for entry of final judgment on counts one and three of its counterclaim pursuant to Fed. R. Civ. P. 54(b).

DATED this 9th day of October, 2026.

ELAM & BURKE, P.A.

By: */s/ Erica J. White*
Jed W. Manwaring, Of the Firm
Erica J. White, Of the Firm
*Attorneys for Defendant/Counterclaimant*
*Ford Motor Credit Company LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of October, 2026, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following individuals:

| | |
|---|---|
| Charles Henry Carpenter | carpentc@carpenterlawfirmplc.com |
| Elizabeth Corey | Elizabeth.corey@troutman.com |
| Brad P. Miller | bmiller@hawleytroxell.com |
| Jean Schroeder | jschroeder@hawleytroxell.com |
| Nermy J. Winner | nermy.winner@qslwm.com |
| Michael John Archibald | marchibald@m2law.net |
| Meredith L. Thielbahr | mthielbahr@grsm.com |

In addition, I caused to be served a true copy of this document via U.S. Mail to the following:

Jason Henry Allen, *plaintiff pro se*
2600 E. Seltice Way #235
Post Falls, ID 83854

*/s/ Erica J. White*
Erica J. White