Jed W. Manwaring, ISB # 3040
Erica J. White, ISB # 7475
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701-1539
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jwm@elamburke.com
ejw@elamburke.com

*Attorneys for Defendant/Counterclaimant Ford Motor Credit Company LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>Plaintiff, In Propria Persona,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; and MICHAEL J. ARCHIBALD,<br><br>Defendants. | Case No. 2:25-cv-00404-BLW<br><br>DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) |
| FORD MOTOR CREDIT COMPANY LLC,<br><br>Counterclaimant,<br><br>v.<br><br>JASON HENRY ALLEN,<br><br>Counterdefendant. | |

Defendant/Counterclaimant Ford Motor Credit Company ("Ford"), by and through its counsel of record, Elam & Burke, P.A., hereby submits this Reply Memorandum in Support of its Rule 12(c) Motion for Judgment on the Pleadings.

## I. INTRODUCTION

This case comes before the Court on Ford's Motion for Judgment on the Pleadings ("Motion") [Dkt. 94]. Ford's Motion should be granted because Plaintiff has failed to allege a violation of the Fair Credit Reporting Act ("FCRA") in his Second Amended Complaint ("SAC"). In opposition to Ford's Motion, Plaintiff filed his Response to Ford's Motion for Judgment on the Pleadings ("Response") [Dkt. 96]. Therein, Plaintiff argued that he has alleged a specific inaccuracy in his credit report by identifying the two conflicting high credit reports in the credit report agencies ("CRA's") report. He also argues that he has alleged that Ford conducted an unreasonable investigation based on the information available to him and nothing more is required.

Plaintiff's arguments fail and Ford's Motion should be granted because (1) Plaintiff has not alleged any factual allegations in the SAC regarding what Ford reported to the CRAs regarding Plaintiff's account. Rather, the allegations regarding inconsistencies in Plaintiff's credit reports in the SAC are limited to what the CRAs reported and refused to correct. Even if the Court finds that the allegations regarding inconsistencies could be construed against Ford, Plaintiff failed to allege what was inaccurate versus simply identifying a discrepancy in the reports; (2) Plaintiff has failed to assert anything but conclusory allegations that Ford failed to conduct a reasonable investigation; and (3) Plaintiff has failed to allege any facts or assert anything but conclusory allegations that Ford acted willfully. Additionally, Plaintiff should not be given leave to amend as he has already been given the opportunity and failed to correct the deficiencies identified by the Court.

## II. ARGUMENT

### A. Plaintiff Has Not Alleged a Plausible Claim Against Ford Under the FCRA Because He Has Not Alleged an Inaccuracy in His Credit Report.

Count III of Plaintiff's Second Amended Complaint attempts to assert a cause of action against Ford pursuant to 15 U.S.C. § 1681s-2(b)[1]. "The Ninth Circuit has explained that to prevail under a § 1681s-2(b) claim, among other elements, a plaintiff must prove both that there was an inaccuracy in their credit report and that the furnisher's investigation of that inaccuracy was unreasonable." *Rita v. Greensky Management Co., LLC*, 2025 WL 3706924, *5, Case No. 1:23-cv-00044-REP (D. Idaho Dec. 22, 2025) citing *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022). An "inaccuracy" under the FCRA is information that is "patently incorrect" or materially misleading" – that is, "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Carvalho v. Equifax Info. Servc., LLC*, 629 F.3d 8769, 890 (quoting *Gorman v. Wolpoff & Abramsom, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)).

To proceed on a claim against a furnisher under § 1681s-2(b) a plaintiff must allege facts that plausibly show an inaccuracy in the furnisher's report before the court considers the reasonableness of the furnisher's procedures. *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)). If there is no inaccuracy, then the reasonableness of the investigation is not in play. *Gross*, 33 F.4th at 1251.

