Jed W. Manwaring, ISB # 3040
Erica J. White, ISB # 7475
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701-1539
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jwm@elamburke.com
ejw@elamburke.com

*Attorneys for Defendant/Counterclaimant Ford Motor Credit Company LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HENRY ALLEN,<br><br>Plaintiff, In Propria Persona,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; FORD MOTOR CREDIT COMPANY LLC; M2 LAW GROUP P.C.; HOWELL & VAIL LLP; and MICHAEL J. ARCHIBALD,<br><br>Defendants. | Case No. 2:25-cv-00404-BLW<br><br>DEFENDANT-COUNTERCLAIMANT FORD MOTOR CREDIT COMPANY'S OPPOSITION TO PLAINTIFF/COUNTERDEFENDANT'S CONDITIONAL MOTION TO AMEND COMPLAINT |
| FORD MOTOR CREDIT COMPANY LLC,<br><br>Counterclaimant,<br><br>v.<br><br>JASON HENRY ALLEN,<br><br>Counterdefendant. | |

Defendant-Counterclaimant Ford Motor Credit Company LLC ("Ford"), by and through its counsel of record, Elam & Burke P.A., submits this Opposition to Plaintiff/Counterdefendant's Conditional Motion to Amend Complaint for leave to file a third amended complaint as to Defendant Ford Motor Credit Company LLC.

## I. INTRODUCTION

This case comes before the Court on Plaintiff's second Motion for Leave to File a Third Amended Complaint ("Plaintiff's Motion") [Dkt. 99]. The Plaintiff's Motion should be denied because he has repeatedly failed to cure deficiencies by amendments previously allowed and Plaintiff's proposed Third Amended Complaint ("TAC") [Dkt. 99-2] fails to state a claim and thus further amendment is futile.

Specifically, Plaintiff has filed three complaints and if Plaintiff's Motion is granted, he will be allowed to file a fourth complaint. The complaints filed to date have failed to cure the deficiency previously identified by the Court; that is to allege an actual inaccuracy in Plaintiff's credit report. This is a required allegation for a complaint to get past the pleading stage as to a FCRA ("Fair Credit Reporting Act") claim against a credit reporting agency as well as a furnisher. Despite the opportunity to cure the deficiency by amendments previously allowed, Plaintiff has failed to allege in any of the filed complaints that an actual inaccuracy existed in his credit report.

Furthermore, the Plaintiff's proposed TAC fails to state a claim as it fails to allege that Plaintiff disputed the current alleged inaccuracies, the high credit report and/or the date of last payment, with Experian, Equifax, Transunion (the credit reporting agency defendants ("CRAs")), or that Ford failed to conduct a reasonable investigation based on the information received from the CRAs. He has alleged nothing more than conclusory allegations that he initiated a dispute with

the CRAs and that Ford failed to conduct a reasonable investigation. Finally, he has failed to allege any facts or assert anything but conclusory allegations that Ford acted willfully.

## II. STANDARD OF REVIEW

"Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011). "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

## III. ANALYSIS

### A. Plaintiff's Motion Should Be Denied Because Plaintiff Failed to Cure Deficiencies by Amendments Previously Allowed.

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. Fed. R. Civ. P. 15(a). Generally, Rule 15 advises the court that "leave shall be freely given when justice so requires. In *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962), the Supreme Court offered the following factors a district court should consider in deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should, as the rules require, be "freely given."

In this case, Plaintiff's Motion should be denied because he has repeatedly failed to cure deficiencies by amendments previously allowed. Plaintiff filed his original complaint on July 23, 2025 [Dkt. 1]. Then, on August 27, 2025, he filed his First Amended Complaint (FAC) [Dkt. 21]

as a matter of right pursuant to Rule 15(a)(1). After the CRA defendants moved to dismiss Plaintiff's FAC pursuant to Rule 12(b)(6), the Court granted the motion to dismiss but gave the Plaintiff one more opportunity to amend to cure the deficiencies in his FAC. *See Memorandum Decision and Order*, [Dkt. 50]. In the Court's decision, it provided the Plaintiff with specific guidance on why his Amended Complaint was deficient and what he needed to allege to cure it. *Id*. at p. 11. The Court instructed him that he "may be able to cure the deficiencies by alleging specific facts establishing that particular information in his credit report is actually false—for example, by alleging that a specific account balance is $0 as confirmed by the creditor, and that one or more CRAs falsely reported a different balance." *Id*. Despite the Court's guidance, the Plaintiff filed his SAC on December 17, 2025, without curing the deficiencies [Dkt. 51]. Accordingly, the Court granted the CRA defendants' motion to dismiss the SAC and denied the Plaintiff leave to amend again [Dkt. 78].