In the present case, Plaintiff argues that despite this Court's prior findings that Plaintiff's SAC failed to state a claim against the CRA defendants as it failed to allege a factual inaccuracy,

---

[1] 15 U.S.C. § 1681s-2(b) is the only provision of § 1681s-2 that is privately enforceable. *Gorman v. Wolpoff & Abramsom, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). A private individual may sue a furnisher under the FCRA only over their failure to conduct a reasonable investigation of a dispute submitted to a CRA – not over an inaccuracy alone. *Id*.

that the same allegations are sufficient as to Ford as the allegations are read differently as to Ford. The Plaintiff is wrong. First of all, the allegations in the SAC cannot be read differently against Ford as they are not against Ford. Rather, the allegations the Plaintiff relies upon are against the CRAs. *See Second Amended Complaint*, p. 6-8 [Dkt. 51].

Specifically, in paragraph 15 of section IV.C Plaintiff alleges, "Trans Union and Experian **report** this account as Derogatory…" (emphasis added). *Id*. Also, in paragraph 16 Plaintiff alleges that "Plaintiff disputed these inaccuracies~ **CRAs refused to correct them**." (emphasis added). *Id*. Further, in paragraph 17, Plaintiff alleges that "a reasonable reinvestigation would have revealed these discrepancies on the face of Defendants' own records **without reliance on furnisher verification**." (emphasis added). *Id*. These paragraphs allege that the alleged inaccuracies are in the reports of the CRA defendants, not from Ford.

To prevail against a furnisher such as Ford, Plaintiff must allege plausible facts to show Ford reported an incorrect high credit amount to the CRAs rather than it being an incorrect report on the part of the CRA. The allegations in the SAC are that the CRAs reported the account as derogatory, the CRAs refused to correct the report, and the CRAs on reinvestigation would have revealed the discrepancies without reliance on furnisher verification. Without any factual allegations against Ford, Plaintiff has failed to plausibly allege a cause of action against Ford and his SAC should be dismissed.

To the extent the Court could liberally construe the allegations as being against Ford, this Court has already determined that the subject allegations do not allege an inaccuracy. *See Memorandum Decision and Order* [Dkt. 78]. To get around the Court's prior decision, Plaintiff argues that the allegation regarding the two different high credit reports reads differently as to Ford than it did as to the CRAs. However, Plaintiff's argument is flawed as the Court's decision that

Plaintiff failed to allege which high credit report was incorrect does not change based on whether the defendant is the furnisher or the CRA. The first element of a claim against a furnisher is the same as the first element of a claim against a CRA. The first element of a FCRA claim against either is that Plaintiff must plead an inaccuracy in Plaintiff's credit report. *See Gross*, 33 F.4th at 1251 (Just as in a lawsuit against a credit reporting agency, to prevail on a FCRA claim against a furnisher, a consumer must make a prima facie showing that the furnisher's report was inaccurate.).

The Plaintiff attempts to rely on the same failed logic he relied on in responding to the CRAs motions to dismiss—if there are two different high credit reports one must be wrong. But as the Court repeatedly pointed out, the burden is on the Plaintiff to allege in the complaint which one is wrong and Plaintiff failed to meet this burden as there is no allegation in the SAC as to which high credit report is inaccurate. A failure to allege which high credit report was incorrect in the SAC is a failure to show that an inaccuracy existed in Plaintiff's credit report regardless of whether it was the CRAs or Ford.

Additionally, Plaintiff's allegation regarding the reports showing the accounts as "Collection/Chargeoff" despite the absence of a consistent delinquency chain in the payment history does not state a claim. Plaintiff does not allege that the Ford account was not charged off and accurately reporting an account as charged off is not misleading and therefore is not actionable under the FCRA. Further, Plaintiff's allegation regarding there being conflicting payment-history dates does not save his claim either. First, in the SAC he does not allege which one is inaccurate. Moreover, even if one or both are incorrect as he has argued in his Response, it is irrelevant as he failed to pay the remaining balance on the loan and it was charged off. Standing alone, the reporting of a last payment at a date later than what Plaintiff actually paid did not alter the account's reported payment status or other information relevant to a credit decision, and Plaintiff has not alleged that

the discrepancy affected a credit score or lending outcome. Plaintiff has failed to state a claim upon which relief can be granted and his SAC should be dismissed with prejudice.