In response, the Plaintiff filed a Motion for Reconsideration [Dkt. 79] and a Motion for Leave to File a Third Amended Complaint [Dkt. 87]. The Court denied the Motion for Reconsideration and denied Plaintiff's Motion for Leave to File a Third Amended Complaint as moot [Dkt. 93]. Ford filed its Motion for Judgment on the Pleadings on September 9, 2026 [Dkt. 94]. Plaintiff filed his Response to the Motion [Dkt. 96] and filed the present Motion for Leave to file a Third Amended Complaint [Dkt. 99] on September 25, 2026.

The Plaintiff has filed an original Complaint, a First Amended Complaint, and a Second Amended Complaint. In addition, Plaintiff filed a motion for leave to file a third amended complaint which was denied as moot and now has filed a second motion for leave to file a third amended complaint; the Motion presently before the Court. Plaintiff has had ample opportunity to

cure the deficiencies in his pleadings, and he should not be given further leave to file another complaint.

Plaintiff's Motion should be denied because he has had multiple opportunities to amend but has failed to cure the deficiencies identified by the Court. "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Lenhoff Enters., Inc. v. United Talent Agency, Inc.*, 729 F. App'x 528, 532 (9th Cir. 2018) (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir, 2009)). As explained in Ford's Reply in Support of Motion for Judgment on the Pleadings [Dkt. 101], Plaintiff has had ample opportunity to cure the pleading deficiencies in his complaint but has failed to do so.

Plaintiff argues that he should not be prohibited from filing another amended complaint because all of the prior amendments were related to the CRA defendants' motions to dismiss only. What Plaintiff's argument misses is that Plaintiff relied upon the same allegations to assert claims against the CRAs as against Ford. Specifically, the allegations that Plaintiff relied upon to argue there was an inaccuracy in his credit report in support of his claims against the CRAs were the same allegations that Plaintiff relied upon to argue there was an inaccuracy in his credit report to support his claim against Ford. Moreover, it is the same allegation against the CRAs and Ford that the Court found lacking in the Amended Complaint and SAC.

Arguably, had the Plaintiff heeded the Court's instructions as to what he needed to plead in his SAC, if the amended allegations had been sufficient against the CRAs, they may have also been sufficient against Ford, at least as to whether Plaintiff alleged an actual inaccuracy in his credit report. The first element the Plaintiff must prove to prevail on his FCRA claims against the CRAs and Ford, as the furnisher, is that there was an inaccuracy in his credit report. *See* 15 U.S.C.

§ 1681e(b), § 1681i, § 1681s-2(b). Despite filing three complaints and guidance from the Court, Plaintiff failed to plausibly allege an inaccuracy in his credit report. His failure to plausibly allege an inaccuracy in his credit report ends the analysis under the FCRA. The question of whether an inaccuracy existed is a threshold question that Plaintiff's pleadings must satisfy.

Further, the allegations Plaintiff seeks to add in his proposed TAC regarding the alleged inaccuracy are not based on new facts. In his SAC, Plaintiff identified the inconsistencies in the credit reports regarding the high credit reported by Experian and Equifax and the inconsistent dates of last payment. *See* SAC, p. 7 [Dkt. 51]. In his proposed TAC, he seeks to now identify which of the high credit amount was false and that both the dates of last payments are false. This information was within Plaintiff's possession at the time that he filed his SAC and the Court had advised him prior to the filing of the SAC that he needed to allege what information was inaccurate or false in his credit report rather than just identifying inconsistencies.

Plaintiff had the opportunity and the information available to him at the time that he filed his SAC to assert the allegations regarding what information in the credit reports was false or incorrect, but he chose not to do so. Plaintiff should not be given another opportunity to assert the allegations the Court advised were missing following the CRAs motion to dismiss the FAC. Plaintiff's Motion should be denied because he has repeatedly failed to cure deficiencies by amendments previously allowed.

**B. The Plaintiff's Motion Should Be Denied Because Amendment Would Be Futile.**

The Plaintiff's proposed TAC still fails to state a claim upon which relief can be granted. As this Court is well aware, the Plaintiff must allege sufficient facts for this Court to find that Plaintiff's credit report included an inaccuracy due to Ford's reporting and that upon receiving

notice of a dispute from the CRAs, Ford failed to conduct a reasonable investigation and correct or delete the inaccuracy. Specifically, to state a claim, a plaintiff must allege:

> (1) a credit reporting inaccuracy existed on plaintiff's credit report;
> (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate;
> (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and
> (4) the furnisher failed to comply with the requirements in 15 U.S.C. 1681s-2(b)(1).