### B. Plaintiff Has Not Alleged a Plausible Claim Against Ford Under the FCRA Because He Has Not Alleged Facts Showing that Ford Failed to Conduct a Reasonable Investigation.

To prevail on a FCRA claim against a furnisher, a consumer must make a prima facie showing that the furnisher's investigation of plaintiff's dispute was unreasonable. *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (2022). The reasonableness of a furnisher's investigation depends upon the nature and scope of the consumer's dispute to the CRA. *See Okocha v. HSBC Bank USA, N.A.*, No. 08 Civ. 8650, 2010 WL 5122614, at *6 (S.D.N.Y. Dec. 14, 2010) (examining the reasonableness of a furnisher of information's investigation based upon "what it was told by the credit bureau"); *see also Chiang v. Verizon New England Inc.*, 595 F.3d 26, 27 (1st Cir. 2010) (holding that "the central inquiry when assessing a consumer's claim under § 1681s-2(b) is whether the furnisher's procedures were reasonable in light of what is learned about the nature of the dispute from the description in the CRA's notice of dispute") (internal quotation omitted).

A complaint must provide a defendant with fair notice of plaintiff's claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It requires "more than labels and conclusions" and a "formulaic recitation of the elements of a cause of action will not do." *Id*. A complaint that fails to allege any content regarding the nature of plaintiff's dispute or the furnisher defendant's response to the dispute, lacks the factual content necessary to state a plausible FCRA claim against a furnisher defendant for reporting inaccurate information about plaintiff's debt. *Rita v. Greensky Management Co., LCC*, No. 1:23-cv-00044-REP, 2024 WL 914990, *5 (D. Idaho Mar. 4, 2024).

In the present case, Plaintiff has alleged that on May 31, 2025, and June 16, 2025, Plaintiff sent written FCRA disputes via certified mail to all three CRAs identifying errors related to Ford Motor Credit. *Second Amended Complaint*, p. 3. Each CRA received the disputes and transmitted Automated Consumer Dispute Verifications ("ACDVs") to Ford Motor Credit via the e-OSCAR system. *Id*. Despite notice, Defendants failed to conduct reasonable reinvestigations, failed to correct inaccurate information, and continued to publish false data. *Id*. Further, in Count III, Plaintiff has alleged upon receiving ACDVs, Ford was required to conduct reasonable investigations and correct errors. *Id*. at p.10. Ford failed to do so and continued to furnish inaccurate data. *Id*.

Plaintiff's allegations are woefully deficient as they allege nothing "more than labels and conclusions" and a "formulaic recitation of the elements of a cause the action." Plaintiff has not alleged any content regarding the nature of Plaintiff's dispute or Ford's response to the dispute. Plaintiff has not alleged whatsoever the nature of the disputes he alleges to have mailed to the CRAs on May 31, 2025 and June 16, 2025. He does not allege what error he identified related to Ford in his letters to the CRAs. Furthermore, he does not allege any facts as to what Ford's response was.

Without any factual allegations as to what Plaintiff reported to the CRAs as an error related to Ford or Ford's response, Plaintiff's SAC lacks the factual content necessary to state a plausible FCRA claim against Ford. Simply alleging that Plaintiff sent disputes to the CRAs, the CRAs transmitted those disputes to Ford, and that Ford failed to complete a reasonable investigation does nothing more than allege a formulaic recitation of the elements of a FCRA violation against Ford. These allegations fail to provide Ford with fair notice of Plaintiff's claim and the grounds upon

which it rests. Under *Twombly*, these allegations are insufficient and Plaintiff has failed to state a plausible claim for relief under the FCRA.