*Yu v. Tesla Energy Operation, Inc.*, 2022 WL 3575314, *2-4 (C.D. Cal. March 7, 2022).

A furnisher's obligation to conduct a reasonable investigation under § 1681s-2(b)(1)(A) arises when it receives notice of dispute from a CRA. *Gorman v. Wolpoff & Abramson, LLP*, 584 F. 3d 1147, 1157-1161 (9th Cir. 2009). Such notice must include "all relevant information regarding the dispute the [CRA] has received from the consumer." *Id*. at 1157 quoting § 1681i(a)(2)(A). "It is from this notice that the furnisher learns the nature of the consumer's challenge to the reported debt, and it is the receipt of this notice that gives rise to the furnisher's obligation to conduct a reasonable investigation." *Id*.

In *Yu*, the plaintiff disputed the Tesla account with Equifax, stating that the account being reported did not belong to him as he had never been a customer of Tesla. *Yu*, 2022 WL 3575314, at *2. Plaintiff alleged that Equifax had transmitted plaintiff's dispute to Tesla and that Tesla in turn verified the account as belonging to plaintiff. *Id*. at *4. The plaintiff alleged that Tesla failed to undertake sufficient investigation upon being notified of the errors because he never had an account or any relationship with Tesla. *Id*.

On defendant's motion to dismiss, the court found that other than the fact that there was an error in plaintiff's Equifax report, plaintiff's allegations were insufficient to support his claim that Tesla failed to conduct an adequate investigation. *Id*. The court further explained that "[a]n

investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate." *Id*. (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F. 3d 1147, 1161 (9th Cir. 2009). The court concluded that plaintiff's allegations, without more, were insufficient to state a FCRA claim for failure to reasonably investigate. *Id.*

Further, "the reasonableness of an investigation depends on the facts of the particular case, most importantly the CRA's description of the dispute in its notice." *Somers v. Bank of America, N.A.*, 2019 WL 4238884, *3-4. (C.D. Cal. June 28, 2019) (quoting *Gorman*, 584 F. 3d at 1157-1160). "The pertinent question is … whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute." *Id*.

In *Somers*, the plaintiff made only bare conclusory allegations regarding defendant's alleged failure to conduct a reasonable investigation. *Id*. The plaintiff alleged that defendant failed to lawfully or properly respond to Plaintiff's notice of dispute and demand for validation of [the] alleged debt," "failed to adequately conduct an investigation," and failed to report the results of the investigation findings." The court found those allegations insufficient to show that, based on the information defendant received, it failed to conduct a reasonable investigation. *Id*.

In the present case, Plaintiff's proposed TAC fails to allege what he disputed in his credit report as to his Ford account. Rather, the TAC alleges only that "[o]n or about May 31, 2025 and again on or about June 16, 2025, Plaintiff sent written disputes by certified mail to each of Experian, Equifax, and Trans Union. Each identified the Ford account, disputed the accuracy of the negative information being reported on it, and requested that the information be investigated and corrected or removed." *See TAC*, ¶ 21. Further, Plaintiff alleged, "Plaintiff also disputed the

Ford Account with Experian and with Equifax through their online dispute processes in 2025. …" *Id*. at ¶ 22.

There are no allegations in the TAC as to what inaccuracy Plaintiff disputed in his credit reports. Without an allegation of what inaccuracy Plaintiff was disputing, the proposed TAC does not plausibly allege facts from which the Court could infer that Ford's investigation was unreasonable. As stated in *Gorman*, the central inquiry when assessing a consumer's claim under § 1681s-2(b) is "whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute." There are no allegations regarding the nature of the dispute. Plaintiff never alleges that Equifax identified the high credit incorrectly before he sent his disputes to the CRAs or that Plaintiff actually disputed the high credit amount identified in the Equifax report.

Moreover, the information in the record indicates that Plaintiff did not submit a dispute to the CRAs regarding the conflicting high credit reports between Experian and Equifax. In support of Plaintiff's Motion to Reconsider [Dkt. 79], Plaintiff submitted one of the letters he allegedly sent to the CRAs. In that letter, he demanded that the CRAs remove or correct false, unverifiable, and unlawful negative reporting related to the Ford account.