In Plaintiff's Response, he argues that he has alleged the facts he can know. This is not accurate. Plaintiff knows what he disputed in his credit report but fails to identify with any specificity what he disputed regarding the Ford account in his letters to the CRAs. Plaintiff further argues that Ford admitted to receiving the ACDVs regarding the account. That stretches the truth as to what Ford admitted. Ford admitted that it received some ACDVs regarding the Plaintiff's account but denied the remainder of Plaintiff's allegations. *See Ford's Answer to Second Amended Complaint for Damages and Counterclaim*, ¶ 9-10 [Dkt. 56].

Plaintiff seems to argue that he should be entitled to conduct discovery in order to meet the plausibility pleading standard. Plaintiff is incorrect. Plaintiff must meet the plausibility pleading standard to survive the present motion and is not entitled to conduct discovery in an effort to satisfy the pleading requirements. Plaintiff is required to allege facts that would allow the court to draw a reasonable inference that Ford is liable for an alleged violation of the FCRA. Plaintiff's allegations fall short of alleging a plausible claim for relief under the FCRA as he has done nothing more than allege a formulaic recitation of the elements of the cause of action and his SAC should be dismissed with prejudice.

**C. Plaintiff Has Not Plead Facts Sufficient to Show a Willful Violation of the FCRA.**

To establish a willful violation of the FCRA, the "plaintiff must show that a defendant 'knowingly and intentionally committed an act in conscious disregard for the rights of others, but need not show malice or evil motive.'" *Jenkins v. AmeriCredit Financial Services, Inc.*, No. 14-cv-5687, 2017 WL 1325369, *23-24 (E.D.N.Y. Feb. 14, 2017) (quoting *Northrop v. Hoffman of Simsbury, Inc.*, 12 Fed.Appx. 44, 50 (2d Cir. 2001) (quoting *Bakker v. McKinnon*, 152 F.3d 1007,

1013 (8th Cir. 1998)). "A defendant acts willfully under the FCRA where the defendant "intentionally misled consumers or concealed information from them."" *Jenkins*, 2017 WL 1325369, *23-24 (quoting *George v. Equifax Mortg. Servs.*, No. 06-CV-971, 2010 WL 3937308, at *2 (E.D.N.Y. Oct. 5, 2010)). In contrast, "the mere failure to correct a plaintiff's inaccurate credit information, even after notification of the inaccuracy does *not* constitute a willful failure to comply with the FCRA." *Id.* (emphasis in original).

In this case, Plaintiff asserts only the conclusory allegations that Defendants acted willfully by continuing to report the same inaccuracies after multiple disputes and after statutory deadlines passed. Plaintiff has not alleged any facts that Ford 'knowingly and intentionally committed an act in conscious disregard for Plaintiff's rights.' Nor has Plaintiff alleged any facts showing Ford 'intentionally misled consumers or concealed information from them.' As stated above, the mere failure to correct a plaintiff's inaccurate credit information, even after notification of the inaccuracy does *not* constitute a willful failure to comply with the FCRA. Plaintiff has not alleged any facts showing that Ford willfully or recklessly failed to comply with the FCRA and Plaintiff's claim for willful noncompliance should be dismissed.

**D. Plaintiff Should Not Be Allowed to Amend his Complaint.**

It is well established that a court may dismiss an entire complaint with prejudice where plaintiffs have failed to plead properly after "repeated opportunities." *Destifino v. Reiswig*, 630 F.3d 952, 958-959 (9th Cir. 2011). "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Lenhoff Enters., Inc. v. United Talent Agency, Inc.,* 729 F. App'x 528, 532 (9th Cir. 2018) (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)). In *Destifino*, the court gave the plaintiff specific

guidance on amending its fraud claim. *Id*. at 959. It failed to follow the court's instructions, and the court dismissed the plaintiff's second amended complaint including not only the fraud claim but several other claims as well. *Id*.