Specifically, he stated that the negative reporting (e.g., late payments, delinquencies, charge-offs, or collection accounts) associated with the Ford account must be removed or corrected because "full payment of the alleged obligation was sent to Ford Motor Credit Co and accepted by Ford Motor Credit Co, satisfying the debt …" [Dkt. 79-1]. There is no mention whatsoever of the alleged high credit inaccuracy or the alleged incorrect last payment dates. Neither the alleged high

credit inaccuracy nor the last payment dates[1] were identified as the alleged negative reporting or negative information.

Furthermore, according to Plaintiff's allegations, Equifax is the only CRA incorrectly reporting the high credit on the Ford account. However, Plaintiff sent a dispute to not only Equifax but also Experian and Transunion. According to the Plaintiff's allegations, Experian reported it correctly and Transunion did not report the Ford tradeline at all. Thus, it is reasonable for the Court to infer that Plaintiff did not identify the high credit report on Equifax's report as an alleged inaccuracy.

Plaintiff's allegations in his proposed TAC do not satisfy the who, what, where, and when pleading requirements. The allegations are conclusory and lack sufficient information regarding the alleged disputes he sent to the CRAs. The Plaintiff must plead that there was an inaccuracy in his credit report, that he disputed the inaccuracy, and that based on the information the CRAs provided to Ford regarding the disputed inaccuracy, Ford failed to conduct a reasonable investigation. Plaintiff's proposed TAC fails to state a claim upon which relief can be granted because there are no allegations that Plaintiff actually disputed the inaccuracies he now complains of. Plaintiff placed in the record one of the letters he alleges to have sent to the CRAs which disputes only whether the Ford account was paid in full. This Court has already ruled that that theory of recovery is foreclosed by the record. *See Memorandum Decision and Order*, [Dkt. 93].

[1] Even if the last payment dates listed are later than Plaintiff's actual last payment on the account, that could not have caused Plaintiff any harm and cannot be the basis for his claim. *See e.g. Artemov v. TransUnion, LLC*, 2020 WL 5211068 (E.D. New York Sept. 1, 2020) (granting motion to dismiss as reporting the inaccurate lower number for the past due amount rather than the accurate higher number could not cause him harm especially in light of having three charged off accounts).

Plaintiff has failed to allege sufficient facts for this Court to find that he disputed the complained of inaccuracies with the CRAs, the CRAs conveyed the information regarding the complained of inaccuracies to Ford, and that Ford failed to conduct a reasonable investigation. The reasonableness of Ford's investigation turns on the nature of the dispute and information Ford received from the CRA. That information is lacking in Plaintiff's proposed TAC. Because of this, further amendment is futile and Plaintiff's Motion should be denied.

In addition, Plaintiff has failed to allege any facts or assert anything but conclusory allegations that Ford acted willfully. As already argued in Ford's Reply in Support of Motion for Judgment on the Pleadings [Dkt. 101], Plaintiff has not alleged any facts that Ford "knowingly and intentionally committed an act in conscious disregard for Plaintiff's rights." Nor has Plaintiff alleged any facts showing Ford "intentionally misled consumers or concealed information from them." The mere failure to correct a plaintiff's inaccurate credit information, even after notification of the inaccuracy, does not constitute a willful failure to comply with the FCRA.

## IV. CONCLUSION

Based on the foregoing and the pleadings on file herein, Ford respectfully requests that Plaintiff's Motion for Leave to File a Third Amended Complaint be denied.

DATED this 16th day of October, 2026.

ELAM & BURKE, P.A.

By: */s/ Erica J. White*
Jed W. Manwaring, Of the Firm
Erica J. White, Of the Firm
*Attorneys for Defendant/Counterclaimant*
*Ford Motor Credit Company LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of October, 2026, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following individuals:

| | |
|---|---|
| Charles Henry Carpenter | carpentc@carpenterlawfirmplc.com |
| Elizabeth Corey | Elizabeth.corey@troutman.com |
| Brad P. Miller | bmiller@hawleytroxell.com |
| Jean Schroeder | jschroeder@hawleytroxell.com |
| Nermy J. Winner | nermy.winner@qslwm.com |
| Michael John Archibald | marchibald@m2law.net |
| Meredith L. Thielbahr | mthielbahr@grsm.com |

In addition, I caused to be served a true copy of this document via U.S. Mail to the following:

Jason Henry Allen, *plaintiff pro se*
2600 E. Seltice Way #235
Post Falls, ID 83854

*/s/ Erica J. White*
Erica J. White