In the present case, in its Memorandum Decision and Order [Dkt. 50] dismissing the Plaintiff's Amended Complaint, the Court clearly set out for the Plaintiff what was missing from the Amended Complaint. The Court wrote, "[t]o state a claim, a plaintiff must identify which specific information is false—merely pointing to the fact that different reports contain different information is insufficient." Dkt. 50, p. 6. Additionally, the Court wrote, "Allen may be able to cure the deficiencies identified herein by alleging specific facts establishing that particular information in his credit reports is actually false—for example, by alleging that a specific account balance is $0 as confirmed by the creditor, and that one or more CRAs falsely reported a different balance." *Id*. at p. 11.

After providing the Plaintiff with specific guidance on what he needed to allege to allege a plausible claim, the Plaintiff failed to heed the Court's advice and filed his SAC without alleging what high credit report was inaccurate. In the Court's Memorandum Decision and Order [Dkt. 78] dismissing Plaintiff's SAC against the CRAs, the Court determined that Plaintiff, despite the Court's instructions, still failed to allege what information was false.

Although, the Court's prior decisions were in response to the CRAs motions to dismiss, the first element of a FCRA claim is the same against furnishers and CRAs. In order to state a claim for relief under the FCRA whether against a CRA or a furnisher, the Plaintiff must plead an inaccuracy in the Plaintiff's credit report. The Plaintiff relies on the same allegations to state a claim under the FCRA against Ford as it did the CRAs. Accordingly, the Court's instructions to Plaintiff regarding what was missing in his Amended Complaint and what he needed to cure the

deficiency applies equally to his allegations against Ford. Additionally, because Plaintiff relies on the same allegations, Plaintiff has had the opportunity to amend his pleadings against Ford and has done so in the successive pleadings.

Plaintiff has been afforded the opportunity to file three complaints in this case including the SAC after the Court gave the Plaintiff specific guidance and instruction as to what he needed to plead. The Plaintiff should not get another bite at the apple to cure his allegations when he has had the opportunity but failed to follow the Court's guidance and instructions. It is within the Court's broad discretion to deny leave to amend when the Plaintiff has been afforded opportunity to amend especially with specific guidance from the Court. As in *Destifino*, the Court can dismiss the entire complaint as Plaintiff has been given multiple opportunities to amend his complaint.

Plaintiff argues that he should be given leave to amend because Ford did not contact him first to advise him of the perceived shortcomings in his SAC. This would have been a futile exercise as the Court already made clear what the shortcomings in his Amended Complaint and SAC were. Additionally, Plaintiff previously moved to amend to file a third amended complaint, including the allegations against Ford, but the Court denied that motion as moot. *See Motion for Leave to File Third Amended Complaint*, [Dkt. 87] and *Memorandum Decision and Order*, [Dkt. 93]. Plaintiff has filed three complaints in this matter. He has been given the opportunity to cure the deficiencies but failed to heed the Court's specific instructions. Plaintiff should not be given another opportunity to amend. His SAC should be dismissed without leave to amend.

## III. CONCLUSION

For the foregoing reasons, Ford respectfully requests that this Court grant its Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) and dismiss Plaintiff's SAC with prejudice and without leave to amend.

DATED this 9th day of October, 2026.

ELAM & BURKE, P.A.

By: */s/ Erica J. White*
Jed W. Manwaring, Of the Firm
Erica J. White, Of the Firm
*Attorneys for Defendant/Counterclaimant*
*Ford Motor Credit Company LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October, 2026, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following individuals:

| | |
|---|---|
| Charles Henry Carpenter | carpentc@carpenterlawfirmplc.com |
| Elizabeth Corey | Elizabeth.corey@troutman.com |
| Brad P. Miller | bmiller@hawleytroxell.com |
| Jean Schroeder | jschroeder@hawleytroxell.com |
| Nermy J. Winner | nermy.winner@qslwm.com |
| Michael John Archibald | marchibald@m2law.net |
| Meredith L. Thielbahr | mthielbahr@grsm.com |

In addition, I caused to be served a true copy of this document via U.S. Mail to the following:

Jason Henry Allen, *plaintiff pro se*
2600 E. Seltice Way #235
Post Falls, ID 83854

*/s/ Erica J. White*
Erica J. White

4923-9172-8085, v. 2